IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| AUBURN FOUNDRY, INC. | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | BK Case No. 04-10427 |

**MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(A) AND 363 AUTHORIZING (I) THE MAINTENANCE OF THE DEBTOR'S EXISTING CASH MANAGEMENT SYSTEM; (II) THE MAINTENANCE OF BANK ACCOUNTS; AND (III) THE CONTINUED USE OF EXISTING BUSINESS FORMS**

Auburn Foundry, Inc. ("AFI" or the "Debtor"), debtor-in-possession, by counsel, moves this Court for entry of an Order Pursuant to 11 U.S.C. §§ 105(a) and 363 Authorizing (I) The Maintenance of the Debtor's Existing Cash Management System; (II) The Maintenance of Bank Accounts; and (III) The Continued Use of Existing Business Forms (the "Motion"). In support of its Motion, the Debtor respectfully represents as follows:

**BACKGROUND**

1. On February 8, 2004 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court.

2. The Debtor continues in possession of its property and in management of its business as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. No trustee or examiner has been appointed herein. To date, no committee has been formed, informally or otherwise. In addition, the Debtor's prepetition senior secured and subordinated lenders (the "Prepetition Lenders") have been advised of this filing.

4. This Court has jurisdiction of this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this motion in this district is proper pursuant to 28 U.S.C. §§

1408 and 1409. The statutory predicates for the relief sought herein are sections 105(a) and 363 of the Bankruptcy Code.

**RELIEF REQUESTED**

5. By this Motion, the Debtor seeks an order authorizing (1) the maintenance of the Debtor's existing cash management and accounting system; (2) the maintenance of existing bank accounts; and (3) the continued use of existing business forms.

**A.    Cash Management**

6. The Debtor maintains a centralized cash management system for the purposes of, among other things, collecting deposits and making disbursements (the "Cash Management System").

7. Lists of the Debtor's nonpayroll and payroll bank accounts are attached hereto as Exhibits "A" and "B," respectively.

**B.    The Standard Chapter 11 Bank Accounts Practice**

8. Pursuant to the standard Chapter 11 operating practice in this jurisdiction, the Debtor is required, among other things, to open new bank accounts upon the filing of the bankruptcy petition and designate such accounts as "Debtor-in-Possession" on the respective account signature cards.

**C.    Continuation of the Debtor's Existing Centralized Cash Management System and Bank Accounts is in the Best Interest of the Debtor's Estate.**

9. The Debtor's existing cash management procedures are essential to the ordinary operation of the Debtor's business. The Debtor submits that the cost and expense of changing the Bank Accounts and creating a new cash management system would not only force the Debtor to incur significant and unnecessary costs and expenses, but would greatly impair the operation of the Debtor's business.

10. Indeed, forcing the Debtor to employ a new cash management system would cause confusion, diminish the prospects for a successful reorganization, disrupt payroll, introduce inefficiency, at a time when efficiency is most critical, and place a strain on the Debtor's relationship with customers and vendors. Naturally, these relationships must be maintained if the Debtor is to be given the opportunity to reorganize successfully. Indeed, asking customers to remit payments to new and different accounts will result in a significant slowdown in the Debtor's collection of receipts just at the time when prompt collection is most critical.

11. Bankruptcy courts have routinely granted chapter 11 debtors the authority to continue similar cash management systems without interruption. See e.g., In re Baldwin United Corp., 79 B.R. 321, 327 (Bankr. S.D. Ohio 1987); In re Planet Hollywood Int'l, Inc., et al., Case No. 99-3612 et. seq. (Bankr. D. Del. 1999); In re Zale Corp., Case No. B-92-30001-SAF-11 (Bankr. N.D. Tex. Jan. 24, 1992); In re Federated Dep't Stores, Inc. & Allied Stores Corp., Consol. Cases No. 1-90-00130 through 1-90-00196 (Bankr. S.D. Ohio Jan. 15, 1990).

12. Integrally related to the Debtor's Cash Management System is the continued existence of the Bank Accounts. The Debtor, its employees and vendors would suffer great hardship if the Debtor was required to substitute new debtor-in-possession bank accounts for the existing Bank Accounts. Substitution of the Bank Accounts would essentially render this Court's approval of the continuation of accounting and cash management procedures, if granted, meaningless, and inevitably lead to the same delays, confusion and disruption of the Debtor's business, including a significant slowdown in the collection of payments from customers, that would result from a discontinuation of the cash management procedures. By preserving business continuity and avoiding the operational and administrative paralysis that closing the Bank

Accounts and opening new ones would necessarily entail, all parties-in-interest will be best served and the Debtor generally will benefit considerably.

13. Furthermore, the Debtor also requests permission to use its existing business forms and stationery without alteration or change. The Debtor does not print its own business forms and stationery. Thus, substantial time and expense would be required if the Debtor was required to print new business forms and stationery merely to indicate "debtor-in-possession."

## PROCEDURE

14. The Debtor will provide notice of this Motion on or before Monday, February 9, 2004 to (i) the Office of the United States Trustee for the Northern District of Indiana, (ii) counsel to the Debtor's Prepetition Lenders, and (iii) the Debtor's twenty (20) largest unsecured creditors. The Debtor submits that given the circumstances and notice of the relief requested herein no other or further notice is required.

15. No previous motion for the relief sought herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests entry of an order of this Court substantially in the form annexed hereto granting it the relief requested by this Motion and such other and further relief as to which they may be entitled.

BAKER & DANIELS

By: /s/ John R Burns, III
    John R Burns (#3016-02)
    Mark A. Werling (#20426-02)
    111 East Wayne Street, Suite 800
    Fort Wayne, Indiana 46802
    Telephone: (260) 420-8000
    Facsimile: (260) 460-1700

ATTORNEYS FOR THE DEBTOR,
AUBURN FOUNDRY, INC.

## **EXHIBIT A**

Nonpayroll Accounts

| **Bank** | **Account Designation** | **Account Number** |
|---|---|---|
| Bank of America | Lock Box Account | 3751507697 |
|  | Funding Account | 3751512941 |
|  | Funding – Checking | 3299985178 |
|  | Auburn Foundry Health Benefit Account | 3752188387 |
|  |  |  |
| National City Bank | General Checking | 1000643 |

**EXHIBIT B**

Payroll Accounts

| **Bank** | **Account Designation** | **Account Number** |
|---|---|---|
| Bank of America | Funding – Payroll | 3299985186 |

FWIMAN1 308013v1