IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| AUBURN FOUNDRY, INC. | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | BK Case No. 04-10427 |

**MOTION FOR AUTHORITY TO PAY PREPETITION WAGES**

     Auburn Foundry, Inc. ("AFI" or the "Debtor"), debtor-in-possession, by counsel, moves this Court for authority to pay prepetition wages (the "Motion"). In support of the Motion, the Debtor states the following:

### I.    BACKGROUND

     1.    On February 8, 2004 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court.

     2.    The Debtor continues in possession of its property and in management of its business as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

     3.    No trustee or examiner has been appointed herein. To date, no committee has been formed, informally or otherwise. In addition, the Debtor's prepetition senior secured and subordinated lenders (the "Prepetition Lenders") have been advised of this filing.

     4.    This Court has jurisdiction of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 105(a) and 366 of the Bankruptcy Code.

     5.    The Debtor seeks authorization to honor prepetition obligations owed to its employees, earned by such individuals within ninety (90) days before the Petition Date, in amounts not to exceed $4,650 for each individual. In order to avoid the significant risks of

resignations and of discontent or loss of morale among essential employees, and in view of the priority awarded to wage claims, it is necessary and appropriate that the Debtor be granted the requested authorization. The Debtor requires the continued service of its employees in order to ensure that the continuity and quality of its business operations will not be threatened and so that the Debtor may continue, without unnecessary interruption, its efforts to achieve a successful reorganization.

## II.     PREPETITION PRIORITY OBLIGATIONS OWED EMPLOYEES

6.    There are currently approximately 460 hourly employees paid each Friday and 110 salaried employees paid bi-weekly on Tuesdays. The hourly employees were last paid on or about Friday, February 6, 2004. The salaried employees are due to be paid on or about Tuesday, February 10, 2004.

## III.    IT IS NECESSARY AND APPROPRIATE THAT THE COURT AUTHORIZE THE DEBTOR TO HONOR PRIORITY OBLIGATIONS OWED EMPLOYEES AS REQUESTED

7.    All of the obligations for which the Debtor seeks authorization to honor were earned by individuals employed by the Debtor, and are for services rendered within ninety (90) days before the commencement of the Debtor's case. The obligations are for wages, including vacation and sick leave pay, and payroll taxes based on such wages. Accordingly, all prepetition obligations which the Debtor is requesting authorization to honor would be entitled to priority (third priority) under the Bankruptcy Code. Section 507 of the Bankruptcy Code sets forth the distribution priorities of expenses and claims. Section 507(a)(3) describes the third priority provided wage claims, as follows:

> [A]llowed unsecured claims for wages, salaries, or commissions, including vacation, severance, and sick leave pay ---

>(A) earned by an individual within 90 days before the filing of the petition or the date of the cessation of the Debtor's business, whichever occurs first; but only (B) to the extent of $4,000 for each such individual.

11 U.S.C. 507(a)(3).  This amount has subsequently been adjusted to $4,650.

       8.    The "necessity of payment" doctrine "recognizes the existence of the judicial power to authorize a debtor in a reorganization case to pay prepetition claims where such payment is essential to the continued operation of the Debtor."  In re Ionosphere Clubs, Inc., 98 B.R. 174, 176 (Bankr. S.D.N.&. 1989).  The Third Circuit, in In re Lehigh & New England Railway Co., 657 F.2d 570, 581 (3rd Cir. 1981), described the doctrine as follows:

>[T]he 'necessity of payment' doctrine . . . [permits] immediate payment of claims of creditors where those creditors will not supply services or materials essential to the conduct of the business until their pre-reorganization claims shall have been paid.

In re Lehigh & New England Railway Co., 657 F.2d 570, 581 (quoting In re Penn Central Transp. Co., 467 F.2d 100, 102, n.1 (3rd Cir. 1972)).  While the "necessity of payment" doctrine originally developed in the context of railroad reorganizations under the Bankruptcy Act, it has been applied in nonrailroad bankruptcies.  See In re Gulf Air, Inc., 112 B.R. 152, 153 (Bankr. W.D. La. 1989); In re Eagle-Picher Indus., Inc., 124 B.R. 1021, 1023 (Bankr. S.D. Ohio 1991) ("[T]o justify payment of a prepetition unsecured creditor, debtor must show that the payment is necessary to avert a serious threat to the Chapter 11 process."); In re Ionosphere Clubs, Inc., 98 B.R. at 176 ("The rationale for the 'necessity of payment' rule, i.e., facilitating the continued operation and rehabilitation of the debtor in railroad reorganization cases, is also a paramount goal of Chapter 11.").  In Dudley v. Mealey, 147 F.2d 268 (2nd Cir. 1945), cert. denied, 325 U.S. 873, 65 S. Ct. 1415, 80 L. Ed 1991 (1945), a reorganization case involving a hotel, Judge Learned Hand, in applying the necessity of payment doctrine, stated:

> Let it [a hotel] once be shut down, and it will lose much of its value . . . . Some priority [the tradesmen supplying the hotel prepetition] may be essential to the preservation of the business during that period as it is later.

Dudley, 147 F.2d at 271.

9.  The court has the power to authorize the payment of prepetition claims, under the circumstances, pursuant to the "necessity of payment" doctrine and sections 363 and 105(a) of the Bankruptcy Code. See In re Eagle-Picher Indus., Inc., 124 B.R. 1021 (Bankr. S.D. Ohio 1991); In re Gulf Air, Inc., 112 B.R. at 152; In re Ionosphere Clubs, Inc., 98 B.R. at 174.

10. Given the priority that would be accorded the wage claims the Debtor seeks to pay herein, there is likely to be no prejudice to unsecured creditors resulting from the Court's authorization that the Debtor may honor prepetition wage obligations as requested herein. In any event, authorization to make such payment is necessary so that the Debtor's continued operations and efforts to reorganize are not jeopardized, and a meaningful distribution can result from reorganization.

11. The Debtor has provided notice of this Motion to (i) the Office of the United States Trustee for the Northern District of Indiana, (ii) counsel to Debtor's prepetition senior secured and subordinated lenders, and (iii) the Debtor's twenty (20) largest creditors. The Debtor submits that given the circumstances and the notice of the relief requested herein, no other or further notice is required.

12. No application for the relief requested herein has been made to this or any other court.

### IV.    CONCLUSION

13. In order to ensure the continuity and quality of the Debtor's business operations, the Debtor requests the Court enter an order authorizing the Debtor to honor the

FWIMAN1 307005v1

above-referenced prepetition priority obligations, thereby enabling the Debtor to proceed, without unnecessary interruption, toward an orderly reorganization. Such authorization will not prejudice creditors, but rather will protect their interests. The proposed Order authorizes the Debtor to pay and honor prepetition obligations owed to employees for wages, including vacation and sick leave pay, and the employees' portion of payroll taxes based on such wages, earned within ninety (90) days before the commencement of this case, in sums not to exceed $4,650 for each individual.

WHEREFORE, the Debtor respectfully requests that the Court enter an order substantially similar to the proposed Order filed contemporaneously herewith, authorizing the Debtor to pay prepetition wages and benefits and such other relief as the Court deems just and proper.

BAKER & DANIELS

By: /s/ John R Burns
    John R Burns (#3016-02)
    Mark A. Werling (#20426-02)
    111 East Wayne Street, Suite 800
    Fort Wayne, Indiana 46802
    Telephone:  (260) 420-8000
    Facsimile:  (260) 460-1700

ATTORNEYS FOR THE DEBTOR,
AUBURN FOUNDRY, INC.