UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| AUBURN FOUNDRY, INC., | ) | CASE NO. 04-10427 |
| | ) | CHAPTER 11 |
| Debtor. | ) | |

## APPLICATION TO EMPLOY AND RETAIN BAKER & DANIELS AS COUNSEL FOR DEBTOR-IN-POSSESSION AND APPROVING SECURITY RETAINER

The above-captioned debtor-in-possession ("AFI" or the "Debtor"), for its application to employ Baker & Daniels as its counsel, respectfully represents:

### BACKGROUND

1. On February 8, 2004 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. The Debtor continues in possession of its property and in management of its business as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. No trustee or examiner has been appointed herein. To date, no committee has been formed. The Debtor's prepetition senior secured and subordinated lenders are aware of the Debtor's financial condition and its bankruptcy filing in this Court.

4. This Court has jurisdiction of this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are Sections 327 and 328 of the Bankruptcy Code.

FWIMAN1 307477v1

## RELIEF REQUESTED

5. By this application and pursuant to Section 327(a) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code, the Debtor seeks to employ Baker & Daniels as its attorneys under a general retainer to perform the legal services more fully set forth in paragraph 8 hereof.

6. When it became apparent that a bankruptcy filing was likely, the Debtor also asked Baker & Daniels to provide advice regarding, among other things, preparation for the commencement and prosecution of a case under chapter 11 of the Bankruptcy Code. The Debtor has employed and retained Baker & Daniels as its attorneys in connection with the filing, and, subject to entry of an order approving the retention of Baker & Daniels, the prosecution of this chapter 11 case. In addition, the Debtor desires to retain Baker & Daniels as its counsel to provide such other legal services as are necessary and requested by the Debtor, including, without limitation, corporate finance, tax, real estate, employee benefits, environmental, and litigation services. The Debtor is seeking retention of Baker & Daniels *nunc pro tunc* to the Petition Date.

7. The Debtor has selected Baker & Daniels to serve as bankruptcy counsel because its attorneys have extensive experience and knowledge in the fields of debtors' and creditors' rights, debt restructuring and corporate reorganizations, tax law, real estate and environmental matters, employee benefits and commercial litigation, among others. In addition, Baker & Daniels has extensive familiarity with the Debtor's operation and business by virtue of its longstanding pre-petition representation of the Debtor. Accordingly, the Debtor believes that Baker & Daniels is well qualified to represent it in this chapter 11 case.

## SERVICES TO BE RENDERED

8. Baker & Daniels may be requested to render the following services to the Debtor:

   (a) Advise the Debtor with respect to its powers and duties as debtor-in-possession in the continued management and operation of its business and property;

   (b) Attend meetings and negotiate with representatives of creditors and other parties in interest, and advise and consult on the conduct of the case, including all of the legal and administrative requirements of operating in Chapter 11;

   (c) Advise the Debtor in connection with any contemplated sales of assets or business combinations, including negotiating any asset, stock purchase, merger or joint venture agreements, formulating and implementing any bidding procedures, evaluating competing offers, drafting appropriate corporate documents with respect to the proposed sales, and counseling the Debtor in connection with the closing of any such sales;

   (d) Advise the Debtor in connection with post-petition financing and cash collateral arrangements, negotiate and draft documents relating thereto, provide advice and counsel with respect to the Debtor's pre-petition financing arrangements, provide advice to the Debtor in connection with issues relating to financing and capital structure under any plan or reorganization, and negotiate and draft documents relating thereto;

   (e) Advise the Debtor on matters relating to the evaluation of the assumption or rejection of unexpired leases and executory contracts;

   (f) Advise the Debtor with respect to legal issues arising in or relating to the Debtor's ordinary course of business, including attendance at senior management meetings, meetings with the Debtor's financial and turnaround advisors, and meetings of the board of directors, advise the Debtor on employee, workers' compensation, employee benefits, labor, tax, environmental, banking, insurance, securities, corporate, business operation, contract, joint ventures, real property, press/public affairs and regulatory matters, and advise the Debtor with respect to continuing disclosure and reporting obligations, if any, under securities laws;

3

(g) Take all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on its behalf, the defense of any actions commenced against the estate, any negotiation concerning litigation in which the Debtor may be involved, and the prosecution of objections to claims filed against the estate;

(h) Prepare on behalf of the Debtor all motions, applications, answers, orders, reports and papers necessary to the administration of the estate;

(i) Negotiate and prepare on the Debtor's behalf any plans of reorganization, disclosure statement(s) and related agreements and/or documents, and take any necessary action on behalf of the Debtor to obtain confirmation of such plan(s);

(j) Attend meetings with third parties and participate in negotiations with respect to the above matters;

(k) Appear before this Court and any appellate courts, and protect the interests of the Debtor's estate before such courts; and

(l) Perform all other necessary legal services and provide all other necessary legal advice to the Debtor in connection with this chapter 11 case.

9. The Debtor submits that the retention of Baker & Daniels under the terms described herein is appropriate under sections 327 and 328 of the Bankruptcy Code. Section 327(a) of the Bankruptcy Code empowers the trustee, with the court's approval, to employ attorneys "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a).

10. Except as set forth in the contemporaneously filed Affidavit of John R Burns III, Esq. (the "Burns Affidavit"), a member of Baker & Daniels, to the best of the Debtor's knowledge, the members, counsel and associates of Baker & Daniels (a) do not have any connection with the Debtor, its affiliates, its creditors, the Office of the United States Trustee for the Northern District of Indiana, any person employed in the Office of the United States Trustee

4

FWIMAN1 307477v1

for the Northern District of Indiana, or any other party in interest, or their respective attorneys and accountants, (b) are "disinterested persons," as that term is defined in section 101(4) of the Bankruptcy Code, and (c) do not hold or represent any interest adverse to the estates.

11. More specifically, as set forth in the Burns Affidavit, and to the best of the Debtor's knowledge, information and belief:

    (a) Neither Baker & Daniels nor any attorney at the firm holds or represents an interest adverse to the estate;

    (b) Except as described herein, Baker & Daniels is not and has not been a creditor, an equity holder, or an insider of the Debtor. Baker & Daniels is not owed any pre-petition fees.

    (c) Neither Baker & Daniels nor any attorney at the firm is or was an investment banker for any outstanding security of the Debtor.

    (d) Neither Baker & Daniels nor any attorney at the firm is or was, within three years before the filing of the Debtor's chapter 11 case, an investment banker for any security of the Debtor, or any attorney for an investment banker in connection with the offer, sale or issuance of any security of the Debtor.

    (e) Neither Baker & Daniels nor any attorney at the firm is or was, within two years before the Petition Date, a director, officer or employee of the Debtor or of an investment banker of the Debtor.

    (f) Baker & Daniels does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor or an investment banker specified in the foregoing paragraphs, or for any other reason.

12. Section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 of this title by a debtor-in-possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b). To the best of the Debtor's knowledge, the members and associates of Baker & Daniels do not have any connection with the Debtor, its creditors or any other party in interest, or their respective attorneys, except to the extent set forth

5

FWIMAN1 307477v1

in the Burns Affidavit. Accordingly, the Debtor believes Baker & Daniels is "disinterested" and does not hold or represent an interest adverse to the Debtor's estate.

## COMPENSATION AND RETAINER

13. Prior to the Petition Date, Baker & Daniels was retained by the Debtor to provide services including, but not limited to, (i) advising the Debtor regarding financial and corporate restructuring alternatives; (ii) advising the Debtor regarding chapter 11 and available options thereunder; (iii) assisting in negotiations with creditors; (iv) counseling on general corporate issues and litigation matters; (v) loan and security document review and analysis; and (vi) assisting in the preparation of appropriate pleadings and documents necessary for a chapter 11 filing. As a result, Baker & Daniels received a prepetition retainer, which is discussed in the Burns Affidavit.

14. Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person "on any reasonable terms and conditions of employment, including on a retainer." 11 U.S.C. § 328(a). The Debtor may require Baker & Daniels to render extensive legal services, the cost of which cannot be estimated. Accordingly, it is necessary and essential for the Debtor, as debtor-in-possession, to employ attorneys under a general retainer to render the foregoing services.

15. Subject to this Court's approval and in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the rules of and other procedures that may be fixed by this Court, the Debtor requests that Baker & Daniels be compensated on an hourly basis, plus reimbursement of actual and necessary expenses incurred by Baker & Daniels, as more fully set forth in the Burns Affidavit.

16. Baker & Daniels will maintain detailed records of all actual costs and expenses incurred. Baker & Daniels will abide by all procedures ordered by the Court and will

apply to the Court for allowance of any compensation or reimbursement of expenses in the matter.

17.     As more fully set forth in the Burns Affidavit, Baker & Daniels received a prepetition retainer in the amount of $122,783 and it intends to apply to the Court for postpetition fees and expenses (the "Security Retainer").

## PROOF OF NOTICE

18.     The Debtor has provided notice of this Motion to (i) the United States Trustee for the Northern District of Indiana, (ii) counsel to the Debtor's prepetition senior secured and subordinated lenders, and (iii) the Debtor's twenty (20) largest unsecured creditors. The Debtor submits that given the circumstances and the notice of the relief requested herein, no other or further notice is required.

19.     No prior application for the relief requested herein has been made to this or any other court.

20.     The Debtor contemplates that Baker & Daniels will seek compensation based upon normal and usual billable hourly rates.  The Debtor also contemplates that Baker & Daniels will seek interim compensation during the case as permitted by § 331 of the Bankruptcy Code.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court enter an order authorizing the retention of Baker & Daniels *nunc pro tunc* to February 8, 2004, approving the Security Retainer and granting such other and further relief as is just or proper.

Dated: February 7, 2004 at Fort Wayne, Indiana.

AUBURN FOUNDRY, INC.,
Debtor-in-Possession

By: _____

Title: Assistant Treasurer