IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| AUBURN FOUNDRY, INC. | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | BK Case No. 04-10427 |

**MOTION FOR ORDER PURSUANT TO 11 U.S.C.
§§ 105(A) AND 363 AUTHORIZING THE CONTINUATION
OF WORKERS' COMPENSATION PROGRAM**

Auburn Foundry, Inc. ("AFI" or the "Debtor"), debtor-in-possession, by counsel, moves this Court for entry of an Order Pursuant to 11 U.S.C. §§ 105(a) and 363 Authorizing the Continuation of Workers' Compensation Program (the "Motion"). In support of its Motion, the Debtor respectfully represents as follows:

**BACKGROUND**

1.  On February 8, 2004 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court.

2.  The Debtor continues in possession of its property and in management of its business as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.  No trustee or examiner has been appointed herein. To date, no committee has been formed, informally or otherwise. In addition, the Debtor's prepetition senior secured lenders and subordinated lenders (the "Prepetition Lenders") have been advised of this filing.

4.  This Court has jurisdiction of this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 105(a) and 363 of the Bankruptcy Code.

**RELIEF REQUESTED**

5. By this Motion, the Debtor seeks an order authorizing the continuation of its workers' compensation program (the "Program").

6. The Debtor maintains workers' compensation coverage for its employees.

7. On or about March 24, 2002, the Debtor entered into an agreement (the "Agreement") with the Workers' Compensation Board of Indiana (the "Board") which provided, in substance, that the Debtor would (i) pay the claims of workers' compensation claimants from its current operating assets for occurrences on or after March 24, 2002 and (ii) deposit $600,000, in trust (the "Trust"), to serve as security for the payment of such claims.

8. On or about March 22, 2002, the Debtor, as Trustor, and Tower Bank & Trust Company, as Trustee (the "Trustee") entered into a Trust Agreement (the "Trust") which implemented the terms and conditions of the Agreement. The Trust provides, *inter alia*, for the following:

| | |
|---|---|
| Article I | Establishes the Trust as security for the payment of workers' compensation claims with respect to occurrences on or after March 24, 2002. |
| Article II | Funds the Trust with $600,000. |
| Article III | Obligates the Debtor to pay workers' compensation claims from its operating assets. If the Debtor is unable to do so, the Board may direct the Trustee to remit funds to the Debtor to satisfy such claims. |
| Article IX | Provides that the Trust may be terminated upon one of three events: (1) the Debtor obtains insurance coverage or other surety acceptable to the Board; (2) the Board and the Debtor shall both certify to the Trustee that the Trust is no longer required; or (3) all Trust assets have been properly disbursed. |

9. As of September 30, 2003, the balance in the Trust was approximately $606,325.

FWIMAN1 308401v1

10. The Program is essential to the ordinary operation of the Debtor's business. The Debtor submits that the cost and expense of changing the Program would not only force the Debtor to incur significant and unnecessary costs and expenses, but would greatly impair the operation of the Debtor's business.

## PROCEDURE

11. The Debtor has provided notice of this Motion to (i) the Office of the United States Trustee for the Northern District of Indiana, (ii) counsel to the Debtor's Prepetition Lenders, and (iii) the Debtor's twenty (20) largest unsecured creditors. The Debtor submits that given the circumstances and notice of the relief requested herein no other or further notice is required.

12. No previous motion for the relief sought herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests entry of an order of this Court substantially in the form annexed hereto granting it the relief requested by this Motion and such other and further relief as to which they may be entitled.

4

BAKER & DANIELS

By: /s/ John R Burns, III
     John R Burns (#3016-02)
     Mark A. Werling (#20426-02)
     111 East Wayne Street, Suite 800
     Fort Wayne, Indiana 46802
     Telephone: (260) 420-8000
     Facsimile: (260) 460-1700

ATTORNEYS FOR THE DEBTOR,
AUBURN FOUNDRY, INC.