UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| AUBURN FOUNDRY, INC., | ) | CASE NO. 04-10427 |
| | ) | CHAPTER 11 |
| Debtor. | ) | |

**INTERIM ORDER (I) AUTHORIZING
DEBTOR TO OBTAIN FINANCING PURSUANT TO 11 U.S.C.
§§ 105, 361, 362, 363, AND 364 AND (II) SCHEDULING
FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001(C)**

Upon consideration of the motion (the "Motion") of Auburn Foundry, Inc.,

debtor-in-possession ("AFI" or the "Debtor"), for entry of an order authorizing the Debtor to

obtain financing (the "Post-Petition Financing") pursuant to sections 105(a), 361, 362, 363,

364(c)(1), 364(c)(2), and 364(c)(3) of chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code"), this Court finds as follows:

A.      The Debtor filed a voluntary petition for relief under chapter 11 of the

Bankruptcy Code on February 8, 2004 and, since that date, has continued in possession of its

property and management of its business as debtor-in-possession pursuant to sections 1107 and

1108 of the Bankruptcy Code.

B.      The Debtor seeks an order authorizing it to obtain "Post-Petition

Financing" as described more fully in the Motion, in accordance with the Note attached thereto

as Exhibit "A" and subject to the terms described more fully therein.

C.      This Court has jurisdiction to consider the Motion.

D.      The relief sought in the Motion is in the best interest of creditors and all

parties in interest.

E.      Notice of the Motion has been properly given.

FWIMAN1 308033v2

F.    No other or further notice is necessary.

G.    The Debtor will be unable to operate or reorganize without the Post-Petition Financing.

H.    The Debtor is unable to obtain financing on terms more favorable than those described in the Motion and provided for in the Post-Petition Financing.

I.    The Debtor has an immediate need to obtain the Post-Petition Financing in order to permit, among other things, the orderly continuation of the Debtor's business, to maintain business relationships with vendors and suppliers, and to satisfy other working capital needs.  The ability of the Debtor to obtain sufficient working capital and liquidity through the incurrence of new indebtedness and other financial accommodations is vital to the preservation and maintenance of the going concern value of the Debtor and is integral to a successful reorganization of the Debtor.

J.    Under the circumstances, the terms and conditions of the Post-Petition Financing (including, without limitation, the fees, costs, and expenses to be incurred in connection therewith) are fair and reasonable, reflect the exercise of the Debtor's prudent business judgment consistent with its fiduciary duties, and is supported by reasonable equivalent value and fair consideration.  The Post-Petition Financing has been negotiated in good faith and at arms length between the Debtor and the DIP Lender.

NOW, THEREFORE, it is, this _____ day of _____, 2004, HEREBY ORDERED:

1.    The Motion is GRANTED.

2.    The capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms as set forth in the Motion.

3.      Pursuant to sections 105(a), 361, 362, 363, 364(c)(1), 364(c)(2), and 364(c)(3) of the Bankruptcy Code, the Debtor is authorized to obtain the Post-Petition Financing in accordance with the Note attached to the Motion as Exhibit "A" and the terms described more fully in the Motion.

4.      The Note and the terms of the Post-Petition Financing described more fully in the Motion are hereby approved.

a.      The DIP Lender shall be entitled to (i) a commitment fee of $40,000 (the "Commitment Fee") and (ii) payment of its attorneys' fees and reimbursable expenses not to exceed $50,000, in the aggregate, for origination and administration of the Post-Petition Financing (collectively, the "DIP Lender's attorneys' fees"), each of which shall be payable upon termination of the Post-Petition Financing.

b.      The Debtor shall be entitled, from time to time, until termination of the Post-Petition Financing, to borrow, repay, and reborrow the principal of the Post-Petition Financing.  The Debtor will pay interest to the DIP Lender on the first day of each month beginning March 1, 2004 on the outstanding principal balance of the Note at the rate of the Bank of America prime rate plus three percent (3%) per annum.

c.      All principal outstanding on the Note shall be repaid on or before:  (i) September 1, 2004; (ii) thirty (30) days after the Effective Date of the Debtor's Plan of Reorganization; or (iii) the occurrence of an Event of Default as defined in the Note, whichever shall first occur.

d.      Pursuant to § 364(c)(1) of the Bankruptcy Code, all of the DIP Obligations (defined as principal and interest on the Note, the Commitment Fee, and the DIP Lender's Attorneys' Fees) shall constitute allowed claims against the Debtor with priority over any and all

administrative expenses or other claims now existing, or hereafter existing, of any kind whatsoever, including, without limitation, administrative expenses of the kind specified in or allowed under sections 105, 326, 328, 330, 331, 363, 364, 503(b), 506(b), 507(a), 507(b), 726, or 1114 of the Bankruptcy Code (the "Superpriority Claim"), which superpriority claim shall be payable from and have recourse to all pre- and post-petition property of the Debtor and proceeds thereof, subject only to the payment of the Carve-Out. The "Carve-Out" means (i) an amount not to exceed $25,000 in the aggregate for the attorneys' fees and reimbursable expenses incurred by the Unsecured Creditors' Committee and (ii) attorneys' fees and reimbursable expenses incurred by the Debtor to the extent provided in the Governing Cash Flow Budget as defined in the Note, each in respect of allowances of compensation for services rendered or reimbursement of expenses awarded by the Bankruptcy Court or permitted to be paid under any provisional payment Order.

       e.     Pursuant to section 364(c)(2) of the Bankruptcy Code, the DIP Lender is hereby granted, subject to the Carve-Out, a perfected security interest and lien upon all of the claims and causes of action (and all proceeds thereof) of the Debtor under sections 502(d), 544, 545, 547, 548, 549, 550 and/or 551 of the Bankruptcy Code, or any other avoidance actions under the Bankruptcy Code (the "Avoidance Actions").

       f.     Pursuant to sections 364(c)(2) and 364(c)(3) of the Bankruptcy Code, the DIP Lender is hereby granted, subject to the Carve-Out, a perfected security interest in and lien upon all pre- and post-petition property of the Debtor and the proceeds thereof subject only to (i) all valid, perfected and non-avoidable liens in existence on the Petition Date and (ii) replacement liens granted to the Senior Lenders by Order of this Court, all without the necessity of the execution, filing, or recording of any documents required under non-bankruptcy law or

otherwise, for the creation or perfection of security interests or liens.  However, upon request by

the DIP Lender, the Debtor shall execute and deliver to the DIP Lender all financing statements

or other documents or agreements which the DIP Lender may request relating to and/or

evidencing the security interests or liens granted hereunder, and the automatic stay is hereby

modified to permit the DIP Lender to perfect the foregoing security interests and liens in such

collateral.

5.     This Order shall be without prejudice to the rights of the Debtor or any

party in interest, including without limitation the United States Trustee, to apply to the Court for

authority to further modify the terms hereof on appropriate notice and motion.

6.     Pursuant to section 364(e) of the Bankruptcy Code, the reversal or

modification on appeal of this Court's authorization of the Post-Petition Financing, or of a grant

hereunder of a priority or a lien, does not affect the validity of any debt so incurred, or any

priority or lien so granted, to the DIP Lender, which is extending such credit in good faith,

whether or not the DIP Lender knew of the pendency of the appeal, unless such authorization

and the incurring of such debt, or the granting of such priority or lien, were stayed pending

appeal.

7.     This Court shall retain jurisdiction with respect to all matters arising from

or related to the Motion or the implementation of this Order.

8.     Notice of the entry of this Order and the date and time of a final hearing

on the Debtor's authority to obtain the Post-Petition Financing shall be given within three (3)

business days from the date on which this Order is entered to parties on whom service is required

by Rule 4001 of the Federal Rules of Bankruptcy Procedure.

9.      A final hearing on the Emergency Motion for Order Authorizing Debtor

to Obtain Financing shall be held on _____ at _____ a.m./p.m.


Dated this _____ day of _____, 2004.


_____
HONORABLE ROBERT E. GRANT
UNITED STATES BANKRUPTCY JUDGE