UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| AUBURN FOUNDRY, INC., ) | CASE NO. 04-10427 |
| ) | CHAPTER 11 |
| Debtor. ) | |

**AGREED INTERIM ORDER (I) AUTHORIZING INTERIM
USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363;
(II) PROVIDING ADEQUATE PROTECTION REGARDING
USE OF CASH COLLATERAL; AND (III) SCHEDULING PRELIMINARY
AND FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001(B)**

Upon consideration of the emergency motion (the "Motion") of Auburn Foundry, Inc., debtor-in-possession ("AFI" or the "Debtor"), for entry of an order pursuant to sections 361 and 363 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") authorizing use of cash collateral of the Senior Lenders as defined in the Motion, providing adequate protection to the Senior Lenders as defined therein, and scheduling a preliminary and final hearing pursuant to Bankruptcy Rule 4001(b), this Court finds as follows:

A.    The Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on February 8, 2004 and, since that date, has continued in possession of its property and management of its business as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

B.    The Debtor possesses "cash collateral" within the definition of section 363(a) of the Bankruptcy Code and the Senior Lenders assert an interest therein.

C.    This Court has jurisdiction to consider the Motion.

D.    The relief sought in the Motion is in the best interest of creditors and all parties in interest.

FWIMAN1 323440v2

E.  Notice of the Motion has been properly given.

F.  No other or further notice is necessary.

G.  The Debtor will be unable to operate or reorganize without use of the Cash Collateral.

H.  The Senior Lenders are or will be adequately protected (as defined in section 361 of the Bankruptcy Code) as described herein.

NOW, THEREFORE, it is, this 9th day of February, 2004, HEREBY ORDERED:

1.  The Motion is conditionally and temporarily GRANTED, and a further hearing is scheduled for February 13, 2004 at 9:00 a.m. to consider the matters raised therein and in the objection to use of Cash Collateral filed on behalf of the Senior Lenders.

2.  The capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms as set forth in the Motion.

3.  Pursuant to section 363 of the Bankruptcy Code, the Debtor is authorized to use the Senior Lenders' Cash Collateral through and including February 18, 2004, the occurrence of an "Event of Default" as defined in the DIP Financing Note, or until further order of the Court, whichever shall first occur, in accordance with the budget (the "Budget") attached to this Order as <u>Exhibit A</u> and incorporated herein by reference, and subject to the further conditions set forth herein.

4.  The Cash Collateral may be used by the Debtor in the ordinary course of business and in the amounts and for the purposes specified in the Budget, to the extent of Cash Availability determined by applying the Borrowing Base Certificate utilized by the parties' prepetition.  Debtor may utilize Cash Collateral so long as the Availability (as defined in the Senior Lenders' Prepetition Financing and Security Agreement at any time on or prior to

February 18, 2004 is not less than negative Four Hundred Forty One Thousand Six Hundred Twenty and 00/100 Dollars (-$441,620.00).  A copy of the Borrowing Base Certificate as of February 6, 2004 is attached hereto as <u>Exhibit B</u> and shall be the baseline for calculation of permitted Cash Collateral use by Debtor.

   5. The Debtor shall not use any Cash Collateral other than (i) in accordance with this Order, (ii) pursuant to further Order of the Court, or (iii) with the written consent of the Senior Lenders.

   6. The Senior Lenders shall have as adequate protection for the Debtor's use of Cash Collateral, among other things, the following:

   a. A security interest in and to all prepetition Cash Collateral provided under the credit agreement and related loan documents with the Senior Lenders to the same extent and with the same priority and effect as the Senior Lenders' interests existed prepetition;

   b. A replacement lien in and to all of the Debtors' postpetition assets, to the same extent and with the same priority and validity as the Senior Lenders' security interest in such assets prepetition, to the extent that use of the Cash Collateral results in a decrease in the value of the Senior Lenders' interest in the inventory, accounts receivable and cash collateral under § 363(a) during the period of time that this Order is in effect, all without the necessity of the execution, filing, or recording of any documents required under non-bankruptcy law, or otherwise, for the creation or perfection of security interests; and

   c. The continued obligation of the Debtor to maintain insurance coverage on the tangible assets of the Debtor.

7. The Debtor shall deliver to the Senior Lenders (i) on the Monday of each week an inventory report and an account receivable aging report as of the end of the previous week, (ii) within twenty (20) days after the end of each month a cash receipts and cash disbursements report, and (iii) a daily Borrowing Base Certificate.

8. Nothing contained herein constitutes a finding that any alleged security interest of the Senior Lenders is valid, perfected or unavoidable; this Order is without prejudice to the right of the Debtor, any committee appointed under the Bankruptcy Code and any other party in interest to contest the validity, perfection, priority, extent or avoidability of the alleged security interest of the Senior Lenders.

9. This Order shall be without prejudice to the rights of the Debtor or any party in interest, including without limitation the United States Trustee, to apply to the Court for authority to further modify the terms hereof on appropriate notice and motion.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the Motion or the implementation of this Order.

11. Notice of the entry of this Order and the date and time of a final hearing on the use of the Cash Collateral shall be given within three (3) business days from the date on which this Order is entered to parties on whom service is required by Rule 4001 of the Federal Rules of Bankruptcy Procedure.

12. A preliminary evidentiary hearing on the use of Cash Collateral shall be held on February 13th at 9:00 a.m.

13. A final hearing on the use of the Cash Collateral shall be held on February 27th at 9:00 a.m.

Dated this 10th day of February, 2004.

_____
HONORABLE ROBERT E. GRANT
UNITED STATES BANKRUPTCY JUDGE

AGREED AS TO FORM:

For the Debtor

/s/ John R Burns
John R Burns

For Bank of America, National Association

/s/ Grant Shipley
Grant Shipley

Auburn Foundry
Cash Use Analysis First 3 Weeks of Bankruptcy
As of Feb 6, 2004

| Week ending dates | Week 1 | Week 2 | Week 3 |
|---|---|---|---|
| **Sales for week** | | | |
| Pounds | 4000 | 4000 | 4000 |
| Dollars | $1,360 | $1,360 | $1,360 |
| Collections | $1,300 | $1,350 | $1,500 |
| **Mandatory payments** | | | |
| Scrap - COD | 557 | 557 | 557 |
| Hourly payroll | 320 | 275 | 275 |
| Salary payroll | 240 | | 240 |
| Payroll taxes | 100 | | |
| Insurance | 100 | 100 | 100 |
| Utilities | 150 | 150 | 175 |
| Must mails - payroll w/h etc | 40 | 40 | 40 0 |
| **Key Ingredient Supplier - Paid on COD** | | | |
| Miller & Co - Chemicals | 9 | 9 | 9 |
| Dauber - Silicon Carbide | 39 | 39 | 39 |
| Great Lakes Carbon - Carbon | 9 | 9 | 9 |
| Unimin - Bond | 31 | 31 | 31 |
| Elkem - Supercede | | 16 | 0 |
| Fairmont Minerals - Sand | 11 | 11 | 11 |
| Ashland - Chemicals | 8 | 8 | 8 |
| Wheelabrator - Shot | 8 | | 8 |
| Metaltech - Shot | 8 | 8 | 8 |
| CC Metals - FeSi | 12 | | |
| Indiana Refractory - Repair materials | 8 | 8 | 8 |
| Empire Refractory - Repair materials | 4 | 4 | 4 |
| Refco - Repair materials | | 9 | |
| Vesuvius - Stopper rods | | | 6 |
| Midwest Instrument - Temp probes | 3 | 3 | 3 |
| Heraes - Temp probes | | | 2 |
| Estimated new needs for other vendors - freight etc. | 50 | 50 | 50 |
| Total payments | 1,707 | 1,327 | 1,583 |
| Net cash proceeds | ($407) | $24 | ($83) |
| Cummulative Cash | ($407) | ($383) | ($466) |

**Impact on borrowing base - normal calculations**

| | | | |
|---|---|---|---|
| Sales | $1,360 | $1,360 | $1,360 |
| Less receipts | ($1,300) | ($1,350) | ($1,500) |
| Net change in A/R | $60 | $10 | ($140) |
| Cummulative change in A/R | $60 | $70 | ($70) |

Assumptions:
1. No deposit yet for utilities
2. Take 80 hourly people out immediately - impact on second week of cash
3. Salary to include severance
4. Benefits ( ie insurance ) to continue - funding for new trust on Workemens Comp not included
5. Scrap costs assumed at $265/ton
6. Assumes no price increase from other vendors

E. A

### Reconciliation of the Base Borrowing Certificate from February 6, 2004 through February 6, 2004

| | Net Sales | Credits | Gross Sales | Debit Memos | Gross A/R Cash Received | |
|---|---|---|---|---|---|---|
| **February** | | | 0 | | | |
| | | | 0 | | - | |
| 6 Friday | | | 0 | | 617,881 | unapplied |
| | - | | 0 | | - | |
| | - | | 0 | | - | |
| | | | 0 | | - | |
| | - | | 0 | | | |
| | | | 0 | | | |
| | $  - | $  - | $  - | $  - | $ 617,881 | |

| | | |
|---|---|---|
| 1 | Gross accounts receivable as of February 5, 2004 | $ 12,616,508 |
| 2 | Add: Gross Sales | - |
| 3 | (+)/- | - |
| | (+)/- | - |
| | (+)/- | - |
| | (+)/- | - |
| | | - |
| | (+)/- | - |
| | | - |
| 4 | Deduct: Sales Credits | $  - |
| 5 | Deduct: Gross A/R Cash received | (617,881) |
| 6 | Gross Accounts Receivable as of 2/6/2004 | $ 11,998,627 |
| | Less: Unapplied Cash | |
| 7 | Less: Ineligibles @ 1/31/2003 | $ (1,433,511) |
| 8 | Eligible Accounts Receivable | $ 10,565,116 |
| 9 | Advance Rate | x85% |
| 10 | Available Accounts Receivable | 8,980,348 |
| 11 | Plus: Inventory value as of 1/31/2004 | 1,315,508 |
| 12 | Borrowing Base as of February 6, 2004 | $ 10,295,856 |

**Loan Activity**

| | | |
|---|---|---|
| 13 | Balance as shown on last report | 9,808,165 |
| 14 | Less: Remittances from National City & Bank of America | (618,785) |
| 15 | Plus: Advance Requests to National City & Bank of America | 382,000 |
| 16 | Less: | - |
| 17 | Plus: | - |
| 18 | Plus: | - |
| 19 | Plus: Term Loan Principal Payment | |
| 20 | Adjustments + / -   (ROUNDING) | - |
| 21 | Ending Outstanding Loan Balance | $ 9,571,380 |

**Revolving Loan Availability**

| | | |
|---|---|---|
| 22 | The Lesser of the Borrowing Base (Line 12) or 20,000,000 | 10,295,856 |
| 23 | Less: Outstanding Loan Balance | (9,571,380) |
| 24 | Less: Letters of Credit | (1,021,096) |
| 25 | Less: Reserve for Sale of Asset | (95,000) |
| 26 | Less: Reserve for Debits | (50,000) |
| 27 | Plus: Overdraft | |
| 28 | Net Available | $ (441,620) |

The undersigned represents and warrants that the information set forth above is complete. The undesigned grants a security interest in the collateral reflected above to Bank of America, N.A. as Agent, and represents and warrants that said collateral complies with the representations, warranties, and covenants contained in the Financing and Security agreement between Bank of America, N.A. as Agent and the undersigned.

Borrower: Auburn Foundry, Inc.          B of A Business Credit, Inc.

Authorized signature: _____          Received by: _____

Title: _____

Ex B

**BAE SYSTEMS**
**Enterprise Systems Incorporated**
**11487 Sunset Hills Road**
**Reston, Virginia 20190-5234**

# CERTIFICATE OF SERVICE

```
District/off: 0755-1          User: mjc              Page 1 of 1             Date Rcvd: Feb 10, 2004
Case: 04-10427               Form ID: pdf004         Total Served: 1

The following entities were served by first class mail on Feb 12, 2004.
db          Auburn Foundry, Inc.,   635 W. Eleventh Street,   Auburn, IN  46706

The following entities were served by electronic transmission.
NONE.                                                                                  TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                  TOTAL: 0
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Feb 12, 2004**              **Signature:**    _Joseph Speetjens_