# AMENDMENT NO. 1 TO
# FINANCING AND SECURITY AGREEMENT

This Amendment No. 1 to Financing and Security Agreement (this "Amendment"), is made as of this 11 day of September, 2000, by and among Auburn Foundry, Inc., an Indiana corporation (the "Borrower"), the Financial Institutions named therein (the "Lenders") and Bank of America, National Association, a national banking association, as agent (the "Agent") and GMAC Business Credit LLC as Co-Agent (the "Co-Agent").

## WITNESSETH:

WHEREAS, Borrower, the Agent and the Lenders have entered into that certain Financing and Security Agreement, dated as of April 10, 2000 (the "Financing Agreement"), pursuant to which the Lenders have made certain financial accommodations available to Borrower;

WHEREAS, Borrower, the Agent and the Lenders desire to amend the Financing Agreement as hereinafter set forth;

NOW, THEREFORE, in consideration of the mutual promises and agreements contained herein and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, Borrower, Agent and the Lenders do hereby agree as follows:

## SECTION 1. DEFINED TERMS.

Each defined term used herein and not otherwise defined herein shall have the meaning ascribed to such term in the Financing Agreement.

## SECTION 2. AMENDMENT TO THE FINANCING AGREEMENT.

Borrower, Agent and the Lenders hereby agree that the Financing Agreement shall be amended, effective upon the satisfaction of the conditions precedent set forth in this Amendment, as follows:

2.1   Amendment to Cover Page. The cover page of the Financing Agreement is amended by adding the following party after Bank of America, National Association and before Auburn Foundry, Inc.

GMAC BUSINESS CREDIT, LLC
as the Co-Agent

2.2   Amendment to Preamble. The preamble of the Financing Agreement is amended to read as follows:

Financing and Security Agreement, dated as of April 10, 2000, among the financial institutions listed on the signature pages hereof (such financial institutions, together with their respective successors and assigns, are referred to hereinafter each individually as a "Lender" and collectively as the "Lenders"), Bank of America, National Association, a national banking association with an office at 231 South LaSalle Street, Chicago, Illinois 60697, as agent for the Lenders (in its capacity as agent, the "Agent"), GMAC Business Credit, LLC, a limited liability company organized under the laws of the state of Michigan with an office at 300 Galleria Office Center, Suite #110, Southfield, Michigan 48034, as co-agent for the Lenders (in its capacity as co-agent, the "Co-Agent") and Auburn Foundry, Inc., an Indiana corporation, with offices at 635 West Eleventh Street, Auburn, Indiana 46706 (the "Borrower").

2.3   Amendments to Section 1.1.

The following new definitions shall be inserted into Section 1.1 of the Financing Agreement in the appropriate alphabetical order.

"Co-Agent" means GMACBC, solely in its capacity as co-agent for the Lenders.

"GMACBC" means GMAC Business Credit, LLC, a Michigan limited liability company.

2.4   Amendment to Section 2.3.   Section 2.3(c) is amended to read as follows:

(c)   Term Loan Notes A. The Borrower shall execute and deliver to the Agent on behalf of each Lender, on the Closing Date, a promissory note, substantially in the form of Exhibit A-1 attached hereto and made a part hereof (such promissory notes, together with any new notes issued pursuant to Section 13.2(a) upon the assignment of any portion of any Lender's Term Loan, being hereinafter referred to collectively as the "Term Loan Notes A" and each of such promissory notes being hereinafter referred to individually as a "Term Loan Note A"), to evidence such Lender's Term Loan A, in an original principal amount equal to the amount of such Lender's Pro Rata Share of Twenty Two Million Dollars ($22,000,000) and with other appropriate insertions. The

{JLM 1510. DOC;2}

principal amount of the Term Loan Notes A delivered to the Agent on behalf of each Lender shall be dated the Closing Date and stated to amortize in sixty (60) monthly installments. Each of the first thirty (30) installments of principal shall be in an amount equal to such Lender's Pro Rata Share of $282,051.28 and shall be payable on the first day of each month, commencing on October 1, 2000, and ending on March 1, 2003. Each of the thirty-first (31st) through the fifty-ninth (59th) installments of principal shall be in an amount equal to such Lender's Pro Rata Share of $463,869.46 and shall be payable on the first day of each month, commencing on April 1, 2003, and ending on August 1, 2005. The final installment of principal shall be in an amount equal to such Lender's Pro Rata Share of the then remaining principal balance of the Term Loan Note A, and shall be payable on September 1, 2005. Each such installment shall be payable to the Agent for the account of the applicable Lender. Notwithstanding the foregoing, if not sooner paid, the entire unpaid principal balance of the Term Loan A shall be due and payable in full on the Termination Date.

2.5    Amendment to Section 14.8. Section 14.8 is amended to read as follows:

14.8    Agent and Co-Agent in Individual Capacities.

The Bank, GMACBC and their Affiliates may make loans to, issue letters of credit for the account of, accept deposits from, acquire equity interests in and generally engage in any kind of banking, trust, financial advisory, underwriting or other business with the Borrower and its Subsidiaries and Affiliates as though the Bank and GMACBC were not the Agent and Co-Agent respectively hereunder and without notice to or consent of the Lenders. The Lenders acknowledge that, pursuant to such activities, the Bank, GMACBC or their Affiliates may receive information regarding the Borrower or its Affiliates (including information that may be subject to confidentiality obligations in favor of the Borrower or such Subsidiary) and acknowledge that the Agent, Co-Agent, GMACBC and the Bank, as the case may be, shall be under no obligation to provide such information to them. With respect to their Loans, the Bank and GMACBC shall have the same rights and powers under this Agreement as any other Lender and may exercise the same as though they were not the Agent and Co-Agent respectively, and the terms "Lender" and "Lenders" include the Bank and GMACBC in their individual capacity.

2.6    Amendment to Section 13. The following Section 13.3 shall be inserted following Section 13.2:

13.3    Participation in Assignment or Sale of Participation

If a Lender ("Selling Lender") proposes to sell its Commitments below the level of Commitments held by any other Lender ("Other Lender"), the Selling Lender shall provide the Other Lender, with a Notice of Sale describing the terms

and conditions of the sale. The Selling Lender shall offer to the Other Lender the right to sell, along with the Selling Lender a portion of such Other Lender's Commitments on the same terms and conditions described in the Notice of Sale, so that after giving effect to the sale, the aggregate Commitments held by the Selling Lender shall be greater than or equal to the aggregate Commitments held by the Other Lender.

2.7    Amendment to Section 14. The following Section 14.18 shall be inserted following Section 14.17:

14.18    The Co-Agent.

The Co-Agent, in its capacity as such, shall have no rights, powers, duties or responsibilities hereunder or under any other Financing Documents and no implied rights, powers, duties or responsibilities shall be read into this Agreement or any other Financing Document or otherwise exist on behalf of or against the Co-Agent, in its capacity as such. If GMACBC resigns as Co-Agent, no successor Co-Agent shall be appointed.

## SECTION 3. REPRESENTATIONS AND WARRANTIES.

The Borrower hereby represents and warrants to the Agent and the Lenders as follows:

3.1    The Amendment. This Amendment has been duly and validly executed by an authorized executive officer of Borrower and constitutes the legal, valid and binding obligation of Borrower enforceable against Borrower in accordance with its terms.

3.2    Financing Agreement. The Financing Agreement, as amended by this Amendment, remains in full force and effect and remains the valid and binding obligation of Borrower enforceable against Borrower in accordance with its terms. Borrower hereby ratifies and confirms the Financing Agreement as amended by this Amendment.

3.3    Nonwaiver. The execution, delivery, performance and effectiveness of this Amendment shall not operate nor be deemed to be nor construed as a waiver (i) of any right, power or remedy of the Agent, the Co-Agent or any Lender under the Financing Agreement, nor (ii) of any term, provision, representation, warranty or covenant contained in the Financing Agreement or any other documentation executed in connection therewith. Further, except as specifically set forth in this Amendment, none of the provisions of this Amendment shall constitute, be deemed to be or construed as, a waiver of any Event of Default under the Financing Agreement as amended by this Amendment.

3.4    Reference to and Effect on the Financing Agreement. Upon the effectiveness of this Amendment, each reference in the Financing Agreement to "this

4

{JLM 1510.DOC;2}

Agreement", "hereunder", "hereof", "herein", or words of like import shall mean and be a reference to the Financing Agreement, as amended hereby, and each reference to the Financing Agreement in any other document, instrument or agreement executed and/or delivered in connection with the Financing Agreement shall mean and be a reference to the Financing Agreement, as amended hereby.

## SECTION 4. CONDITIONS PRECEDENT TO EFFECTIVENESS OF THIS AMENDMENT.

In addition to all of the other conditions and agreements set forth herein, the effectiveness of this Amendment is subject to each of the following conditions precedent:

4.1  **Amendment to Financing Agreement.**  The Agent shall have received an original counterpart of this Amendment No. 1 to Financing and Security Agreement, executed and delivered by a duly authorized officer of Borrower and each of the Lenders.

## SECTION 5. MISCELLANEOUS

5.1  **Governing Law.**  This Amendment shall be governed by and construed in accordance with the law of the State of Illinois, without regard to principles of conflict of law.

5.2  **Severability.**  In the event any provision of this Amendment should be invalid, the validity of the other provisions hereof and of the Financing Agreement shall not be affected thereby.

5.3  **Counterparts.**  This Amendment may be executed in one or more counterparts, each of which, when taken together, shall constitute but one and the same agreement.

IN WITNESS WHEREOF, Borrower has caused this Amendment No. 1 to Financing and Security Agreement to be duly executed and delivered by its duly authorized officer as of the date first above written.

Signed and acknowledged
in the presence of:

*Denise M. Ewing*
Name: Denise M. Ewing

*Tracy Ann Stephey*
Name: Tracy Ann Stephey

AUBURN FOUNDRY, INC.

By: *David D. Hunter*
Its: PRESIDENT & CEO

STATE OF _Indiana_ )
                                        ) ss.
COUNTY OF _Steuben_ )

       The foregoing instrument was acknowledged before me this _12_ day of September, 2000, by _____, _____ of Auburn Foundry, Inc., an Indiana corporation, on behalf of the corporation.

SWORN TO AND SUBSCRIBED BEFORE ME
THIS _12_ DAY OF _Sept_ A.D. 20_00_

_____
NOTARY PUBLIC, STATE OF INDIANA
MY COMMISSION EXPIRES: _March 2, 2008_
COUNTY OF _Steuben_

_____
Notary Public

[ Remainder of this page intentionally left blank ]

7

{JLM 1510. DOC;2}

Accepted at CHICAGO, IL ,
as of September 13, 2000.

BANK OF AMERICA,
NATIONAL ASSOCIATION, as Agent

By: _____

Its: _____ VP


Accepted at SOUTHFIELD, MI ,
as of September 13, 2000.

GMAC BUSINESS CREDIT, LLC,
as Co-Agent

By: Wm J. Stewart

Its: DIRECTOR


[ Remainder of this page intentionally left blank ]

9

{~0004868;2}

Accepted at _Chicago_, _IL_
as of September _13_, 2000

BANK OF AMERICA NATIONAL TRUST AND
SAVINGS ASSOCIATION, as Lender

By: _[signature]_
Its: _VP_


Accepted at _Southfield_, _MI_,
as of September _13_, 2000.

GMAC BUSINESS CREDIT, LLC, as Lender

By: _Wm. J. Stewart_
Its: _DIRECTOR_

10

{~0004868;2}