any Subordinated Debt, except for the security interests as in effect on the date hereof. Subordinated Creditors shall not accept any security interest or lien upon any assets of Borrower to secure any indebtedness or other obligation owing by Borrower except for the Subordinated Debt. Each Subordinated Creditor and Subordinated Agent hereby irrevocably acknowledges and agrees that the financing statements currently filed by Subordinated Creditors and/or Subordinated Agent against Borrower shall be deemed to relate solely to the liens and security interests securing payment of the Subordinated Debt and shall not be deemed to relate to or perfect any other liens or security interests now or hereafter granted to any Subordinated Creditor and/or Subordinated Agent.

10. **Notices.** Unless otherwise specifically provided herein, any notice or other communication required or permitted to be given shall be in writing addressed to the respective party as set forth below and may be personally served, telecopied or sent by overnight courier service or United States mail certified or registered and shall be deemed to have been given (a) if delivered in person, when delivered; (b) if delivered by telecopy, on the date of transmission if transmitted on a business day before 4:00 p.m. (Chicago time) or, if not, on the next succeeding business day; (c) if delivered by overnight courier, one business day after delivery to such courier properly addressed; or (d) if by United States mail, four business days after deposit in the United States mail, postage, prepaid and properly addressed.

Notices shall be addressed as follows:

(a)      If to Agent to:

Bank of America, National Association
231 South LaSalle Street
16th Floor
Mail Code IL 1-231-16-33
Chicago, IL  60697
Attn:  Account Executive responsible for
Auburn Foundry, Inc.
Telecopy:  (312) 974-8760

with a copy to:

Latham & Watkins
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, IL  60606-6401
Attn:  Josef S. Athanas
Telecopy:  (312) 993-9767

9

(b)     If to Borrower to:

Auburn Foundry, Inc.
635 West Eleventh Street
Auburn, Indiana 46706
Attention:  Thomas E. Walsh
Telecopy No.  (219) 925-7944

with a copy to:

Baker & Daniels
111 E. Wayne Street, Suite 800
Fort Wayne, Indiana 46802
Attn:  David A. Scott
Telecopy No. (219) 460-1700

(c)     If to Subordinated Agent:

William E. Fink
P.O. Box 826
Auburn, IN 46706

or in any case, to such other address as the party addressed shall have previously designated by written notice to the serving party, given in accordance with this Section 10.  A notice not given as provided above shall, if it is in writing, be deemed given if and when actually received by the party to whom given.

11. **Severability.**  In the event that any provision of this Agreement is determined to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions of this Agreement shall not in any way be affected or impaired thereby, and the affected provision shall be modified to the minimum extent required by law so as most fully to achieve the intention of this Agreement.

12. **Successors and Assigns.**  This Agreement shall inure to the benefit of the successors and assigns of Agent and each Senior Creditor and shall be binding upon the successors and assigns of Subordinated Agent, each Subordinated Creditor and Borrower.

13. **Counterparts.**  This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which taken together shall be one and the same instrument.

10

CH DOCS\368456.1 [W97]

14. **Defines Rights of Creditors.** The provisions of this Agreement are solely for the purpose of defining the relative rights of Subordinated Creditors and Senior Creditors and shall not be deemed to create any rights or priorities in favor of any other person or entity, including, without limitation, Borrower or any other Obligor, which are expressly excluded as third party beneficiaries hereof.

15. **Conflict.** In the event of any conflict between any term, covenant or condition of this Agreement and any term, covenant or condition of any of the Subordinated Debt Documents, the provisions of this Agreement shall control and govern.

16. **Subrogation to Rights of Senior Creditors.** Subject to the payment in full in cash of all Senior Debt and termination of the Senior Debt Documents, Subordinated Creditors shall be subrogated to the rights of Senior Creditors to receive payments and distributions of cash, property and securities applicable to the Senior Debt to the extent that distributions otherwise payable to Subordinated Creditors have been applied to the Senior Debt, until all amounts payable under the Subordinated Debt shall have been paid in full. For purposes of such subrogation, no payments or distributions to Senior Creditors of any cash, property or securities to which Subordinated Creditors would be entitled except for the provisions of this Agreement, and no payments over pursuant to the provisions of this Agreement to Senior Creditors shall, as among the Obligors, their creditors other than Senior Creditors and Senior Creditors, be deemed to be a payments or distribution by the Obligors to or on account of the Senior Debt.

17. **Headings.** The section headings used in this Agreement are for convenience only and shall not affect the interpretation of any of the provisions hereof.

18. **Termination.** This Agreement shall terminate upon the indefeasible payment in full in cash of the Senior Debt and termination of the Senior Debt Documents.

19. **Applicable Law.** This Agreement shall be governed by, and be construed and interpreted in accordance with, the internal laws (as opposed to conflict of laws provisions) of the State of Illinois.

20. **WAIVER OF JURY TRIAL.** SUBORDINATED AGENT, EACH SUBORDINATED CREDITOR, BORROWER, AGENT AND EACH SENIOR CREDITOR HEREBY WAIVES ITS RIGHT TO A JURY TRIAL OF ANY CLAIM OR CAUSE OF ACTION BASED UPON OR ARISING OUT OF THIS AGREEMENT. SUBORDINATED AGENT, EACH SUBORDINATED CREDITOR, BORROWER, AGENT AND EACH SENIOR CREDITOR ALSO WAIVE ANY BOND OR SURETY OR SECURITY UPON SUCH BOND WHICH MIGHT, BUT FOR THIS WAIVER, BE REQUIRED OF ANY PARTY. THE SCOPE OF THIS WAIVER IS INTENDED TO BE ALL-ENCOMPASSING OF ANY AND ALL DISPUTES THAT MAY BE FILED IN ANY COURT AND THAT RELATE TO THE SUBJECT MATTER OF THIS TRANSACTION, INCLUDING WITHOUT LIMITATION, CONTRACT CLAIMS, TORT CLAIMS, BREACH OF DUTY CLAIMS, AND ALL OTHER COMMON LAW AND STATUTORY CLAIMS. IN THE EVENT OF LITIGATION, THIS AGREEMENT MAY BE FILED AS A WRITTEN CONSENT TO A TRIAL BY THE COURT.

11

21. **CONSENT TO JURISDICTION AND SERVICE OF PROCESS.**
SUBORDINATED AGENT, EACH SUBORDINATED CREDITOR, BORROWER,
AGENT AND EACH SENIOR CREDITOR HEREBY CONSENT TO THE
JURISDICTION OF ANY STATE OR FEDERAL COURT LOCATED WITHIN COOK
COUNTY, ILLINOIS AND IRREVOCABLY AGREE THAT ALL ACTIONS OR
PROCEEDINGS ARISING OUT OF OR RELATING TO THIS AGREEMENT MAY BE
LITIGATED IN SUCH COURTS. SUBORDINATED AGENT, EACH SUBORDINATED
CREDITOR, BORROWER, AGENT AND EACH SENIOR CREDITOR ACCEPTS FOR
ITSELF, GENERALLY AND UNCONDITIONALLY, THE NON-EXCLUSIVE
JURISDICTION OF THE AFORESAID COURTS FOR SUCH PURPOSES AND
WAIVES ANY DEFENSE OF FORUM NON CONVENIENS, AND IRREVOCABLY
AGREES TO BE BOUND BY ANY JUDGMENT RENDERED THEREBY IN
CONNECTION WITH THIS AGREEMENT. NOTHING HEREIN SHALL LIMIT THE
RIGHT OF ANY PARTY TO BRING PROCEEDINGS AGAINST ANY OTHER PARTY
IN THE COURTS OF ANY OTHER JURISDICTION.

IN WITNESS WHEREOF, Subordinated Agent, each Subordinated Creditor,
Borrower, Agent and each Senior Creditor have caused this Agreement to be executed as of the
date first above written.

SUBORDINATED AGENT:

WILLIAM E. FINK

Individually

SUBORDINATED CREDITORS:

A.F. EUROPE, INC.

By:

Its:

WILLIAM E. FINK

Individually

12

CH DOCS\368456.1 [W97]

JOHN A. FINK

_____
Individually

DAVID B. FINK

_____
Individually

JANET F. BORDEN

_____
Individually

TIMOTHY S. BORDEN

_____
Individually

BORROWER:

AUBURN FOUNDRY, INC.

By: _____
Its: _____PRESIDENT_____

AGENT:

BANK OF AMERICA, NATIONAL
ASSOCIATION, as Agent

By: _____
Its: _____

13

JOHN A. FINK

_____

Individually

DAVID B. FINK

_____

Individually

JANET F. BORDEN

_Janet F Borden_____

Individually

TIMOTHY S. BORDEN

_Timothy S Borden_____

Individually

<u>BORROWER</u>:

AUBURN FOUNDRY, INC.

By:_____
Its:_____

<u>AGENT</u>:

BANK OF AMERICA, NATIONAL
ASSOCIATION, as Agent

By:_____
Its:_____

13

JOHN A. FINK

_____

Individually

DAVID B. FINK

_____

Individually

JANET F. BORDEN

_____

Individually

TIMOTHY S. BORDEN

_____

Individually

BORROWER:

AUBURN FOUNDRY, INC.

By:_____
Its:_____

AGENT:

BANK OF AMERICA, NATIONAL
ASSOCIATION, as Agent

By:_____
Its:  VICE PRESIDENT

13

SENIOR CREDITORS:

BANK OF AMERICA, NATIONAL
ASSOCIATION

By: _Deea Arathha_____
Its: _Vice President_____

GMAC BUSINESS CREDIT, LLC

By: _Charles O. Stephenson_
Its: _SVP_____

14

CH DOCS\368456.1 [W97]