6. **Subordinated Default Notice.** Subordinated Creditors shall provide Agent or its successors with a Subordinated Default Notice upon the occurrence of each Subordinated Default, and Subordinated Creditors shall notify Agent or its successors in the event such Subordinated Default is cured or waived.

7. **Cumulative Rights, No Waivers, Specific Performance.** Each and every right and remedy granted to the parties hereunder shall be cumulative and in addition to any other right, remedy or power specifically granted herein, in the Senior Debt Documents or the Subordinated Debt Documents or now or hereafter existing in equity, at law, by virtue of statute or otherwise, and may be exercised by Senior Creditors, or the Subordinated Creditors, as applicable, from time to time, concurrently or independently and as often and in such order as they may deem expedient. Any failure or delay on the part of any party in exercising any such right, remedy or power, or abandonment or discontinuance of steps to enforce the same, shall not operate as a waiver thereof or affect the rights of the affected party thereafter to exercise the same. The parties acknowledge and agree that the other parties hereto may have no adequate remedy at law for a breach of this Agreement and agree that, in addition to all other remedies hereunder, the parties hereto shall have the right to specific performance.

8. **Modification.** Any modification or waiver of any provision of this Agreement, or any consent to any departure by any party therefrom, shall not be effective in any event unless the same is in writing and signed by Borrower, Agent or its successors, each Senior Creditor or its representative, Subordinated Agent or its successors, and each Subordinated Creditor or its representative, and then such modification, waiver or consent shall be effective only in the specific instance and for the specific purpose given.

9. **Priority of Liens.** Notwithstanding the date, manner or order in which liens or security interests securing the Subordinated Debt or the Senior Debt are granted or perfected, the liens and security interests securing payment of the Senior Debt shall have priority over the liens and security interests securing payment of the Subordinated Debt (the "Subordinated Liens"). If (i) a Senior Default shall have occurred and be continuing under the Senior Debt Documents, (ii) the Senior Debt shall have been accelerated or revolving credit advances with respect thereto shall have been suspended, restricted or terminated, (iii) no Proceeding shall have been filed or pending with respect to any Obligor whose collateral is to be sold, and (iv) Senior Creditors desire to sell all or part of the collateral securing payment of the Senior Debt in a consensual sale, Subordinated Creditors and/or Subordinated Agent shall, immediately upon request of Agent or its successors, release or otherwise terminate some or all of Subordinated Creditors' and/or Subordinated Agent's security interests or liens upon some or all of assets of the Obligors to permit the sale of such assets by Senior Creditors or by the Obligors with Senior Creditors' consent; provided that such release or termination by Subordinated Creditors shall not extend to or affect the rights of Subordinated Creditors, if any, to receive the proceeds of those assets following payment in full in cash of the Senior Debt. In furtherance of the foregoing, Subordinated Creditors shall within five (5) days after the date of any written request by Agent or its successors deliver to Agent or its successors signed UCC-3 termination or release statements with respect to each financing statement filed to perfect a security interest securing payment of the Subordinated Debt. Each Subordinated Creditor and Subordinated Agent hereby appoints Agent, or its successors, as such person's attorney-in-fact to execute and file such releases or termination (or release) statements on such person's behalf, provided that such

releases and termination (or release) statements shall be filed only under the circumstances described above. Neither any Subordinated Creditor nor Subordinated Agent shall accept any security interest or lien upon any assets to secure payment of any Subordinated Debt or any guaranty of payment of any Subordinated Debt, except for the security interests as in effect on the date hereof. Subordinated Creditors shall not accept any security interest or lien upon any assets of Borrower to secure any indebtedness or other obligation owing by Borrower except for the Subordinated Debt. Each Subordinated Creditor and Subordinated Agent hereby irrevocably acknowledges and agrees that the financing statements currently filed by Subordinated Creditors and/or Subordinated Agent against Borrower shall be deemed to relate solely to the liens and security interests securing payment of the Subordinated Debt and shall not be deemed to relate to or perfect any other liens or security interests now or hereafter granted to any Subordinated Creditor and/or Subordinated Agent.

10. **Notices.** Unless otherwise specifically provided herein, any notice or other communication required or permitted to be given shall be in writing addressed to the respective party as set forth below and may be personally served, telecopied or sent by overnight courier service or United States mail certified or registered and shall be deemed to have been given (a) if delivered in person, when delivered; (b) if delivered by telecopy, on the date of transmission if transmitted on a business day before 4:00 p.m. (Chicago time) or, if not, on the next succeeding business day; (c) if delivered by overnight courier, one business day after delivery to such courier properly addressed; or (d) if by United States mail, four business days after deposit in the United States mail, postage, prepaid and properly addressed.

Notices shall be addressed as follows:

(a)    If to Agent to:

Bank of America, National Association
231 South LaSalle Street
16th Floor
Mail Code IL 1-231-16-33
Chicago, IL 60697
Attn: Account Executive responsible for
Auburn Foundry, Inc.
Telecopy: (312) 974-8760

with a copy to:

Latham & Watkins
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, IL 60606-6401
Attn: Josef S. Athanas
Telecopy: (312) 993-9767

  (b) If to Borrower to:

Auburn Foundry, Inc.
635 West Eleventh Street
Auburn, Indiana 46706
Attention: Thomas E. Walsh
Telecopy No. (219) 925-7944

with a copy to:

Baker & Daniels
111 E. Wayne Street, Suite 800
Fort Wayne, Indiana 46802
Attn: David A. Scott
Telecopy No. (219) 460-1700

  (c) If to Subordinated Agent:

William E. Fink
P.O. Box 826
Auburn, IN 46706

or in any case, to such other address as the party addressed shall have previously designated by written notice to the serving party, given in accordance with this Section 10. A notice not given as provided above shall, if it is in writing, be deemed given if and when actually received by the party to whom given.

  11. **Severability.** In the event that any provision of this Agreement is determined to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions of this Agreement shall not in any way be affected or impaired thereby, and the affected provision shall be modified to the minimum extent required by law so as most fully to achieve the intention of this Agreement.

  12. **Successors and Assigns.** This Agreement shall inure to the benefit of the successors and assigns of Agent and each Senior Creditor and shall be binding upon the successors and assigns of Subordinated Agent, each Subordinated Creditor and Borrower.

  13. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which taken together shall be one and the same instrument.

  14. **Defines Rights of Creditors.** The provisions of this Agreement are solely for the purpose of defining the relative rights of Subordinated Creditors and Senior Creditors and shall not be deemed to create any rights or priorities in favor of any other person or entity,

including, without limitation, Borrower or any other Obligor, which are expressly excluded as third party beneficiaries hereof.

15. **Conflict.** In the event of any conflict between any term, covenant or condition of this Agreement and any term, covenant or condition of any of the Subordinated Debt Documents, the provisions of this Agreement shall control and govern.

16. **Subrogation to Rights of Senior Creditors.** Subject to the payment in full in cash of all Senior Debt and termination of the Senior Debt Documents, Subordinated Creditors shall be subrogated to the rights of Senior Creditors to receive payments and distributions of cash, property and securities applicable to the Senior Debt to the extent that distributions otherwise payable to Subordinated Creditors have been applied to the Senior Debt, until all amounts payable under the Subordinated Debt shall have been paid in full. For purposes of such subrogation, no payments or distributions to Senior Creditors of any cash, property or securities to which Subordinated Creditors would be entitled except for the provisions of this Agreement, and no payments over pursuant to the provisions of this Agreement to Senior Creditors shall, as among the Obligors, their creditors other than Senior Creditors and Subordinated Creditors, be deemed to be a payment or distribution by the Obligors to or on account of the Senior Debt.

17. **Headings.** The section headings used in this Agreement are for convenience only and shall not affect the interpretation of any of the provisions hereof.

18. **Termination.** This Agreement shall terminate upon the indefeasible payment in full in cash of the Senior Debt and termination of the Senior Debt Documents.

19. **Applicable Law.** This Agreement shall be governed by, and be construed and interpreted in accordance with, the internal laws (as opposed to conflict of laws provisions) of the State of Illinois.

20. **WAIVER OF JURY TRIAL.** SUBORDINATED AGENT, EACH SUBORDINATED CREDITOR, BORROWER, AGENT AND EACH SENIOR CREDITOR HEREBY WAIVES ITS RIGHT TO A JURY TRIAL OF ANY CLAIM OR CAUSE OF ACTION BASED UPON OR ARISING OUT OF THIS AGREEMENT. SUBORDINATED AGENT, EACH SUBORDINATED CREDITOR, BORROWER, AGENT AND EACH SENIOR CREDITOR ALSO WAIVE ANY BOND OR SURETY OR SECURITY UPON SUCH BOND WHICH MIGHT, BUT FOR THIS WAIVER, BE REQUIRED OF ANY PARTY. THE SCOPE OF THIS WAIVER IS INTENDED TO BE ALL-ENCOMPASSING OF ANY AND ALL DISPUTES THAT MAY BE FILED IN ANY COURT AND THAT RELATE TO THE SUBJECT MATTER OF THIS TRANSACTION, INCLUDING WITHOUT LIMITATION, CONTRACT CLAIMS, TORT CLAIMS, BREACH OF DUTY CLAIMS, AND ALL OTHER COMMON LAW AND STATUTORY CLAIMS. IN THE EVENT OF LITIGATION, THIS AGREEMENT MAY BE FILED AS A WRITTEN CONSENT TO A TRIAL BY THE COURT.

21. **CONSENT TO JURISDICTION AND SERVICE OF PROCESS.** SUBORDINATED AGENT, EACH SUBORDINATED CREDITOR, BORROWER, AGENT AND EACH SENIOR CREDITOR HEREBY CONSENT TO THE

**JURISDICTION OF ANY STATE OR FEDERAL COURT LOCATED WITHIN COOK COUNTY, ILLINOIS AND IRREVOCABLY AGREE THAT ALL ACTIONS OR PROCEEDINGS ARISING OUT OF OR RELATING TO THIS AGREEMENT MAY BE LITIGATED IN SUCH COURTS. SUBORDINATED AGENT, EACH SUBORDINATED CREDITOR, BORROWER, AGENT AND EACH SENIOR CREDITOR ACCEPTS FOR ITSELF, GENERALLY AND UNCONDITIONALLY, THE NON-EXCLUSIVE JURISDICTION OF THE AFORESAID COURTS FOR SUCH PURPOSES AND WAIVES ANY DEFENSE OF FORUM NON CONVENIENS, AND IRREVOCABLY AGREES TO BE BOUND BY ANY JUDGMENT RENDERED THEREBY IN CONNECTION WITH THIS AGREEMENT. NOTHING HEREIN SHALL LIMIT THE RIGHT OF ANY PARTY TO BRING PROCEEDINGS AGAINST ANY OTHER PARTY IN THE COURTS OF ANY OTHER JURISDICTION.**

IN WITNESS WHEREOF, Subordinated Agent, each Subordinated Creditor, Borrower, Agent and each Senior Creditor have caused this Agreement to be executed as of the date first above written.

SUBORDINATED AGENT:

WILLIAM E. FINK

_____
Individually

SUBORDINATED CREDITORS:

A.F. EUROPE, INC.

By: _____
Its: PRESIDENT

WILLIAM E. FINK

_____
Individually

JOHN A. FINK

_____
Individually

-13-

FWIMAN1 258567v1

DAVID B. FINK

_____
Individually

JANET F. BORDEN

_____
Individually

TIMOTHY S. BORDEN

_____
Individually

OLD NATIONAL TRUST COMPANY, as Agent
under the Trevor Meeks Agency Under Agreement
dated 6/27/97 f/b/o Trevor Meeks

By: _____
Its: _____

OLD NATIONAL TRUST COMPANY, as Agent
under the Davis M. Meeks, Jr. Trust u/a dated
1/3/73 f/b/o David M. Meeks, Jr.

By: _____
Its: _____

OLD NATIONAL TRUST COMPANY, as Agent
under the Anne Meeks Davis Trust u/a dated 7/7/73
f/b/o Anne Meeks Davis

By: _____
Its: _____

OLD NATIONAL TRUST COMPANY, as Agent
under the Maile M. Urbaska Revocable Trust u/a
dated 10/13/87 f/b/o Maile M. Urbaska

By: _____
Its: _____

-14-

OLD NATIONAL TRUST COMPANY, as Agent under the Katie Urbaska Revocable Trust u/a dated 2/3/98 f/b/o Katie Urbaska

By: *Jerri E. Mitchell*
Its: *COO/SVP/STO*

OLD NATIONAL TRUST COMPANY, as Agent under the John A. Urbaska Revocable Trust u/a dated 1/30/98 f/b/o John A. Urbaska

By: *Jerri E. Mitchell*
Its: *COO/SVP/STO*

OLD NATIONAL TRUST COMPANY, as Agent under the Christy Davis Trust u/a 1/2/94 f/b/o Christy Davis

By: *Jerri E. Mitchell*
Its: *COO/SVP/STO*

OLD NATIONAL TRUST COMPANY, as Agent under the Malia Davis Megorden Trust u/a dated 4/19/91 f/b/o Malia Davis Megorden

By: *Jerri E. Mitchell*
Its: *COO/SVP/STO*

OLD NATIONAL TRUST COMPANY, as Agent under the Sheela B. Davis Trust u/a dated 11/26/73 f/b/o Sheela B. Davis

By: *Jerri E. Mitchell*
Its: *COO/SVP/STO*

BORROWER:

AUBURN FOUNDRY, INC.

By: *Thomas Smelzer*
Its: *Vice President & CFO*

-15-

AGENT:

BANK OF AMERICA, NATIONAL
ASSOCIATION, as Agent

By: *Dan Gelach*
Its: *Vice President*

SENIOR CREDITORS:

BANK OF AMERICA, NATIONAL
ASSOCIATION

By: *Dan Gelach*
Its: *Vice President*

GMAC BUSINESS CREDIT, LLC

By: *[signature]*
Its: *V.P.*

FWIMAN1 258567v1