## THIRD AMENDMENT TO THIRD FORBEARANCE AND FOURTH AMENDMENT AGREEMENT

This THIRD AMENDMENT TO THIRD FORBEARANCE AND FOURTH AMENDMENT AGREEMENT (this "Agreement") is entered into as of this 10th day of June, 2003, by and among Auburn Foundry, Inc. (the "Borrower"), Bank of America, National Association, as Agent (in such capacity, the "Agent"), and as a Lender under the Credit Agreement (as hereinafter defined), and GMAC Business Credit, LLC, as Co-Agent (in such capacity, the "Co-Agent"), and as a Lender under the Credit Agreement (defined below). Unless otherwise specified herein, capitalized terms used in this Agreement shall have the meanings ascribed to them in the Forbearance Agreement (defined below).

## RECITALS

WHEREAS, the Borrower, the Agent, the Co-Agent and the Lenders are parties to that certain Financing and Security Agreement dated as of April 10, 2000 (as amended, the "Credit Agreement");

WHEREAS, the Borrower, the Agent, the Co-Agent and the Lenders are parties to that certain Third Forbearance and Fourth Amendment Agreement dated as of December 20, 2002 (as amended, the "Forbearance Agreement");

WHEREAS, pursuant to the Forbearance Agreement, the Agent, the Co-Agent and the Lenders agreed to forbear from exercising their rights against the Borrower under the Credit Agreement on account of Existing Defaults on the terms and conditions set forth in the Forbearance Agreement; and

WHEREAS, the parties to the Forbearance Agreement seek to extend certain deadlines therein from June 10, 2003 to June 26, 2003 and otherwise amend the Forbearance Agreement on the terms and conditions set forth herein;

NOW, THEREFORE, in consideration of the mutual execution hereof and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

**SECTION 1.** **Amendments.**

Effective upon satisfaction of the conditions precedent set forth in Section 10 hereof, the Forbearance Agreement is hereby amended as follows:

(a) Section 3(a) of the Forbearance Agreement is hereby amended by deleting "June 10, 2003" and replacing it with "June 26, 2003".

(b) Section 6(b) of the Forbearance Agreement is hereby amended to effectuate extending the $200,000 forbearance fee due date from June 10, 2003 to June 26, 2003 by deleting "June 10, 2003" and replacing it with "June 26, 2003".

CH\609812.2

SECTION 2.    **Release.**  The Borrower hereby releases, waives and agrees not to allege or otherwise pursue any defenses, counterclaims, claims, causes of action, setoffs or other rights the Borrower may have as of the date hereof against the Agent, Co-Agent or any Lender, including, without limitation, the right, if any, to contest (a) any Event of Default which could be declared by the Agent, Co-Agent or any Lender on the date hereof or any time hereafter, (b) any provision of the Credit Agreement, this Agreement or any other Loan Document, and/or (c) the conduct of the Agent, Co-Agent or any Lender in administering the financing arrangements among the Borrower, the Agent, Co-Agent and/or the Lenders.

SECTION 3.    **Representations, Warranties and Covenants Of Borrower.**

The Borrower represents, warrants, covenants and agrees that:

(a)    the execution, delivery and performance by such Borrower of this Agreement and all documents and instruments delivered in connection herewith have been duly authorized and this Agreement and all documents and instruments delivered in connection herewith are legal, valid and binding obligations of such Borrower, enforceable against such Borrower in accordance with their respective terms;

(b)    except for the Existing Defaults, each of the representations and warranties contained in the Credit Agreement is true and correct in all material respects on and as of the date hereof as if made on the date hereof, except to the extent that such representations and warranties expressly relate to an earlier date;

(c)    neither the execution, delivery and performance of this Agreement or any documents and instruments delivered in connection herewith nor the consummation of the transactions contemplated hereby does or shall contravene, result in a breach of, or violate (i) any provision of the Borrower's articles of incorporation, bylaws or other organizational or governing documents, (ii) any law or regulation, or any order or decree of any court or government instrumentality known to the Borrower, or (iii) any indenture, mortgage, deed of trust, lease, agreement or other instrument to which the Borrower or any of its subsidiaries is a party or by which the Borrower or any of its subsidiaries or any of their property is bound; and

(d)    The Agent, the Lenders and the Borrower agree that the principal payments due on Term Loan Notes A on June 1, 2003 in the aggregate amount of $463,869.46 are hereby rescheduled to be due and payable on the earlier of June 26, 2003 or the occurrence of a Forbearance Default. All other scheduled principal payments, interest payments, fees and other payments shall be due and payable as and when provided in the Credit Agreement and the other Loan Documents.

SECTION 4.    **Reference To And Effect Upon The Forbearance Agreement.**

(a)    Except as specifically modified herein, the Forbearance Agreement and the other Loan Documents shall remain in full force and effect and are hereby ratified and confirmed.

(b)    The execution, delivery and effectiveness of this Agreement and all documents and instruments delivered in connection herewith shall not operate as a waiver of any right, power or remedy of the Agent, Co-Agent or any Lender under the Forbearance Agreement or

CH\609812.2

any other Loan Document, nor constitute a waiver of any provision of the Forbearance Agreement or any other Loan Document, except as specifically set forth herein. Upon the effectiveness of this Agreement, each reference in the Forbearance Agreement to "this Agreement", "hereunder", "hereof", "herein" or words of similar import shall mean and be a reference to the Forbearance Agreement as modified hereby.

**SECTION 5.** **Costs And Expenses.** Although there is no forbearance fee for this Agreement in excess of the $200,000 forbearance fee listed in Section 1(b) hereof, the Borrower agrees to reimburse the Agent, Co-Agent and the Lenders for all reasonable fees, costs and expenses, including the fees, costs and expenses of counsel or other advisors for advice, assistance, or other representation in connection with the negotiation, documentation and enforcement of this Agreement and all documents executed in connection herewith or otherwise contemplated hereby.

**SECTION 6.** **Governing Law.** THIS AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE INTERNAL LAWS (AS OPPOSED TO CONFLICTS OF LAWS PROVISIONS) OF THE STATE OF ILLINOIS.

**SECTION 7.** **Entire Agreement.** Each of the parties hereto understands that in the event of any subsequent litigation, controversy or dispute concerning any of the terms, conditions or provisions of this Agreement, no party shall be entitled to offer or introduce into evidence any oral promises or oral agreements between the parties relating to the subject matter of this Agreement not included or referred to herein and not reflected by a writing not included or referred to herein.

**SECTION 8.** **Counterparts; Facsimile.** This Agreement may be executed in any number of counterparts, each of which when so executed shall be deemed an original, but all such counterparts shall constitute one and the same instrument. Facsimile signatures shall be deemed originals for all purposes and shall be valid and binding on the parties.

**SECTION 9.** **Recitals Incorporated.** The Recitals are hereby incorporated herein by reference.

**SECTION 10.** **Effectiveness.** This Agreement shall become effective only upon the satisfaction of all of the following conditions precedent on the date hereof or on such other date as is set forth below:

(a) **Agreement.** Executed signature pages for this Agreement signed by the Agent, Co-Agent, the Lenders parties hereto, and Borrower shall have been delivered to the Agent.

(b) **Representations.** The representations and warranties contained herein shall be true and correct in all respects.

**SECTION 11.** **Jury Trial Waiver.** THE BORROWER, THE LENDERS, THE AGENT AND THE CO-AGENT EACH WAIVE THEIR RESPECTIVE RIGHTS TO A TRIAL BY JURY OF ANY CLAIM OR CAUSE OF ACTION BASED UPON OR ARISING OUT OF OR RELATED TO THIS AGREEMENT, THE OTHER LOAN DOCUMENTS, OR THE TRANSACTIONS CONTEMPLATED HEREBY OR THEREBY, IN ANY ACTION,

CH\609812.2

PROCEEDING OR OTHER LITIGATION OF ANY TYPE BROUGHT BY ANY OF THE PARTIES AGAINST ANY OTHER PARTY OR ANY AGENT-RELATED PERSON, PARTICIPANT, ASSIGNEE, WHETHER WITH RESPECT TO CONTRACT CLAIMS, TORT CLAIMS, OR OTHERWISE.  THE BORROWER, THE LENDERS, THE AGENT AND THE CO-AGENT EACH AGREE THAT ANY SUCH CLAIM OR CAUSE OF ACTION SHALL BE TRIED BY A COURT TRIAL WITHOUT A JURY.  WITHOUT LIMITING THE FOREGOING, THE PARTIES FURTHER AGREE THAT THEIR RESPECTIVE RIGHTS TO A TRIAL BY JURY ARE WAIVED BY OPERATION OF THIS SECTION AS TO ANY ACTION, COUNTERCLAIM OR OTHER PROCEEDING WHICH SEEKS, IN WHOLE OR IN PART, TO CHALLENGE THE VALIDITY OR ENFORCEABILITY OF THIS AGREEMENT OR THE OTHER LOAN DOCUMENTS OR ANY PROVISION HEREOF OR THEREOF.  THIS WAIVER SHALL APPLY TO ANY SUBSEQUENT AMENDMENTS, RENEWALS, SUPPLEMENTS OR MODIFICATIONS TO THIS AGREEMENT AND THE OTHER LOAN DOCUMENTS.

IN WITNESS WHEREOF, the parties hereto hereupon set their hands as of the date first written above.

**AUBURN FOUNDRY, INC.,**
as Borrower

By: *[signature]*

Title: Finance Director

**BANK OF AMERICA, NATIONAL ASSOCIATION,**
as Agent and as a Lender

By: _____

Title: _____

**GMAC BUSINESS CREDIT, LLC,**
as Co-Agent and as a Lender

By: _____

Title: _____

*COPY*

CH\609812.2

PROCEEDING OR OTHER LITIGATION OF ANY TYPE BROUGHT BY ANY OF THE PARTIES AGAINST ANY OTHER PARTY OR ANY AGENT-RELATED PERSON, PARTICIPANT, ASSIGNEE, WHETHER WITH RESPECT TO CONTRACT CLAIMS, TORT CLAIMS, OR OTHERWISE.  THE BORROWER, THE LENDERS, THE AGENT AND THE CO-AGENT EACH AGREE THAT ANY SUCH CLAIM OR CAUSE OF ACTION SHALL BE TRIED BY A COURT TRIAL WITHOUT A JURY.  WITHOUT LIMITING THE FOREGOING, THE PARTIES FURTHER AGREE THAT THEIR RESPECTIVE RIGHTS TO A TRIAL BY JURY ARE WAIVED BY OPERATION OF THIS SECTION AS TO ANY ACTION, COUNTERCLAIM OR OTHER PROCEEDING WHICH SEEKS, IN WHOLE OR IN PART, TO CHALLENGE THE VALIDITY OR ENFORCEABILITY OF THIS AGREEMENT OR THE OTHER LOAN DOCUMENTS OR ANY PROVISION HEREOF OR THEREOF.  THIS WAIVER SHALL APPLY TO ANY SUBSEQUENT AMENDMENTS, RENEWALS, SUPPLEMENTS OR MODIFICATIONS TO THIS AGREEMENT AND THE OTHER LOAN DOCUMENTS.

IN WITNESS WHEREOF, the parties hereto hereupon set their hands as of the date first written above.

**AUBURN FOUNDRY, INC.,**
as Borrower

By: _____

Title: _____


**BANK OF AMERICA, NATIONAL ASSOCIATION,**
as Agent and as a Lender

By: _*Dan Gulea*_

Title: _*Vice President*_


**GMAC BUSINESS CREDIT, LLC,**
as Co-Agent and as a Lender

By: _*Daniel Mullica*_

Title:   Senior Vice President

CH\609812.2