(d)     Subordination Agreement.  Borrower and Subordinated Lender shall have entered into a Subordination Agreement with Agent, Co-Agent and the Lenders in form and substance satisfactory to Agent;

(e)     $500,000 Advance.  Borrower shall have requested and received from Subordinated Lender an advance of good funds in the amount of $500,000 pursuant to the terms of the Subordinated Credit Facility; and

(f)     Board Resolutions.  Borrower shall have delivered to Agent resolutions of the Boards of Directors of Borrower authorizing and approving the execution, delivery and performance of this Agreement, the Equity Appreciation Rights Agreement, the Subordination Agreement and all other documents executed in connection therewith, certified as of the date hereof by its corporate secretary or an assistant secretary as being in full force and effect without modification or amendment.

**SECTION 16.  Jury Trial Waiver.**  THE BORROWER, THE LENDERS, THE AGENT AND THE CO-AGENT EACH WAIVE THEIR RESPECTIVE RIGHTS TO A TRIAL BY JURY OF ANY CLAIM OR CAUSE OF ACTION BASED UPON OR ARISING OUT OF OR RELATED TO THIS AGREEMENT, THE OTHER LOAN DOCUMENTS, OR THE TRANSACTIONS CONTEMPLATED HEREBY OR THEREBY, IN ANY ACTION, PROCEEDING OR OTHER LITIGATION OF ANY TYPE BROUGHT BY ANY OF THE PARTIES AGAINST ANY OTHER PARTY OR ANY AGENT-RELATED PERSON, PARTICIPANT, ASSIGNEE, WHETHER WITH RESPECT TO CONTRACT CLAIMS, TORT CLAIMS, OR OTHERWISE.  THE BORROWER, THE LENDERS, THE AGENT AND THE CO-AGENT EACH AGREE THAT ANY SUCH CLAIM OR CAUSE OF ACTION SHALL BE TRIED BY A COURT WITHOUT A JURY.  WITHOUT LIMITING THE FOREGOING, THE PARTIES FURTHER AGREE THAT THEIR RESPECTIVE RIGHTS TO A TRIAL BY JURY ARE WAIVED BY OPERATION OF THIS SECTION AS TO ANY ACTION, COUNTERCLAIM OR OTHER PROCEEDING WHICH SEEKS, IN WHOLE OR IN PART, TO CHALLENGE THE VALIDITY OR ENFORCEABILITY OF THIS AGREEMENT OR THE OTHER LOAN DOCUMENTS OR ANY PROVISION HEREOF OR THEREOF.  THIS WAIVER SHALL APPLY TO ANY SUBSEQUENT AMENDMENTS, RESTATEMENTS, RENEWALS, SUPPLEMENTS OR MODIFICATIONS TO THIS AGREEMENT AND THE OTHER LOAN DOCUMENTS.

**SECTION 17.  Conflict.**  In the event of any conflict between any term, covenant or condition of the Credit Agreement and any term, covenant or condition of the Equity Appreciation Rights Agreement, the provisions of the Credit Agreement shall control.

IN WITNESS WHEREOF, the parties hereto hereupon set their hands as of the date first written above.

AUBURN FOUNDRY, INC.,
as Borrower

By: *David D. Hunter* (signature)

Title: PRESIDENT & CEO

BANK OF AMERICA, NATIONAL ASSOCIATION,
as Agent and as a Lender

By: _____

Title: _____

GMAC BUSINESS CREDIT, LLC,
as Co-Agent and as a Lender

By: _____

Title: _____

IN WITNESS WHEREOF, the parties hereto hereupon set their hands as of the date first written above.

**AUBURN FOUNDRY, INC.,**
as Borrower

By: _____

Title: _____

**BANK OF AMERICA, NATIONAL ASSOCIATION,**
as Agent and as a Lender

By: _____*Dan Gilner*_____

Title: ___*Vice President*_____

**GMAC BUSINESS CREDIT, LLC,**
as Co-Agent and as a Lender

By: _____

Title: _____

CH\613254.7

IN WITNESS WHEREOF, the parties hereto hereupon set their hands as of the date first written above.

**AUBURN FOUNDRY, INC.,**
as Borrower

By: _____

Title: _____

**BANK OF AMERICA, NATIONAL ASSOCIATION,**
as Agent and as a Lender

By: _____

Title: _____

**GMAC BUSINESS CREDIT, LLC,**
as Co-Agent and as a Lender

By: _____*[signature]*_____

Title:  Senior Vice President

CH\613254.7

# Exhibit A

## Existing Defaults

1. Breach of the financial covenants in Section 9.23 on or prior to June 26, 2003.

2. Breach of the financial covenants in Section 9.24 on or prior to June 26, 2003.

3. Breach of Section 7.2(a) resulting from the failure to timely deliver the audited financial statements for the Fiscal Year ended November 30, 2000.

CH\613254.7

## Exhibit B

## Deferred Principal Amount Payment Schedule

| Payment Date | Payment on Term Loans A |
|---|---|
| June 1, 2003 | $0 |
| July 1, 2003 | $0 |
| August 1, 2003 | $0 |
| September 1, 2003 | $100,000 |
| October 1, 2003 | $100,000 |
| November 1, 2003 | $100,000 |
| December 1, 2003 | $100,000 |
| January 1, 2004 | $100,000 |
| February 1, 2004 | $100,000 |
| March 1, 2004 | $200,000 |
| April 1, 2004 | $200,000 |
| May 1, 2004 | $200,000 |
| June 1, 2004 | $200,000 |

CH\613254.7

## Exhibit C

## Minimum Required EBITDA

| Period | Minimum Required EBITDA |
|---|---|
| July 1, 2003 through July 31, 2003 | ($308,000) |
| July 1, 2003 through August 31, 2003 | $348,000 |
| July 1, 2003 through September 30, 2003 | $1,146,000 |
| July 1, 2003 through October 31, 2003 | $2,144,000 |
| July 1, 2003 through November 30, 2003 | $2,926,000 |
| July 1, 2003 through December 31, 2003 | $3,106,000 |
| July 1, 2003 through January 31, 2004 | $3,960,000 |
| July 1, 2003 through February 29, 2004 | $4,666,000 |
| July 1, 2003 through March 31, 2004 | $5,505,000 |
| July 1, 2003 through April 30, 2004 | $6,391,000 |
| July 1, 2003 through May 31, 2004 | $7,341,000 |
| July 1, 2003 through June 30, 2004 | $8,144,000 |

CH\613254.7

## EXHIBIT D

### Schedule 8.9

1. Indebtedness owed to William E. Fink in the amount of $887,470.88 pursuant to that certain Amended and Restated Subordinated Promissory Note dated October 22, 2002, and $88,747.09 pursuant to that certain Amended and Restated Senior Subordinated Note dated October 22, 2002, and in the amount of $118,973.64 pursuant to that certain Subordinated Promissory Note, dated December 20, 2002;

2. Indebtedness owed to David B. Fink in the amount of $887,740.88 pursuant to that certain Amended and Restated Subordinated Promissory Note dated October 22, 2002, and in the amount of $118,973.64 pursuant to that certain Subordinated Promissory Note, dated December 20, 2002;

3. Indebtedness owed to Janet F. Borden in the amount of $850,028.48 pursuant to that certain Amended and Restated Subordinated Promissory Note dated October 22, 2002, and $85,002.84 pursuant to that certain Amended and Restated Senior Subordinated Note dated October 22, 2002, and in the amount of $103,519.04 pursuant to that certain Subordinated Promissory Note, dated December 20, 2002;

4. Indebtedness owed to Timothy S. Borden in the amount of $37,442.52 pursuant to that certain Amended and Restated Subordinated Promissory Note dated October 22, 2002, and $3,744.25 pursuant to that certain Amended and Restated Senior Subordinated Note dated October 22, 2002, and in the amount of $4,560.04 pursuant to that certain Subordinated Promissory Note, dated December 20, 2002;

5. Indebtedness owed to John A. Fink in the amount of $887,470.88 pursuant to that certain Amended and Restated Subordinated Promissory Note dated October 22, 2002, and $88,747.09 pursuant to that certain Amended and Restated Senior Subordinated Note dated October 22, 2002, and in the amount of $118,973.64 pursuant to that certain Subordinated Promissory Note, dated December 20, 2002;

6. Indebtedness owed to A. F. Europe in the amount of $1,000,000 pursuant to that certain Senior Subordinated Note dated December 13, 2001;

7. Indebtedness owed to Trevor Meeks Agency Under Agreement dated 6/27/97 f/b/o Trever Meeks in the amount of $43,885.52 pursuant to that certain Amended and Restated Subordinated Promissory Note dated October 22, 2002, and $3,289.15 pursuant to that certain Amended and Restated Senior Subordinated Note dated October 22, 2002;

8. Indebtedness owed to David M. Meeks, Jr. Trust u/a dated 1/3/73 f/b/o David M. Meeks, Jr. in the amount of $58,097.72 pursuant to that certain Amended and Restated Subordinated Promissory Note dated October 22, 2002 and $4,357.33 pursuant to that certain Amended and Restated Senior Subordinated Note dated October 22, 2002;

CH\613254.7

9. Indebtedness owed to Anne Meeks Davis Trust u/a dated 7/7/73 f/b/o Anne Meeks Davis in the amount of $58,097.72 pursuant to that certain Amended and Restated Subordinated Promissory Note dated October 22, 2002 and $4,357.33 pursuant to that certain Amended and Restated Senior Subordinated Note dated October 22, 2002;

10. Indebtedness owed to Maile M. Urbaska Revocable Trust u/a dated 10/13/87 f/b/o Maile M. Urbaska in the amount of $58,379.76 pursuant to that certain Amended and Restated Subordinated Promissory Note dated October 22, 2002 and $4,378.48 pursuant to that certain Amended and Restated Senior Subordinated Note dated October 22, 2002;

11. Indebtedness owed to Katie Urbaska Revocable Trust u/a dated 2/3/98 f/b/o Katie Urbaska in the amount of $43,885.52 pursuant to that certain Amended and Restated Subordinated Promissory Note dated October 22, 2002 and $3,289.15 pursuant to that certain Amended and Restated Senior Subordinated Note dated October 22, 2002;

12. Indebtedness owed to John A. Urbaska Revocable Trust u/a dated 1/30/98 f/b/o John A. Urbaska in the amount of $43,885.52 pursuant to that certain Amended and Restated Subordinated Promissory Note dated October 22, 2002 and $3,289.15 pursuant to that certain Amended and Restated Senior Subordinated Note dated October 22, 2002;

13. Indebtedness owed to Christy Davis Trust u/a dated 1/2/94 f/b/o Christy Davis in the amount of $43,885.52 pursuant to that certain Amended and Restated Subordinated Promissory Note dated October 22, 2002 and $3,289.15 pursuant to that certain Amended and Restated Senior Subordinated Note dated October 22, 2002;

14. Indebtedness owed to Malia Davis Megorden Trust u/a dated 4/19/91 f/b/o Malia Davis Megorden in the amount of $43,885.52 pursuant to that certain Amended and Restated Subordinated Promissory Note dated October 22, 2002 and $3,289.15 pursuant to that certain Amended and Restated Senior Subordinated Note dated October 22, 2002;

15. Indebtedness owed to Sheela B. Davis Trust u/a dated 11/26/73 f/b/o Sheela B. Davis in the amount of $56,264.56 pursuant to that certain Amended and Restated Subordinated Promissory Note dated October 22, 2002 and in the amount of $4,219.84 pursuant to that certain Amended and Restated Senior Subordinated Note dated October 22, 2002; and

16. Declaration of Guarantee between LUK and Auburn Foundry, Inc.

CH\613254.7