(b)  If to Co-Agent to:

GMAC Business Credit, LLC
500 West Madison Street, Suite 3130
Chicago, Illinois 60661
Attn: Daniel Manella, Account Officer
Telecopy: (312) 775-6006

With a copy to:

Honigman Miller Schwartz and Cohn LLP
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226
Attn: Donald F. Baty, Jr.
Telecopy: (313) 465-8000

(c)  If to Borrower to:

Auburn Foundry, Inc.
635 West Eleventh Street
Auburn, Indiana 46706
Attention: Dennis Maude, CFO
Telecopy No. (260) 925-7944

with a copy to:

Baker & Daniels
111 E. Wayne Street, Suite 800
Fort Wayne, Indiana 46802
Attn: David A. Scott
Telecopy No. (260) 460-1700

(c)  If to Subordinated Creditor:

Eleventh Street Capital, LLC
635 West Eleventh Street
Auburn, Indiana 46706
Attn: John A. Fink
Telecopy: (260) 925-7944

or in any case, to such other address as the party addressed shall have previously designated by written notice to the serving party, given in accordance with this Section 10. A notice not given as provided above shall, if it is in writing, be deemed given if and when actually received by the party to whom given.

9

CH\612335.5

11. **Severability.** In the event that any provision of this Agreement is determined to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions of this Agreement shall not in any way be affected or impaired thereby, and the affected provision shall be modified to the minimum extent required by law so as most fully to achieve the intention of this Agreement.

12. **Successors and Assigns.** This Agreement shall inure to the benefit of the successors and assigns of Agent, Co-Agent and each Senior Creditor and shall be binding upon the successors and assigns of Subordinated Creditor and Borrower.

13. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which taken together shall be one and the same instrument.

14. **Defines Rights of Creditors.** The provisions of this Agreement are solely for the purpose of defining the relative rights of Subordinated Creditor and Senior Creditors and shall not be deemed to create any rights or priorities in favor of any other person or entity, including, without limitation, Borrower or any other Obligor, which are expressly excluded as third party beneficiaries hereof.

15. **Conflict.** In the event of any conflict between any term, covenant or condition of this Agreement and any term, covenant or condition of any of the Subordinated Debt Documents, the provisions of this Agreement shall control and govern.

16. **Subrogation to Rights of Senior Creditors.** Subject to the payment in full in cash of all Senior Debt and termination of the Senior Debt Documents, Subordinated Creditor shall be subrogated to the rights of Senior Creditors to receive payments and distributions of cash, property and securities applicable to the Senior Debt to the extent that distributions otherwise payable to Subordinated Creditor have been applied to the Senior Debt, until all amounts payable under the Subordinated Debt shall have been paid in full. For purposes of such subrogation, no payments or distributions to Senior Creditors of any cash, property or securities to which Subordinated Creditor would be entitled except for the provisions of this Agreement, and no payments made pursuant to the provisions of this Agreement to Senior Creditors shall, as among the Obligors, their creditors other than Senior Creditors and Senior Creditors, be deemed to be a payments or distribution by the Obligors to or on account of the Senior Debt.

17. **Headings.** The section headings used in this Agreement are for convenience only and shall not affect the interpretation of any of the provisions hereof.

18. **Termination.** This Agreement shall terminate upon the indefeasible payment in full in cash of the Senior Debt and termination of the Senior Debt Documents.

19. **Applicable Law.** This Agreement shall be governed by, and be construed and interpreted in accordance with, the internal laws (as opposed to conflict of laws provisions) of the State of Illinois.

20. **WAIVER OF JURY TRIAL. SUBORDINATED CREDITOR, BORROWER, AGENT, CO-AGENT AND EACH SENIOR CREDITOR HEREBY**

WAIVES ITS RIGHT TO A JURY TRIAL OF ANY CLAIM OR CAUSE OF ACTION BASED UPON OR ARISING OUT OF THIS AGREEMENT. SUBORDINATED CREDITOR, BORROWER, AGENT, CO-AGENT AND EACH SENIOR CREDITOR ALSO WAIVE ANY BOND OR SURETY OR SECURITY UPON SUCH BOND WHICH MIGHT, BUT FOR THIS WAIVER, BE REQUIRED OF ANY PARTY. THE SCOPE OF THIS WAIVER IS INTENDED TO BE ALL-ENCOMPASSING OF ANY AND ALL DISPUTES THAT MAY BE FILED IN ANY COURT AND THAT RELATE TO THE SUBJECT MATTER OF THIS TRANSACTION, INCLUDING WITHOUT LIMITATION, CONTRACT CLAIMS, TORT CLAIMS, BREACH OF DUTY CLAIMS, AND ALL OTHER COMMON LAW AND STATUTORY CLAIMS. IN THE EVENT OF LITIGATION, THIS AGREEMENT MAY BE FILED AS A WRITTEN CONSENT TO A TRIAL BY THE COURT.

21. **CONSENT TO JURISDICTION AND SERVICE OF PROCESS.** SUBORDINATED CREDITOR, BORROWER, AGENT, CO-AGENT AND EACH SENIOR CREDITOR HEREBY CONSENT TO THE JURISDICTION OF ANY STATE OR FEDERAL COURT LOCATED WITHIN COOK COUNTY, ILLINOIS AND IRREVOCABLY AGREE THAT ALL ACTIONS OR PROCEEDINGS ARISING OUT OF OR RELATING TO THIS AGREEMENT MAY BE LITIGATED IN SUCH COURTS. SUBORDINATED CREDITOR, BORROWER, AGENT, CO-AGENT AND EACH SENIOR CREDITOR ACCEPTS FOR ITSELF, GENERALLY AND UNCONDITIONALLY, THE NON-EXCLUSIVE JURISDICTION OF THE AFORESAID COURTS FOR SUCH PURPOSES AND WAIVES ANY DEFENSE OF FORUM NON CONVENIENS, AND IRREVOCABLY AGREES TO BE BOUND BY ANY JUDGMENT RENDERED THEREBY IN CONNECTION WITH THIS AGREEMENT. NOTHING HEREIN SHALL LIMIT THE RIGHT OF ANY PARTY TO BRING PROCEEDINGS AGAINST ANY OTHER PARTY IN THE COURTS OF ANY OTHER JURISDICTION.

IN WITNESS WHEREOF, Subordinated Creditor, Borrower, Agent, Co-Agent and each Senior Creditor have caused this Agreement to be executed as of the date first above written.

SUBORDINATED CREDITOR:

Eleventh Street Capital, LLC

By: _____
William E. Fink, Member

By: _____
John A. Fink, Member

BORROWER:

AUBURN FOUNDRY, INC.

By:_____

Name:_____

Its:_____

AGENT:

BANK OF AMERICA, NATIONAL ASSOCIATION

By:_____

Name:_____

Its:_____

CO-AGENT

GMAC BUSINESS CREDIT, LLC

CH\612335.5

IN WITNESS WHEREOF, Subordinated Creditor, Borrower, Agent, Co-Agent and each Senior Creditor have caused this Agreement to be executed as of the date first above written.

SUBORDINATED CREDITOR:

Eleventh Street Capital, LLC

By: _____
William E. Fink, Member

By: _____
John A. Fink, Member

BORROWER:

AUBURN FOUNDRY, INC.

By: _____

Name: _____

Its: _____

AGENT:

BANK OF AMERICA, NATIONAL ASSOCIATION

By: _____Dan Jelaca_____

Name: _____Dan Jelaca_____

Its: _____Vice President_____

CO-AGENT

GMAC BUSINESS CREDIT, LLC

CH\612335.5

By:_____

Name:_____

Its:_____

<u>SENIOR CREDITORS</u>

BANK OF AMERICA, NATIONAL
ASSOCIATION

By: *Dan Jelaca*

Name: *Dan Jelaca*

Its: *Vice President*

GMAC BUSINESS CREDIT, LLC

By:_____

Name:_____

Its:_____

CH\612335.5

CO-AGENT

GMAC BUSINESS CREDIT, LLC

By: _____

Name:   Daniel J. Manella

Its:    Senior Vice President


SENIOR CREDITORS

BANK OF AMERICA, NATIONAL ASSOCIATION

By: _____

Name: _____

Its: _____


GMAC BUSINESS CREDIT, LLC

By: _____

Name:   Daniel J. Manella

Its:    Senior Vice President

IN WITNESS WHEREOF, Subordinated Creditor, Borrower, Agent, Co-Agent and each Senior Creditor have caused this Agreement to be executed as of the date first above written.

SUBORDINATED CREDITOR:

Eleventh Street Capital, LLC

By: _____
William E. Fink, Member

By: _____
John A. Fink, Member

BORROWER:

AUBURN FOUNDRY, INC.

By: *David D. Hunter*
Name: DAVID D. HUNTER
Its: PRESIDENT & CEO

AGENT:

BANK OF AMERICA, NATIONAL ASSOCIATION

By: _____

Name: _____

Its: _____

CO-AGENT

GMAC BUSINESS CREDIT, LLC