

# TERM LOAN NOTE B

$6,000,000

Chicago, Illinois
April 10, 2000

FOR VALUE RECEIVED, AUBURN FOUNDRY, INC., an Indiana corporation (the "Borrower"), promises to pay to the order of BANK OF AMERICA, NATIONAL ASSOCIATION, a national banking association (the "Lender"), the principal sum of SIX MILLION DOLLARS ($6,000,000) (the "Principal Sum"), together with interest thereon at the rate or rates hereinafter provided, in accordance with the following (capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such term in the Financing Agreement, as defined in Section 6 herein):

1. **Interest**. Commencing as of the date hereof and continuing until repayment in full of all sums due hereunder, the unpaid Principal Sum shall bear interest at the applicable Interest Rate or the Default Rate in effect from time to time for the Term Loan B. The applicable Interest Rate and the Default Rate shall be determined in the manner provided in the Financing Agreement.

2. **Payments and Maturity**. The unpaid Principal Sum, together with interest thereon at the rate or rates provided above, shall be payable as follows:

    (a) Interest only on the unpaid Principal Sum shall be due and payable in accordance with Section 3.1 of the Financing Agreement;

    (b) Payments of the Principal Sum shall be made to the Agent, for the account of the Lender, at the times and in the manner set forth in Section 2.4(c) of the Financing Agreement; and

    (c) Unless sooner paid, the unpaid Principal Sum, together with interest accrued and unpaid thereon, shall be due and payable in full on the date provided in Section 2.4(c) of the Financing Agreement.

3. **Default Interest**. Upon the occurrence of an Event of Default, the unpaid Principal Sum shall bear interest at the Default Rate until such Event of Default is cured or waived.

4. **Application and Place of Payments**. All payments made on account of this Note shall be applied in the manner set forth in the Financing Agreement. All payments on account of this Note shall be paid in lawful money of the United States of America in immediately available funds during regular business hours of Lender, as specified in the Financing Agreement, or at

{DLR1087.DOC;3}

such other times and places as the Lender may at any time and from time to time designate in writing to the Borrower.

5. **Prepayment**. The Borrower may prepay the Principal Sum at the times and in the manner provided in the Financing Agreement.

6. **Financing Agreement and Other Financing Documents**. This Note is a "Term Loan Note B" described in the Financing and Security Agreement of even date herewith (as amended, modified, restated, substituted, extended and renewed at any time and from time to time, the "Financing Agreement") by and among the Borrower, Bank of America, National Association and each other lender or Person which are parties to the Financing Agreement whether by execution of the Financing Agreement or otherwise (the "Lenders"), and Bank of America, National Association in its capacity as both collateral and administrative agent for each of the Lenders (the "Agent"). The indebtedness evidenced by this Note is included within the meaning of the term "Obligations" as defined in the Financing Agreement.

7. **Security**. This Note is secured as provided in the Financing Agreement and the other Loan Documents.

8. **Events of Default**. The occurrence of any one or more of the following events shall constitute an event of default (individually, an "Event of Default" and collectively, the "Events of Default") under the terms of this Note:

(a) The failure of the Borrower to pay to the Lender when due any and all amounts payable by the Borrower to the Lender under the terms of this Note which continues beyond any applicable grace period expressly set forth in Section 11.1(a) of the Financing Agreement; or

(b) The occurrence of an "Event of Default" (as that term is defined in the Financing Agreement).

9. **Waivers**. The Borrower and all endorsers, guarantors, and other parties who may now or in the future be primarily or secondarily liable for the payment of the indebtedness evidenced by this Note hereby severally waive presentment, protest and demand, notice of protest, notice of demand and of dishonor and non-payment of this Note and expressly agree that this Note or any payment hereunder may be extended from time to time without in any way affecting the liability of the Borrower, guarantors and endorsers.

10. **Notices**. Any notice, request, or demand to or upon the Borrower or the Lender shall be deemed to have been properly given or made when delivered in accordance with Section 15.8 of the Financing Agreement.

11. **Partial Invalidity**. In the event any provision of this Note (or any part of any provision) is held by a court of competent jurisdiction to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision (or remaining part of the affected provision) of this Note; but this Note shall be construed as if such invalid, illegal, or unenforceable provision (or part thereof) had not been contained in this Note, but only to the extent it is invalid, illegal, or unenforceable.

{DLR1087.DOC;3}

12. **Captions**. The captions herein set forth are for convenience only and shall not be deemed to define, limit, or describe the scope or intent of this Note.

13. **Applicable Law**. The Borrower acknowledges and agrees that this Note shall be deemed to delivered in and shall be governed by the laws of the State of Illinois (even though for the convenience and at the request of the Borrower, this Note may be executed elsewhere), all as if this Note had been executed, delivered, administered and performed solely within the State of Illinois.

14. **Attorney-at-Law**. The Borrower as maker or endorser, hereby authorizes any attorney-at-law to appear in any court of record in any county in the State of Illinois or elsewhere where the undersigned resides, signed this note or can be found, after the holder declares an event of default and accelerates the balances due under this note, to waive the issuance of service of process and confess judgment against any or all of the undersigned in favor of the holder of this note for the amounts then appearing due, together with the costs of suit, and thereupon to release all errors and waive all right of appeal and stay of execution.

IN WITNESS WHEREOF, the Borrower has caused this Note to be executed under seal by its authorized officer as of the date first written above.

**WARNING--BY SIGNING THIS PAPER YOU GIVE UP YOUR RIGHT TO NOTICE AND COURT TRIAL. IF YOU DO NOT PAY ON TIME, A COURT JUDGMENT MAY BE TAKEN AGAINST YOU WITHOUT YOUR PRIOR KNOWLEDGE AND THE POWERS OF A COURT CAN BE USED TO COLLECT FROM YOU REGARDLESS OF ANY CLAIMS YOU MAY HAVE AGAINST THE CREDITOR WHETHER FOR RETURNED GOODS, FAULTY GOODS, FAILURE ON HIS PART TO COMPLY WITH THE AGREEMENT, OR ANY OTHER CAUSE.**

WITNESSES:

_Deanna Redder_

_Andrew J. Welborn_

AUBURN FOUNDRY, INC.

_David D. Hunter_
Name: David Hunter
Title: President

COPY

{DLR1087.DOC;3}

| | |
|---|---|
| STATE OF OHIO | ) |
| | ) ss: |
| COUNTY OF CUYAHOGA | ) |

COPY

    The foregoing instrument was executed before me this 10th day of April, 2000, by David Hunter, the President of Auburn Foundry, Inc., an Indiana corporation, on behalf of the company.

                                                    *Virginia E. Wykoff*
                                                    Notary Public

                                                    VIRGINIA E. WYKOFF, Notary Public
                                                          State of Ohio - LAKE CO.
                                                        My Commission Expires 6/29/2004

{DLR1087.DOC;3}