UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| AUBURN FOUNDRY, INC., | ) | CASE NO. 04-10427 |
| | ) | CHAPTER 11 |
| Debtor. | ) | |

**AFFIDAVIT OF JOHN R BURNS III IN SUPPORT OF
APPLICATION TO EMPLOY AND RETAIN BAKER & DANIELS
AS COUNSEL FOR DEBTOR-IN-POSSESSION**

John R Burns III, having been first duly sworn, states:

1. I am a member of the firm of Baker & Daniels, which maintains offices for the practice of law at 111 East Wayne Street, Fort Wayne, Indiana, 46804. I am an attorney-at-law, duly admitted to practice, *inter alia*, in the State of Indiana and in the District Court for the Northern District of Indiana. I submit this affidavit in connection with the application of the above-captioned debtor-in-possession ("AFI" or the "Debtor") to retain Baker & Daniels as counsel to the Debtor in its chapter 11 case and to provide the disclosures required under section 329 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), the rules of this Court, and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Baker & Daniels' Connections With The Debtor**

2. Baker & Daniels utilizes a number of procedures (the "Firm Procedures") to determine its relationships, if any, to parties that may have connections to a client debtor. In implementing such Firm Procedures, the following actions were taken to identify parties that may have connections to the Debtor and Baker & Daniels' relationship with such parties.

    (a)    A computerized conflicts check was issued to all Baker & Daniels attorneys requesting whether they were aware of any connections

FWIMAN1 307467v1

    between Baker & Daniels and the Debtor's twenty largest creditors (the "Potential Parties-in-Interest") as such connection may relate to the Debtor.

  (b) Baker & Daniels requested and obtained from the Debtor a list of secured and unsecured creditors.

  (c) Known connections between Baker & Daniels and Potential Parties-In-Interest were compiled for purposes of preparing this Affidavit.

3. As a result of the foregoing procedures, I have ascertained that, upon information and belief, Baker & Daniels:

  (a) is not a creditor of the Debtor (including by reason of unpaid fees for prepetition services), an equity security holder of the Debtor or an "insider" of the Debtor, as that term is defined in section 101(31) of the Bankruptcy Code;

  (b) is not and has not been an investment banker for any outstanding security of the Debtor;

  (c) is not and has not been, within three years before the Petition Date, an investment banker for a security of the Debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtor;

  (d) is not and has not been, within two years before the Petition Date, a director, officer, or employee of the Debtor or of an investment banker specified in subparagraph (b) or (c) of this paragraph; and

  (e) does not have an interest materially adverse to the interests of the Debtor's estate, or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker specified in subparagraph (b) or (c) of this paragraph, or for any other reason.

Accordingly, I believe Baker & Daniels is a "disinterested person" as that term is defined in section 101(14), as modified by section 1107(b), of the Bankruptcy Code.

4. As a result of the foregoing procedures, I have ascertained that, upon information and belief, Baker & Daniels has the following connections with the Debtor and the Potential Parties-In-Interest:

(a) Because of its broad-based general practice, Baker & Daniels (i) has appeared in the past and may appear in the future in cases unrelated to this chapter 11 case where one or more of the Potential Parties-In-Interest may be involved; and (ii) has represented in the past, currently represents and/or may represent in the future one or more of said parties or other potentially interested parties or creditors in matters unrelated to this chapter 11 case.

(b) Prior to the Petition Date, Baker & Daniels represented the Debtor, *inter alia*, with respect to providing general restructuring advice and, ultimately, organizing and preparing for the filing of this case.

(c) Baker & Daniels currently represents or has open matters respecting the Potential Parties-In-Interest or their affiliates identified below (the "Current Clients"). Such matters are, upon information and belief, unrelated to this case. Baker & Daniels may continue to represent such entities in the future in matters unrelated to this case. Insofar as I have been able to ascertain, the only Current Client is Citizens Gas & Coke Utilities ("Citizens Gas"), an unsecured creditor owed approximately $592,015.31 as of January 30, 2004. Citizens Gas and the Debtor could have mutual disputes and/or claims against each other. If and to the extent such disputes or claims exist, Baker & Daniels will recommend and assist in securing separate "conflicts counsel" to represent Citizens Gas in any such matter. In no event will Baker & Daniels represent Citizens Gas in connection with any such matter, nor will it represent Citizens Gas in connection with this bankruptcy case.

(d) Certain members of Baker & Daniels and certain associates of and "of counsel" attorneys to Baker & Daniels, and certain of such persons' relatives may have familial or personal relationships with officers, directors and/or shareholders of creditors of the Debtor, competitors of Debtor and/or other parties in interest in this case. As of the date hereof, Baker & Daniels is not aware of any such relationships that are material.

(e) Certain of my partners at Baker & Daniels and certain of the associates of and "of counsel" attorneys to Baker & Daniels, and certain of such persons' relatives, may directly or indirectly be shareholders of creditors of the Debtor, competitors of the Debtor and/or other parties in interest. I believe such persons' holdings are

       insignificant and, insofar as I have been able to ascertain, none of these shareholders controls or has any influence on such creditor or party in interest. I do not believe these shareholders' interests, considered separately or collectively, are material.

    (f)    Certain of my partners at Baker & Daniels and certain of the associates of and "of counsel" attorneys to Baker & Daniels, and certain of such persons' relatives, may have business, contractual, economic, familial or personal relationships with creditors of the Debtor and/or other parties in interest or such entities' respective officers, directors or shareholders. Insofar as I have been able to ascertain, none of these officers, directors, and/or shareholders has any substantial or direct involvement in this case, or, alternatively, such relationships are insignificant. I do not believe these familial or person relationships, considered separately or collectively, are material.

5.    I believe that none of the representations or relationships recited above would give rise to a finding that Baker & Daniels represents or holds an interest adverse to the Debtor with respect to the services for which Baker & Daniels would be retained.

6.    To my knowledge, none of the partners or associates of Baker & Daniels have any relationship with the Office of the United States Trustee for the Northern District of Indiana or any person employed in said office.

### Baker & Daniels' Compensation

7.    Subject to this Court's approval in accordance with sections 330 and 331 of the Bankruptcy Code, such Federal Rules of Bankruptcy Procedure as may be applicable, the rules of this Court, and such other procedures as may be fixed by order of this Court, compensation will be payable to Baker & Daniels on an hourly basis, plus reimbursement of actual and necessary expenses incurred by Baker & Daniels. The Baker & Daniels attorneys that are likely to represent the Debtor in this case have current standard hourly rates ranging between $115.00 and $335.00. The paralegal that likely will assist the attorneys who will represent the

Debtor has a current standard hourly rate of $100.00. The hourly rates are subject to periodic adjustments to reflect economic and other conditions.

8. Baker & Daniels' personnel that are likely to represent the Debtor in this case, and their standard hourly rates are as follows:

| TIMEKEEPER | TITLE | RATE |
|---|---|---|
| CLAFFEY, Stephen A. | Partnerr | 390.00 |
| BURNS, John R. | Partner | 355.00 |
| POWERS, Douglas D. | Partner | 270.00 |
| WERLING, Mark A. | Associate | 220.00 |
| GOTTFRIED, Jacqueline R. | Associate | 140.00 |
| MCMEEN, Debra S. | Paralegal | 105.00 |

9. The hourly rates that will be charged in this case are Baker & Daniels' standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate Baker & Daniels for work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is Baker & Daniels' policy to charge its clients in all areas of practice for all other expenses incurred in connection with the respective clients' cases. The expenses charged to clients include, among other things, telephone and telecopier charges, mail and express mail charges, special or hand delivery charges, document processing and photocopying charges, travel expenses, computerized research, and transcription costs. Baker & Daniels believes that it is appropriate to charge these expenses to the clients incurring them rather than to increase its hourly rates and thereby spread the expenses among all clients.

10. This Affidavit is intended to comply with Federal Rule of Bankruptcy Procedure 2016(b). Baker & Daniels intends to apply to this Court for compensation for professional services rendered in connection with this case. Baker & Daniels received a prepetition retainer in the amount of $122,783, which it intends to apply to postpetition fees and expenses allowed by this Court. A precise disclosure of the application of the prepetition retainer and amounts held as of the Petition Date will be supplied in Baker & Daniels' interim fee

application for its postpetition services and expenses to be rendered or incurred for or on behalf of the Debtor. No promises have been received by Baker & Daniels or by any member or associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. Baker & Daniels has no agreement with any other entity to share with such entity any compensation received by Baker & Daniels.

12. Neither I, Baker & Daniels, nor any member or associate thereof, insofar as I have been able to ascertain, represents any interest adverse to the Debtor or its estate in the matter regarding which Baker & Daniels is to be engaged. Except as may be stated above, I believe Baker & Daniels is a "disinterested person" as that term is defined in section 101(14), as modified by section 1107(b), of the Bankruptcy Code.

13. By reason of the foregoing, I believe Baker & Daniels is eligible for employment and retention by the Debtor pursuant to sections 327 (as modified by section 1107(b)) and 328 of the Bankruptcy Code and the applicable Bankruptcy Rules.

John R. Burns III

Subscribed and sworn to before me
this 9th day of February, 2004

My commission expires: 3-9-08

Notary Public

FWIMAN1 307467v1

6

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Affidavit of John R Burns, III in Support of Application to Employ and Retain Baker & Daniels as Counsel for Debtor-in-Possession is being served by electronic mail or by first-class United States mail, postage prepaid, this 9th day of February, 2004, upon the following counsel:

| | |
|---|---|
| Josef S. Athanas<br>Latham & Watkins<br>Sears Tower, Suite 5800<br>233 South Wacker Drive<br>Chicago, IL 60606 | Donald F. Baty, Jr.<br>Honigman, Miller, Schwartz & Cohn, LLP<br>2290 First National Building<br>660 Woodward Avenue<br>Detroit, MI 48226 |
| Jerald I. Ancel<br>Sommer & Barnard, PC<br>111 Monument Square, Suite 4000<br>Indianapolis, IN 46204-5198 | Nancy J. Gargula<br>United States Trustee's Office<br>One Michiana Square, 5th Floor<br>100 East Wayne Street<br>South Bend, IN 46601 |
| OmniSource Corp-Tusco<br>2453 Hill Avenue<br>Toledo, OH 43607 | Auburn City Utilities<br>P.O. Box 506<br>Auburn, IN 46706 |
| Bank of America<br>231 S. LaSalle Street, 16th Floor<br>Chicago, IL 60697 | GMAC Business Credit, LLC<br>300 Galleria Officentre, Suite 110<br>Southfield, MI 48034 |
| A.F. Europe, Inc.<br>635 W. Eleventh Street<br>Auburn, IN 46706 | DeKalb County, Indiana<br>DeKalb County Assessor, Court House<br>100 South Main Street<br>Auburn, IN 46706 |
| Citizens Gas & Coke Utilities<br>2020 North Meridian Street<br>Indianapolis, IN 46202 | Dauber Company, Inc.<br>577 North 18th Road<br>Tonica, IL 61370 |
| UNIMIN Corporation<br>809 Myers Road<br>Archbold, OH 43502 | DISA Industries, Inc.<br>80 Kendall Point Drive<br>Oswego, IL 60543 |

| | |
|---|---|
| Miller and Company<br>6400 Shafer Court, Suite 500<br>Rosemont, IL 60018 | R I Lampus Co.<br>816 Railroad Street<br>Springdale, PA 15144 |
| XRI Testing – Troy<br>MobileX, LLC<br>1961 Thunderbird<br>Troy, MI 48084 | Fairmount Minerals<br>P.O. Box 400<br>Bridgeman, MI 49106 |
| MP Steel Indiana, LLC<br>P.O. Box 876<br>Kendallville, IN 46755 | Ashland Chemical Co.<br>P.O. Box 395<br>Columbus, OH 43216-0395 |
| Complete Drives, Inc.<br>1542 W. Auburn Drive<br>Auburn, IN 46706 | Fire Protection, Inc.<br>750 W. North Street., Suite C<br>Auburn, IN 46706 |
| Motion Industries, Inc.<br>3333 East Washington Blvd.<br>Fort Wayne, IN 46862-2149 | Inductotherm Corp.<br>10 Indel Avenue<br>Rancocas, NJ 08073 |

/s/ Mark A. Werling