UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| AUBURN FOUNDRY, INC., ) | CASE NO. 04-10427 |
| ) | CHAPTER 11 |
| Debtor. ) | |

**AUBURN FOUNDRY'S RESPONSE TO LENDERS' OBJECTION
TO DEBTOR'S EMERGENCY MOTION TO OBTAIN FINANCING
PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363 AND 364 AND SCHEDULING
FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001(C)**

Auburn Foundry, Inc., Debtor-in-Possession herein ("AFI" or the "Debtor"), by counsel, hereby responds to the objection of Bank of America, N.A., as agent for certain pre-petition lenders (the "Lenders") to the entry of a final order approving DIP financing pursuant to § 364 of the Code.  The DIP lender, AFI Lending Group, LLC (the "DIP Lender"), has agreed to remove a term from the DIP facility granting it liens on the Debtor's avoidance actions pursuant to § 364(c)(2).  This removes the only significant reservation about the Motion which both the Lenders and the Court raised at the first-day hearing on February 9.

**I.     INTRODUCTION**

1. AFI filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Code") on February 8, 2004 (the "Petition Date").

2. On February 9, 2004, AFI filed an Emergency Motion seeking approval to obtain financing pursuant to, *inter alia*, § 364 of the Bankruptcy Code and scheduling a final hearing pursuant to Bankruptcy Rule 4001(c) (the "Motion").

3. The Lenders objected to the Motion and a hearing was held thereon on February 9, 2004.  At the first-day hearing, the Court expressed its willingness to grant the Motion on a preliminary basis, provided the Debtor received credit in accordance with § 364(c)

of the Code but did not grant the DIP Lender liens on avoidance actions.  The Court also scheduled a final hearing on the matter on February 27, 2004 (the "Final Hearing").

4.      On or about February 10, 2004, the Court entered an Interim Order (the "Agreed Order") which permitted AFI to obtain DIP financing pursuant to the terms described above.  AFI and the Lenders, by their respective counsel, agreed to the form of the Agreed Order.

5.      The Agreed Order contained express findings that notice of the Motion was properly given (paragraph E); that the Debtor was unable to find financing on terms more favorable than the Post-Petition Financing; (paragraph H); that the terms and conditions thereof were fair and reasonable (paragraph J); and that the facility was negotiated in good faith and at arms length (paragraph J).

6.      The Debtor served copies of the Agreed Order on the requisite parties in accordance with the express terms of the order within 15 days of the Final Hearing.

7.      A preliminary hearing was held herein or the use of cash collateral on February 13, 2004.  At this hearing, Mr. Dennis Maude, the Debtor's Assistant Treasurer, testified that the DIP loan was negotiated between counsel to the Debtor and counsel to the DIP Lender, and that AFI "negotiated what we thought were standard terms in a DIP facility."  He also testified that the Debtor obtained its DIP financing in the days immediately preceding the Chapter 11 filing.  Debra Rathberger, a representative of the Lenders, testified that the Lenders offered AFI a DIP facility, but conditioned that offer upon an agreed-upon sale process (i.e., mandatory liquidation) during the first 120 days of the Chapter 11 case.

8.      The Lenders filed an objection to the Motion on or about February 20, 2004 (the "Objection") in advance of the Final Hearing.  AFI hereby responds to that Objection.

## II.     SUMMARY OF ARGUMENT

9.     The Lenders make several baseless arguments against granting AFI's permission to obtain DIP financing.  Their Objection should be denied – and AFI's motion granted – for the following reasons:  (a) the Debtor has already demonstrated that it was unable to obtain financing on terms more favorable than those contained in the DIP financing agreement, as required under § 364(c); (b) the DIP facility does not intend to prime the Lenders' alleged liens; (c) The DIP Lender has already agreed to withdraw its request for a lien on avoidance actions; and (d) proper notice of the final hearing was given in accordance with this Court's Interim Order dated February 10, 2004.  In addition, many points the Lender now seek to dispute (e.g., extent of efforts to obtain alternative financing, fairness of terms, and the extent to which negotiations were conducted at arms-length) are already addressed expressly (in a manner favorable to the Debtor and the DIP Lender) in the findings of the Interim Order.

## III.     ARGUMENT

10.     AFI has already demonstrated, and will, if necessary, demonstrate further, that it was unable to obtain financing on terms more favorable than those contained in the DIP financing motion.

11.     The Lenders erroneously state that AFI must undertake an "exhaustive" search for alternative financing before entering into a DIP loan facility.  AFI made reasonable attempts to obtain a DIP loan in the days immediately preceding the Chapter 11 filing.  It first sought such financing directly from the Lenders.  However, the Lenders made an unacceptable offer which effectively mandated immediate liquidation.  As demonstrated at the preliminary hearing on cash use held herein on February 13, the interest rate which AFI negotiated with the DIP Lender is identical to that charged by Bank of America, the objecting party herein.  AFI obtained the best terms it could under the limited constraints of its pre-filing situation.

12. The Lenders erroneously allege that the Post-Petition Financing is unfair and was not negotiated in good faith, despite the fact that the Lenders negotiated an Agreed Order which made express findings to the contrary. These contentions are simply meritless.

13. The Lenders argue that negative notice should have been given to creditors with an opportunity to set the matter for a hearing, although the Court itself set the final hearing on February 10 and ordered that copies of the Agreed Order be served within fifteen days of the final hearing. The Debtor complied with that order in full. The Lenders and the Unsecured Creditors' Committee are fully informed of the Motion and will be present by counsel at the final hearing.

WHEREFORE, the Debtor respectfully requests that its Motion to Obtain Financing be granted, and for all other just and proper relief.

BAKER & DANIELS

By: /s/ John R Burns
    John R Burns (#3016-02)
    Mark A. Werling (#20426-02)
    111 East Wayne Street, Suite 800
    Fort Wayne, Indiana 46802
    Telephone: (260) 420-8000
    Facsimile: (260) 460-1700
    john.burns@bakerd.com
    mark.werling@bakerd.com

ATTORNEYS FOR THE DEBTOR,
AUBURN FOUNDRY, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Auburn Foundry's Response to Lenders' Objection to Debtor's Emergency Motion to Obtain Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363 and 364 and Scheduling Final Hearing Pursuant to Bankruptcy Rule 4001(C), was served on the following individuals electronically or by first-class U.S. mail, postage prepaid, this 27th day of February, 2004:

| | |
|---|---|
| Josef S. Athanas<br>Latham & Watkins<br>Sears Tower, Suite 5800<br>233 South Wacker Drive<br>Chicago, IL 60606 | Donald F. Baty, Jr.<br>Honigman, Miller, Schwartz & Cohn, LLP<br>2290 First National Building<br>660 Woodward Avenue<br>Detroit, MI 48226 |
| Jerald I. Ancel<br>Sommer & Barnard, PC<br>111 Monument Square, Suite 4000<br>Indianapolis, IN 46204-5198 | Nancy J. Gargula<br>United States Trustee's Office<br>One Michiana Square, 5th Floor<br>100 East Wayne Street<br>South Bend, IN 46601 |
| OmniSource Corp-Tusco<br>2453 Hill Avenue<br>Toledo, OH 43607 | Auburn City Utilities<br>P.O. Box 506<br>Auburn, IN 46706 |
| Bank of America<br>231 S. LaSalle Street, 16th Floor<br>Chicago, IL 60697 | GMAC Business Credit, LLC<br>300 Galleria Officentre, Suite 110<br>Southfield, MI 48034 |
| A.F. Europe, Inc.<br>635 W. Eleventh Street<br>Auburn, IN 46706 | DeKalb County, Indiana<br>DeKalb County Assessor, Court House<br>100 South Main Street<br>Auburn, IN 46706 |
| Citizens Gas & Coke Utilities<br>2020 North Meridian Street<br>Indianapolis, IN 46202 | Dauber Company, Inc.<br>577 North 18th Road<br>Tonica, IL 61370 |
| UNIMIN Corporation<br>809 Myers Road<br>Archbold, OH 43502 | DISA Industries, Inc.<br>80 Kendall Point Drive<br>Oswego, IL 60543 |
| Miller and Company<br>6400 Shafer Court, Suite 500<br>Rosemont, IL 60018 | R I Lampus Co.<br>816 Railroad Street<br>Springdale, PA 15144 |

FWIMAN1 325275v1

| | |
|---|---|
| XRI Testing – Troy<br>MobileX, LLC<br>1961 Thunderbird<br>Troy, MI 48084 | Fairmount Minerals<br>P.O. Box 400<br>Bridgman, MI 49106 |
| MP Steel Indiana, LLC<br>P.O. Box 876<br>Kendallville, IN 46755 | Ashland Chemical Co.<br>P.O. Box 395<br>Columbus, OH 43216-0395 |
| Complete Drives, Inc.<br>1542 W. Auburn Drive<br>Auburn, IN 46706 | Fire Protection, Inc.<br>750 W. North Street., Suite C<br>Auburn, IN 46706 |
| Motion Industries, Inc.<br>3333 East Washington Blvd.<br>Fort Wayne, IN 46862-2149 | Inductotherm Corp.<br>10 Indel Avenue<br>Rancocas, NJ 08073 |
| Grant F. Shipley<br>230 West Main Street<br>Fort Wayne, IN  46802 | Edmund P. Kos<br>Kos & Associates<br>110 West Berry Street, Suite 1904<br>Fort Wayne, IN 46802-2374 |

                                                                **/s/** Mark A. Werling