UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| AUBURN FOUNDRY, INC., | ) | CASE NO. 04-10427 |
| | ) | CHAPTER 11 |
| Debtor. | ) | |

**AMENDED INTERIM ORDER (I) AUTHORIZING INTERIM
USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363;
(II) PROVIDING ADEQUATE PROTECTION REGARDING
USE OF CASH COLLATERAL; AND (III) SCHEDULING
<u>FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001(B)</u>**

Upon consideration of the emergency motion (the "Motion") of Auburn Foundry, Inc., debtor-in-possession ("AFI" or the "Debtor"), for entry of an order pursuant to sections 361 and 363 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") authorizing use of cash collateral of the Senior Lenders as defined in the Motion, providing adequate protection to the Senior Lenders as defined therein, and scheduling a final hearing pursuant to Bankruptcy Rule 4001(b), this Court finds as follows:

A. The Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on February 8, 2004 and, since that date, has continued in possession of its property and management of its business as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

B. The Debtor possesses "cash collateral" within the definition of section 363(a) of the Bankruptcy Code and the Senior Lenders assert an interest therein.

C. This Court has jurisdiction to consider the Motion.

D. The relief sought in the Motion is in the best interest of creditors and all parties in interest.

E. Notice of the Motion has been properly given.

FWIMAN1 324883v2

F. No other or further notice is necessary.

G. The Debtor will be unable to operate or reorganize without use of the Cash Collateral.

H. The Senior Lenders are or will be adequately protected (as defined in section 361 of the Bankruptcy Code) as described herein.

NOW, THEREFORE, it is, this 27th day of February, 2004, HEREBY ORDERED:

1. The Motion is GRANTED.

2. The capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms as set forth in the Motion.

3. Pursuant to section 363 of the Bankruptcy Code, the Debtor is authorized to use the Senior Lenders' Cash Collateral through March 29, 2004 according to the budget (the "Budget") attached to this Order as Exhibit A and incorporated herein by reference.

4. The Cash Collateral may be used by the Debtor in the ordinary course of business and in the amounts and for the purposes specified in the Budget.

5. The Debtor shall not use any Cash Collateral other than (i) in accordance with this Order, (ii) pursuant to further Order of the Court, or (iii) with the written consent of the Senior Lenders.

6. The Senior Lenders shall have as adequate protection for the Debtor's use of Cash Collateral, among other things, the following:

   a. A security interest in and to all prepetition Cash Collateral provided under the credit agreement and related loan documents with the Senior Lenders to the

same extent and with the same priority and effect as the Senior Lenders' interests existed prepetition;

    b. A replacement lien in and to all of the Debtor's postpetition assets, to the same extent and with the same priority and validity as the Senior Lenders' security interest in Debtor's assets prepetition, to the extent that use of the Cash Collateral results in a decrease in the value of the Senior Lenders' interest in all inventory, accounts receivable and cash of the Debtor as of the Petition Date, if any (collectively the "Collateral"), during the period of time that this Order is in effect, all without the necessity of the execution, filing, or recording of any documents required under non-bankruptcy law, or otherwise, for the creation or perfection of security interests, provided that such replacement liens shall be subject to the fees and expenses of the Debtor's professionals through March 29, 2004 up to $75,000.00 and fees and expenses of the Creditors Committee up to $25,000 for the period through March 29, 2004, which shall be payable out of cash collateral prior to the Senior Lenders' claims against the Debtor; and

    c. The continued obligation of the Debtor to maintain insurance coverage on the tangible assets of the Debtor.

  7. The Debtor shall deliver to the Senior Lenders (i) on the Tuesday of each week a report showing actual to budget receipts and expenses, weekly and cumulatively, (ii) within twenty (20) days after the end of each month a cash receipts and cash disbursements report, and (iii) each business day a report of eligible receivables, eligible inventory and cash, using the report form attached hereto as Exhibit B.

  8. Nothing contained herein constitutes a finding that any alleged security interest of the Senior Lenders is valid, perfected or unavoidable; this Order is without prejudice to the right of the Debtor, any committee appointed under the Bankruptcy Code and any other

FWIMAN1 324883v2

party in interest to contest the validity, perfection, priority, extent or avoidability of the alleged security interest of the Senior Lenders.

9. This Order shall be without prejudice to the rights of the Debtor or any party in interest, including without limitation the United States Trustee, to apply to the Court for authority to further modify the terms hereof on appropriate notice and motion.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the Motion or the implementation of this Order.

11. The Debtor shall serve notice of the entry of this Order within three (3) business days from the date on which this Order is entered to parties on whom service is required by Rule 4001 of the Federal Rules of Bankruptcy Procedure and make due proof thereof.

12. A final hearing on the use of the Cash Collateral will be held on March 25, 2004 at 9:00 a.m. in Room 2127, Federal Building, 1300 S. Harrison St., Fort Wayne, Indiana. Debtor and Creditor shall jointly file a proposed pre-trial order on or before 5:00 p.m. on March 24, 2004.

Fort Wayne, Indiana
February 27, 2004

/s/ Robert E. Grant
HONORABLE ROBERT E. GRANT
UNITED STATES BANKRUPTCY JUDGE

AGREED AS TO FORM:

For the Debtor

/s/ John R Burns
John R Burns

For Bank of America, National Association

_[signature]_
Caroline Reckler

## Exhibit A

Budget

Weekly/Monthly Cash Flow Analysis
Mar-04

| Week ending dates | Beginning | 2/27/2004 | Total | 3/5/2004 | 3/12/2004 | 3/19/2004 | 3/26/2004 |
|---|---|---|---|---|---|---|---|
| Sales for week | | | | | | | |
| Pounds | | 4,000 | 32,971 | 4,550 | 4,550 | 4,550 | 4,550 |
| Dollars - Note 1 and 2 | | $1,360 | $10,957 | $1,547 | $1,602 | $1,602 | $1,602 |
| Collections | | $1,500 | ($5,234) | $2,000 | $1,700 | $1,400 | $1,500 |
| Total payroll, taxes, and benefits | | 680 | | 440 | 680 | 605 | 680 |
| Total purchase of materials | | 750 | | 878 | 906 | 870 | 912 |
| Utilities | | 175 | 375 | 150 | 150 | 150 | 200 |
| Total payments | | 1,605 | 9,842 | 1,468 | 1,736 | 1,625 | 1,792 |
| Cash Flow from Operations | | ($105) | | $532 | ($36) | ($225) | ($292) |
| Professional/Bankruptcy Costs | | | | | | | |
| Debtor Counsel | | | | | | | |
| Debtor Financial Advisor | | | | | | | |
| Other | | | | | 0 | | 25 |
| Creditor Committee | | | | | | | |
| US Trustee | | | | | | | |
| Renew Liability Insurance | | | | | | | |
| Total Professional/Bankruptcy Costs | | | | $0 | $0 | $0 | $25 |
| Total cash inflow (outflow) | | | | $532 | ($36) | ($225) | ($317) |
| Cumulative Cash Flow | $325 | $220 | | $752 | $717 | $492 | $176 |
| Cumulative Impact on Receivables | $485 | $345 | | ($108) | ($206) | ($5) | $97 |
| DIP Line Drawn | | $450 | | $450 | $450 | $450 | $450 |

Special Notes
1. The sales estimates have the potential to increase with new business especially Arvin Meritor - 50,000 # daily increase equate to $ 85,000 revenue increase and in six weeks a collateral increase of $510,000.
2. The revenue assumption does not reflect the negotiations presently underway to move all customers to the current method for billing surcharges
3. The company intends to pay the vacation amounts due in early July in accordance with bankruptcy rules. The company will seek court approval to pay the additional vacation pay amounts over a 90 day period beginning in August

Ex A

**Auburn Foundry Inc**

Date: 2/11/2004

| | | Today | Bankruptcy to Date |
|---|---|---:|---:|
| | **Accounts Receivable** | | |
| 1 | Beginning Balance | | $11,998,627 |
| 2 | Sales | 318,792 | 4,092,932 |
| 3 | Cash receipts | 469,639 | 3,649,864 |
| 4 | Gross accounts receivable | -150,847 | 12,441,695 |
| 5 | Less ineligibles | | (1,433,511) |
| 6 | Net accounts receivable | -150,847 | 11,008,184 |
| | **Inventory** | | |
| 7 | Beginning Inventory | | $2,304,443 |
| 8 | Inventory change | | (420,000) |
| 9 | Gross inventory | | $1,884,443 |
| 10 | Less ineligibles | | (111,929) |
| 11 | Net Inventory | | $1,772,514 |
| | **Cash** | | |
| 12 | Beginning cash | | $302,065 |
| 13 | Cash receipts | | |
| 13 a | Collect accounts receivable | | 3,649,864 |
| 13 b | Other cash collections | | 77,277 |
| 13 c | DIP Loan | | 450,000 |
| | | | 4,479,206 |
| 14 | Cash disbursements | | 4,066,573 |
| 15 | Ending cash | | 412,633 |
| | **Collateral** | | |
| | *Beginning* | | |
| 16 | Cash | | $302,065 |
| 17 | Accounts receivable - Gross | | 11,998,627 |
| 18 | Inventory - Gross | | $2,304,443 |
| | | | 14,605,135 |
| 19 | Overadvance of borrowing base | | 441,000 |
| | *Ending* | | |
| 19 | Cash | | $412,633 |
| 20 | Accounts receivable - Gross | 0 | 12,441,695 |
| 21 | Inventory - Gross | 0 | $1,884,443 |
| | | 0 | 14,738,771 |

Ex B