UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| AUBURN FOUNDRY, INC., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | BK Case No. 04-10427 |

**MOTION OF BANK OF AMERICA, N.A., TO REQUIRE DEBTOR TO PROVIDE
ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§ 361 AND 363(e)**

Bank of America, National Association ("BofA"), as agent for the pre-petition secured lenders (the "Lenders"), parties in interest in the chapter 11 case (the "Chapter 11 Case") of the above-captioned debtor and debtor-in-possession (the "Debtor"), by and through its undersigned counsel, hereby files this motion (the "Motion") for entry of an order requiring the Debtor to provide the Lenders adequate protection for the diminution in the value of the Debtor's fixed assets which include, without limitation, the Debtor's machinery, equipment, parts inventory and real property (collectively the "Fixed Assets"). In support hereof, BofA represents as follows:

**INTRODUCTION**

1. On February 8, 2004 (the "Petition Date"), Auburn Foundry, Inc. ("Auburn") commenced its bankruptcy case (the "Chapter 11 Case") by filing a voluntary petition in the Bankruptcy Court for the Northern District of Indiana, Fort Wayne Division (the "Bankruptcy Court"). Since that time, the Debtor has continued in possession of its property and has operated and managed its business, as a debtor in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

CH\665089.1

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). On February 12, 2004, the United States Trustee appointed an official committee of unsecured creditors (the "Creditors' Committee") in this case. No trustee or examiner have been appointed in this Chapter 11 Case.

3. The statutory predicates for the relief requested herein is sections 361 and 363(e) of the Bankruptcy Code.

## BACKGROUND

4. The Lenders and Auburn (the "Borrower"), are party to that certain financing and security agreement, dated as of April 10, 2000 (as amended, supplemented or otherwise modified prior to the commencement of this chapter 11 case, the "Pre-Petition Credit Agreement") and all collateral and ancillary documents executed in connection therewith (the "Pre-Petition Loan Documents"). On the Petition Date, approximately $23,622,422.98 in principal amount was outstanding under the Pre-Petition Credit Agreement (plus interest, fees, charges, costs and other expenses) (the "Pre-Petition Indebtedness").

5. As set forth in the Pre-Petition Loan Documents, the Pre-Petition Indebtedness is secured by enforceable liens and security interests granted by the Debtor to the Lenders, upon and in substantially all of the Debtor's tangible and intangible assets and property, including, but not limited to, all of the Debtor's real property and all of the Debtor's other assets and property in which a security interest can be obtained under the Uniform Commercial Code, including without limitation, equipment, inventory, accounts receivable, instruments, chattel paper, general intangibles, contracts, documents of title, and all other tangible and intangible personal property and the proceeds and products thereof.

**DEBTOR'S USE OF LENDERS' CASH COLLATERAL**

6. On February 9, 2004, Auburn filed an Emergency Motion For Order (I) Pursuant to 11 U.S.C. § 363; (II) Providing Adequate Protection Regarding Use of Cash Collateral; and (III) Scheduling Preliminary And Final Hearing Pursuant to Bankruptcy Rule 4001(B) (the "Cash Collateral Motion") and the Lenders filed a preliminary objection to the Cash Collateral Motion (the "Preliminary Objection"). On February 9, 2004, the Bankruptcy Court entered an Agreed Interim Order (I) Authorizing Interim Use of Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Providing Adequate Protection Regarding Use of Cash Collateral; and (III) Scheduling Preliminary and Final Hearing Pursuant to Bankruptcy Rule 4001(B) (the "Agreed Interim Order") and set the Cash Collateral Motion for a preliminary hearing on February 13, 2004 (the "Preliminary Hearing") and a final hearing on February 27, 2004 (the "Final Hearing"). On February 17, 2004, the Bankruptcy Court entered an order granting the Cash Collateral Motion on a preliminary basis (the "Interim Cash Collateral Order"). On February 20, 2004, BofA filed an Objection to the Entry of a Final Order Approving the Use of the Lenders' Cash Collateral and on February 25, 2004, the Debtor filed a response thereto.

7. On February 27, 2004, the Bankruptcy Court entered the Amended Interim Order (I) Authorizing Interim Use of Cash Collateral (II) Providing Adequate Protection Regarding Use of Cash Collateral and (III) Scheduling Final Hearing (the "Amended Cash Collateral Order"). In the Amended Cash Collateral Order, as adequate protection for the Debtor's use of the Lenders' cash collateral, the Lenders were granted replacement liens "to the extent that use of Cash Collateral results in a decrease in the value of the Senior Lenders' interest in all inventory, accounts receivable and cash of the Debtor as of the Petition Date." See Amended Cash Collateral Order at ¶ 6(b).

CH\665089.1

**RELIEF REQUESTED**

8. By this Motion, the Lenders request this Court enter an order pursuant to sections 361 and 363(e) of the Bankruptcy Code requiring the Debtor to provide the Lenders with adequate protection for the diminution in the value of the Fixed Assets from and after the date of this Motion.

**BASIS FOR RELIEF**

9. Since the Petition Date, the Debtor has continued to use the Fixed Assets to operate its business. The Debtor has not made any post-petition payments to the Lenders or offered any adequate protection for the diminution in value of the Fixed Assets. The Lenders have brought this Motion to ensure that their interest in that Fixed Assets is adequately protected.

10. A chapter 11 debtor in possession may use property of the estate in the ordinary course of business without notice and a hearing. See 11 U.S.C. § 363(c)(1). However, a debtor in possession does not enjoy the right to unfettered use of that property. See In re Island Helicopter Corp., 63 B.R. 515, 520 (Bankr. E.D.N.Y. 1986). Where property secures an outstanding debt to a creditor, the court must condition the debtor's use on adequate protection being furnished for that creditor's interest in the property. See 11 U.S.C. § 363(e); In re Hamilton, 95 B.R. 564, 566 (N.D. Ill. 1989) ("the determination of whether adequate protection exists is based on an evaluation of the circumstances and equities of the case."); In re Langley, 30 B.R. 595, 604 (Bankr. N.D. Ind. 1983). The Lenders are entitled to adequate protection to compensate them for any depreciation, deterioration, or diminution in the value of their collateral as it exists from and after the date of the Motion. See In re Ritz-Carlton of D.C. Inc., 98 B.R. 170, 173 (S.D.N.Y. 1989).

11. Section 363(e) of the Bankruptcy Code provides, in pertinent part:

CH\665089.1

> Notwithstanding any other provision of this section, *at any time*, on request of an entity that has an interest in property used, sold or leased, or proposed to be used sold or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest.

11 U.S.C. §363(e) (emphasis added). Thus, the Bankruptcy Code *expressly* grants the Lenders' the right to receive adequate protection *at any time*.

12. Section 361 of the Bankruptcy Code provides that a debtor may provide adequate protection of an entity's interest in property by: (1) making cash payments to such entity for the diminution in value of such property; (2) granting such entity additional or replacement liens; or (3) granting such entity other relief which will result in the realization of the indubitable equivalent of such entity's interest in such property.

13. The Debtor bears the burden under section 363 with respect to a request by the Lenders for adequate protection. See 11 U.S.C. § 363 (o)(1); Spears v. Ford Motor Credit Co. (In re Spears), 223 B.R. 159, 166 (Bankr. N.D. Ill. 1998).

## NOTICE

14. Notice of this Motion has been provided via electronic filing or first class mail to (i) the Office of the United States Trustee for the Northern District of Indiana, (ii) counsel to the Debtor and counsel to the Subordinated Lenders, and (iii) counsel to the Creditors' Committee. BofA submits that given the circumstances and the notice of the relief requested herein, no other or further notice is required.

**WHEREFORE**, for the foregoing reasons, the Lenders request the entry of an order (i) requiring the Debtor to provide them adequate protection and (ii) granting such other relief as this Court finds just and appropriate under the circumstances.

Date: <u>March 5, 2004</u>                    Respectfully submitted,

                                                          <u>/s/ Grant F. Shipley</u>
                                                          Grant Shipley
                                                          SHIPLEY & ASSOCIATES
                                                          233 West Baker Street
                                                          Fort Wayne, Indiana  46802
                                                          (260) 422-2700

                                                          and

                                                          Josef S. Athanas
                                                          Caroline A. Reckler
                                                          LATHAM & WATKINS, LLP
                                                          233 South Wacker Drive
                                                          Sears Tower, Suite 5800
                                                          Chicago, Illinois  60606
                                                          Telephone:  (312) 876-7700
                                                          Facsimile:  (312) 993-9767

                                                          Attorneys of Bank of America, N.A.

CH\665089.1

## CERTIFICATE OF SERVICE

I certify that on the 5TH day of March, 2004, service of a true and exact copy of the above and foregoing pleading was served electronically through the Court's ECF system to:

| | |
|---|---|
| John R. Burns | Henry A. Efroymson |
| Mark Werling | Stephen L. Fink |
| Ellen Triebold | Marlene Reich |

And by depositing same in the United States Mail in envelopes properly addressed and with sufficient first class postage affixed to:

| | |
|---|---|
| Auburn Foundry, Inc.<br>635 W. Eleventh St.<br>Auburn, IN 46706 | Honigman Miller Schwartz & Cohn, LLP<br>2290 First National Building<br>660 Woodward Ave.<br>Detroit, MI 48226 |
| Michael McGauhey, Chairman<br>Citizens Gas & Coke Utility<br>2950 Prospect Street<br>Indianapolis, IN 46203 | Richard J. Swanson<br>445 N. Pennsylvania St., Ste. 401<br>Indianapolis, IN 46204-1800 |

    /s/ Grant F. Shipley
Grant F. Shipley