UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| AUBURN FOUNDRY, INC., | )  Case No. 04-10427 |
| | ) |
| Debtor. | ) |

**AMENDED INTERIM ORDER (I) AUTHORIZING
DEBTOR TO OBTAIN FINANCING PURSUANT TO
11 U.S.C. §§ 105, 361, 362, 363, AND 364 AND
(II) SCHEDULING FINAL HEARING
<u>PURSUANT TO BANKRUPTCY RULE 4001(C)</u>**

Upon consideration of the emergency motion (the "Motion") of Auburn Foundry, Inc., debtor-in-possession ("AFI" or the "Debtor"), for entry of an order authorizing the Debtor to obtain financing (the "Post-Petition Financing") pursuant to sections 105(a), 361, 362, 363, 364(c)(1), 364(c)(2), and 364(c)(3) of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), and scheduling a final hearing pursuant to Bankruptcy Rule 4001(c), it has been represented[1] as follows:

A.   The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on February 8, 2004 and, since that date, has continued in possession of its property and management of its business as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

---

[1] The Senior Lenders reserve their right to object to any of the representations or findings set forth below at the final hearing.

1

B. The Debtor seeks an order authorizing it to obtain "Post-Petition Financing" as described more fully in the Motion, in accordance with the Note attached thereto as Exhibit "A" and subject to the terms described more fully therein.

C. This Court has jurisdiction to consider the Motion.

D. The relief sought in the Motion is in the best interest of all creditors and all parties in interest.

E. Notice of the Motion has been properly given.

F. No other or further notice is necessary.

G. The Debtor will be unable to operate or reorganize without the Post-Petition Financing.

H. The Debtor is unable to obtain financing on terms more favorable than those described in the Motion and provided for in the Post-Petition Financing.

I. The Debtor has an immediate need to obtain the Post-Petition Financing in order to permit, among other things, the orderly continuation of the Debtor's business, to maintain business relationships with vendors and suppliers, and to satisfy other working capital needs. The ability of the Debtor to obtain sufficient working capital and liquidity through the incurrence of new indebtedness and other financial accommodations is vital to the preservation and maintenance of the going concern value of the Debtor and is integral to a successful reorganization of the Debtor.

J. Under the circumstances, the terms and conditions of the Post-Petition Financing (including, without limitation, the fees, costs, and expenses to be incurred in connection therewith) are fair and reasonable, reflect the exercise of the Debtor's prudent business judgment consistent with its fiduciary duties, and is supported by reasonable

equivalent value and fair consideration. The Post-Petition Financing has been negotiated in good faith and at arms length between the Debtor and the DIP Lender.

NOW, THEREFORE, it is, this _____ day of _____, 2004, HEREBY ORDERED:

1.  The Motion is GRANTED upon the terms set forth herein.

2.  The capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms as set forth in the Motion.

3.  Pursuant to sections 105(a), 361, 362, 363, 364(c)(1), 364(c)(2), and 364(c)(3) of the Bankruptcy Code, the Debtor is authorized to obtain the Post-Petition Financing in accordance with the Note attached to the Motion as Exhibit "A" and the terms described more fully in the Motion.

4.  Subject to the Senior Lender's pre- and post-petition allowed secured claims:

    a.  The DIP Lender shall be entitled to (i) a commitment fee of $40,000.00 based on the Debtor's draw of the entire $2,000,000.00 principal Note balance or if a lesser amount is drawn, then a pro-rated portion of the $40,000.00 (the "Commitment Fee") and (ii) payment of its attorneys' fees and reimbursable expenses not to exceed $50,000.00, in the aggregate, for origination and administration of the Post-Petition Financing (collectively, the "DIP Lender's attorneys' fees"), each of which shall be payable upon termination of the Post-Petition Financing.

    b.  The Debtor shall be entitled, from time to time, until termination of the Post-Petition Financing, to borrow, repay, and reborrow the principal of the Post-Petition Financing; provided, however, that the Debtor shall not repay prior to March 29,

2004 any principal amount outstanding on the Note without further order of the Court. The Debtor will pay interest to the DIP Lender on the first day of each month beginning March 1, 2004 on the outstanding principal balance of the Note at the rate of the Bank of America prime rate plus three percent (3%) per annum.

        c.      All principal outstanding on the Note shall be repaid on or before: (i) September 1, 2004; (ii) thirty (30) days after the Effective Date of the Debtor's Plan of Reorganization; or (iii) the occurrence of an Event of Default as defined in the Note, whichever shall first occur; provided, however, that prior to March 29, 2004 no principal outstanding on the Note shall be repaid without further order of the Court.

        d.      Pursuant to § 364(c)(1) of the Bankruptcy Code, all of the DIP Obligations (defined as principal and interest on the Note, the Commitment Fee, and the DIP Lender's Attorneys' Fees) shall constitute allowed claims against the Debtor with priority over any and all administrative expense or other claims now existing, or hereafter existing, of any kind whatsoever, including, without limitation, administrative expenses of the kind specified in or allowed under sections 105, 326, 328, 330, 331, 363, 364, 503(b), 506(b), 507(a), 507(b), 726, or 1114 of the Bankruptcy code (the "Superpriority Claim"), which superpriority claim shall be payable from and have recourse to all pre- and post-petition property of the Debtor and proceeds thereof, subject only to the payment of the Carve-Out. The "Carve-Out" means (i) through March 29, 2004, an amount not to exceed $25,000 in the aggregate for the attorneys' fees and reimbursable expenses incurred by the Unsecured Creditors' Committee and (ii) attorneys' fees and reimbursable expenses incurred by the Debtor; both (i) and (ii) above shall be paid to the extent provided in the Governing Cash Flow Budget as defined in the Note, each in

respect of allowances of compensation for services rendered or reimbursement of expenses awarded by the Bankruptcy Court or permitted to be paid under any provisional payment Order. The Carve-Out for attorneys fees and reimbursable expenses incurred by the Unsecured Creditors' Committee shall survive any event of default or termination of the Post-Petition Financing. The Unsecured Creditors' Committee shall receive weekly statements from the Debtor regarding the status of the post-petition borrowings, and receive copies of any and all Governing Cash Flow Budgets as referenced in the Note provided by the Debtor to the DIP Lender.

      e.      Pursuant to sections 364(c)(2) and 364(c)(3) of the Bankruptcy Code, the DIP Lender is hereby granted, subject to the Carve-Out, a perfected security interest in and lien upon all pre- and post-petition property of the Debtor and the proceeds thereof subject only to (i) all valid, perfected and non-avoidable liens in existence on the Petition Date and (ii) replacement liens granted to the Senior Lenders by Order of this Court, all without the necessity of the execution, filing, or recording of any documents required under non-bankruptcy law or otherwise, for the creation or perfection of security interests or liens. However, upon request by the DIP Lender, the Debtor shall execute and deliver to the DIP Lender all financing statements or other documents or agreements which the DIP Lender may request relating to and/or evidencing the security interests or liens granted hereunder, and the automatic stay is hereby modified to permit the DIP Lender to perfect the foregoing security interests and liens in such collateral.

      f.      The Debtor shall provide the DIP Lender with copies of all reports which it is required to deliver to the Senior Lenders.

g.  The following provision has been removed from the Post-Petition Financing:

> Pursuant to section 364(c)(2) of the Bankruptcy Code, the DIP Lender is hereby granted, subject to the Carve-Out, a perfected security interest and lien upon all of the claims and causes of action (and all proceeds thereof) of the Debtor under sections 502(d), 544, 545, 547, 548, 549, 550 and/or 551 of the Bankruptcy Code, or any other avoidance actions under the Bankruptcy Code (the "Avoidance Actions").

h.  The Note and the terms of the Post-Petition Financing described more fully in the Motion are hereby approved.

5.  This Order shall be without prejudice to the rights of the Debtor or any party in interest, including, without limitation, the United States Trustee and Senior Lenders, to apply to the Court for authority to further modify the terms hereof on appropriate notice and motion or at the final hearing.

6.  Pursuant to section 364(e) of the Bankruptcy Code, the reversal or modification on appeal of this Court's authorization of the Post-Petition Financing, or of a grant hereunder of a priority or a lien, does not affect the validity of any debt so incurred, or any priority or lien so granted, to the DIP Lender, which is extending such credit in good faith, whether or not the DIP Lender knew of the pendency of the appeal, unless such authorization and the incurring of such debt, or the granting of such priority or lien, were stayed pending appeal.

7.  This Court shall retain jurisdiction with respect to all matters arising from or related to the Motion or the implementation of this Order.

8. Notice of the entry of this Order and the date and time of a final hearing on the Debtor's authority to obtain the Post-Petition Financing shall be given within three (3) business days from the date on which this Order is entered to parties on whom service is required by Rule 4001 of the Federal Rules of Bankruptcy Procedure.

9. A final hearing on the Emergency Motion for Order Authorizing Debtor to Obtain Financing shall be held on March 25, 2004 at 9:00 a.m. in Room 2127, Federal Building, 1300 S. Harrison Street, Fort Wayne, Indiana.

Dated this _____ day of _____, 2004.

_____
HONORABLE ROBERT E. GRANT
UNITED STATES BANKRUPTCY JUDGE

AGREED AS TO FORM:

For The Debtor

/s/_____
John R. Burns

For Bank of America, National Association

/s/_____
Grant Shipley

For The Official Unsecured Creditors' Committee

/s/_____
Henry Efroymson

For The DIP Lender

/s/_____
Jerald I. Ancel

133190v4

**DISTRIBUTION**:

Auburn Foundry, Inc.
635 W. Eleventh Street
Auburn, IN 46706

Michael McGauhey
Citizens Gas & Coke Utility
2950 Prospect Street
Indianapolis, IN 46203

Michelle Pezanoski
Fairmount Minerals
PO Box 177
Wedron, IL 60557

Randall A. Miller
DISA Industries, Inc.
80 Kendall Point Drive
Oswego, IL 60543

Curt Howard/Tim Howard
Fire Protection, Inc.
750 W. North Street
Auburn, IN 46706

Robert Overman
Miller & Company LLC
9700 W. Higgins Road, #1000
Rosemont, IL 60018

Office of the U.S. Trustee
1000 E. Wayne Street #555
South Bend, IN 46601

Richard J. Swanson
Macey Swanson & Allman
445 N. Pennsylvania Street #401
Indianapolis, IN 46204-1800

John R. Burns/Mark A. Werling
Baker & Daniels
111 E. Wayne Street #800
Fort Wayne, IN 46802-2603

Grant Shipley
230 W. Main Street
Fort Wayne, IN 46802

Josef S. Athanas
Latham & Watkins
Sears Tower, Suite 5800
233 S. Wacker Drive
Chicago, IL 60606

Jack Randinelli
Auburn City Utilities
210 E. 9th Street
PO Box 506
Auburn, IN 46706

Henry A. Efroymson
Ben T. Caughey
ICE MILLER
One Am. Square Box 82001
Indianapolis, IN 46282-0002

Robert B. Weiss
Tricia A. Sherick
Honigman Miller Schwartz & Cohn
2290 First National Bldg.
660 Woodward Avenue
Detroit, MI 48226

Stephen L. Fink
Barnes & Thornburg
600 One Summit Square
Fort Wayne, IN 46802

Marlene Reich
Sommer Barnard Ackerson
One Indiana Square, Suite 3500
Indianapolis, IN 46204