UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| AUBURN FOUNDRY, INC. ) | CASE NO. 04-10427 |
| ) | |
| DEBTOR ) | |

## DECISION AND ORDER ON MOTIONS TO SHORTEN NOTICE

At Fort Wayne, Indiana, on March 18, 2004.

On March 25, 2004, the court is scheduled to hold final hearings on two separate matters which are pending in this chapter 11 case. The court will consider both the debtor's motion to use cash collateral and its motion for authority to obtain post-petition financing, together with the objections to those requests which have been filed on behalf Bank of America. It appears that some sort of resolution of these disputes may have recently been achieved because the debtor, its DIP lender, the unsecured creditors' committee and the senior secured lenders have all gotten together and filed joint motions for the approval of post-petition financing and for the use of cash collateral. In doing so, they have also asked the court to shorten the notice period during which creditors and parties in interest would have the opportunity to object to these requests from fifteen days down to five days. It is the motions to shorten which are presently before the court.

This court takes a very rigorous approach to requests that it shorten the time parties have to object to various motions that may have an impact upon the bankruptcy estate and, therefore, the rights of creditors. We understand that the chapter 11 process often generates matters which must be heard or noticed on an expedited basis and we are willing to entertain them. Nonetheless, as we have observed on more than one occasion, these types of things present extraordinary requests.

> Accordingly, we must insist that the claimed emergency be real. It must be the product of circumstances which could not be reasonably anticipated or properly prepared for.
>
> Whether an "emergency" exists is determined not by the immediacy of any particular party's need, but, rather by the suddenness with which that need arose. Anything else can only encourage delay, by allowing every last minute request and impending deadline to be transformed into an "emergency," justifying extraordinary action from the court. Parties cannot dally in the administration of a case and then expect the court to extricate them from an uncomfortable situation through an "emergency motion." Matter of Fort Wayne Associates L.P., 1998 W.L. 928419 *1 (Bankr. N.D. Ind. 1998)

Nothing about the present motions to shorten fulfills this standard. The debtor, its senior lenders, the DIP financier, and the unsecured creditors' committee have known about the issues concerning cash collateral and DIP financing for some time. Although the order scheduling the March 25, 2004 hearing was not docketed until March 8, 2004, the date and time for that hearing were selected based upon the convenience of all concerned and were announced in open court on February 27, 2004. The only apparent reason for the request to shorten the notice time is so that the two motions can be noticed out and the opportunity to object to them will expire prior to the hearing of the 25th. While the court can appreciate that the parties may not have reached whatever settlement it is that may have prompted the joint motions until recently, they have known from the outset of this case and throughout their negotiations that such motions require a certain amount of notice to creditors. They should have conducted their negotiations with that time table in mind, rather than asking the court to reconfigure the procedural process to suit their negotiations. "This failure to plan ahead does not rise to the level of a genuine emergency justifying shortened notice or expedited relief." Id.

The court would also note that the debtor is currently operating under interim orders authorizing the temporary use of cash collateral and DIP financing which have been noticed to creditors. Indeed, the issue before the court on the 25th is whether or not the court will allow the debtor to operate under the terms and conditions set forth in those interim orders on a more permanent basis. Nowhere in either

the motions to shorten or the joint motions to approve DIP financing and use of cash collateral do the parties indicate how the terms of the now joint arrangements differ from those under which the debtor is currently operating. Without some information concerning the differences, the court is not in a position to determine whether additional notice would be required. Remember, the existing interim orders have already been noticed to creditors. Unless the terms and conditions of the joint arrangements all parties now want the court to approve are meaningfully different from those the debtor is currently operating under, it might be possible to completely dispense with any further notice. Beyond this, even if notice would be required, no one has suggested why the debtor could not be allowed to operate under the terms of the existing interim orders pending consideration and approval of the parties' joint motions.

Since there is not sufficient cause to shorten the otherwise applicable notice period with regard to the joint motions to approve cash collateral and authorize post-petition financing, the motions to shorten are DENIED.

SO ORDERED.

/s/ Robert E. Grant
Judge, United States Bankruptcy Court