UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| IN THE MATTER OF: | ) |
| | ) |
| AUBURN FOUNDRY, INC. | )  CASE NO. 04-10427 |
| | )  CHAPTER 11 |
| Debtor | ) |

AFFIDAVIT OF JEFFREY C. ROSE IN SUPPORT
OF DEBTOR'S APPLICATION TO EMPLOY
MELLON CONSULTANTS, INC.
AS ACTUARIAL CONSULTANTS TO THE DEBTOR

STATE OF INDIANA     )
                     ) ss.:
COUNTY OF ALLEN      )

Jeffrey C. Rose, being sworn, deposes and says:

1. I am a Principal with Mellon Consultants, Inc. ("Mellon"), a professional services firm with offices located at 202 West Berry Street, Suite 700, Fort Wayne, IN 46802, and I make this affidavit on behalf of Mellon (the "Affidavit"). I submit this Affidavit in support of the application of the Debtor in the above-captioned chapter 11 case for an Order authorizing the employment and retention of Mellon as actuarial consultants (the "Application") to provide the services described below for Auburn Foundry, Inc. (the "Company," or the "Debtor") in this chapter 11 case, and to provide the disclosures required under section 329 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), the rules of this Court, and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The facts set forth in this Affidavit are based upon either my personal knowledge, or in certain cases, upon information and belief, and upon client matter records kept in the ordinary course of business, which were reviewed by me or another employee of Mellon under my supervision and direction.

2. Mellon, a subsidiary of Mellon Financial Corporation ("MFC"), has been providing human resources consulting since 1916. Mellon ranks among the top five global human resource

consulting firms, with over 50 offices in 16 countries. Mellon employs approximately 3,000 professionals who serve over 5,000 clients throughout the world. Mellon's service areas include compensation, retirement programs, employee benefits, benefits administration outsourcing consulting, actuarial services, human resources management and communication consulting. Given Mellon's background and expertise, Mellon is well-qualified and able to provide services to the Debtor in an efficient and timely manner. Mellon possesses a unique blend of technical resources and professional expertise and has the backing, resources and complementary services of MFC. Mellon has extensive experience in bankruptcy proceedings under chapter 11 of the Bankruptcy Code, advising debtors, creditors and other parties-in-interest. Mellon has participated in numerous chapter 11 cases including, among others, LTV Steel Corporation; Owens Corning, Budget Group, Inc., Polaroid Corporation, Republic Technologies International LLC, Special Metals Corporation and Galey & Lord Inc. Given Mellon's experience in reorganization cases, familiarity with the Debtor and its operations, Mellon has the ability to perform the services needed, effectively, expeditiously and efficiently for the benefit of the Debtor.

3. In connection with Mellon's proposed retention by the Debtor, Mellon has requested and obtained from the Debtor and/or its counsel the names the Debtor's twenty largest creditors, secured creditors, unsecured creditors, Debtor's professionals and other significant parties in interest (the "Potential Parties-in-Interest).

4. Mellon has compared the names of the Potential Parties-in-Interest to its own internal client database containing names of individuals and entities that are present or recent former clients of Mellon to identify potential relationships and to determine whether Mellon has provided in the recent past, or is presently providing, services to the Potential Parties-in-Interest. A summary of such potential client relationships is annexed hereto as Schedule "1".

5. Based on the results of the forgoing relationship search conducted to date as described above, Mellon insofar as I have been able to ascertain, has no connection with the above-captioned Debtor, or the their creditors, equity security holders, Potential Parties-In-Interest other parties-in-interest

(as reasonably known to us) or their respective attorneys, except as disclosed or otherwise described herein or on Schedule "1." Consequently, I believe Mellon is a "disinterested person" as that term is defined in section 101(14), as modified by section 1107(b) of the Bankruptcy Code.

6.  As a result of the forgoing procedures, I have ascertained that, upon information and belief, Mellon has the following connections with the Debtor and the Potential Parties-In-Interest.

   a. Mellon has provided and likely will continue to provide services unrelated to the Debtor's case for various entities shown on Schedule "1." Our assistance to these parties has been primarily related to human resource, employee benefits and and/or other consulting services. To the best of my knowledge, no services have been provided to these creditors or other parties-in-interest which could impact their rights in the Debtor's case, nor does Mellon's involvement in this case compromise its ability to continue such in connection with the consulting services to be related to the Debtor.

   b. Further, as part of its diverse practice, Mellon appears in numerous cases, proceedings and transactions that involve many different professionals, including attorneys, accountants and financial consultants, who may represent claimants and Parties-In-Interest in the Debtor's chapter 11 case. Additionally, Mellon has performed in the past, and may perform in the future, human resource and employee benefit consulting services for various attorneys and law firms in the legal community, and has been represented by several attorneys and law firms in the legal community, some of whom may be involved in this proceedings. In addition, Mellon has in the past, may currently and will likely in the future be working with or against other professionals involved in this cases in matters unrelated to the Debtor and this case. Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these business relationships create interests materially adverse to the Debtor or its estate herein in matters upon which Mellon is to be employed.

   c. To the best of my information and belief, Mellon does not represent any interest adverse to the Debtor and will not represent any entity other than the Debtor in connection with this chapter 11 case. The Debtor has many creditors and other parties-in-interest and, accordingly, Mellon may have rendered in the past, may render presently, or may render in the future, professional services to certain of these creditors or parties-in- interest or may have been involved in matters in which attorneys for these creditors or parties-in-interest have been, are, or were also involved. Similarly, Mellon's many principals and employees may have business associations with certain of these creditors, which have no connection with these proceedings. Mellon will not accept any engagement, which would require Mellon to represent an interest adverse to Debtor in any way relating to the matters in connection with which Mellon is to be engaged in this chapter 11 case. In the ordinary course of its business, Mellon may also engage counsel or other professionals in unrelated matters who now represent, or who may in the future represent, creditors or other interested parties in this proceeding.

7. As such, to the best of my knowledge, I believe that none of the representations recited above or set forth in annexed Schedule "1" would give rise to a finding that Mellon represents or holds an interest adverse to the Debtor with respect to the services for which Mellon would be retained.

8. Further, to the best of my knowledge, none of Mellon's employees have any relationship or any connection to the judge assigned in this case, the U.S. Trustee or any person employed in the Office of the U.S. Trustee in this District.

9. If any new relevant facts or relationships are discovered or arise, Mellon will promptly file a Bankruptcy Rule 2014(a) Supplemental Affidavit.

10. Subject to this Court's approval in accordance with sections 330 and 331 of the Bankruptcy Code, such Federal Rules of Bankruptcy Procedure as may be applicable, the rules of this Court, and such other procedures as may be fixed by the Court, compensation will be payable to Mellon on an hourly basis, plus reimbursement of actual and necessary expenses incurred by Mellon. Mellon's professionals who are likely to provide services to the Debtor in this case have current standard hourly rates ranging between $250 and $550. These hourly rates are subject to periodic adjustments to reflect economic and other conditions.

11. The hourly rates that Mellon will use to calculate its fees for these professional services are as set forth below:

**Schedule of Hourly Fees**

| Level | Title | Rate |
|---|---|---|
| Level 1: | Principals | $450 - $550 per hour |
| Level 2: | Associate Principals | $350 - $450 per hour |
| Level 3: | Senior Consultants | $300 - $350 per hour |
| Level 4: | Consultants | $250 - $300 per hour |
| Level 5: | Senior Associates | $200 - $250 per hour |
| Level 6: | Associates | $150 - $200 per hour |
|  | Hourly Employees | $100 per hour |

FWIMAN1 329707v1

12. The hourly rates that will be charged in this case are Mellon's standard hourly rates for work of this nature and I believe consistent with the fees charged by other professional consulting services firms with respect to rendering similar services for clients such as Auburn Foundry.

13. In addition to compensation for professional services rendered by Mellon, Mellon shall seek reimbursement for reasonable administrative charges incurred in connection with the services rendered to the Debtor. Reimbursable expenses will include, but not be limited to, use of telephone and facsimile; mailings; duplication and printing; research and report preparation; administrative support; and out-of-pocket expenses for such representative costs as consultant travel, meals and lodging.

14. This Affidavit is intended to comply with Bankruptcy Rule 2016(b). Mellon intends to apply to this Court for compensation for professional services rendered in connection with this case.

15. No commitments have been made or received by Mellon, nor any principal or employee thereof, as to compensation or payment in connection with this case other than as set forth herein.

16. Mellon has not shared or agreed to share any of its compensation from the Debtor with any other person, other than a principal of Mellon as permitted by section 304 of the Bankruptcy Code.

17. Neither I, Mellon, nor any officer or director thereof, insofar as I have been able to ascertain, represents any interest adverse to the Debtor or its estate in the mater regarding which Mellon is to be engaged. Except as may be stated above, I believe Mellon is a "disinterested person" as that term is defined in section 101(14), as modified by section 1107(b), of the Bankruptcy Code.

18. By reason of the foregoing, I believe Mellon is eligible for employment and retention by the Debtor pursuant to sections 327 (as modified by section 1107(b)) and 328 of the Bankruptcy Code and the applicable Bankruptcy Rules.

_____
Jeffrey C. Rose
Principal

Sworn to before me this
26th day of March, 2004

_____
Notary Public

FWIMAN1 329707v1

5

Schedule "1"

AUBURN FOUNDRY, INC.
GENERAL MOTORS CORPORATION
IBM CORPORATION
0 C TANNER
AIRBORNE EXPRESS
ALRO STEEL CORPORATION
BLISS CLEARING NIAGRA, INC.
CITIZENS GAS & COKE UTILITIES
CORE TECH INC
CURTIS 1000
D.A.S. SERVICES, INC.
DAVID J. JOSEPH COMPANY
DEKALB MEMORIAL HOSPITAL
DELL FINANCIAL SERVICES, L.P.
FAIRMOUNT MINERALS
HARBOR METAL, INC
HERAEUS ELECTRO-NITE COMPANY
IBM CREDIT CORPORATION
IBM CREDIT LLC
INDUCTOTHERM CORP

INGERSOLL-RAND CO
LOUIS PADNOS IRON & METAL CO.
MAGMA FOUNDRY TECHNOLOGIES
MAGNECO METREL INC
MATERIALS HANDLING EQUIP C
METALTEC STEEL ABRASIVE CO
MONITOR TECHNOLOGIES LLC
MOTION INDUSTRIES INC
NES RENTALS
R I LAMPUS CO
REFCO INC
RENCO MACHINE CO INC
SAFETY - KLEEN CORP
SAFETY-KLEEN SYTEM, INC.
SHERRY LABORATORIES
STERICYCLE INC
TAYLOR RENTAL AUBURN
UNITED PARCEL SERVICE
VESUVIUS USA CORP.
WHEELABRATOR CANADA INC.

6