IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| AUBURN FOUNDRY, INC. | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | BK Case No. 04-10427 |

**MOTION FOR APPROVAL OF INSURANCE FINANCE AGREEMENT
WITH SECURITY INTEREST, ADEQUATE PROTECTION,
AND MODIFICATION OF THE AUTOMATIC STAY**

Auburn Foundry, Inc. ("AFI" or the "Debtor"), Debtor-in-Possession herein, by counsel, submits this Motion for Approval of Insurance Finance Agreement with Security Interest, Adequate Protection, and Modification of the Automatic Stay (the "Motion"), and in support thereof, states as follows:

1. On February 8, 2004, the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtor is operating its business and managing its financial affairs as Debtor-in-Possession. A committee of unsecured creditors has been appointed.

3. It is necessary for the Debtor to maintain adequate insurance coverage.

4. The Debtor is unable to obtain insurance financing on terms more favorable than those set forth herein.

5. The Debtor is prepared to execute a Premium Finance Agreement and Disclosure Statement with First Insurance Funding Corp. ("FIFC") for the financing of the Debtor's insurance coverage upon court approval. A copy of the Premium Finance Agreement is attached hereto as Exhibit A.

6. Pursuant to the Insurance Premium Finance Agreement, FIFC will provide financing to Debtor for the purchase of various insurance policies providing coverage essential for the operation of Debtor's business (the "Policies"). Under the Insurance Premium Finance Agreement, the amount financed is $293,076.00. By virtue of the Insurance Premium Finance Agreement, Debtor will become obligated to pay to FIFC the sum of $299,034.00, including a finance charge, in nine (9) monthly installments of $33,226.00 each. The first payment under the Insurance Premium Finance Agreement is due on May 1, 2004, and the subsequent payments are due on or about the first day of each succeeding month. As collateral to secure the repayment of the indebtedness due under the Insurance Premium Finance Agreement, Debtor is granting FIFC a security interest in, among other things, the unearned premiums of the Policies. The Insurance Premium Finance Agreement provides that the law of Illinois governs the transaction. The policy shall become effective immediately upon the execution thereof; provided, however, the security interest granted therein shall become effective only upon entry of an Order granting this Motion.

7. Pursuant to the terms of the Insurance Premium Finance Agreement, Debtor is appointing FIFC as its attorney-in-fact with the irrevocable power, subject to 15 days written notice, to cancel the policies and collect the unearned premium in the event Debtor is in default of its obligations under the Insurance Premium Finance Agreement. The 15-day period set forth herein shall begin on the date FIFC mails the Debtor certified written notice.

8. The Debtor believes that the terms of the Premium Finance Agreement are commercially fair and reasonable. Without insurance, the Debtor would be forced to cease operations.

FWIMAN1 330239v1

9. Debtor and FIFC have reached an agreement that the adequate protection appropriate for this situation would be as follows:

  a) Debtor be authorized to timely make all payments due under the Insurance Premium Finance Agreement and FIFC be authorized to receive and apply such payments to the indebtedness owed by Debtor to FIFC as provided in the Insurance Premium Finance Agreement.

  b) If Debtor does not make any of the payments due under the Insurance Premium Finance Agreement as they become due, the automatic stay shall, after 15 days written notice and an opportunity to cure, lift to enable FIFC and/or third parties, including insurance companies providing the coverage under the Policies, to take all steps necessary and appropriate to cancel the Policies, collect the collateral and apply such collateral to the indebtedness owed to FIFC by the Debtor. In exercising such rights, FIFC and/or third parties shall comply with the notice and other relevant provisions of the Insurance Premium Finance Agreement. The 15-day period described herein shall begin to run on the date FIFC mails the Debtor certified written notice.

WHEREFORE, AFI respectfully requests, pursuant to §§ 364(c)(2) and/or (3), the entry of an Order authorizing it to enter into the Insurance Premium Finance Agreement with FIFC and the Debtor and FIFC be authorized and directed to take all actions necessary or appropriate to affect said agreement and for such other and further relief as each party may show itself justly entitled to receive.

FWIMAN1 330239v1

BAKER & DANIELS

By: /s/ Mark A. Werling
  John R Burns (#3016-02)
  Mark A. Werling (#20426-02)
  111 East Wayne Street, Suite 800
  Fort Wayne, Indiana 46802
  Telephone:  (260) 420-8000
  Facsimile:  (260) 460-1700

ATTORNEYS FOR THE DEBTOR,
AUBURN FOUNDRY, INC.

FWIMAN1 330239v1