UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| AUBURN FOUNDRY, INC., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | BK Case No. 04-10427 |

**LIMITED OBJECTION OF BANK OF AMERICA, N.A., TO DEBTOR'S (I) MOTION TO APPROVE POST-PETITION FINANCING, (II) MOTION TO REJECT EXECUTORY CONTRACT AND (III) MOTION TO APPROVE COMPROMISE**

Bank of America, National Association ("BofA"), as agent for the pre-petition secured lenders (the "Lenders"), parties in interest in the chapter 11 case (the "Chapter 11 Case") of the above-captioned debtor and debtor-in-possession (the "Debtor"), by and through its undersigned counsel, hereby files this limited objection (the "Limited Objection") to the Debtor's (i) Motion to Approve Post-Petition Financing (the "GM Post-Petition Financing Motion"), (ii) Motion to Reject Executory Contract (the "Rejection Motion"), and (iii) Motion to Approve Compromise (the "Motion to Approve Compromise" and, together with the Rejection Motion and the GM Post-Petition Financing Motion, the "GM Motions"). Despite filing this Limited Objection, the Lenders remain willing to work towards a consensual resolution of the GM Motions that will allow the parties to submit a revised Agreement (defined below) and agreed orders to the Court. In support of this Limited Objection, the Lenders respectfully represent as follows:

**INTRODUCTION**

1.   On February 8, 2004 (the "Petition Date"), Auburn Foundry, Inc. ("Auburn") commenced its bankruptcy case (the "Chapter 11 Case") by filing a voluntary petition in the Bankruptcy Court for the Northern District of Indiana, Fort Wayne Division (the "Bankruptcy Court"). Since that time, the Debtor has continued in possession of its property and

CH\679956.1

has operated and managed its business, as a debtor in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

      2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  On February 12, 2004, the United States Trustee appointed an official committee of unsecured creditors (the "Creditors' Committee") in this case.  No trustee or examiner have been appointed in this Chapter 11 Case.

## BACKGROUND

      3.      The Lenders and Auburn (the "Borrower"), are party to that certain financing and security agreement, dated as of April 10, 2000 (as amended, supplemented or otherwise modified prior to the commencement of this chapter 11 case, the "Pre-Petition Credit Agreement") and all collateral and ancillary documents executed in connection therewith (the "Pre-Petition Loan Documents").  On the Petition Date, approximately $23,622,422.98 in principal amount was outstanding under the Pre-Petition Credit Agreement (plus interest, fees, charges, costs and other expenses) (the "Pre-Petition Indebtedness").

      4.      As set forth in the Pre-Petition Loan Documents, the Pre-Petition Indebtedness is secured by enforceable liens and security interests granted by the Debtor to the Lenders, upon and in substantially all of the Debtor's tangible and intangible assets and property, including, but not limited to, all of the Debtor's real property and all of the Debtor's other assets and property in which a security interest can be obtained under the Uniform Commercial Code, including without limitation, equipment, inventory, accounts receivable, instruments, chattel paper, general intangibles, contracts, documents of title, and all other tangible and intangible personal property and the proceeds and products thereof.

CH\679956.1

**THE GM MOTIONS**

5.      On March 24, 2004, the Debtor filed (i) the GM Post-Petition Financing Motion in which, among other things, the Debtor seeks approval of a $100,000 loan from General Motors Corporation ("GM") in connection with an accommodation agreement with GM (the "Agreement"), (ii) the Rejection Motion in which, among other things, the Debtor seeks approval to reject certain pre-petition supply agreements with GM which are to be replaced by the Agreement, and (iii) the Compromise Motion in which, among other things, the Debtor seeks approval of the Agreement, including, without limitation, certain price increases and a resolution of claims resulting from the rejection of the pre-petition supply agreements.

**LIMITED OBJECTION**

6.      As drafted, the Agreement, which is the premise of the GM Motions, depletes the Lenders' collateral granted to them in the Pre-Petition Loan Documents without the Lenders' consent or adequate protection. Among other things, the Agreement calls for a $150,000 set-off against the Lenders' collateral without the Lenders' consent and a $100,000 loan that could be set-off against post-petition accounts receivable thereby priming the Lenders' loans without the Lenders' consent or adequate protection. Also without the Lenders' consent, the Agreement seeks to grant GM ownership rights in tooling and a right to remove such tooling upon which the Lenders may have a first priority lien.

7.      The Lenders are negotiating with GM and the Debtor regarding the GM Motions and are optimistic that, prior to the hearing (the "Hearing") on the GM Motions, the parties will reach an agreement on the remaining issues regarding the relief requested by the Debtor in the GM Motions and in the Agreement. If an agreement is reached, the Lenders will not object to the GM Motions and the parties will submit a revised Agreement and agreed orders to the Court at or prior to the Hearing. However, at this time, the Lenders must reserve their

rights to object to the GM Motions at the Hearing and file such other pleadings or seek such other relief as the Lenders deem appropriate.

## NOTICE

8. Notice of this Limited Objection has been provided via electronic filing or first class mail to (i) the Office of the United States Trustee for the Northern District of Indiana, (ii) counsel to the Debtor and counsel to the subordinated lenders, (iii) counsel to the Creditors' Committee, (iv) counsel to GM, and (v) to those parties who have filed a request for papers in this Chapter 11 case. BofA submits that given the circumstances and the nature of the relief requested herein, no other or further notice is required.

<u>April 14, 2004</u>                              Respectfully submitted,


   <u>/s/ Grant F. Shipley</u>
Grant Shipley
SHIPLEY & ASSOCIATES
233 West Baker Street
Fort Wayne, Indiana  46802
(260) 422-2700

and

Josef S. Athanas
Caroline A. Reckler
LATHAM & WATKINS, LLP
233 South Wacker Drive
Sears Tower, Suite 5800
Chicago, Illinois  60606
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767

Attorneys of Bank of America, N.A.

4

CH\679956.1

## CERTIFICATE OF SERVICE

I certify that on the 14th day of April, 2004, service of a true and exact copy of the above and foregoing pleading was served electronically through the Court's ECF system to:

| | | |
|---|---|---|
| Becket & Lee, LLP | Stephen E. Lewis | Ellen L. Triebold |
| John R. Burns | Marlene Reich | Mark Werling |
| Henry A. Efroymson | Tricia A. Sherick | |
| Steve Fink | Richard J. Swanson | |

And by depositing same in the United States Mail in envelopes properly addressed to them and with sufficient first class postage affixed to:

Lawrence S. Crowther
6055 Rockside Blvd., Ste. 200
Cleveland, OH 44131

Honigman Miller Schwartz & Cohn, LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226

   */s/ Grant F. Shipley*
Grant F. Shipley