UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| AUBURN FOUNDRY, INC., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | BK Case No. 04-10427 |

**JOINT PRE-TRIAL ORDER REGARDING TRIAL OF ISSUES RAISED
BY BANK OF AMERICA'S MOTION FOR ADEQUATE PROTECTION**

The Debtor, Auburn Foundry, Inc. ("AFI" or "Auburn Foundry" or the "Debtor"),

and Bank of America, National Association ("BofA"), acting as collateral agent for itself and

GMAC Commercial Finance, LLC (collectively, the "Senior Lenders"), submit this Joint

Pre-trial Order ("Pre-Trial Order") with regard to BofA's motion for adequate protection.  For

their Pre-trial Order, AFI and the Senior Lenders state:

1.      Counsel for the parties have conferred in preparation for submitting this

Pre-Trial Order.

## A.  Jurisdiction

2.      Jurisdiction was conceded by counsel and found by the Court to be

present.  This matter is a core proceeding under 28 U.S.C. § 157(b).

## B.  Pending Motions

3.      BofA filed a Motion to Require Debtor to Provide Adequate Protection

Pursuant to 11 U.S.C. §§ 361 and 363(e) (the "Motion") on or about March 5, 2004, and a pre-

trial conference was held on March 26, 2004 to consider the issues raised by the Motion.  The

Court scheduled a trial of the matter for April 19, 2004.

4.      The issue for trial is whether the Senior Lenders are entitled to adequate

protection for the alleged diminution in the value of the Debtor's fixed assets and, if so, the

appropriate form and amount of such protection.  In this Pre-Trial Order, AFI and the Senior

Lenders set forth their respective contentions with respect to these issues.

## C.  <u>Summary of Each Party's Theory of the Case</u>

<u>Auburn Foundry's Contentions</u>:

5.      Since the Petition Date, AFI has operated within one or more budgets (the

"Cash Use Budgets") approved by the Court and/or consented to by the Senior Lenders.

6.      AFI's performance has consistently met or exceeded the Cash Use

Budgets.

7.      AFI expects to continue operating within the confines of the Cash Use

Budgets through and including April 19, 2004, and thereafter, under longer-term cash collateral

and DIP Financing arrangements.

8.      Pursuant to an Interim Order of this Court dated February 10, 2004, as

extended by a Second Interim Order dated March 20, 2004, AFI received authority to obtain

Post-Petition Financing (as further defined therein).  To date, AFI has utilized Post-Petition

Financing to meet its cash needs, all without affecting the Senior Lenders' alleged security

interests in AFI's assets.

9.      No determination has been made by this Court concerning the validity,

extent, or priority of the Senior Lenders' alleged liens, although the Senior Lenders bear the

burden of proof on each of these issues pursuant to Section 363(o) of the Bankruptcy Code.

10.     AFI contends that it can successfully reorganize its business.  It is

preparing a Plan of Reorganization for filing well in advance of the expiration of the exclusivity

period.  Based upon its projections for future operations, AFI believes its Plan will be feasible

and have a reasonable likelihood of being confirmed.

11.    The Senior Lenders' Motion assumes, but does not specifically allege, that AFI's operations will cause a diminution in the value of certain fixed assets, nor does it purport to quantify such diminution or propose a specific form of adequate protection.  In fact, the Senior Lenders' proposed order sought, in effect, declaratory relief and left a blank space for specific protection.  AFI believes, in the absence of such specificity, that the Motion is legally insufficient.

12.    "[I]n some instances in which the value of the collateral is not declining, nothing more than insurance, taxes, and appropriate reporting may be needed to protect the value of the secured position."  Collier on Bankruptcy, ¶ 361.03 (2003).

13.    It is unclear whether the Senior Lenders believe an equity cushion exists with respect to the assets at issue.  If so, "some decrease in value in the collateral may occur with the allowed secured claim . . . remaining adequately protected."  Collier on Bankruptcy, ¶ 361.03 (2003).

14.    AFI submits that the Senior Lenders are adequately protected or, alternatively, should be required to re-plead and identify more specifically the relief to which they are allegedly entitled.

15.    AFI has access to, and is already utilizing, Court-approved Post-Petition Financing which provides a source of cash for operational needs without affecting the Senior Lenders' alleged security interests.

**<u>Senior Lenders' Contentions</u>:**

16.    The Senior Lenders and AFI are party to that certain financing and security agreement, dated as of April 10, 2000 (as amended, supplemented or otherwise modified prior to the commencement of this chapter 11 case, the "Pre-Petition Credit Agreement") and all

FWIMAN1 332534v1

collateral and ancillary documents executed in connection therewith (the "Pre-Petition Loan Documents").

17.    On the Petition Date, approximately $23,622,422.98 in principal amount was outstanding under the Pre-Petition Credit Agreement (plus interest, fees, charges, costs and other expenses) (the "Pre-Petition Indebtedness").

18.    As set forth in the Pre-Petition Loan Documents, the Pre-Petition Indebtedness is secured by enforceable liens and security interests granted by the Debtor to the Lenders, upon and in substantially all of the Debtor's tangible and intangible assets and property, including, but not limited to, all of the Debtor's real property and all of the Debtor's other assets and property in which a security interest can be obtained under the Uniform Commercial Code, including without limitation, equipment, inventory, accounts receivable, instruments, chattel paper, general intangibles, contracts, documents of title, and all other tangible and intangible personal property and the proceeds and products thereof.

19.    The Senior Lenders' liens and security interests are valid, perfected and have priority over all other liens and security interests.

20.    Since the Petition Date, the Debtor has continued to use the Debtor's fixed assets which include, without limitation, the Debtor's machinery, equipment, parts inventory and real property (collectively the "Fixed Assets") to operate its business.

21.    AFI's operations have caused and will continue to cause a diminution in the value of the Fixed Assets.

22.    The Debtor has not made any post-petition payments to the Lenders or offered any adequate protection for the diminution in value of the Fixed Assets.

### D.  **Uncontested Facts**

23.     AFI has operated within the confines of Court-approved Cash Use Budgets since the Petition Date.

### E. **Contested Issues**

24.     Whether the Senior Lenders have met their burden of proof as to the validity, priority, and extent of their alleged security interests in AFI's assets.

25.     Whether the Debtor has met its burden of proof that the Senior Lenders are adequately protected.

### F.  **Exhibits**

26.     The parties incorporate by reference as part of the record of this proceeding the record of the preliminary hearing on the Debtor's motion for the use of Cash Collateral held on February 13, 2004, including the transcript of the testimony, all exhibits admitted into evidence, and the ruling of the Court.  The parties also jointly identify all transcripts, pleadings, orders, or other documents of record filed in this Chapter 11 case.

**Auburn Foundry's Exhibits:**

27.     The Cash Use Budgets and AFI's post-petition operating reports.

28.     AFI's pre-petition forecasts and actual operating reports.

29.     AFI's internally prepared balance sheets and related reports evidencing AFI's secured and unsecured liabilities.

30.     Documents produced by BofA which evidence, refer, or relate to valuations of the Debtor's assets, including fixed assets.

31.     AFI's cash use forecasts for periods beyond the Cash Use Budgets.

32.     Updated Cash Flow.

5

33.     All pleadings and exhibits by any party filed in AFI's Chapter 11 case, including Schedules identifying values of the Debtor's assets, and any documents which evidence or refer to the basis for such valuations.

34.     All exhibits identified by the Senior Lenders.

**Senior Lenders' Exhibits:**

35.     Any reports prepared by the Senior Lenders' experts, investment advisors and/or outside consultants familiar with AFI's prior cash use, post-petition financial forecasts, business operations and asset valuations and any documents used or reviewed in preparation of such reports.

36.     All pleadings and exhibits filed by any party in AFI's Chapter 11 case or admitted into evidence at any prior hearing in AFI's Chapter 11 case.

37.     All exhibits identified by the Debtor.

### G.    Witnesses

**Auburn Foundry's Potential Witnesses:**

38.     Dennis Maude.

39.     Tom Woehlke.

40.     Experts, investment advisors and/or outside consultants familiar with AFI's prior cash use, post-petition financial forecasts, and asset valuations.

41.     All witnesses identified by the Senior Lenders.

**Senior Lenders' Potential Witnesses:**

42.     Debra Rathberger, Senior Vice President and Portfolio Manager at Bank of America, N.A.

43.     Any experts retained by the Senior Lenders for the purpose of evaluating the Debtor's operations, budgets and the Senior Lenders' collateral.

6

FWIMAN1 332534v1

44.    All witnesses identified or called by Debtor.

### H.  Trial Date

A Trial on BofA's motion for adequate protection is set for April 19, 2004 at 9:00 a.m.

SO ORDERED this ____ day of _____, 2004.

_____
United States Bankruptcy Judge

CONSENTED TO AND ENTRY REQUESTED:

/s/ John R Burns, III _____          /s/ Grant F. Shipley _____
John R Burns, III                               Grant F. Shipley
Mark A. Werling                                 233 West Baker Street
111 East Wayne Street, Suite 800                Fort Wayne, IN  46802-3413
Fort Wayne, IN  46802                           Telephone:  (260) 422-2700
Telephone:  (260) 424-8000

ATTORNEYS FOR                                   ATTORNEYS FOR
AUBURN FOUNDRY, INC.                            THE SENIOR LENDERS