UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| AUBURN FOUNDRY, INC., | ) | CASE NO. 04-10427 |
| | ) | CHAPTER 11 |
| Debtor. | ) | |

**ORDER AUTHORIZING NUNC PRO TUNC RETENTION
OF MELLON CONSULTANTS, INC.
AS ACTUARIAL CONSULTANTS TO THE DEBTOR**

Upon the Application, dated March 30, 2004 (the "Application"), of the above-captioned debtor-in-possession ("AFI" or the "Debtor"), for entry of an order, pursuant to sections 327(a), 328 and 1107(b) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtor to retain Mellon Consultants, Inc. ("Mellon"), as its actuarial consultants in its chapter 11 case; and upon the affidavit of Jeffrey C. Rose, a Principal of Mellon (the "Affidavit"), which is annexed to the Application, and notice having been given to the parties identified in the Application; and it appearing that no other or further notice is required or necessary; and the Court being satisfied that Mellon does not hold or represent an interest adverse to the Debtor's estate and that Mellon is a "disinterested person" as such term is defined under section 101(14), as modified by section 1107(b), of the Bankruptcy Code, and that the employment of Mellon as actuarial consultants for the Debtor is necessary and in the best interests of the Debtor and its estate, creditors and interest holders; and after due deliberation and sufficient cause appearing therefore,

FWIMAN1 329967v1

**FINDS THAT**

a.  Mellon and each of its members and associates represent no interest adverse to the Debtor's estate such that would disqualify Mellon from serving the Debtor in this chapter 11 case;

b.  Mellon and each of its members and associates is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code; and

c.  The retention of Mellon as the Debtor's actuarial consultants is in the best interests of the Debtor and its estate, creditors, and interest holders; and it is therefore

**ORDERED, ADJUDGED AND DECREED THAT:**

1.  Pursuant to sections 327(a) and 1107(b) of the Bankruptcy Code, the Debtor is authorized to retain Mellon *nunc pro tunc* to March 19, 2004 as actuarial consultants to perform the services set forth in the Application.

2.  Mellon shall be compensated in accordance with the Affidavit, annexed to the Application, subject to sections 330 and 331 of the Bankruptcy Code, such Federal Rules of Bankruptcy Procedure as may be applicable from time to time, the rules of this Court and such procedures as may be fixed by order of this Court.

3.  Mellon shall provide such additional disclosure as set forth in the Application and as it necessary or appropriate.

Dated:  May 25, 2004 at Fort Wayne, Indiana.

    /s/ Robert E. Grant
HONORABLE ROBERT E. GRANT
UNITED STATES BANKRUPTCY JUDGE

FWIMAN1 329967v1

**BAE SYSTEMS**
**Enterprise Systems Incorporated**
11487 Sunset Hills Road
Reston, Virginia 20190-5234

# CERTIFICATE OF SERVICE

```
District/off: 0755-1         User: mjc              Page 1 of 1            Date Rcvd: May 25, 2004
Case: 04-10427               Form ID: pdf004        Total Served: 1

The following entities were served by first class mail on May 27, 2004.
dbpos     +Auburn Foundry, Inc.,    635 W. Eleventh Street,   Auburn, IN 46706-2199

The following entities were served by electronic transmission.
NONE.                                                                                     TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                     TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: May 27, 2004**                    Signature:     _Joseph Speetjens_