IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| AUBURN FOUNDRY, INC. | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | BK Case No. 04-10427 |

**AMENDED MOTION FOR APPROVAL OF INSURANCE FINANCE
AGREEMENT WITH SECURITY INTEREST, ADEQUATE
PROTECTION, AND MODIFICATION OF THE AUTOMATIC STAY**

Auburn Foundry, Inc. ("AFI" or the "Debtor"), Debtor-in-Possession herein, by counsel, submits this Amended Motion for Approval of Insurance Finance Agreement with Security Interest, Adequate Protection, and Modification of the Automatic Stay (the "Motion"), with the support of the Senior Lenders and AFI Lending, each as defined more fully in the Final Orders entered herein between May 12, 2003 and May 13, 2004. The Unsecured Creditors Committee ("Committee") has no objection to the relief sought herein or the waiver of further notice.

**Introduction**

The Debtor respectfully submits this Amended Motion to seek immediate approval of a financing agreement for its insurance coverage. The Debtor previously served notice of the Motion to the parties in interest identified below with twenty (20) days notice and opportunity to object. The Senior Lenders and AFI Lending both support approval of the Motion without further notice. Such approval is necessary to ensure the Debtor's continued access to insurance coverage. Rule 4001(d)(4) expressly contemplates that agreements such as this can be approved without further notice if adequate notice has previously been given.

FWIMAN1 338017v1

**Basis for Motion**

1.     On February 8, 2004, the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2.     The Debtor is operating its business and managing its financial affairs as Debtor-in-Possession.  A committee of unsecured creditors has been appointed.

3.     It is necessary for the Debtor to maintain adequate insurance coverage.

4.     The Debtor is unable to obtain insurance financing on terms more favorable than those set forth herein.

5.     The Debtor is prepared to execute a Premium Finance Agreement (the "Finance Agreement") and Disclosure Statement with First Insurance Funding Corp. ("FIFC") for the financing of the Debtor's insurance coverage upon court approval.  A copy of the Finance Agreement is attached hereto as Exhibit A.

6.     Pursuant to the Finance Agreement, FIFC will provide financing to Debtor for the purchase of various insurance policies providing coverage essential for the operation of Debtor's business (the "Policies").  Under the Finance Agreement, the amount financed is $293,076.00.  By virtue of the Finance Agreement, Debtor will become obligated to pay to FIFC the sum of $299,034.00, including a finance charge, in nine (9) monthly installments of $33,226.00 each.  The first payment under the Finance Agreement is due on May 1, 2004, and the subsequent payments are due on or about the first day of each succeeding month.  As collateral to secure the repayment of the indebtedness due under the Finance Agreement, Debtor is granting FIFC a security interest in, among other things, the unearned premiums of the Policies.  The Insurance Premium Finance Agreement provides that the law of Illinois governs the transaction.  The policy shall become effective immediately upon the execution thereof;

provided, however, the security interest granted therein shall become effective only upon entry of an Order granting this Motion.

       7.       Pursuant to the terms of the Finance Agreement, Debtor is appointing FIFC as its attorney-in-fact with the irrevocable power, subject to 15 days written notice, to cancel the policies and collect the unearned premium in the event Debtor is in default of its obligations under the Insurance Premium Finance Agreement. The 15-day period set forth herein shall begin on the date FIFC mails the Debtor certified written notice.

       8.       The Debtor believes that the terms of the Premium Finance Agreement are commercially fair and reasonable. Without insurance, the Debtor would be forced to cease operations.

       9.       Debtor and FIFC have reached an agreement that the adequate protection appropriate for this situation would be as follows:

    a)    Debtor be authorized to timely make all payments due under the Insurance Premium Finance Agreement and FIFC be authorized to receive and apply such payments to the indebtedness owed by Debtor to FIFC as provided in the Insurance Premium Finance Agreement.

    b)    If Debtor does not make any of the payments due under the Insurance Premium Finance Agreement as they become due, the automatic stay shall, after 15 days written notice and an opportunity to cure, lift to enable FIFC and/or third parties, including insurance companies providing the coverage under the Policies, to take all steps necessary and appropriate to cancel the Policies, collect the collateral and apply such collateral to the indebtedness owed to FIFC by the Debtor. In exercising such rights, FIFC

and/or third parties shall comply with the notice and other relevant provisions of the Insurance Premium Finance Agreement. The 15-day period described herein shall begin to run on the date FIFC mails the Debtor certified written notice.

10. The substantive terms of this Amended Motion are identical to those contained in the original Motion.

**<u>Notice</u>**

11. The Debtor originally served notice of the Motion (the "Notice") on April 20, 2004, with twenty days notice and opportunity to object, on a list of creditors and parties in interest consisting of the Debtor's Senior Lenders, Senior DIP Lenders, AFI Lending, the Unsecured Creditors Committee, the United States Trustee, the 20 largest unsecured creditors, and other parties of record in the case.

12. The Debtor sent the Notice in conjunction with this Court's entry of three interim orders (collectively, the "Interim Orders") dated April 19, 2004 (regarding use of cash collateral, Senior DIP Financing, and Junior DIP Financing, respectively), which expressly contemplated this Court's approval of the Premium Finance Agreement. The Interim Order for Senior DIP Financing, which was subsequently approved on a final basis, specifically provides that "other than the liens . . . and the Claims of First Funding Insurance Corp.," no other claims, liens, or security interests "prior to or <u>pari passu</u> with the claims, liens or security interests of the Lenders shall attach to the DIP Collateral . . . without the express written consent of the Lenders."

13. The Debtor served the Notice in the manner described above pursuant to Bankruptcy Rules 4001 and 2002 and, more specifically, Rule 4001(c) (as a motion to obtain credit), Rule 4001(d) (as an agreement respecting the automatic stay, adequate protection, and

credit), and Rule 2002(a)(3) (which excepts agreements under Rule 4001(d) from full notice requirements).

14. On or about May 18, 2004, the Court entered an Order indicating that it would take no action on the Motion until it is served on all creditors and parties in interest. The Debtor recognizes that additional notice would have been utilized but submits, under the circumstances, that notice given to date is sufficient to approve the relief sought herein.

15. The Debtor respectfully seeks approval of the Motion without further notice, in part, because the Premium Financing Agreement permits the Debtor to pay insurance obligations of approximately $293,000 in periodic installments rather than an immediate, lump sum payment. A delay in obtaining approval of that agreement jeopardizes the Debtor's insurance coverage, including specifically a notice of cancellation which could be issued on or about June 1, 2004, and increases the risk that the full outstanding balance will become immediately due and payable.

16. The Amended Motion and, by reference, the Interim Orders, evidence agreement between the Debtor and entities which have liens or interests in property of the estate pursuant to which such entities consent to the creation of a lien senior or equal to such entities' liens within the meaning of Bankruptcy Rule 4001(d)(1). Moreover, Rule 4001(d)(4) expressly states that the Court may approve such an agreement "without further notice if the court determines that a motion made pursuant to this subdivision [4001(d)] was sufficient to afford reasonable notice of the material provisions of the agreement and an opportunity to be heard."

17. The Debtor respectfully submits that based on the prior Notice and entry of interim and final orders expressly contemplating that the Motion will be granted, no further notice is required.

WHEREFORE, the Debtor respectfully requests the entry of an Order, without further notice, authorizing it to enter into the Insurance Premium Finance Agreement with FIFC and that the Debtor and FIFC be authorized and directed to take all actions necessary or appropriate to affect said agreement and for all other just and proper relief.

        BAKER & DANIELS

By: /s/ Mark A. Werling
    John R Burns (#3016-02)
    Mark A. Werling (#20426-02)
    111 East Wayne Street, Suite 800
    Fort Wayne, Indiana 46802
    john.burns@bakerd.com
    mark.werling@bakerd.com
    Telephone:  (260) 420-8000
    Facsimile:  (260) 460-1700

ATTORNEYS FOR THE DEBTOR,
AUBURN FOUNDRY, INC.

**CERTIFICATE OF SERVICE**

I certify that a copy of the Amended Motion for Approval of Insurance Finance Agreement With Security Interest, Adequate Protection, and Modification of the Automatic Stay was served first-class United States mail, postage prepaid, on May 20, 2004 upon the following parties or counsel:

| | |
|---|---|
| Josef S. Athanas<br>Latham & Watkins<br>Sears Tower, Suite 5800<br>233 South Wacker Drive<br>Chicago, IL 60606 | Robert B. Weiss<br>Tricia A. Sherick<br>Honigman, Miller, Schwartz & Cohn, LLP<br>2290 First National Building<br>660 Woodward Avenue<br>Detroit, MI 48226 |
| Jerald I. Ancel<br>Sommer Barnard Ackerson, PC<br>One Indiana Square, Ste. 3500<br>Indianapolis, IN 46204 | Nancy J. Gargula<br>United States Trustee's Office<br>One Michiana Square, 5th Floor<br>100 East Wayne Street<br>South Bend, IN 46601 |

OmniSource Corp-Tusco
2453 Hill Avenue
Toledo, OH 43607

Jack Randinellia
Auburn City Utilities
210 E. 9th Street
P.O. Box 506
Auburn, IN 46707

Bank of America
231 S. LaSalle Street, 16th Floor
Chicago, IL 60697

GMAC Business Credit, LLC
3000 Town Center, Suite 280
Southfield, MI 48075

A.F. Europe, Inc.
635 W. Eleventh Street
Auburn, IN 46706

DeKalb County, Indiana
DeKalb County Assessor, Court House
100 South Main Street
Auburn, IN 46706

Citizens Gas & Coke Utilities
2020 North Meridian Street
Indianapolis, IN 46202

Dauber Company, Inc.
577 North 18th Road
Tonica, IL 61370

UNIMIN Corporation
258 Elm Street
New Canaan, CT 06840

Randall A. Miller
DISA Industries, Inc.
80 Kendall Point Drive
Oswego, IL 60543

Miller and Company
6400 Shafer Court, Suite 500
Rosemont, IL 60018

R I Lampus Co.
816 Railroad Street
Springdale, PA 15144

XRI Testing – Troy
MobileX, LLC
1961 Thunderbird
Troy, MI 48084

Michelle Pezanoski
Fairmount Minerals
P.O. Box 177
Wedron, IL 60557

MP Steel Indiana, LLC
P.O. Box 876
Kendallville, IN 46755

Ashland Chemical Co.
P.O. Box 395
Columbus, OH 43216-0395

Complete Drives, Inc.
1542 W. Auburn Drive
Auburn, IN 46706

Curt Howard
Tim Howard
Fire Protection, Inc.
750 W. North Street., Suite C
Auburn, IN 46706

| | |
|---|---|
| Motion Industries, Inc.<br>3333 East Washington Blvd.<br>Fort Wayne, IN 46862-2149 | Inductotherm Corp.<br>10 Indel Avenue<br>Rancocas, NJ 08073 |
| Grant F. Shipley<br>233 West Baker Street<br>Fort Wayne, IN  46802-3413 | Henry A. Efroymson<br>Ice Miller<br>One American Square<br>Box 82001<br>Indianapolis, IN 46282-0002 |
| Michael McGauhey<br>Citizens Gas & Coke Utility<br>2950 Prospect Street<br>Indianapolis, IN 46203 | Richard J. Swanson<br>Macey Swanson and Allman<br>445 N. Pennsylvania Street, Suite 401<br>Indianapolis, IN 46204-1800 |
| Bostwick-Braun Company<br>1946 North 13th Street<br>Toledo, OH 43624 | Northern Indiana Trading Company<br>P.O. Box 526<br>Auburn, IN  46706 |
| Stephen E. Lewis<br>Haller & Colvin, P.C.<br>444 East Main Street<br>Fort Wayne, IN 46802 | Lawrence S. Crowther<br>Wegman, Hessler & Vanderburg<br>6055 Rockside Woods Blvd., Suite 200<br>Cleveland, OH 44131 |
| Marlin Leasing<br>Northeastern Division<br>124 Gaither Drive, Suite 170<br>Mount Laurel, NJ 08054 | Key Equipment Finance<br>66 So. Pearl Street<br>Albany, NY 12207 |
| Adirondack Leasing Associates, Ltd.<br>620 Washington Avenue<br>Rensselaer, NY 12144 | First Lake Capital and Funding Group, LLC<br>P.O. Box 71356<br>Marietta, GA 30002 |
| OFC Capital Leasing<br>A Division of ALFA Financial Corporation<br>Dept GA00010<br>PO Box 530101<br>Atlanta, GA  30353-0101 | Lake Union Leasing<br>2317 South Tacoma Way<br>Tacoma, WA 98409 |

/s/ Mark A. Werling