UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| AUBURN FOUNDRY, INC., | ) | CASE NO. 04-10427 |
| | ) | CHAPTER 11 |
| Debtor. | ) | |

**APPLICATION TO EMPLOY ERNST & YOUNG
AS TAX SERVICES PROVIDER FOR DEBTOR-IN-POSSESSION**

The above-captioned debtor-in-possession ("AFI" or the "Debtor"), for its application to employ Ernst and Young ("E&Y") as its tax services provider, respectfully represents:

**BACKGROUND**

1. On February 8, 2004 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. The Debtor continues in possession of its property and in management of its business as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. An Unsecured Creditors Committee has been formed.

4. This Court has jurisdiction of this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are Sections 327 and 328 of the Bankruptcy Code.

## RELIEF REQUESTED

5.  By this application and pursuant to Section 327(a) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code, the Debtor seeks to employ Ernst and Young as its accounting consultants to provide tax services.

6.  The Debtor is seeking retention of E&Y *nunc pro tunc* to February 8, 2004.

7.  The Debtor has selected E&Y to serve as it tax services provider because of the extensive experience of E&Y in bankruptcy proceedings under Chapter 11 of the Bankruptcy Code, advising debtors, creditors, and other parties in interest.  Accordingly, the Debtor believes that E&Y is well qualified to serve it in this chapter 11 case.

8.  The Debtor submits that the retention of E&Y under the terms described herein is appropriate under sections 327 and 328 of the Bankruptcy Code.  Section 327(a) of the Bankruptcy Code empowers the trustee, with the court's approval, to employ professionals "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."  11. U.S.C. § 327(a).

9.  Except as set forth in the contemporaneously filed Affidavit of Ronald U. Kaufman (the "Kaufman Affidavit"), a partner in E&Y, to the best of the Debtor's knowledge, the employees of E&Y (a) do not have any connection with the Debtor, its affiliates, its creditors, the Office of the United States Trustee for the Northern District of Indiana, any person employed in the Office of the United States Trustee for the Northern District of Indiana, or any other party in interest, or their respective attorneys and accounts, (b) are "disinterested persons," as that term

is defined in section 101(4) of the Bankruptcy Code, and (c) do not hold or represent any interest adverse to the estates.

   10. As set forth in the Kaufman Affidavit, and to the best of the Debtor's knowledge, information and belief:

  (a) Neither E&Y nor its employees hold or represent an interest adverse to the estate;

  (b) E&Y is not a creditor, an equity holder, or an insider of the Debtor;

  (c) Neither E&Y nor any accountant at the firm is or was an investment banker for any outstanding security of the Debtor;

  (d) Neither E&Y nor its employees are or were within three years before the filing of the Debtor's chapter 11 case, an investment banker for any security of the Debtor, or an accountant for an investment banker in connection with the offer, sale or issuance of any security of the Debtor;

  (e) Neither E&Y nor any of its employees are or were within two years before the Petition Date, a director, officer or employee of the Debtor or of an investment banker of the Debtor;

  (f) E&Y does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor or an investment banker specified in the foregoing paragraphs, or for any other reason.

   11. Section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 of this title by a debtor-in-possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b). To the best of the Debtor's knowledge, the employees of E&Y do not have any connection with the Debtor, its creditors or any other party in interest, or their respective attorneys, except to the extent set forth in the Kaufman Affidavit.

FWIMAN1 344995v1

Accordingly, the Debtor believes E&Y is "disinterested" and does not hold or represent an interest adverse to the Debtor's estate.

## COMPENSATION

12. Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis." 11. U.S.C. § 328(a).

13. Subject to this Court's approval and in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the rules of an other procedures that may be fixed by this court, the Debtor requests that E&Y be compensated on the following bases:

> (a) Pursuant to the Federal and State Income Tax Compliance Engagement Letter, $7,000 plus expenses;
>
> (b) Pursuant to the Property Tax Engagement Letter, 40% of the recovery amounts finally secured, plus actual expenses; and
>
> (c) Pursuant to the 5500 Tax Engagement Letter, $2,250 per 2003 Form 5500 prepared.

14. Any additional services requested by Debtor would be compensated on an hourly basis, plus reimbursement of actual and necessary expenses incurred by E&Y, as more fully set forth in the Kaufman Affidavit.

E&Y will maintain detailed records of all actual costs and expenses incurred. E&Y will abide by all procedures ordered by the Court and will apply to the Court for allowance of any compensation or reimbursement of expenses in the matter.

No prior application for the relief requested herein has been made to this or any other court.

FWIMAN1 344995v1

The Debtor contemplates that E&Y will seek compensation based upon normal and usual billable hourly rates. The Debtor also contemplates that E&Y will seek interim compensation during the case as permitted by § 331 of the Bankruptcy Code.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court enter an order authorizing the retention of E&Y *nunc pro tunc* to February 8, 2004, and granting such other and further relief as is just or proper.

Dated: July 12, 2004 at Fort Wayne, Indiana

AUBURN FOUNDRY, INC.,
Debtor-in-Possession

By: *[signature]*

Title: Chief Financial Officer

FWIMAN1 344995v1