IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | Chapter 11 |
| AUBURN FOUNDRY, INC. | ) | |
| | ) | BK Case No. 04-10427 |
| Debtor. | ) | |

**STIPULATION AND ORDER
REGARDING THE FILING OF
GENERAL MOTORS CORPORATION'S REJECTION CLAIM**

Auburn Foundry Inc. ("Debtor"), by its counsel, Baker & Daniels, and General Motors Corporation ("GM"), by its counsel, Honigman Miller Schwartz and Cohn LLP, stipulate and agree as follows:

1. On or about March 24, 2004, Debtor filed a Motion to Reject Executory Contract (the "Rejection Motion") and a Motion to Approve Compromise (the "Compromise Motion").

2. In the Rejection Motion, the Debtor sought the Court's approval to reject its then existing contract with GM, effective upon the Court's entry of an Order approving the Rejection Motion.

3. The Compromise Motion sought approval of an agreement between the Debtor and GM regarding the treatment of GM's rejection damage claim. The agreement between the Debtor and GM specifically provided for the Debtor's acknowledgement of "a pre-petition, unsecured claim in favor of GM for rejection damages equal to the cost differentials to GM between the remaining life of the existing contract prices and the contract prices of the post-petition contract described below." *Auburn Foundry, Inc., D.I.P. and General Motors Corporation Agreement, Section I.a., p. 1* (the "Agreement").

4.  On May 7, 2004, the Court entered an Order approving the compromise and a separate Order permitting the Debtor to reject GM's pre-petition contract.

5.  Following entry of the Order approving the Compromise Motion, and pursuant to Section I.b. of the Agreement, GM exercised a set-off in the amount of $150,000 in partial satisfaction of GM's rejection damage claim.

6.  Although GM's rejection damage claim has been approved pursuant to the Order approving the Compromise Motion, since the rejected contract expires on July 31, 2004, the amount of GM's rejection claim is not yet liquidated.

7.  As of the date of this Stipulation, the Court has not established a bar date for the filing of rejection damage claims pursuant to FED. R. BANKR. P. 3003(c)(3) and 3002(c)(4).

8.  Accordingly, the parties agree and respectfully request the Court to so order that GM will have until August 16, 2004 to calculate and file its rejection damage claim.

| | |
|---|---|
| **HONIGMAN MILLER SCHWARTZ AND COHN LLP**<br>Attorneys for General Motors Corporation | **BAKER & DANIELS**<br>Attorneys for the Debtor |
| By: _/s/ Tricia A. Sherick_<br>Robert B. Weiss (P28249)<br>Tricia A. Sherick (P60384)<br>2290 First National Building<br>Detroit, MI  48226<br>(313) 465-7662 | By: _/s/_<br>John R. Burns (#3016-02)<br>Mark A. Werling (#20426-02)<br>111 East Wayne Street, Suite 800<br>Fort Wayne, Indiana  46802<br>(260) 424-8000 |

IT IS SO ORDERED.

_____
UNITED STATES BANKRUPTCY JUDGE

DET_C.632105.3