UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| In re: ) | Case No. 04-10427 |
| ) | |
| Auburn Foundry, Inc., ) | Chapter 11 |
| ) | |
| ) | |
| Debtor. ) | |
| ) | |

**APPLICATION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF KPMG LLP NUNC PRO TUNC TO JULY 20, 2004 AS ITS FINANCIAL ADVISORS**

The Official Committee of Unsecured Creditors (the **"Committee"**) appointed in the Chapter 11 case of Auburn Foundry, Inc., debtor and debtor-in-possession herein (the **"Debtor"**), submits this application (the **"Application"**) for entry of an order, pursuant to sections 328 and 1103(b) of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330, as amended (the **"Bankruptcy Code"**), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the **"Bankruptcy Rules"**), authorizing the retention and employment of KPMG LLP, the United States member firm of KPMG LLP International (a Swiss cooperative), as financial advisors to the Committee nunc pro tunc to July 20, 2004. In support of this Application, the Committee relies upon the affidavit of Leon Szlezinger (the **"Szlezinger Affidavit"**), which is attached hereto as Exhibit A and incorporated herein by reference, and respectfully represents as follows:

### JURISDICTION AND VENUE

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of the

Debtor's Chapter 11 case and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are sections 328 and 1103(b) of the Bankruptcy Code and Bankruptcy Rules 2014(a), 2016 and 5002.

## BACKGROUND

3. On February 8, 2004 (the "Petition Date"), the Debtor filed its voluntary Petition for relief under Chapter 11 of the Bankruptcy Code, and since the Petition Date, has continued to manage its business as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4. The Committee is the duly acting Committee of Unsecured Creditors appointed pursuant to Section 1102 of the Bankruptcy Code.

## RELIEF REQUESTED

5. By this Application, the Committee requests authorization to retain and employ KPMG LLP as its financial advisors in this Chapter 11 case. Specifically, the Committee respectfully requests entry of an order pursuant to sections 328 and 1103(b) of the Bankruptcy Code authorizing KPMG LLP to perform those financial advisory services that will be necessary during this Chapter 11 case as more fully described below.

## SERVICES TO BE RENDERED

6. The Committee anticipates that KPMG LLP may render the following services in this case:

> (i) Review and analysis of the Debtor's proposed business plans and the business and financial condition of the Debtor generally;
>
> (ii) Assistance in evaluating the Debtor's filed Plan of Reorganization and Disclosure Statement and alternatives available to the creditors;

2

        (iii)    Review and critique of the Debtor's financial projections and assumptions;

        (iv)    Review and critique of enterprise, asset and liquidation valuations;

        (v)    Advice and assistance to the Committee in negotiations and meetings with the Debtor and the bank lenders;

        (vi)    Advice and assistance regarding confirmation issues, including feasibility of the Debtors' proposed Plan of Reorganization;

        (vii)    Other such functions as requested by the Committee or its counsel to assist the Committee in this Chapter 11 case.

7.    Subject to this Court's approval of the Application, KPMG LLP is willing to serve as the Committee's financial advisors and to perform the services described above.

## QUALIFICATIONS OF PROFESSIONALS

8.    The Committee has selected KPMG LLP as its financial advisors because of the firm's diverse experience and extensive knowledge in the field of bankruptcy.

9.    The Committee needs assistance in collecting and analyzing financial and other information in relation to the Chapter 11 case. KPMG LLP has considerable experience with rendering such services to committees and other parties in numerous Chapter 11 cases. As such, KPMG LLP is qualified to perform the work required in this case.

## DISINTERESTEDNESS OF PROFESSIONALS

10. To the best of the Committee's knowledge and based upon the Szlezinger Affidavit, KPMG LLP is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

11. To the best of the Committee's knowledge and based upon the Szlezinger Affidavit, KPMG LLP does not hold or represent an interest adverse to the estate that would impair KPMG LLP's ability to objectively perform professional services for the Committee, in accordance with section 1103(b) of the Bankruptcy Code.

12. To the best of the Committee's knowledge and based upon the Szlezinger Affidavit, (1) KPMG LLP's connections with the Debtor, creditors, any other party in interest, or their respective attorneys are disclosed at Exhibit B to the Szlezinger Affidavit; and (2) the KPMG LLP partners and professionals working on this matter are not relatives of the United States Trustee of the Northern District of Indiana or of any known employee in the office thereof, or any United States Bankruptcy Judge of the Northern District of Indiana.

13. KPMG LLP has not provided, and will not provide, professional services to the Debtor, any of the creditors, other parties-in-interest, or their attorneys with regard to any matter related to this Chapter 11 case.

## PROFESSIONAL COMPENSATION

14. KPMG LLP's requested compensation for professional services rendered to the Committee will be based upon the hours actually expended by each assigned staff member at each staff member's hourly billing rate. The Committee has agreed to compensate KPMG LLP for professional services rendered at its normal and customary hourly rates.

15. In the normal course of business, KPMG LLP revises its hourly rates on October 1 of each year. KPMG LLP requests that the rates listed below be revised to the hourly rates that will be in effect at such time. The customary hourly rates for financial advisory services to be rendered by KPMG LLP and applicable herein are as follows:

| | |
|---|---|
| Partners | $590 - $650 |
| Directors | $480 - $570 |
| Managers | $390 - $450 |
| Senior Associates | $300 - $360 |
| Associates | $190 - $270 |
| Paraprofessionals | $140 |

16. KPMG LLP will also seek reimbursement for necessary expenses incurred, which shall include travel, photocopying, delivery service, postage, vendor charges and other out-of-pocket expenses incurred in providing professional services.

17. KPMG LLP intends to apply to the Court for the allowance of compensation for professional services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules. KPMG LLP has agreed to accept as compensation such sums as may be allowed by the Court. KPMG LLP understands that interim and final fee awards are subject to approval by this Court.

## NUNC PRO TUNC RELIEF REQUESTED

20.     Pursuant to the Committee's request and due to exigent circumstances, KPMG LLP commenced this engagement immediately and with assurances that the Committee would seek approval of its employment nunc pro tunc to July 20, 2004.

21.     Based upon the foregoing, the Committee submits that cause exists to authorize the retention of KPMG LLP nunc pro tunc to July 20, 2004.

22.     No previous request for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Committee respectfully requests that the Court enter an Order, substantially in the form attached hereto, (i) granting this Application, (ii) authorizing the Committee to retain and employ KPMG LLP as its financial advisors to perform the services set forth herein, and (iii) granting such other and further relief as is just and proper.

Dated: 7/29/04

/s/ Henry A. Efroymson
Henry A. Efroymson
Ice Miller
One American Square, Box 82002
Indianapolis, IN 46282

Counsel for the Committee

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been deposited in the U.S. mail, first class postage prepaid, on the 29th day of July, 2004, addressed to:

Ellen L. Triebold
Office of the United States Trustee
100 East Wayne Street, Suite 555
South Bend, Indiana 46601
ellen.l.triebold@usdoj.gov
(574) 236-8105

John R. Burns
Mark A. Werling
Baker & Daniels
111 East Wayne Street, Suite 800
Fort Wayne, Indiana 46802-2603
dsmcmeen@bakerd.com, skrhoads@bakerd.com
tlwiley@bakerd.com
(260) 424-8000
(260) 460-1700 Fax
*(For Debtors and Debtors-in-Possession)*

Stephen E. Lewis
Haller & Colvin, P.C.
444 East Main Street
Fort Wayne, Indiana 46802
slewis@hallercolvin.com
(260) 426-0444
(260) 422-0274 Fax
*(For Fox Contractors Corp.)*

Stephen L. Fink
Barnes & Thornburgh
600 One Summit Square
Fort Wayne, Indiana 46802
sfink@btlaw.com
(260) 423-9440
(260) 424-8316 Fax
*(For Shambaugh & Son, L.P.)*

Richard J. Swanson
Macey Swanson and Allman
445 North Pennsylvania Street, Suite 401
Indianapolis, Indiana 46204-1800
rswanson@maceylaw.com
(317) 637-2345
(317) 637-2369 Fax
*(For Glass, Molders, Pottery, Plastics & Allied Workers International Union Local 322)*

W. Erik Weber
Mefford and Weber, P.C.
130 East 7th Street
P.O. Box 667
Auburn, Indiana 46706-1839
erik@lawmw.com
(260) 925-2300
(260) 926-2610 Fax
*(For City of Auburn)*

Marlene Reich
Jerald I. Ancel
Sommer Barnard Ackerson, P.C.
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204-2023
(317) 713-3562
(317) 713-3699 Fax
mreich@sbalawyers.com,
jancel@sbalawyers.com
dwineinger@sbalawyers.com
*(For AFI Lending Group)*

Grant F. Shipley
Shipley & Associates
233 West Baker Street
Fort Wayne, Indiana 46802-3413
gfs@gshipley.com
(260) 422-2711
*(For Shelby County Bank/Bank of America)*

Robert A. Weiss
Tricia A. Sherick
Honigman Miller Schwartz & Cohn, LLP
2290 First National Building
600 Woodward Avenue
Detroit, Michigan 48226
tsherick@honigman.com
(313) 465-7662
(313) 465-7663 Fax
*(For General Motors Corporation)*

7

Josef S. Athanas
Latham & Watkins
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, Illinois 60606
Josef.athanas@lw.com
(312) 876-7700
(312) 993-9767 Fax
*(For GMAC Commercial Finance, LLC – Senior Lenders)*

Brian Green
Shapero Green & Michel, LLC
Signature Square II, Suite 220
25101 Chagrin Boulevard
Cleveland, Ohio 44122
(216) 831-5100
*(For Cascade Pattern Company)*

Lawrence S. Crowther
6055 Rockside Woods Boulevard, Suite 200
Cleveland, Ohio 44131
(216) 642-3342
*(For Bendix Commercial Vehicle Systems, LLC)*

Becket & Lee, LLP
16 General Warren Boulevard
P.O. Box 3001
Malvern, Pennsylvania
(610) 644-7800
(610) 993-8494 Fax
notices@becket-lee.com
*(For American Express Travel Related SVCS Co., Inc. Corp Card)*

ICE MILLER
One American Square, Box 82001
Indianapolis, Indiana 46282-0002
(317) 236-2100

Gary D. Boyn
Warrick and Boyn
121 West Franklin Street
Elkhart, Indiana 46516
(574) 294-7491
gboyn@warrickandboyn.com
*(For Estate of David Burr Fink)*

Brian J. Lange
Schenkel, Tirpak & Kowalczyk
520 South Calhoun Street
Fort Wayne, Indiana 46802-0501
(260) 424-1333
(260) 422-5242 Fax
chogan@choiceonemail.com
*(For Schenkel & Sons, Inc.)*

Brad Rogers
1200 K Street, N.W.
Washington, DC 20005-4026

Nancy J. Gargula
United States Trustee
101 West Ohio Street, Suite 1000
Indianapolis, Indiana 46204
USTPRegion10.SO.ECF@usdoj.gov

Edmund P. Kos
Kos & Associate
110 West Berry Street, Suite 1904
Fort Wayne, Indiana 46802
(260) 424-2790
(260) 424-1872 Fax
ekos@ekoslaw.com
*(For City of Auburn)*

/s/ Henry A. Efroymson
Henry A. Efroymson

8

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| In re: | Case No. 04-10427 |
| Auburn Foundry, Inc., | Chapter 11 |
| Debtor. | |

**AFFIDAVIT OF LEON SZLEZINGER IN SUPPORT OF THE APPLICATION FOR ENTRY OF ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF KPMG LLP NUNC PRO TUNC TO JULY 20, 2004 AS ITS FINANCIAL ADVISORS**

State of New York    )
                     ) ss:
City of New York     )

I, Leon Szlezinger, being duly sworn, depose and say:

1.    I am a principal of KPMG LLP, a professional services firm. KPMG LLP is the United States member firm of KPMG International, a Swiss cooperative. I submit this affidavit on behalf of KPMG LLP in support of the application (the "Application")[1] of the Official Committee of Unsecured Creditors (the "**Committee**") appointed in the Chapter 11 case of Auburn Foundry, Inc. debtor and debtor-in-possession herein (the "**Debtor**"), for entry of an order, pursuant to sections 328 and 1103(b) of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330, as amended (the "**Bankruptcy Code**"),

---

[1]    Capitalized terms used herein but not otherwise defined shall have those meanings set forth in the Application.

<u>Exhibit A</u>

Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the retention and employment of KPMG LLP as financial advisors to the Committee. I have personal knowledge of the matters set forth herein, and if called as a witness, would testify competently thereto.[2]

## QUALIFICATIONS OF PROFESSIONALS

2. KPMG LLP is a firm of independent public accountants as defined under the Code of Professional Conduct of the American Institute of Certified Public Accountants.

3. The Committee has selected KPMG LLP as its financial advisors because of the firm's diverse experience and extensive knowledge in the field of bankruptcy.

4. The Committee needs assistance in collecting and analyzing financial and other information in relation to the Chapter 11 case. KPMG LLP has considerable experience with rendering such services to committees and other parties in numerous Chapter 11 cases. As such, KPMG LLP is qualified to perform the work required in this case.

## SERVICES TO BE RENDERED

5. The Committee anticipates that KPMG LLP may render the following services in this case:

>   (i)    Review and analysis of the Debtor's proposed business plans and the business and financial condition of the Debtor generally;
>
>   (ii)   Assistance in evaluating the Debtor's filed Plan of Reorganization and Disclosure Statement and alternatives available to the creditors;

---

[2] Certain of the disclosures herein relate to matters within the knowledge of other professionals at KPMG LLP.

-2-

    (iii) Review and critique of the Debtor's financial projections and assumptions;

    (iv) Review and critique of enterprise, asset and liquidation valuations;

    (v) Advice and assistance to the Committee in negotiations and meetings with the Debtor and the bank lenders;

    (vi) Advice and assistance regarding confirmation issues, including feasibility of the Debtors' proposed Plan of Reorganization;

    (vii) Other such functions as requested by the Committee or its counsel to assist the Committee in this Chapter 11 case.

6. Subject to this Court's approval of the Application, KPMG LLP is willing to serve as the Committee's financial advisors and to perform the services described above.

## **DISINTERESTEDNESS OF PROFESSIONALS**

7. Based upon information supplied by the Committee's counsel, KPMG LLP searched its client database from July 1, 1999 and forward to identify any connection or relationship with the following entities:

  a. The Debtor and its affiliates;

  b. The Debtor's officers and directors;

  c. The equity shareholders known to own more than twenty percent (20%) of outstanding stock;

  d. The Debtor's major secured creditors;

  e. The Debtor's twenty (20) largest unsecured creditors;

  f. All members of the Committee;

  g. Counsel to the Committee; and

  h.  Financial advisors and counsel to the Debtor and certain other parties-in-interest.

The names provided to KPMG LLP by the Committee's counsel are set forth in Exhibit A hereto.

  8.  KPMG LLP does not hold or represent an interest adverse to the estate that would impair KPMG LLP's ability to objectively perform professional services for the Committee, in accordance with section 328 (c) and 1103(b) of the Bankruptcy Code.

  9.  KPMG LLP is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, given that, to the best of my information and belief, KPMG LLP:

  a.  is not a creditor, an equity security holder, or an insider of the Debtor;

  b.  is not and was not an investment banker for any outstanding security of the Debtor;

  c.  has not been within three years before the commencement of this Chapter 11 case, an investment banker for a security of the Debtor, or an attorney for such investment banker in connection with the offer, sale or issuance of a security of the Debtor;

  d.  is not and was not, within two years before the commencement of this Chapter 11 case, a director, officer or employee of the Debtor or of an investment banker of the Debtor; and

  e.  does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtor or an investment banker of the Debtor or for any other reason.

  10.  To the best of my knowledge, except as set forth herein and in Exhibit B attached hereto and incorporated herein by reference, (a) KPMG LLP has no connections with the Debtor, creditors, any other party-in-interest, or their respective attorneys and accountants; and (b) the KPMG LLP partners and professionals working on this matter

are not relatives of the United States Trustee of the Northern District of Indiana or of any known employee in the office thereof, or any United States Bankruptcy Judge of the Northern District of Indiana.

11. KPMG LLP has in the past been retained by, and presently and likely in the future will provide services for, certain creditors of the Debtor, other parties-in-interest, and their respective attorneys and accountants in matters unrelated to such parties' claims against the Debtor or interests in this Chapter 11 case. KPMG LLP currently performs or has previously performed such services for the entities listed in Exhibit B.

12. KPMG LLP has not provided, and will not provide, any professional services to the Debtor, any of the creditors, other parties-in-interest, or their respective attorneys and accountants with regard to any matter related to this Chapter 11 case.

13. KPMG LLP is the United States member firm of KPMG International, a Swiss cooperative of member firms, each a separate legal entity, located worldwide. Only KPMG LLP is being retained in this matter. KPMG LLP has not performed a comprehensive global search for potential relationships between the other KPMG International member firms and the Debtor, the creditors, other parties-in-interest, and their respective attorneys and accountants. KPMG LLP cannot assure that an engagement will not be accepted by a foreign member firm of KPMG International for another party that may bear upon KPMG LLP's engagement by the Committee.

14. As part of its practice, KPMG LLP appears in many cases, proceedings, and transactions involving many different law firms, financial consultants, and investment bankers in matters unrelated to this bankruptcy KPMG LLP has not identified

any material relationships or connections with any law firm, financial consultant or investment banker involved in this Chapter 11 case that would cause it to be adverse to the Debtor, the Debtor's estate, any creditor or any other party-in-interest.

15.    If and when additional information becomes available with respect to any other relationships which may exist between KPMG LLP, foreign member firms of KPMG International, or their partners and professionals and the Debtor, creditors, or any other parties-in-interest which may affect this case, supplemental affidavits describing such information shall be filed with this Court.

## **PROFESSIONAL COMPENSATION**

16.    KPMG LLP's requested compensation for professional services rendered to the Committee will be based upon the hours actually expended by each assigned staff member at each staff member's hourly billing rate. The Committee has agreed to compensate KPMG LLP for professional services rendered at its normal and customary hourly rates.

17.    In the normal course of business, KPMG LLP revises its hourly rates on October 1 of each year. KPMG LLP requests that the rates listed below be revised to the hourly rates that will be in effect at such time. The customary hourly rates for the financial advisory services to be rendered by KPMG LLP and applicable herein are as follows:

| | |
|---|---|
| Partners | $590 - $650 |
| Directors | $480 - $570 |
| Managers | $390 - $450 |
| Senior Associates | $300 - $360 |
| Associates | $190 - $270 |
| Paraprofessionals | $140 |

18.  The rates included in this Application are KPMG LLP's normal and customary rates for matters of this sort.

19.  KPMG LLP will also seek reimbursement for necessary expenses incurred, which shall include travel, photocopying, delivery service, postage, vendor charges and other out-of-pocket expenses incurred in providing professional services.

20.  KPMG LLP intends to apply to the Court for the allowance of compensation for professional services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.  KPMG LLP has agreed to accept as compensation such sums as may be allowed by the Court.  KPMG LLP understands that interim and final fee awards are subject to approval by this Court.

21.  In accordance with section 504 of the Bankruptcy Code, I hereby state that there is no agreement or understanding between KPMG LLP and any other entity, other than a member, partner or regular associate of KPMG LLP, for the sharing of compensation received or to be received for services rendered in connection with these proceedings.

22.  This affidavit is provided in accordance with section 328(c) and 1103(b) of the Bankruptcy Code and Bankruptcy Rule 2014.

-8-

23.   I have read the Application, and, to the best of my knowledge, information and belief, the contents of said Application are true and correct.

_____
Leon Szlezinger
345 Park Avenue
New York, NY 10154

Sworn to and subscribed before me this 27th day of July, 2004

_____
Notary Public

State of New York

County of Westchester

CHRISTIAN J. DUNLAY
NOTARY PUBLIC, STATE OF NEW YORK
#02DU6010238-NASSAU COUNTY
COMMISSION EXPIRES JULY 13, 2007

## EXHIBIT A

This information is being provided in connection with the Affidavit of Leon Szlezinger in support of the Application for Employment of KPMG LLP as Financial Advisors to the Official Committee of Unsecured Creditors. The following names were provided to KPMG LLP by counsel to the Committee and compared to its client database from 1999 and forward to identify any connection or relationship:

**The Debtor**
Auburn Foundry, Inc.

**Officers, Directors, and Shareholders (5% or More) of the Debtors Within One Year of Filing**
Janet F. Borden
Tim Borden
David B. Fink
John A. Fink
William E. Fink
David D. Hunter
Dennis Maude
Michael L. Polich
Jerry Sprouse
David K. Weber
Tom Woehlke

**The Debtors' Material Secured Lenders and Their Professionals**
Bank of America
GMAC Commercial Finance
Latham & Watkins

**Members of the Official Committee of Unsecured Creditors in the Debtors' Chapter 11 Cases**
Citizens Gas & Coke Utility
DISA Industries, Inc.
Fairmont Minerals
Fire Protection, Inc.
Miller and Company, LLC

**The Debtors' Largest Unsecured Creditors as Identified in Their Chapter 11 Petitions, and Other Material Trade Creditors**
Ashland Chemical Co.
Auburn City Utilities
Complete Drives, Inc.
Dauber Company, Inc.
DeKalb County, IN
Inductotherm Corp.
MobileX, LLC
Motion Industries, Inc.
MP Steel Indiana, LLC
OmniSource Corp-Tusco
RI Lampus, Co.
UNIMIN Corp
XRI Testing

**The Debtors' Professionals Identified for Employment in These Cases**
Baker & Daniels

**Professionals for the Official Committee of Unsecured Creditors**
Ice Miller

**Other Secured Creditors**
Key Equipment Finance
KMH Systems, Inc.
Marlin Leasing Corp.
National City Leasing Corp.
NMHG Financial Services

**Subordinate Secured Debt Held by Shareholders of the Debtor and/or Related Parties**

A.F. Europe, Inc.
Anne Meeks Davis Trust
Christy Davis Trust
David B. Fink
David M. Meeks, Jr. Trust
Janet F. Borden
John A. Fink
John A. Urbaska Revocable Trust
Katie Urbaska Revocable Trust
Malia Davis Megorden Trust
Sheela B. Davis Trust
Timothy S. Borden
Trevor Meeks Agency
William E. Fink

**Lender Under DIP Facilities**
AFI Lending Group, LLC

## EXHIBIT B

This information is being provided in connection with the Affidavit of Leon Szlezinger in support the Application for Employment of KPMG LLP as Financial Advisors to the Official Committee of Unsecured Creditors. KPMG LLP currently performs or has previously performed accounting, tax advisory or consulting services in matters unrelated to this Chapter 11 case for the following entities:

**The Debtors' Material Secured Lenders and Their Professionals**
Bank of America
GMAC Commercial Finance
Latham & Watkins

**Members of the Official Committee of Unsecured Creditors in the Debtors' Chapter 11 Cases**
Citizens Gas & Coke Utility
DISA Industries, Inc.

**The Debtors' Largest Unsecured Creditors as Identified in Their Chapter 11 Petitions, and Other Material Trade Creditors**
Ashland Chemical Co.
DeKalb County, IN
Motion Industries, Inc.
OmniSource Corp-Tusco

**The Debtors' Professionals Identified for Employment in These Cases**
Baker & Daniels

**Professionals for the Official Committee of Unsecured Creditors**
Ice Miller

**Other Secured Creditors**
Key Equipment Finance
National City Leasing Corp.
NMHG Financial Services