UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| IN RE: )<br>)<br>AUBURN FOUNDRY, INC., )<br>Debtor ) | CASE NO.  04-10427-REG-11 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ORDER
COMPELLING ASSUMPTION OR REJECTION OF
EQUIPMENT LEASE**

Comes now NMHG Financial Services, Inc. ("Creditor"), by counsel, and hereby files its Memorandum of Law in Support of Motion for Order Compelling Assumption or Rejection of Equipment Lease.

**JURISDICTION**

1.  The Debtor filed for protection under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on February 8, 2004 (the "Filing Date").  The Debtor has continued to operate its business and manage its properties as a debtor in possession.

2.  The Court has jurisdiction of this Motion pursuant to 28 U.S.C. §1334, and venue is proper under 28 U.S.C. §1408 et seq.  This is a core proceeding under 28 U.S.C. §157(b).

3.  The relief, as requested within this Motion, is set forth in the Bankruptcy Code, Sections 365(d)(2) and 503(b).

**STATEMENT OF FACTS**

4.  On or about May 8, 2001, Auburn Foundry, Inc. (the "Debtor") entered into a Lease Agreement, Lease No. 4120494, (the "Lease") with KMH Systems, Inc. ("KMH") pursuant

to which the Debtor leased various pieces of equipment from KMH, more specifically identified as fork-lifts as detailed by the multiple schedules executed subsequent to the Lease Agreement (hereinafter the "Schedules").  On May 8, 2001, the Lease was assigned to Creditor from KMH, and Creditor is the current holder of the Lease and Schedules.  A true, exact and authentic copy of the Lease and Assignment is attached hereto and marked Exhibit "A".  True, exact and authentic copies of the copies of the Schedules are attached hereto and marked Exhibit "B".

5.	While the Lease agreement clearly indicates that all equipment leased remains property of the Creditor, the Creditor protectively filed UCC-1 Financing Statements on all of the equipment.

6.	Since the filing date, the Debtor has continued to make monthly payments according to the Lease and Schedules.  As of June 1, 2004, the Debtor was current on monthly rental payments due to the Creditor under the Lease, however, various late charges were due on several of the Schedules.

7.	According to the Chapter 11 Plan of Reorganization filed by the Debtor on July 12, 2004, (hereinafter the "Plan"), the Debtor is deemed to reject all executory contracts and unexpired leases that exist between the Debtor and any Person as of the Effective Date, with the exception of those leases and executory contracts which the Debtor will assume and list in an Assumption Schedule which is to be filed within fifteen (15) days prior to the hearing on confirmation of the Plan.  Additionally, the Debtor lists the Creditor in both Schedule D (Secured Claims) and Schedule G (Executory Contacts and Unexpired Leases).  As a result, the Creditor is unsure how the Debtor plans to treat the Lease in its Plan.

**RELIEF REQUESTED**

8.     Upon information and belief, the Debtor continues to hold and use the leased equipment.  However, according to the Plan, at this time, the Debtor is deemed to reject the Lease upon confirmation of the Plan.  As a result, the Creditor respectfully requests that this Court enter an order granting the following relief: (A) compelling the Debtor to immediately assume or reject the Lease, and (1) if rejected, (a) promptly pay all post-petition rent, including any and all late charges due and owing, for the period from the Filing Date through the latter of the rejection date or the date the equipment is returned to the Creditor, and (b) promptly return the equipment to Creditor, or (2) if assumed, pay any and all cure costs by the date of assumption, pursuant to Bankruptcy Code §365(d) and §503(b).

**LEGAL ANALYSIS**

*Creditor is Entitled to the Certainty of Assumption or Rejection of the Lease*

9.     Ordinarily, a debtor in possession has until confirmation of a plan to decide wether to assume or reject an executory contract, however, pursuant to Bankruptcy Code §365(d)(2), the Court, on request of any party to such contract or lease, may order the debtor in possession to determine within a specified period of time whether to assume or reject such contract or lease.  See 11 U.S.C. §365(d)(2).

10     When determining whether to compel a debtor to assume or reject a contract or lease prior to confirmation, courts have held that a debtor is entitled to a reasonable amount of time to decide whether to assume or reject an executory contract.  See Theatre Holding Copr. v. Mauro, 681 F.2d. 102 (2nd Cir. 1982); In re Enron Corp., 279 B.R. 695, 792 (Bankr. S.D.N.Y.

2002); South Street Seaport L.P. v. Burger Boys, Inc., 94 F.3d 755 (2nd Cir. 1996); In re Teligent, Inc., 268 B.R. 723, 738 (Bankr.S.D.N.Y. 2001).  However, as stated above, Section 365(d)(2) limits the debtor's luxury of taking time to decide whether to assume or reject a lease when a party to a lease requests that the Court fix a time within which the debtor must assume or reject a lease.  Enron, 279 B.R. at 72.   Further, a non-debtor party to a contract is entitled to certainty in connection with its position in a bankruptcy case.  In re Physician Health Corp., 2001 Bankr. LEXIS 561, Slip Op. at 4 (Bankr. D.Del. 2001).

       11.      In the present case, almost six (6) months have elapsed since the Filing Date. Presumably the equipment leased to the Debtor by Creditor is being used by the Debtor on a daily basis in connection with the operation of the Debtor's business.  While the Debtors have continued to make post-petition payments to the Creditor, it appears from the Debtor's Plan that all unexpired leases and executory contracts will be deemed rejected upon confirmation unless specifically assumed by the Debtor in its Assumption Schedules to be filed with the Court fifteen (15) days prior to the hearing on confirmation of the Plan.  The Creditor is looking for certainty regarding its lease with the Debtor prior to confirmation of the Plan.

       12.      Additionally, the Debtor lists the Creditor in both Schedule D (Secured Claims) and Schedule G (Executory Contacts and Unexpired Leases).  As a result, the Creditor is unsure how the Debtor plans to treat the Lease in its Plan.  This furthers the Creditor's uncertainty with regard to its interest in the Lease at this time.

       13.      Creditor asks the Court to compel the Debtor to immediately assume or reject the Lease.  The Debtor will suffer no hardship by making its determination to either assume or reject the Lease.  The Creditor will benefit by knowing exactly how its claim will be treated by the

Debtor upon confirmation. In addition, to the extent the Debtor, in fact, rejects the Lease, Creditor will be entitled to file a lease rejection claim pursuant to paragraph 6.01(d) of the Plan. However, the Plan does not indicate how such a claim will be treated when such a claim is filed. Again, this furthers the Creditor's uncertainty with regard to its interest in the Lease at this time.

## CONCLUSION

13.      For all of the aforementioned reasons, the Creditor requests that this Court enter an order: (A) compelling the Debtor to immediately assume or reject the Lease, and (1) if rejected, (a) promptly pay all post-petition rent, including any and all late charges due and owing, for the period from the Filing Date through the latter of the rejection date or the date the equipment is returned to the Creditor, and (b) promptly return the equipment to Creditor, or (2) if assumed, pay any and all cure costs by the date of assumption, pursuant to Bankruptcy Code Sections 365(d)(2) and 503(b).

                    Respectfully submitted,

                    RUBIN & LEVIN, P.C.

                    By:   /s/Scott C. Andrews
                          Scott C. Andrews
                          Attorney No. 17060-49

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum of Law in Support of Motion for Order Compelling Assumption or Rejection of Equipment Lease has been served upon the following either by electronic mail or by first class United States mail, postage prepaid, on August 2, 2004:

Ellen L. Triebold
Office of the United States Trustee
One Michiana Square, Suite 555
100 East Wayne Street
South Bend, IN 46601

Mark A. Werling
John R. Burns
Baker & Daniels
111 East Wayne Street
Suite 800
Fort Wayne, IN 46802

Becket & Lee, LLP
P.O. Box 3001
16 General Warren Blvd.
Malvern, PA 19355

Gary D. Boyn
121 W. Franklin Street
Elkhart, IN 46516

Lawrence S. Crowther
6055 Rockside Woods Blvd.
Suite 200
Cleveland, OH 44131

Henry A. Efroymson
Ice Miller
One American Square
Box 82001
Indianapolis, IN 46282

Stephen L. Fink
Barnes & Thornburg
600 One Summit square
Fort Wayne, IN 46802

Tricia A. Sherick
Honigman Miller Schwartz & Cohn LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226

Edmund P. Kos
Kos & Associate
110 West Berry Street, Suite 1904
Fort Wayne, IN 46802

Brian J. Lange
Schenkel Tirpak & Kowalczyk
520 South Calhoun Street
Fort Wayne, IN 46802-0501

Stephen E. Lewis
444 East Main Street
Fort Wayne, IN 46802

Marlene Reich
Sommer Barnard Ackerson, P.C.
4000 Bank One Tower
111 Monument Circle
Indianapolis, IN 46204

Brad Rogers
1200 K Street, N.W.
Washington, DC 20005-4026

Grant F. Shipley
233 West Baker Street
Fort Wayne, IN 46802-3413

Richard J. Swanson
Macey Swanson & Allman
445 North Pennsylvania Street
Suite 401
Indianapolis, IN 46204-1800

W. Erik Weber
Meffort and Weber P.C.
130 East 7th Street
P.O. Box 667
Auburn, IN 46706

 /s/ Scott C. Andrews
Scott C. Andrews
RUBIN & LEVIN, P.C.
500 Marott Center
342 Massachusetts Avenue
Indianapolis, IN 46204-2161
(3l7) 634-0300; FAX No. (3l7) 263-2550
SCA/mcb
(Our File No. 81901103)    G:\WP80\Scott\Auburn Foundry\Memo-Assumpton of lease.wpd