UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| AUBURN FOUNDRY, INC. | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | BK Case No. 04-10427 |

**DEBTOR'S OBJECTION TO MOTION FOR ORDER COMPELLING
ASSUMPTION OR REJECTION OF EQUIPMENT LEASE**

The Debtor, Auburn Foundry, Inc. (the "Debtor"), hereby objects to the Motion for Order Compelling Assumption or Rejection of Equipment Lease (the "Motion") filed herein by NHMG Financial Services, Inc. ("NHMG") and for its objection (the "Objection") respectfully states the following:

1. On or about August 2, 2004, NHMG filed the Motion herein by which it requested an Order compelling the Debtor to immediately assume or reject an equipment lease (the "Lease") and to take certain steps upon such rejection or assumption.

2. On July 12, 2004, the Debtor filed herein a proposed Plan (the "Plan") and Disclosure Statement (the "Disclosure Statement"). Section 6.01 of the Plan obligates the Debtor to indicate, on an Assumption Schedule to be filed within fifteen (15) days of a Plan confirmation hearing, which executory contracts it intends to assume or reject.

3. A hearing to consider approval of the Disclosure Statement has been scheduled for September 15, 2004.

4. Section 365(d)(2) of the Bankruptcy Code permits the Court to order a Chapter 11 debtor to determine, within a specified period of time, whether to assume or reject an executory contract or lease.

FWIMAN1 350544v1

5. "The Plan itself may provide for the assumption or rejection of any executory contract or unexpired lease not previously rejected. This is often a useful means for the debtor to avoid binding itself to contracts or leases before it has formulated a business plan under which it knows whether it will want the benefits and burdens of each agreement." Collier on Bankruptcy, ¶ 365.04[2][a] (15th ed. 2004).

6. The "settled rule" is that a debtor has a reasonable period of time within which to decide whether to assure or reject a contract. Collier on Bankruptcy, ¶ 365.04[2][b]. Reasonableness depends upon the facts and circumstances of each case. *Id., citing In re Dunes Casino Hotel*, 63 B.R. 939 (D.N.J. 1986) (noting that debtor should be afforded reasonable time to develop reorganization plan); *In re Flying W. Airways, Inc.*, 328 F.Supp. 1256 (E.D. Pa. 1971) (concluding that three months was a reasonable time, and comparing situation to other cases in which considerably longer time was taken).

7. No order under Section 365(d)(2) is necessary here because the Debtor is committed to furnishing the information requested by NHMG prior to a confirmation hearing on a proposed Plan which is already on file and subject to a scheduled hearing on the accompanying Disclosure Statement.

8. NHMG did not indicate in the Motion that it needs the requested relief to perform its end of the contract or to mitigate damages. *Cf.* Collier on Bankruptcy, ¶ 365.04[2][b] (15th ed. 2004). Thus, no special circumstances are present which might justify treating NHMG differently from other parties affected by Article 6.01 of the Plan.

9. NHMG is not entitled, in any event, to an Order pursuant to § 365(d)(2) directing the Debtor to take specific steps upon the assumption or rejection of its lease, including, without limitation, the payment of rejection damages.

WHEREFORE, the Debtor respectfully requests that the Motion be denied, and for all other just and proper relief.

BAKER & DANIELS

By: /s/ John R Burns, III
    John R Burns, III (#3016-02)
    Mark A. Werling (#20426-02)
    111 East Wayne Street, Suite 800
    Fort Wayne, Indiana 46802
    john.burns@bakerd.com
    mark.werling@bakerd.com
    Telephone: (260) 424-8000
    Facsimile: (260) 460-1700

ATTORNEYS FOR THE DEBTOR,
AUBURN FOUNDRY, INC.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Debtor's Objection to Motion for Order Compelling Assumption or Rejection of Equipment Lease was served by electronic mail or by first-class United States mail, postage prepaid, this 18th day of August, 2004, upon the following persons or counsel:

Scott C. Andrews
Rubin & Levin, P.C.
500 Marott Center
342 Massachusetts Avenue
Indianapolis, IN 46204-2161

Ellen L. Triebold
United States Trustee's Office
One Michiana Square, 5th Floor
100 East Wayne Street
South Bend, IN 46601

Grant F. Shipley
233 West Baker Street
Fort Wayne, IN 46802-3413

Henry A. Efroymson
Ice Miller
One American Square
Box 82001
Indianapolis, IN 46282-0002

| | |
|---|---|
| W. Erik Weber<br>Meffort and Weber P.C.<br>130 East 7th Street<br>P.O. Box 667<br>Auburn, IN 46706 | Richard J. Swanson<br>Macey Swanson and Allman<br>445 N. Pennsylvania Street, Suite 401<br>Indianapolis, IN 46204-1800 |
| Stephen E. Lewis<br>Haller & Colvin, P.C.<br>444 East Main Street<br>Fort Wayne, IN 46802 | Lawrence S. Crowther<br>Wegman, Hessler & Vanderburg<br>6055 Rockside Woods Blvd., Suite 200<br>Cleveland, OH 44131 |
| Tricia A. Sherick<br>Honigman Miller Schwartz & Cohn LLP<br>2290 First National Building<br>660 Woodward Avenue<br>Detroit, MI 48226 | Edmund P. Kos<br>Kos & Associate<br>110 West Berry Street, Suite 1904<br>Fort Wayne, IN 46802 |
| Becket & Lee, LLP<br>P.O. Box 3001<br>16 General Warren Blvd.<br>Malvern, PA 19355 | Brian J. Lange<br>Schenkel Tirpak & Kowalczyk<br>520 South Calhoun Street<br>Fort Wayne, IN 46802-0501 |
| Gary D. Boyn<br>121 W. Franklin Street<br>Elkhart, IN 46516 | Marlene Reich<br>Sommer Barnard Ackerson, P.C.<br>4000 Bank One Tower<br>111 Monument Circle<br>Indianapolis, IN 46204 |
| Brad Rogers<br>1200 K Street, N.W.<br>Washington, DC 20005-4026 | Stephen L. Fink<br>Barnes & Thornburg<br>600 One Summit Square<br>Fort Wayne, IN 46802 |

/s/John R Burns, III