IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | Chapter 11 |
| AUBURN FOUNDRY, INC. ) | |
| ) | BK Case No. 04-10427 |
| Debtor. ) | |

## STIPULATION AND ORDER
## REGARDING THE FILING OF
## GENERAL MOTORS CORPORATION'S REJECTION CLAIM

Auburn Foundry Inc. ("Debtor"), by its counsel, Baker & Daniels, and General Motors Corporation ("GM"), by its counsel, Honigman Miller Schwartz and Cohn LLP, stipulate and agree as follows:

1. On or about March 24, 2004, Debtor filed a Motion to Reject Executory Contract (the "Rejection Motion") and a Motion to Approve Compromise (the "Compromise Motion").

2. In the Rejection Motion, the Debtor sought the Court's approval to reject its then existing contract with GM, effective upon the Court's entry of an Order approving the Rejection Motion.

3. The Compromise Motion sought approval of an agreement between the Debtor and GM regarding the treatment of GM's rejection damage claim. The agreement between the Debtor and GM specifically provided for the Debtor's acknowledgement of "a pre-petition, unsecured claim in favor of GM for rejection damages equal to the cost differentials to GM between the remaining life of the existing contract prices and the contract prices of the post-petition contract described below." *Auburn Foundry, Inc., D.I.P. and General Motors Corporation Agreement, Section I.a., p. 1* (the "Agreement").

4.   On May 7, 2004, the Court entered an Order approving the compromise and a separate Order permitting the Debtor to reject GM's pre-petition contract.

5.   Following entry of the Order approving the Compromise Motion, and pursuant to Section I.b. of the Agreement, GM exercised a set-off in the amount of $150,000 in partial satisfaction of GM's rejection damage claim.

6.   Although GM's rejection damage claim has been approved pursuant to the Order approving the Compromise Motion, since the rejected contract expires on July 31, 2004, the amount of GM's rejection claim is not yet liquidated.

7.   As of the date of this Stipulation, the Court has not established a bar date for the filing of rejection damage claims pursuant to FED. R. BANKR. P. 3003(c)(3) and 3002(c)(4).

8.   Accordingly, the parties agree and respectfully request the Court to so order that GM will have until August 16, 2004 to calculate and file its rejection damage claim.

**HONIGMAN MILLER SCHWARTZ AND COHN LLP**
Attorneys for General Motors Corporation

By: *[signature]*
Robert B. Weiss (P28249)
Tricia A. Sherick (P60384)
2290 First National Building
Detroit, MI 48226
(313) 465-7662

**BAKER & DANIELS**
Attorneys for the Debtor

By: *[signature]*
John R. Burns (#3016-02)
Mark A. Werling (#20426-02)
111 East Wayne Street, Suite 800
Fort Wayne, Indiana 46802
(260) 424-8000

IT IS SO ORDERED.
Dated: August 27, 2004

/s/ Robert E. Grant
UNITED STATES BANKRUPTCY JUDGE

DET_C.632105.3

**BAE SYSTEMS**
**Enterprise Systems Incorporated**
**11487 Sunset Hills Road**
**Reston, Virginia 20190-5234**

# CERTIFICATE OF SERVICE

```
District/off: 0755-1        User: mjc              Page 1 of 1             Date Rcvd: Aug 27, 2004
Case: 04-10427              Form ID: pdf004        Total Served: 2

The following entities were served by first class mail on Aug 29, 2004.
aty        +Honigman Miller Schwartz & Cohn LLP,   2290 First National Building,   660 Woodward Avenue,
             Detroit, MI 48226-3516
dbpos      +Auburn Foundry, Inc.,   635 W. Eleventh Street,   Auburn, IN 46706-2199

The following entities were served by electronic transmission.
NONE.                                                                                      TOTAL: 0

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                      TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Aug 29, 2004**                    **Signature:**    _Joseph Speetjens_