UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CHAPTER 11 |
| AUBURN FOUNDRY, INC. | ) | CASE NO. 04-10427 |
| | ) | |
| Debtor(s) | ) | |

**UNITED STATES TRUSTEE'S COMMENTS AND OBJECTIONS TO THE DEBTOR'S DISCLOSURE STATEMENT**

NANCY J. GARGULA, United States Trustee ("UST"), by Ellen L. Triebold, Attorney, pursuant to 28 U.S.C. § 586(a)(3)(B) and 11 U.S.C. § 1125, submits the following comments and objections to the Debtor's disclosure statement filed on July 12, 2004, and in support thereof, states:

1. The disclosure statement refers to an "Amended Disclosure Statement" (see page 18, Section IX) which is to contain the audited financial statements for the prepetition Debtor. On information and belief, no Amended Disclosure Statement has been filed to date and it is not clear when and if one is to be filed, and what its effect would be on the current disclosure statement.

2. The disclosure statement fails to provide historical and current financial information such as balance sheets, income statements, profit and loss statements, and/or cash flow statements and thus does not contain adequate information under § 1125.

3. The disclosure statement and plan refer repeatedly to a "Plan Supplement" which is to be filed "within 7 days prior to the confirmation hearing" (see e.g. disclosure statement at page 9, Section VII; Plan at page 31, Article 7.09) and which is to contain pertinent information, such as the Debtor's proposed sale agreement to "New AFI," the identity and members of the

"Miscellaneous Secured Claims" Class, the legal descriptions of the Debtor's real estate, etc. This information, as well as all relevant information, should be provided in the disclosure statement and not seven days prior to a confirmation hearing, which date is typically the deadline for objections to confirmation.

    4. The disclosure statement fails to provide the information required by § 1129(a)(5)(A), including the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as a director, officer, or voting trustee of the debtor and/or of the successor to the debtor, including "New AFI."

    5. The disclosure statement fails to include the identity of any insider that will be employed or retained by the reorganized debtor and/or the nature of any compensation for such insider. See § 1129(a)(5)(B).

    6. The disclosure statement and plan fail to identify the "disbursing agent" under the plan and fail to provide specific information regarding the disbursing agent's compensation and reimbursement.

    7. The plan provides for the Confirmation Order to be automatically vacated and the Debtor and parties to be restored to the status quo ante as of the date immediately preceding the Confirmation Date should certain conditions not be met by the 90th day after the Confirmation Date (see plan at pages 36-37, Article 10.02). This provision violates at least the spirit of the Chapter 11 confirmation process if not its specific provisions, including §§ 1101(2), 1127, 1129, and 1141, arguably making this plan incapable of confirmation.

    8. The disclosure statement provides that Administrative Expense Claims are not in a formal class, yet include both Underfunded Pension Liabilities and a Collective Bargaining Agreement which the Debtor intends to modify and restructure under the Plan. The disclosure

statement fails to adequately explain if and how the Debtor has complied with §§ 1113 and 1114 as well as why these claims, which appear to be subject to payments over time, are not classified separately and/or are not impaired.

9.  The disclosure statement states, at page 23, Section XII (B) that "[c]lasses 1 and 5 are not entitled to vote on the Plan.  Classes 2, 3, and 4 are impaired under the Plan ...." Assumably, this language was taken from a different case since it directly contradicts other language in the plan and disclosure statement regarding the classes and their impairment.

10.  The disclosure statement and plan fail to adequately address whether the Debtor has done a preference analysis, including identification of possible avoidance actions, any anticipated amount of recovery therefrom, and the responsible party for pursuing possible actions.

11.  Because of the foregoing, the disclosure statement does not contain adequate information as required by 11 U.S.C. § 1125(b), thereby precluding a party in interest from reaching an informed judgment concerning the plan.

**WHEREFORE**, the United States Trustee respectfully files these objections and comments, requests that the Debtor's disclosure statement be disapproved as submitted and requests all other proper relief.

    Respectfully submitted,

    NANCY J. GARGULA
    UNITED STATES TRUSTEE

By:  __/s/ Ellen L. Triebold _____
    Trial Attorney

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served electronically through the Bankruptcy Clerk's ECF System or by First Class United States Mail this **September 7, 2004** upon the following parties:

John R. Burns III
Mark A. Werling
111 East Wayne Street, Suite 800
Fort Wayne, IN 46802

Grant Shipley
230 West Main Street
Fort Wayne, IN 46802

Josef S. Athanas
Latham & Watkins
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, IL 60606

Jerald I. Ancel
Sommer & Barnard, PC
111 Monument Square, Suite 4000
Indianapolis, IN 46204-5198

Henry A. Efroymson
Ice Miller
One American Square
Box 82001
Indianapolis, IN 46282

Michael McGauhey
Citizens Gas & Coke Utility
2950 Prospect Street
Indianapolis, IN 46203

Edmund P. Kos
Steven J. Bradford
110 W. Berry Street, Suite 1904
Fort Wayne, IN 46802

                                              _/s Ellen L. Triebold _____

Office of the U.S. Trustee
555 One Michiana Square Building
100 East Wayne Street
South Bend, IN 46601
(574) 236-8105, ext. 118
Ellen.L.Triebold@usdoj.gov