IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| AUBURN FOUNDRY, INC. | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | BK Case No. 04-10427 |

**JOINT STIPULATION AND ORDER REGARDING MOTION OF
BANK OF AMERICA, N.A., TO REQUIRE DEBTOR TO PROVIDE
<u>ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§ 361 AND 363(e)</u>**

WHEREAS, Auburn Foundry, Inc. by its counsel, Baker & Daniels, Bank of America, N.A. ("BofA"), as agent for the Debtor's pre-petition secured lenders ("Lenders"), by its counsel, Latham & Watkins LLP and Shipley & Associates, AFI Lending Group, LLC ("AFI Lending"), by its counsel, Sommer Barnard, PC, and the Official Committee of Unsecured Creditors (the "Creditors' Committee"), by its counsel, Ice Miller, file this *Joint Stipulation and Order Regarding Motion of Bank of America, N.A., to Require Debtor to Provide Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363(e)* (the "Adequate Protection Stipulation");

WHEREAS, on February 8, 2004 (the "Petition Date"), Auburn commenced its bankruptcy case by filing a voluntary petition in the Bankruptcy Court for the Northern District of Indiana, Fort Wayne Division. Since that time, the Debtor has continued in possession of its property and has operated and managed its business, as a debtor in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, on or about March 5, 2004, the Lenders filed the *Motion of Bank of America, N.A. to Require Debtor to Provide Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363(e)*(the "Adequate Protection Motion");

FWIMAN1 359873v1

WHEREAS, pursuant to the Adequate Protection Motion, the Lenders sought entry of an order requiring the Debtor to provide the Lenders adequate protection for the diminution in the value of the Debtor's fixed assets which include, without limitation, the Debtor's machinery, equipment, parts inventory and real property (collectively the "Fixed Assets");

WHEREAS, on March 23, 2004, the Court held a status conference on the Adequate Projection Motion.  By agreement of the parties, a further status conference on the Adequate Protection Motion which was scheduled for September 15, 2004 was removed from the Court's calendar.  On September 10, 2004, the Court entered an Order requiring the Debtor and the Lenders to jointly file either a motion to approve an agreement for adequate protection, or, if the matter has not been settled, a proposed pre-trial order on or before November 8, 2004;

WHEREAS, for the past several months, the Debtor, the Lenders, AFI Lending and other constituencies in this case have been working together to negotiate a plan of reorganization which is supported by all parties.  In furtherance thereof, on July 12, 2004, the Debtor filed a plan of reorganization and accompanying disclosure statement.  Since that time, the Debtor, the Lenders, AFI Lending and other constituencies in this case have continued to negotiate an agreed plan of reorganization and the Debtor is presently preparing a first amended plan of reorganization and accompanying disclosure statement (the "Amended Plan Documents") which addresses these further negotiations.  The Lenders expect that the Debtor will file the Amended Plan Documents within the next 30 days; and

WHEREAS, a chapter 11 plan of reorganization supported by all of the major constituencies in this case might obviate the Lenders need for a separate adequate protection order such as the one requested pursuant to the Adequate Protection Motion.

FWIMAN1 359873v1

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES HERETO AND THE PARTIES RESPECTFULLY REQUEST THAT THE COURT SO ORDER:

1. Upon the Court's signature of this Adequate Protection Stipulation, the Lenders shall withdraw the Adequate Protection Motion.

2. If the Lenders file a motion seeking entry of an order pursuant to sections 361 and 363(e) of the Bankruptcy Code requiring the Debtor to provide the Lenders with adequate protection for the diminution in value of the Fixed Assets, such diminution in the value of the Fixed Assets will be measured from and after March 5, 2004, the date of the Adequate Protection Motion.

3. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Adequate Protection Stipulation.

SHIPLEY & ASSOCIATES

By: /s/ Grant Shipley
Grant F. Shipley
233 West Baker Street
Fort Wayne, Indiana 46802-3413

Attorneys for the Lenders

BAKER & DANIELS

By: /s/ John R. Burns
 John R Burns (#3016-02)
 Mark A. Werling (#20426-02)
 11 East Wayne Street, Suite 800
 Fort Wayne, Indiana 46802

Attorneys for the Debtor,
Auburn Foundry, Inc.

SOMMER BARNARD, PC

By: /s/ Marlene Reich
Jerald Ancel
Marlene Reich
Sommer Barnard, PC
One Indiana Square, Ste. 3500
Indianapolis, IN 46204

Attorneys for AFI Lending Group, LLC

ICE MILLER

By: /s/ Henry Efroymson
Henry Efroymson
Ice Miller
One American Square
Box 82001
Indianapolis, IN 46282

Attorneys for the Official Committee
of Unsecured Creditors


IT IS SO ORDERED.

Dated: October ____, 2004

_____
UNITED STATES BANKRUPTCY JUDGE