UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

IN THE MATTER OF:          )
          )
AUBURN FOUNDRY, INC.,     )      CASE NO. 04-10427
          )      CHAPTER 11
   Debtor.          )

**ORDER AUTHORIZING DEBTOR TO CONTINUE AND EXTEND
FINANCING PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, AND 364**

Upon consideration of the motion (the "Motion") of Auburn Foundry, Inc., debtor-in-possession ("AFI" or the "Debtor"), for entry of an order authorizing the Debtor to continue and extend financing (the "Post-Petition Financing Motion") pursuant to sections 105(a), 361, 362, 363, 364(c)(1), 364(c)(2), and 364(c)(3) of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), and the Court having found as follows:

A.      The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on February 8, 2004 and, since that date, has continued in possession of its property and management of its business as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

B.      The Debtor seeks an order authorizing it to obtain "Post-Petition Financing" as described more fully in the Post-Petition Financing Motion, in accordance with the Note, as amended and restated, attached thereto as Exhibit "A," and subject to the terms described more fully therein.  The request for Post-Petition Financing accompanies the Debtor's contemporaneously filed request to extend Court-approved use of cash collateral from August 31, 2004, as consensually extended thereafter, through November 5, 2004, as extendable through December 31, 2004, and its contemporaneously filed motion to continue and extend Senior DIP Financing.

C.      This Court has jurisdiction to consider the Post-Petition Financing Motion.

D.      The relief sought in the Post-Petition Financing Motion is in the best interest of creditors and all parties in interest.

E.      Notice of the Post-Petition Financing Motion has been properly given.

F.      No other or further notice is necessary.

G.      The Debtor will be unable to operate or reorganize without the Post-Petition Financing.

H.      The Debtor is unable to obtain financing on terms more favorable than those described in the Post-Petition Financing Motion and provided for in the Post-Petition Financing and the terms hereof.

I.      The Debtor has an immediate need to obtain the Post-Petition Financing in order to permit, among other things, the orderly continuation of the Debtor's business, to maintain business relationships with vendors and suppliers, and to satisfy other working capital needs.  The ability of the Debtor to obtain sufficient working capital and liquidity through the incurrence of new indebtedness and other financial accommodations is vital to the preservation and maintenance of the going concern value of the Debtor and is integral to a successful reorganization of the Debtor.

J.      Under the circumstances, the terms and conditions of the Post-Petition Financing (including, without limitation, the fees, costs, and expenses to be incurred in connection therewith) are fair and reasonable, reflect the exercise of the Debtor's prudent business judgment consistent with its fiduciary duties, and is supported by reasonable equivalent value and fair consideration.  The Post-Petition Financing has been negotiated in good faith and at arms length between the Debtor and the DIP Lender.

NOW, THEREFORE, it is, this _____ day of October, 2004,

HEREBY ORDERED:

1.      The Post-Petition Financing Motion is GRANTED, subject to the terms

and conditions set forth herein.

2.      The capitalized terms not otherwise defined herein shall have the

meanings ascribed to such terms as set forth in the Post-Petition Financing Motion.

3.      Pursuant to sections 105(a), 361, 362, 363, 364(c)(1), 364(c)(2), and

364(c)(3) of the Bankruptcy Code, the Debtor is authorized to obtain the Post-Petition Financing

in accordance with the Note attached to the Post-Petition Financing Motion as Exhibit "A" and

the terms described more fully herein.

4.      Subject and subordinate to the Senior Lenders' Indebtedness, as defined in

that certain Agreement for Long-Term Cash Use and Senior Debtor-in-Possession Financing

filed with this Court for approval on April 18, 2004, as subsequently amended (the

"Agreement"), but only to the extent provided in paragraph 20 thereof:

a.      The DIP Lender shall be entitled to (i) a commitment fee of up to

$36,000 based on the Debtor's draw of $1,800,000.00 in Note principal or if a lesser amount is

drawn, then a pro-rated portion of the $36,000 (the "Commitment Fee") and (ii) payment of its

attorneys' fees and reimbursable expenses not to exceed $50,000.00, in the aggregate, for

origination and administration of the Post-Petition Financing (collectively, the "DIP Lender's

attorneys' fees"), each of which shall be payable upon termination of the Post-Petition Financing.

b.      The line of credit approved by the DIP Lender is evidenced by the

Note.

c.       The Debtor shall be entitled, from time to time, until termination of the Post-Petition Financing, to borrow, repay, and reborrow the principal of the Post-Petition Financing; provided, however, that the Debtor shall not repay the principal amount of the Post-Petition Financing prior to the dates permitted in paragraph 20 of the Agreement.  The Debtor will pay interest to the DIP Lender on the first day of each month beginning March 1, 2004 on the outstanding principal balance of the Note at the rate of the Bank of America prime rate plus three percent (3%) per annum.

d.       All principal outstanding on the Note shall be repaid on or before: (i) November 5, 2004; (ii) thirty (30) days after the Effective Date of the Debtor's Plan of Reorganization; or (iii) the occurrence of an Event of Default as defined in the Note, whichever shall first occur; provided, however, that the Debtor shall not repay the principal amount of the Post-Petition Financing prior to the dates permitted in paragraph 20 of the Agreement.

e.       Pursuant to § 364(c)(1) of the Bankruptcy Code, all of the DIP Obligations (defined as principal and interest on the Note, the Commitment Fee, and the DIP Lender's Attorneys' Fees) shall constitute allowed claims against the Debtor with priority over any and all administrative expenses or other claims now existing, or hereafter existing, of any kind whatsoever, including, without limitation, administrative expenses of the kind specified in or allowed under sections 105, 326, 328, 330, 331, 363, 364, 503(b), 506(b), 507(a), 507(b), 726, or 1114 of the Bankruptcy Code (the "Superpriority Claim"), which superpriority claim shall be payable from and have recourse to all pre- and post-petition property of the Debtor and proceeds thereof, subject only to the payment of the Carve-Out.  The "Carve-Out" shall operate consistently with the "Carve-Out" set forth in paragraph 14 of the Agreement.  The Carve-Out for attorneys fees and reimbursable expenses incurred by the Unsecured Creditors Committee

shall survive any event of default or termination of the Post-Petition Financing.  The Unsecured Creditors Committee and the Lenders shall receive weekly statements from the Debtor regarding the status of the post-petition borrowings, and receive copies of any and all Governing Cash Flow Budgets as referenced in the Note provided by the Debtor to the DIP Lender.

   f.  Pursuant to sections 364(c)(2) and 364(c)(3) of the Bankruptcy Code, the DIP Lender is hereby granted, subject to the Carve-Out, a perfected security interest in and lien upon all pre- and post-petition property of the Debtor and the proceeds thereof subject only to (i) all valid, perfected and non-avoidable liens in existence on the Petition Date and (ii) liens granted to the Lenders by Order of this Court, all without the necessity of the execution, filing, or recording of any documents required under non-bankruptcy law or otherwise, for the creation or perfection of security interests or liens.  However, upon request by the DIP Lender, the Debtor shall execute and deliver to the DIP Lender all financing statements or other documents or agreements which the DIP Lender may request relating to and/or evidencing the security interests or liens granted hereunder, and the automatic stay is hereby modified to permit the DIP Lender to perfect the foregoing security interests and liens in such collateral.

   g.  The Debtor shall provide the DIP Lender with copies of all reports which it is required to deliver to the Lenders.

   h.  The following provision has been removed from the Post-Petition Financing:

Pursuant to section 364(c)(2) of the Bankruptcy Code, the DIP Lender is hereby granted, subject to the Carve-Out, a perfected security interest and lien upon all of the claims and causes of action (and all proceeds thereof) of the Debtor under sections 502(d), 544, 545, 547, 548, 549, 550 and/or 551 of the Bankruptcy Code (the "Avoidance Actions").

        i.      As provided in the Agreement, any loan advances hereafter made to Debtor by DIP Lender in excess of the $1,300,000 presently advanced shall be credited against any obligation of DIP Lender to make a capital contribution to New AFI upon the Effective Date of a confirmed Plan of Reorganization, if such obligation hereafter exists by agreement with Lenders, or otherwise.

        j.      The Note and the terms of the Post-Petition Financing described more fully in the Post-Petition Financing Motion are hereby approved.

5.      This Order shall be without prejudice to the rights of the Debtor or any party in interest, including without limitation the United States Trustee and the Lenders, to apply to the Court for authority to further modify the terms hereof on appropriate notice and motion.

6.      Pursuant to section 364(e) of the Bankruptcy Code, the reversal or modification on appeal of this Court's authorization of the Post-Petition Financing, or of a grant hereunder of a priority or a lien, does not affect the validity of any debt so incurred, or any priority or lien so granted, to the DIP Lender, which is extending such credit in good faith, whether or not the DIP Lender knew of the pendency of the appeal, unless such authorization and the incurring of such debt, or the granting of such priority or lien, were stayed pending appeal.

7.      This Court shall retain jurisdiction with respect to all matters arising from or related to the Post-Petition Financing Motion or the implementation of this Order.

Dated this _____ day of October, 2004.


_____
HONORABLE ROBERT E. GRANT
UNITED STATES BANKRUPTCY JUDGE


AGREES TO FORM:

For the Debtor

/s/
_____
John R Burns, III


For Bank of America, National Association

/s/
_____
Grant Shipley


For the DIP Lender

/s/
_____
Jerald I. Ancel