## AMENDED AND RESTATED PROMISSORY NOTE

$1,800,000.00

Date: As of October 7, 2004
Auburn, Indiana

FOR VALUE RECEIVED, the undersigned, AUBURN FOUNDRY, INC., Debtor in Possession (the "**Borrower**") promises to pay to AFI LENDING GROUP, LLC, an Indiana limited liability company (the "**Lender**") or order, the sum of ONE MILLION EIGHT HUNDRED THOUSAND DOLLARS ($1,800,000.00) or such lesser principal sum as is advanced to the Borrower and remains unpaid, plus interest on the principal outstanding from time to time computed on the basis of the actual number of days elapsed in a year of 360 days at a variable rate per annum equal the rate of 3.0% per annum above the rate announced from time to time by Bank of America, National Association, as its "prime rate" (the "**Note Rate**") until maturity, whether by acceleration or otherwise, and at the rate of 3% per annum above the Note Rate on overdue principal from the date when due until paid. Each change in the "prime rate" of Bank of America, National Association will immediately change the Note Rate.

Until the maturity of this Promissory Note (this "**Note**") the Borrower will pay the interest which has accrued on this Note on the first day of each successive calendar month, beginning November 1, 2004. In any and all events, if payment is not earlier due by reason of acceleration, the entire outstanding principal balance of this Note, together with any accrued and unpaid interest, shall be due on the earlier of November 5, 2004, and that date which is 30 days after the Effective Date of the Borrower's Plan of Reorganization which is confirmed in the Bankruptcy Case. Acceptance by the Lender of any payment which is less than payment in full of all amounts due and owing at such time shall not constitute a waiver of the Lender's right to receive payment in full at such time or any other time.

The Lender has approved a line of credit facility to the Borrower not to exceed the principal sum of $1,800,000. This credit facility is in the form of advances made from time to time by the Lender to the Borrower. This Note evidences the Borrower's obligation to repay those advances, with interest as herein provided. The aggregate principal amount of debt evidenced by this Note as of any date of determination shall be the aggregate amount of all advances made by the Lender to the Borrower as of such date, minus the aggregate amount of all principal repayments received by the Lender from the Borrower as of such date. Until maturity, the Borrower may borrow, repay and reborrow principal under this Note so long as the aggregate principal amount outstanding at any one time does not exceed the face amount of this Note.

The loan indebtedness evidenced by this Note is authorized and approved by order entered February 10, 2004 as the same has been subsequently amended and extended (the "Order") issued by the United States Bankruptcy Court for the Northern

1

District of Indiana, Fort Wayne Division (the "**Court**"), in Chapter 11 Case No. 04-10427 initiated by a voluntary petition for relief filed by the Borrower under chapter 11 of title 11 of the Untied States Code (the "**Bankruptcy Case**"). To the extent the terms of this Note are inconsistent with the terms of the Order, the terms of the Order shall govern. The indebtedness evidenced by this Note is secured as provided in the Order.

This Note evidences indebtedness incurred by the Borrower under a Promissory Note dated as of February 8, 2004 as amended by a First Allonge to Promissory Note dated as of April 19, 2004 (the "**Prior Note**"). This Note amends and supercedes the Prior Note but does not extinguish the indebtedness incurred under the Prior Note.

The Borrower is liable to the Lender for all reasonable costs and expenses of every kind incurred in the making or collection of this Note, including, without limitation, reasonable attorneys' fees and court costs. These costs and expenses shall include, without limitation, any costs or expenses incurred by the Lender in obtaining relief in the Bankruptcy Case after default by the Borrower in payment of this Note. All amounts payable under or pursuant to this Note shall be payable without relief from valuation and appraisement laws.

Each of the following events shall constitute an "Event of Default" for purposes of this Note and each such Event of Default shall be deemed to exist and continue so long as, but only so long as, it shall not have been remedied:

(a)     The Borrower shall default in the payment when due of any amount payable under this Note.

(b)     Any secured creditor of the Borrower shall obtain an order of the Court granting it relief from the automatic stay or otherwise entitling such creditor to foreclose upon or take possession of any property of the Borrower.

(c)     The Bankruptcy Case shall be dismissed or the Borrower shall file any motion to dismiss the Bankruptcy Case or to convert it to a case under chapter 7 of title 11 of the United States Code.

(d)     The Borrower shall fail to perform for any consecutive two week period substantially in accord with the Governing Cash Flow Budget for such two weeks. (As used herein, the term "Governing Cash Flow Budget" means any pro forma cash flow budget prepared by the Borrower and submitted to the Lender to obtain a discretionary advance of principal).

(e)     The appointment of a Trustee pursuant to Chapter 11 of the Bankruptcy Code.

(f)     The conversion of the Bankruptcy Case to a case under Chapter 7 of the Bankruptcy Code.

In the Event of Default, the entire unpaid balance of principal and interest of this Note shall become due and payable immediately, without notice or demand, at the election of the holder of this Note and the Lender shall be entitled to exercise such remedies as it may have as a matter of law, subject to any requisite authorization of the Court.

Each endorser and any other party liable on this Note severally waives demand, presentment notice of dishonor and protest and consents to any extension or postponement of time of its payment without limit as to the number or period, to any substitution, exchange or release of all or any part of the collateral which secures the indebtedness evidenced by this Note, to the addition of any party, and to the release or discharge of, or suspension of any rights and remedies against, any person who may be liable for the payment of this Note. No delay on the part of the Lender in the exercise of any right or remedy shall operate as a waiver. No single or partial exercise by the Lender of any right or remedy shall preclude any other future exercise of it or the exercise of any other right or remedy. No waiver or indulgence by the Lender of any default shall be effective unless in writing and signed by the Lender, nor shall a waiver on one occasion be construed as a bar to or waiver of that right on any future occasion.

This Note shall be binding on the Borrower and its successors, and shall inure to the benefit of the Lender, its successors and assigns. Any reference to the Lender shall include any holder of this Note. This Note is delivered in the State of Indiana and governed by Indiana and federal law.

AUBURN FOUNDRY, INC.,
Debtor-in-Possession

By _____
Printed  DENNIS MAHOE
Title    CFO

176422v3

3