IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | Chapter 11 |
| AUBURN FOUNDRY, INC., ) | |
| 35-0154360 ) | BK Case No. 04-10427-reg |
| Debtor. ) | |

### APPLICATION FOR APPROVAL OF EMPLOYMENT OF ATTORNEYS, ROTHBERG LOGAN & WARSCO LLP

The above-captioned Debtor files this Application for Approval of Employment of Attorneys, Rothberg Logan & Warsco LLP, and in support thereof, states the following:

1. The Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code on February 8, 2004. Debtor continues to operate its business as Debtor-in-Possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

2. On February 9, 2004, the Debtor filed an Application to Employ and Retain Baker & Daniels as Counsel for Debtor-in-Possession which Application was approved by this Court's Order dated March 17, 2004.

3. The Debtor seeks to employ RLW to act as conflicts counsel to provide legal services with respect to those matters where Baker & Daniels has a conflict of interest.

4. By this application and pursuant to section 327(a) of the Bankruptcy Code, as modified by §1107(b) of the Bankruptcy Code, the Debtor seeks to employ Mark A. Warsco and the law firm of Rothberg Logan & Warsco LLP ("RLW") as conflicts counsel.

5. The Debtor has selected RLW for the reason that its partners and associates have had prior experience in matters of this nature and are well qualified to represent the Debtor in this proceeding.

FWIMAN1 332000v2

6.  The Debtor submits that the retention of RLW under the terms described herein is appropriate under §§ 327 and 328 of the Bankruptcy Code. Section 327(a) of the Bankruptcy Code empowers the trustee, with the court's approval, to employ attorneys "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a).

7.  Except as set forth in the Affidavit of Mark A. Warsco, a partner with RLW, which is attached hereto as Exhibit "A," to the best of the Debtor's knowledge, the partners, counsel and associates of RLW (a) do not have any connection with any of the Debtors, their affiliates, their creditors, the Office of the United States Trustee for the Northern District of Indiana, any person employed in the Office of the United States Trustee for the Northern District of Indiana, or any other party in interest, or their respective attorneys and accountants, (b) are "disinterested persons" as that term is defined in § 101(4) of the Bankruptcy Code, and (c) do not hold or represent any interest adverse to the estate.

8.  More specifically, as set forth in the Affidavit attached hereto, and to the best of Debtor's knowledge, information and belief:

   A.  RLW, and its partners and associates, do not hold or represent any interest adverse to that of the estate;

   B.  RLW is not and has not been a creditor, an equity holder, or insider of the Debtor;

   C.  Neither RLW nor any attorney at the firm is or was an investment banker for any outstanding security of the Debtor;

   D.  Neither RLW nor any attorney at the firm is or was, within three years before the filing of the Debtor's Chapter 11 case, an investment banker for any security of the Debtor, or any attorney for an investment banker in connection with the offer, sale or issuance of any security of the Debtor;

E.   Neither RLW nor any attorney at the firm is or was, within two years before the Petition Date, a director, officer or employee of the Debtor or of an investment banker of the Debtor;

F.   RLW, its partners or associates, have not represented or been employed by the Debtor in the twelve months prior to the filing of the petition;

G.   RLW, its partners and associates, have not been employed to represent an officer, director, shareholder, partner, limited partner or any other entity that has guaranteed an obligation of the Debtor or is liable on an obligation of the Debtor, or pledged property to secure an obligation of the Debtor in the twelve months prior to filing except that RLW currently represents David B. Fink, a shareholder and potential insider of the Debtor in a Chapter 7 bankruptcy. However, Mr. Fink has not guaranteed any indebtedness of the Debtor.

H.   RLW, its partners and associates, have no connection with any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

I.   RLW does not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor or an investment banker specified in the foregoing paragraphs, or for any other reason.

9.   RLW, its partners and associates, have represented the following scheduled creditors of the Debtor within the year prior to the date of the petition. The creditors' names, addresses and circumstances of such representation or employment are set forth below:

A.   American Wire Rope and Sling, 3122 Engle Road, Fort Wayne, IN 46809 (corporate, collection and litigation matters unrelated to the Debtor);

B.   Brake Materials & Parts, Inc., 800 Sherman at Pape, Fort Wayne, IN 46808 (corporate, collection and litigation matters unrelated to the Debtor);

C.   Brechbuhler Scales, 3306 Cavalier Drive, Fort Wayne, IN 46808 (corporate, collection and litigation matters unrelated to the Debtor);

D.   David B. Fink, P.O. Box 72, Auburn, IN 46706 (chapter 7 bankruptcy proceeding matters unrelated to the Debtor);

E.   KMH Systems, Inc., 7020 SR 930 East, Fort Wayne, IN 46803 (corporate, collection and litigation matters unrelated to the Debtor);

10. Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person "on any reasonable terms and conditions of employment, including on a retainer." 11 U.S.C. § 328(a). The Debtor may require RLW to render extensive legal services, the cost of which cannot be estimated. Accordingly, it is necessary and essential for the Debtor, as debtor-in-possession, to employ attorneys under general retainer to render the foregoing services.

11. Subject to this Court's approval and in accordance with §§ 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the rules and other procedures that may be fixed by this Court, the Debtor requests that RLW be compensated on an hourly basis, plus reimbursement of actual and necessary expenses incurred by RLW, as more fully set forth in the Affidavit attached hereto.

12. RLW will maintain detailed records of all actual costs and expenses incurred. RLW will abide by all procedures ordered by the Court and will apply to the Court for allowance of any compensation or reimbursement of expenses in the matter.

13. Debtor has provided notice of this Application in accordance with the applicable Bankruptcy Rules.

14. No prior application for the relief requested herein has been made to this or any other court.

15. It is contemplated that said attorneys will seek compensation based upon normal and usual hourly billing rates. It is further contemplated that said attorneys will seek interim compensation during the case as permitted by 11 U.S.C. § 331.

16. The Debtor requests that the Application be granted *nunc pro tunc* to the petition date.

5

WHEREFORE, the Debtor requests that it be authorized to employ Mark A. Warsco and the law firm of Rothberg Logan & Warsco LLP, to represent it in this case under Chapter 11 of the United States Bankruptcy Code in the areas described above with compensation to be paid as an administrative expense in such amounts as this Court may hereinafter determine and allow.

Dated: November 10, 2004

Respectfully submitted,

AUBURN FOUNDRY, INC.

By: *[signature]*

Dennis Maude, Assistant Treasurer