IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

---

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | Chapter 11 |
| AUBURN FOUNDRY, INC., | ) | |
| 35-0154360 | ) | BK Case No. 04-10427-reg |
|         Debtor. | ) | |

---

### AFFIDAVIT OF MARK A. WARSCO IN SUPPORT OF APPLICATION TO EMPLOY AND RETAIN ROTHBERG, LOGAN & WARSCO, LLP

State of Indiana   )
                      ) ss:
County of Allen   )

1. I am a member of the firm of Rothberg, Logan & Warsco LLP ("RLW"), which maintains offices for the practice of law at 110 West Berry Street, Suite 2100, Fort Wayne, Indiana 46802. I am an attorney-at-law, duly admitted to practice in the State of Indiana, the United States District Courts for the Northern and Southern Districts of Indiana, and the United States Courts of Appeal for the Seventh Circuit. I submit this affidavit in connection with the application of the above-captioned Debtor and Debtor-in-Possession (the "Debtor") to retain RLW as counsel to the Debtor in its Chapter 11 case and to provide the disclosures required under § 329 of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), the rules of this Court, and

FWIMAN1 332015v1

Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## RLW'S CONNECTIONS WITH THE DEBTOR

2. RLW utilizes a number of procedures (the "Firm Procedures") to determine its relationships, if any, to parties that may have connections to a client debtor. In implementing such Firm Procedures, the following actions were taken to identify parties that may have connections to the Debtor's and RLW's relationship with such parties:

>A. RLW has run a computerized conflicts check for the name Auburn Foundry, and no conflicts appeared.
>
>B. RLW obtained from the Bankruptcy Court's records a list of all creditors of the Debtor.[1]
>
>C. RLW compared each of the listed creditors to the names in its master database of current and former clients (the "Client Database"). The Client Database generally includes the name of each client, the name of the parties that are or were adverse to such client with regard to the subject of RLW's retention, and the names of the RLW personnel who are or were primarily responsible for matters for such clients.
>
>D. Known connections between RLW and the creditor list were compiled for purposes of preparing this Affidavit.

---

[1] RLW continues to review the relationships that its attorneys may have with potentially interested parties and to determine whether any relationships other than those set forth herein exist. Upon conclusion of these processes, RLW will supplement this affidavit if there is a relationship that may adversely affect RLW's retention in this Chapter 11 case or otherwise should be disclosed. RLW also will update this disclosure if it is advised of any trading of claims against or interests in the Debtor that is believed to affect RLW's retention or otherwise to require such disclosure. In reviewing its records and the relationships of its attorneys, RLW did not seek information as to whether any RLW attorney or member of his/her immediate family: (a) indirectly owns, through a public mutual fund or through partnerships in which certain RLW attorneys have invested, but as to which such partners have no control over or knowledge of investment decisions, securities of the Debtor or any other party-in-interest; or (b) has engaged in any ordinary course consumer transaction with any party-in-interest. If any such relationship does exist, I do not believe it would impact upon RLW's disinterestedness or otherwise give rise to a finding that RLW holds or represents an interest adverse to the Debtor's estate.

3. As a result of the foregoing procedures, I have ascertained that, upon information and belief, RLW has the following connections with the Debtor and their creditors:

    A. Because of its broad-based general practice, RLW (i) has appeared in the past and may appear in the future in cases unrelated to this Chapter 11 case where one or more of the creditors may be involved; and (ii) has represented in the past, currently represents and/or may represent in the future one or more of said creditors or other potentially interested parties in matters unrelated to this Chapter 11 case.

    B. RLW currently represents or has open matters respecting the creditors or their affiliates listed in paragraph 4 (the "Current Clients"). Such matters are, upon information and belief, unrelated to this case. RLW may continue to represent such entities in the future in matters unrelated to this case.

    C. RLW has not in the past represented the Debtor or its affiliates except that RLW currently represents David B. Fink, a shareholder and potential insider of the Debtor in a Chapter 7 bankruptcy.

    D. Certain members of RLW and certain associates of and "of counsel" attorneys to RLW, and certain of such persons' relatives may have familial or personal relationships with officers, directors and/or shareholders of creditors of the Debtor, competitors of the Debtor and/or other parties in interest in this case. As of the date hereof, RLW is not aware of any such relationships that are material.

    E. Certain of my partners at RLW and certain of the associates of and "of counsel" attorneys to RLW, and certain of such persons' relatives, may directly or indirectly be shareholders of creditors of the Debtor, competitors of the Debtor and/or other parties in interest. I believe such persons' holdings are insignificant and, insofar as I have been able to ascertain, none of these shareholders controls or has any influence on such creditor or party in interest. I do not believe these shareholders' interests, considered separately or collectively, are material.

    F. Certain of my partners at RLW and certain of the associates and "of counsel" attorneys to RLW, and certain of such persons' relatives, may have business, contractual, economic, familial or personal relationships with creditors of the Debtor and/or other parties in interest or such entities' respective officers, directors or shareholders. Insofar as I have been able to ascertain, none of these officers, directors and/or shareholders has any substantial or direct involvement in

this case or, alternatively, such relationships are insignificant. I do not believe these familial or personal relationships, considered separately or collectively, are material.

4. In addition to the foregoing, RLW hereby discloses that its partners and associates, have represented the following scheduled creditors of the Debtor within the year prior to the date of the petition. The creditors' names, addresses and circumstances of such representation or employment are set forth below:

    A. American Wire Rope and Sling, 3122 Engle Road, Fort Wayne, IN 46809 (corporate, collection and litigation matters unrelated to the Debtor);

    B. Brake Materials & Parts, Inc., 800 Sherman at Pape, Fort Wayne, IN 46808 (corporate, collection and litigation matters unrelated to the Debtor);

    C. Brechbuhler Scales, 3306 Cavalier Drive, Fort Wayne, IN 46808 (corporate, collection and litigation matters unrelated to the Debtor);

    D. David B. Fink, P.O. Box 72, Auburn, IN 46706 (chapter 7 bankruptcy proceeding matters unrelated to the Debtor);

    E. KMH Systems, Inc., 7020 SR 930 East, Fort Wayne, IN 46803 (corporate, collection and litigation matters unrelated to the Debtor);

5. I believe that none of the representations or relationships recited above would give rise to a finding that RLW represents or holds an interest adverse to the Debtor with respect to the services for which RLW would be retained.

6. To the affiant's knowledge, none of the partners and associates of RLW have any relationships with the Office of the United States Trustee for the Northern District of Indiana or any person employed in said office.

**RLW Compensation**

7.  Subject to this Court's approval in accordance with §§ 330 and 331 of the Bankruptcy Code, such Federal Rules of Bankruptcy Procedure as may be applicable, the rules of this Court, and such other procedures as may be fixed by order of this Court, compensation will be payable to RLW on an hourly basis, plus reimbursement of actual and necessary expenses incurred by RLW. The RLW attorneys that are likely to represent the Debtor in this case have current standard hourly rates ranging between $150.00 and $265.00. The paralegals that likely will assist the attorneys who will represent the Debtor have current standard hourly rates of $90.00. The hourly rates are subject to periodic adjustments to reflect economic and other conditions.

8.  RLW's bankruptcy and creditors' rights attorneys that are likely to represent the Debtor in this case, and their standard hourly rates are as follows:

| Attorney's Name | Hourly Rate |
| --- | --- |
| Mark A. Warsco | $265.00 |
| Susan E. Trent | $175.00 |
| Christopher M. Forrest | $150.00 |

9.  The hourly rates that will be charged in this case are RLW's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate RLW for work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is RLW's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the respective clients' cases. The expenses charged to clients include, among other things, telephone and telecopier charges, mail and express mail charges, special or hand delivery charges, document processing and

photocopying charges, travel expenses, expenses for "working meals", computerized research and transcription costs. RLW believes that it is appropriate to charge these expenses to the clients incurring them rather than to increase its hourly rates and thereby spread the expenses among all clients.

10. This Affidavit is intended to comply with Federal Rule of Bankruptcy Procedure 2016(b). RLW intends to apply to this Court for compensation for professional services rendered in connection with this case. No promises have been received by RLW or by any member or associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. RLW has no agreement with any other entity to share with such entity any compensation received by RLW.

11. Neither I, RLW, nor any member or associate thereof, insofar as I have been able to ascertain, represents any interest adverse to the Debtor or its estate in the matters regarding which RLW is to be engaged. Except as maybe stated above, I believe RLW is a "disinterested person" as that term is defined in § 101(14), as modified by § 1107(b), of the Bankruptcy Code.

By reason of the foregoing, I believe RLW is eligible for employment and retention by the Debtor pursuant to § 327 [as modified by § 1107(b)] and § 328 of the Bankruptcy Code and the applicable Bankruptcy Rules.

_____
Mark A. Warsco, Esq.

Subscribed and sworn to before me
This  10th day of November, 2004

My commission expires: 6-18

*Cynthia E. Witters*
Cynthia E. Witters, Notary Public
Resident Allen County, Indiana

[Notary Seal – NOTARY PUBLIC, SEAL, INDIANA]

FWIMAN1 332015v1                                    7