IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| AUBURN FOUNDRY, INC. | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | BK Case No. 04-10427 |

**MOTION PURSUANT TO RULE 4001(C) TO CONTINUE AND EXTEND
FINANCING PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, AND 364**

The Debtor, Auburn Foundry, Inc., debtor-in-possession ("AFI" or the "Debtor"), by counsel, hereby moves the Court for entry of an order (the "Order") authorizing it to continue and extend Post-Petition Financing (the "Post-Petition Financing Motion") in accordance with the terms of the Order and the Note, as amended and restated, attached hereto as Exhibit "A," which it seeks in conjunction with a contemporaneously filed motion for use of cash collateral to extend cash use through November 5, 2004, as extendable through December 31, 2004 in accordance with the terms thereof, and a contemporaneously filed motion to continue and extend Senior DIP Financing, and in support thereof states as follows:

1.    The Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on February 8, 2004 and, since that date, has continued in possession of its property and management of its business as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.    On or about May 12, 2004, this Court, upon a final hearing, entered a Final Order Authorizing Debtor to Obtain Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 364 (the "Final Order").  The Final Order approved Post-Petition Financing in conjunction with the authorization by this Court for use of cash collateral through August 31,

2004. The Debtor and the Senior Lenders consensually agreed to further cash use after August 31, 2004.

3. This Court has jurisdiction over this Chapter 11 Case and the Post-Petition Financing Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the Post-Petition Financing Motion constitutes a core proceeding as defined in 28. U.S.C. § 157(b)(2).

4. The Debtor is unable to obtain unsecured credit on terms more favorable than those described herein.

5. The Debtor has an immediate need to obtain the Post-Petition Financing in order to permit, among other things, the orderly continuation of the Debtor's business, to maintain business relationships with vendors and suppliers, and to satisfy other working capital needs. The ability of the Debtor to obtain sufficient working capital and liquidity through the incurrence of new indebtedness and other financial accommodations is vital to the preservation and maintenance of the going concern value of the Debtor and is integral to a successful reorganization of the Debtor.

6. Under the circumstances, the terms and conditions of the Post-Petition Financing (including, without limitation, the fees, costs, and expenses to be incurred in connection therewith) are fair and reasonable, reflect the exercise of the Debtor's prudent business judgment consistent with its fiduciary duties, and is supported by reasonable equivalent value and fair consideration. The Post-Petition Financing has been negotiated in good faith and at arms length between the Debtor and the DIP Lender.

7. Notice of the relief requested in the Post-Petition Financing Motion has been given to (i) the Office of the United States Trustee, (ii) the official committee of unsecured creditors (the "<u>Committee</u>"), (iii) known holders of pre-petition liens against the Debtor's

property, and (iv) other parties in interest who have filed requests for notice in this Chapter 11 Case with the Court.

8.      Pursuant to Rule 4001(c) and Local Rule B-2002-2(a)(3) and (b)(1)(C), the Debtor requests that the Court approve the Motion following fifteen (15) days notice and an opportunity to object thereto.

WHEREFORE, the Debtor respectfully request that the Court approve the Order, permit it to obtain Post-Petition Financing in accordance with the terms thereof and the Note attached hereto as Exhibit "A," and for all other just and proper relief.

BAKER & DANIELS

By: /s/ John R Burns, III
    John R Burns, III (#3016-02)
    Mark A. Werling (#20426-02)
    111 East Wayne Street, Suite 800
    Fort Wayne, Indiana 46802
    Telephone: (260) 424-8000
    Facsimile: (260) 460-1700

ATTORNEYS FOR THE DEBTOR,
AUBURN FOUNDRY, INC.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Motion Pursuant to Rule 4001(C) to Continue and Extend Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 364 was served by electronic mail or by first-class United States mail, postage prepaid, this 22nd day of October, 2004, upon the following persons or counsel:

Scott C. Andrews
Rubin & Levin, P.C.
500 Marott Center
342 Massachusetts Avenue
Indianapolis, IN 46204-2161

Ellen L. Triebold
United States Trustee's Office
One Michiana Square, 5th Floor
100 East Wayne Street
South Bend, IN 46601

Grant F. Shipley
233 West Baker Street
Fort Wayne, IN 46802-3413

W. Erik Weber
Meffort and Weber P.C.
130 East 7th Street
Auburn, IN 46706

Stephen E. Lewis
Haller & Colvin, P.C.
444 East Main Street
Fort Wayne, IN 46802

Tricia A. Sherick
Honigman Miller Schwartz & Cohn LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226

Becket & Lee, LLP
P.O. Box 3001
16 General Warren Blvd.
Malvern, PA 19355

Gary D. Boyn
121 W. Franklin Street
Elkhart, IN 46516

Brad Rogers
1200 K Street, N.W.
Washington, DC 20005-4026

Henry A. Efroymson
Ice Miller
One American Square
Box 82001
Indianapolis, IN 46282-0002

Richard J. Swanson
Macey Swanson and Allman
445 N. Pennsylvania Street, Suite 401
Indianapolis, IN 46204-1800

Lawrence S. Crowther
Wegman, Hessler & Vanderburg
6055 Rockside Woods Blvd., Suite 200
Cleveland, OH 44131

Edmund P. Kos
Kos & Associate
110 West Berry Street, Suite 1904
Fort Wayne, IN 46802

Brian J. Lange
Schenkel Tirpak & Kowalczyk
520 South Calhoun Street
Fort Wayne, IN 46802-0501

Marlene Reich
Sommer Barnard Ackerson, P.C.
One Indiana Square, Suite 3500
Indianapolis, IN 46204

Stephen L. Fink
Barnes & Thornburg
600 One Summit Square
Fort Wayne, IN 46802

/s/ John R Burns, III

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| AUBURN FOUNDRY, INC., | ) | CASE NO. 04-10427 |
| | ) | CHAPTER 11 |
| Debtor. | ) | |

### ORDER AUTHORIZING DEBTOR TO CONTINUE AND EXTEND FINANCING PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, AND 364

Upon consideration of the motion (the "Motion") of Auburn Foundry, Inc., debtor-in-possession ("AFI" or the "Debtor"), for entry of an order authorizing the Debtor to continue and extend financing (the "Post-Petition Financing Motion") pursuant to sections 105(a), 361, 362, 363, 364(c)(1), 364(c)(2), and 364(c)(3) of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), and the Court having found as follows:

A.  The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on February 8, 2004 and, since that date, has continued in possession of its property and management of its business as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

B.  The Debtor seeks an order authorizing it to obtain "Post-Petition Financing" as described more fully in the Post-Petition Financing Motion, in accordance with the Note, as amended and restated, attached thereto as Exhibit "A," and subject to the terms described more fully therein. The request for Post-Petition Financing accompanies the Debtor's contemporaneously filed request to extend Court-approved use of cash collateral from August 31, 2004, as consensually extended thereafter, through November 5, 2004, as extendable through December 31, 2004, and its contemporaneously filed motion to continue and extend Senior DIP Financing.

C. This Court has jurisdiction to consider the Post-Petition Financing Motion.

D. The relief sought in the Post-Petition Financing Motion is in the best interest of creditors and all parties in interest.

E. Notice of the Post-Petition Financing Motion has been properly given.

F. No other or further notice is necessary.

G. The Debtor will be unable to operate or reorganize without the Post-Petition Financing.

H. The Debtor is unable to obtain financing on terms more favorable than those described in the Post-Petition Financing Motion and provided for in the Post-Petition Financing and the terms hereof.

I. The Debtor has an immediate need to obtain the Post-Petition Financing in order to permit, among other things, the orderly continuation of the Debtor's business, to maintain business relationships with vendors and suppliers, and to satisfy other working capital needs. The ability of the Debtor to obtain sufficient working capital and liquidity through the incurrence of new indebtedness and other financial accommodations is vital to the preservation and maintenance of the going concern value of the Debtor and is integral to a successful reorganization of the Debtor.

J. Under the circumstances, the terms and conditions of the Post-Petition Financing (including, without limitation, the fees, costs, and expenses to be incurred in connection therewith) are fair and reasonable, reflect the exercise of the Debtor's prudent business judgment consistent with its fiduciary duties, and is supported by reasonable equivalent value and fair consideration. The Post-Petition Financing has been negotiated in good faith and at arms length between the Debtor and the DIP Lender.

NOW, THEREFORE, it is, this _____ day of December, 2004, HEREBY ORDERED:

1. The Post-Petition Financing Motion is GRANTED, subject to the terms and conditions set forth herein.

2. The capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms as set forth in the Post-Petition Financing Motion.

3. Pursuant to sections 105(a), 361, 362, 363, 364(c)(1), 364(c)(2), and 364(c)(3) of the Bankruptcy Code, the Debtor is authorized to obtain the Post-Petition Financing in accordance with the Note attached to the Post-Petition Financing Motion as Exhibit "A" and the terms described more fully herein.

4. Subject and subordinate to the Senior Lenders' Indebtedness, as defined in that certain Agreement for Long-Term Cash Use and Senior Debtor-in-Possession Financing filed with this Court for approval on April 18, 2004, as subsequently amended (the "Agreement"), but only to the extent provided in paragraph 20 thereof:

   a. The DIP Lender shall be entitled to (i) a commitment fee of up to $36,000 based on the Debtor's draw of $1,800,000.00 in Note principal or if a lesser amount is drawn, then a pro-rated portion of the $36,000 (the "Commitment Fee") and (ii) payment of its attorneys' fees and reimbursable expenses not to exceed $50,000.00, in the aggregate, for origination and administration of the Post-Petition Financing (collectively, the "DIP Lender's attorneys' fees"), each of which shall be payable upon termination of the Post-Petition Financing.

   b. The line of credit approved by the DIP Lender is evidenced by the Note.

c.  The Debtor shall be entitled, from time to time, until termination of the Post-Petition Financing, to borrow, repay, and reborrow the principal of the Post-Petition Financing; provided, however, that the Debtor shall not repay the principal amount of the Post-Petition Financing prior to the dates permitted in paragraph 20 of the Agreement. The Debtor will pay interest to the DIP Lender on the first day of each month beginning March 1, 2004 on the outstanding principal balance of the Note at the rate of the Bank of America prime rate plus three percent (3%) per annum.

d.  All principal outstanding on the Note shall be repaid on or before: (i) November 5, 2004; (ii) thirty (30) days after the Effective Date of the Debtor's Plan of Reorganization; or (iii) the occurrence of an Event of Default as defined in the Note, whichever shall first occur; provided, however, that the Debtor shall not repay the principal amount of the Post-Petition Financing prior to the dates permitted in paragraph 20 of the Agreement.

e.  Pursuant to § 364(c)(1) of the Bankruptcy Code, all of the DIP Obligations (defined as principal and interest on the Note, the Commitment Fee, and the DIP Lender's Attorneys' Fees) shall constitute allowed claims against the Debtor with priority over any and all administrative expenses or other claims now existing, or hereafter existing, of any kind whatsoever, including, without limitation, administrative expenses of the kind specified in or allowed under sections 105, 326, 328, 330, 331, 363, 364, 503(b), 506(b), 507(a), 507(b), 726, or 1114 of the Bankruptcy Code (the "Superpriority Claim"), which superpriority claim shall be payable from and have recourse to all pre- and post-petition property of the Debtor and proceeds thereof, subject only to the payment of the Carve-Out. The "Carve-Out" shall operate consistently with the "Carve-Out" set forth in paragraph 14 of the Agreement. The Carve-Out for attorneys fees and reimbursable expenses incurred by the Unsecured Creditors Committee

shall survive any event of default or termination of the Post-Petition Financing. The Unsecured Creditors Committee and the Lenders shall receive weekly statements from the Debtor regarding the status of the post-petition borrowings, and receive copies of any and all Governing Cash Flow Budgets as referenced in the Note provided by the Debtor to the DIP Lender.

        f.      Pursuant to sections 364(c)(2) and 364(c)(3) of the Bankruptcy Code, the DIP Lender is hereby granted, subject to the Carve-Out, a perfected security interest in and lien upon all pre- and post-petition property of the Debtor and the proceeds thereof subject only to (i) all valid, perfected and non-avoidable liens in existence on the Petition Date and (ii) liens granted to the Lenders by Order of this Court, all without the necessity of the execution, filing, or recording of any documents required under non-bankruptcy law or otherwise, for the creation or perfection of security interests or liens. However, upon request by the DIP Lender, the Debtor shall execute and deliver to the DIP Lender all financing statements or other documents or agreements which the DIP Lender may request relating to and/or evidencing the security interests or liens granted hereunder, and the automatic stay is hereby modified to permit the DIP Lender to perfect the foregoing security interests and liens in such collateral.

        g.      The Debtor shall provide the DIP Lender with copies of all reports which it is required to deliver to the Lenders.

        h.      The following provision has been removed from the Post-Petition Financing:

> Pursuant to section 364(c)(2) of the Bankruptcy Code, the DIP Lender is hereby granted, subject to the Carve-Out, a perfected security interest and lien upon all of the claims and causes of action (and all proceeds thereof) of the Debtor under sections 502(d), 544, 545, 547, 548, 549, 550 and/or 551 of the Bankruptcy Code (the "Avoidance Actions").

        i.     As provided in the Agreement, any loan advances hereafter made to Debtor by DIP Lender in excess of the $1,300,000 presently advanced shall be credited against any obligation of DIP Lender to make a capital contribution to New AFI upon the Effective Date of a confirmed Plan of Reorganization, if such obligation hereafter exists by agreement with Lenders, or otherwise.

        j.     The Note and the terms of the Post-Petition Financing described more fully in the Post-Petition Financing Motion are hereby approved.

5.     This Order shall be without prejudice to the rights of the Debtor or any party in interest, including without limitation the United States Trustee and the Lenders, to apply to the Court for authority to further modify the terms hereof on appropriate notice and motion.

6.     Pursuant to section 364(e) of the Bankruptcy Code, the reversal or modification on appeal of this Court's authorization of the Post-Petition Financing, or of a grant hereunder of a priority or a lien, does not affect the validity of any debt so incurred, or any priority or lien so granted, to the DIP Lender, which is extending such credit in good faith, whether or not the DIP Lender knew of the pendency of the appeal, unless such authorization and the incurring of such debt, or the granting of such priority or lien, were stayed pending appeal.

7.     This Court shall retain jurisdiction with respect to all matters arising from or related to the Post-Petition Financing Motion or the implementation of this Order.

Dated this _____ day of December, 2004.

_____
HONORABLE ROBERT E. GRANT
UNITED STATES BANKRUPTCY JUDGE

AGREES TO FORM:

For the Debtor

/s/ _____
John R Burns, III


For Bank of America, National Association

/s/ _____
Grant Shipley


For the DIP Lender

/s/ _____
Jerald I. Ancel

## AMENDED AND RESTATED PROMISSORY NOTE

$1,800,000.00

Date: As of October 7, 2004
Auburn, Indiana

FOR VALUE RECEIVED, the undersigned, AUBURN FOUNDRY, INC., Debtor in Possession (the "**Borrower**") promises to pay to AFI LENDING GROUP, LLC, an Indiana limited liability company (the "**Lender**") or order, the sum of ONE MILLION EIGHT HUNDRED THOUSAND DOLLARS ($1,800,000.00) or such lesser principal sum as is advanced to the Borrower and remains unpaid, plus interest on the principal outstanding from time to time computed on the basis of the actual number of days elapsed in a year of 360 days at a variable rate per annum equal the rate of 3.0% per annum above the rate announced from time to time by Bank of America, National Association, as its "prime rate" (the "**Note Rate**") until maturity, whether by acceleration or otherwise, and at the rate of 3% per annum above the Note Rate on overdue principal from the date when due until paid. Each change in the "prime rate" of Bank of America, National Association will immediately change the Note Rate.

Until the maturity of this Promissory Note (this "**Note**") the Borrower will pay the interest which has accrued on this Note on the first day of each successive calendar month, beginning November 1, 2004. In any and all events, if payment is not earlier due by reason of acceleration, the entire outstanding principal balance of this Note, together with any accrued and unpaid interest, shall be due on the earlier of November 5, 2004, and that date which is 30 days after the Effective Date of the Borrower's Plan of Reorganization which is confirmed in the Bankruptcy Case. Acceptance by the Lender of any payment which is less than payment in full of all amounts due and owing at such time shall not constitute a waiver of the Lender's right to receive payment in full at such time or any other time.

The Lender has approved a line of credit facility to the Borrower not to exceed the principal sum of $1,800,000. This credit facility is in the form of advances made from time to time by the Lender to the Borrower. This Note evidences the Borrower's obligation to repay those advances, with interest as herein provided. The aggregate principal amount of debt evidenced by this Note as of any date of determination shall be the aggregate amount of all advances made by the Lender to the Borrower as of such date, minus the aggregate amount of all principal repayments received by the Lender from the Borrower as of such date. Until maturity, the Borrower may borrow, repay and reborrow principal under this Note so long as the aggregate principal amount outstanding at any one time does not exceed the face amount of this Note.

The loan indebtedness evidenced by this Note is authorized and approved by order entered February 10, 2004 as the same has been subsequently amended and extended (the "Order") issued by the United States Bankruptcy Court for the Northern

1

District of Indiana, Fort Wayne Division (the "**Court**"), in Chapter 11 Case No. 04-10427 initiated by a voluntary petition for relief filed by the Borrower under chapter 11 of title 11 of the Untied States Code (the "**Bankruptcy Case**"). To the extent the terms of this Note are inconsistent with the terms of the Order, the terms of the Order shall govern. The indebtedness evidenced by this Note is secured as provided in the Order.

This Note evidences indebtedness incurred by the Borrower under a Promissory Note dated as of February 8, 2004 as amended by a First Allonge to Promissory Note dated as of April 19, 2004 (the "**Prior Note**"). This Note amends and supercedes the Prior Note but does not extinguish the indebtedness incurred under the Prior Note.

The Borrower is liable to the Lender for all reasonable costs and expenses of every kind incurred in the making or collection of this Note, including, without limitation, reasonable attorneys' fees and court costs. These costs and expenses shall include, without limitation, any costs or expenses incurred by the Lender in obtaining relief in the Bankruptcy Case after default by the Borrower in payment of this Note. All amounts payable under or pursuant to this Note shall be payable without relief from valuation and appraisement laws.

Each of the following events shall constitute an "Event of Default" for purposes of this Note and each such Event of Default shall be deemed to exist and continue so long as, but only so long as, it shall not have been remedied:

(a)    The Borrower shall default in the payment when due of any amount payable under this Note.

(b)    Any secured creditor of the Borrower shall obtain an order of the Court granting it relief from the automatic stay or otherwise entitling such creditor to foreclose upon or take possession of any property of the Borrower.

(c)    The Bankruptcy Case shall be dismissed or the Borrower shall file any motion to dismiss the Bankruptcy Case or to convert it to a case under chapter 7 of title 11 of the United States Code.

(d)    The Borrower shall fail to perform for any consecutive two week period substantially in accord with the Governing Cash Flow Budget for such two weeks. (As used herein, the term "Governing Cash Flow Budget" means any pro forma cash flow budget prepared by the Borrower and submitted to the Lender to obtain a discretionary advance of principal).

(e)    The appointment of a Trustee pursuant to Chapter 11 of the Bankruptcy Code.

(f)    The conversion of the Bankruptcy Case to a case under Chapter 7 of the Bankruptcy Code.

In the Event of Default, the entire unpaid balance of principal and interest of this Note shall become due and payable immediately, without notice or demand, at the election of the holder of this Note and the Lender shall be entitled to exercise such remedies as it may have as a matter of law, subject to any requisite authorization of the Court.

Each endorser and any other party liable on this Note severally waives demand, presentment notice of dishonor and protest and consents to any extension or postponement of time of its payment without limit as to the number or period, to any substitution, exchange or release of all or any part of the collateral which secures the indebtedness evidenced by this Note, to the addition of any party, and to the release or discharge of, or suspension of any rights and remedies against, any person who may be liable for the payment of this Note. No delay on the part of the Lender in the exercise of any right or remedy shall operate as a waiver. No single or partial exercise by the Lender of any right or remedy shall preclude any other future exercise of it or the exercise of any other right or remedy. No waiver or indulgence by the Lender of any default shall be effective unless in writing and signed by the Lender, nor shall a waiver on one occasion be construed as a bar to or waiver of that right on any future occasion.

This Note shall be binding on the Borrower and its successors, and shall inure to the benefit of the Lender, its successors and assigns. Any reference to the Lender shall include any holder of this Note. This Note is delivered in the State of Indiana and governed by Indiana and federal law.

AUBURN FOUNDRY, INC.,<br>
Debtor-in-Possession<br>
By _____<br>
Printed  DENNIS MAHOE<br>
Title  CFO

176422v3

3