

**WESTERN RESERVE**
PARTNERS LLC

200 Public Square . Suite 3020 . Cleveland, Ohio 44114
Phone: (216) 589-0900 . Fax: (216) 589-9558 . www.wesrespartners.com

January 6, 2005

**CONFIDENTIAL**

John R Burns III
Baker & Daniels
111 East Wayne Street
Suite 800
Fort Wayne, IN 46802

Dear Mr. Burns:

This agreement sets forth the terms and conditions under which Auburn Foundry, Inc., Debtor-in-Possession has engaged Western Reserve Partners LLC ("WRP"), subject to Bankruptcy Court approval, to render an opinion in connection with a proposed purchase of certain assets of the Bankruptcy Estate of the Auburn Foundry Inc. (the "Company") by AFI Lending, LLC ("AFI") pursuant to the Company's bankruptcy reorganization (the "Transaction").

1. <u>Scope of Services</u>. The Company has requested that WRP render an opinion (the "Opinion") as to the fairness, from a financial point of view, of the consideration to be received by the Company in connection with the Transaction. In connection with the Opinion, WRP will, subject to the limitations expressed herein or in the Opinion, make such reviews, analyses and inquiries as WRP deems necessary and appropriate under the circumstances. The Opinion of WRP will be addressed to the Company and be dated as of a date reasonably proximate to the date of the definitive agreement between AFI and the Company. It is contemplated that the Opinion will include, in addition to any other matters that WRP in its sole discretion deems appropriate, a description of the principal materials that WRP has reviewed and upon which WRP is relying and the principal assumptions and qualifications upon which WRP has relied. The Opinion will be provided solely for the benefit of the Company in connection with its consideration of the Transaction and communications with the creditors and other stakeholders of the Company. WRP shall be responsible only for conclusions or opinions set forth in its written Opinion, subject to the limitations set forth herein.

2. <u>Fees and Expenses</u>. For WRP's services hereunder, upon Bankruptcy court approval, the Company will compensate WRP as follows:

   (a) <u>Opinion Fee</u>. Upon delivery of the Opinion, the Company will pay WRP a fee (the "Opinion Fee") in the amount of $50,000 for its services in rendering the Opinion irrespective of the conclusion expressed in any such Opinion. An additional fee of $2,500 will be paid for each day of Bankruptcy Court proceedings at which Mark Filippell's presence is required.

   (b) <u>Expenses</u>. The Company will reimburse WRP for all reasonable out-of-pocket expenses incurred by WRP in connection with the performance of its services under this agreement.

3. <u>Access to Information</u>. The Company will provide WRP with access to the Company's officers, managers, members, advisors and facilities and furnish or cause to be furnished to WRP all information relating to AFI and the Company or the Transaction as WRP reasonably deems necessary or appropriate in connection with its engagement. Without limiting the foregoing, the Company will furnish to WRP complete copies of all relevant documents with respect to the Transaction filed with or submitted to any regulatory agency prior to the consummation of the Transaction. The Company will furnish to WRP, concurrently with their submission to others, all material drafts of and a copy of the final disclosure

materials, financing and other documents, and agreements relating to the Transaction, and will keep WRP apprised of all changes in the terms of the Transaction on a timely basis as they are decided upon.

To the best of the Company's knowledge and belief, all information provided to WRP by the Company or its managers, members, officers, advisors or other representatives in connection with this engagement will be true and accurate in all material respects and will not contain any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements therein not misleading in light of the circumstances under which such statements are made as of the time provided. The Company acknowledges and agrees that WRP will be using publicly available information and information in reports and other materials provided by others, including information provided by or on behalf of the Company, and that WRP does not assume any responsibility for, and may rely without independent verification on the accuracy and completeness of, any such information, and that WRP will not make an appraisal of any assets or liabilities of the Company.

4.  Certain Acknowledgements.  The Company represents that it is a sophisticated business enterprise that has retained WRP solely as an advisor for the limited purposes set forth in this agreement. The parties acknowledge and agree that their respective rights and obligations under this agreement are contractual in nature. Each party disclaims any intention to impose fiduciary obligations on the other by virtue of this agreement or the engagement contemplated hereby, and this agreement shall not be so construed. This agreement is solely for the benefit of the parties hereto, and their respective successors and assigns, and no other person shall acquire or have any right under or by virtue of this agreement or the performance of any services in connection with the engagement contemplated by this agreement. WRP acknowledges that its opinion will be provided to the Unsecured Creditors' Committee in the Company's pending bankruptcy, and may, if approved by the Bankruptcy Court, be attached as an exhibit to the Company's Disclosure Statement to be filed in its bankruptcy proceeding. No fee payable to any other financial advisor by the Company or any other company in connection with the subject matter of this engagement shall reduce or otherwise affect any fee payable to WRP hereunder.

5.  Announcement.  If a Transaction is completed, WRP may, at its option and expense, place advertisements or announcements in such newspapers, periodicals, mailings or other publications as it may choose, announcing the completion of the Transaction and WRP's role therein.

6.  Term of Engagement.  Either WRP or the Company may terminate WRP's engagement hereunder at any time prior to the delivery of Opinion, with or without cause, by giving written notice of such termination to the other party. Upon any such termination, neither party will have any liability or continuing obligation to the other; provided, however, that: (i) WRP shall promptly return any amounts paid WRP as a fee if it terminates this agreement prior to completion or the unearned potion of any fee paid, if the Company terminates the engagement; and (ii) the Company shall remain liable for WRP's fees earned and expenses incurred through the date of such termination if it terminates this engagement.

8.  WAIVER OF JURY TRIAL.  EACH PARTY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY SUIT, ACTION, CLAIM OR PROCEEDING (WHETHER BASED UPON CONTRACT, TORT OR OTHERWISE) RELATING TO OR ARISING OUT OF THIS AGREEMENT, THE ENGAGEMENT OF WRP PURSUANT HERETO OR THE PERFORMANCE BY WRP OF THE SERVICES CONTEMPLATED BY THIS AGREEMENT.

9.  Governing Law; Miscellaneous.  This agreement (which shall always be deemed to include all appendices hereto) shall be governed by and construed in accordance with the laws of the State of Indiana, without regard to conflicts-of-law principles, and shall be binding upon and inure to the benefit of the Company, WRP, the indemnified persons described in Appendix A, and their respective successors and assigns. This agreement may not be amended or modified except in a writing signed by an authorized officer of WRP and the Company which specifically references this agreement. The paragraph headings used in this agreement are intended only for convenience of reference and shall be disregarded in interpreting its provisions. The use of any particular pronoun in this agreement is not intended to be

restrictive as to gender or number; rather, the masculine includes the feminine and neuter, the singular includes the plural, and vice-versa, as the context may require. The agreement will be submitted to the Bankruptcy Court and WRP retention is conditional upon Bankruptcy Court approval. AFI has separately agreed to guarantee payment of WRP fees in the event retention is not approved; however, upon approval of the retention of WRP, no guaranty by AFI shall arise.

10.  <u>Liability Limitation.</u>  WRP's liability for the breach of this agreement, or negligent performance of its obligations hereunder, is limited to the amount of any fees received by WRP for its services hereunder. No such limitation shall apply, however, to the right of any aggrieved party to recover in the event of gross negligence or intentional misconduct.

If the foregoing accurately sets forth the terms of our agreement, please sign in the space indicated below and return to us a duplicate copy of this letter, at which time this letter will become a mutually binding obligation.

Very truly yours,

WESTERN RESERVE PARTNERS LLC

By: _____
Mark A. Filippell
Managing Director

Agreed to as of the above date:

Auburn Foundry, Inc.

By: _____
Dennis Maude
Chief Financial Officer