UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| AUBURN FOUNDRY, INC., | ) | CASE NO. 04-10427 |
| | ) | CHAPTER 11 |
| Debtor. | ) | |

### DEBTOR'S APPLICATION TO EMPLOY WESTERN RESERVE PARTNERS, LLC TO RENDER SALE-RELATED OPINION FOR FORTHCOMING PLAN OF REORGANIZATION

The above-captioned debtor-in-possession ("AFI" or the "Debtor"), for its application to employ Western Reserve Partners, LLC ("WRP") to render an opinion concerning the fairness of a proposed sale of certain of its assets for a forthcoming plan of reorganization (the "Application") respectfully states the following:

### BACKGROUND

1. On February 8, 2004 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. The Debtor continues in possession of its property and in management of its business as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. An Unsecured Creditors Committee (the "Committee") has been formed.

4. This Court has jurisdiction of this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are Sections 327 and 328 of the Bankruptcy Code.

FWIMAN1 371414v1

## RELIEF REQUESTED

5. By this application and pursuant to Section 327(a) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code, the Debtor seeks to employ WRP to deliver an opinion (the "Opinion") concerning the sale of certain of its assets.

6. The Debtor is currently utilizing cash collateral for its operations pursuant to an agreement among itself, its senior lenders, and its senior and junior DIP lenders (the "Cash Use Agreement"). The Cash Use Agreement obligates the Debtor to file a plan of reorganization (the "Plan") on or before January 19, 2005.

7. The Debtor anticipates that the Plan will provide for a private sale of certain assets, including its newer manufacturing facility (collectively, the "Plant 2 Assets") to AFI, LLC ("New AFI"), an entity to be formed in connection with the above-referenced acquisition.

8. To ensure that the price New AFI pays for the Plant 2 Assets is fair and reasonable, the Debtor seeks to engage WRP to provide an opinion (the "Opinion") concerning the fairness of the proposed sale.

9. The Debtor has advised its senior lenders and the Committee in selecting WRP and submitting this Application.

10. The Debtor is seeking to retain WRP *nunc pro tunc* effective January 7, 2005. WRP intends to commence work immediately on its Opinion in conjunction with the filing of the Application.

11. WRP's proposed engagement letter (the "Engagement Letter") is attached as an exhibit hereto.

12. If, and only if, this Court does not approve the Application, New AFI will compensate WRP in accordance with the terms of the Engagement Letter (the "Conditional Guaranty"). The Debtor has consulted its senior lenders and the Committee concerning the Conditional Guaranty. The purpose of the Conditional Guaranty is to encourage WRP to commence work on the Opinion while notice of the Application and an opportunity to object thereto is given to creditors and parties in interest.

13. The Debtor has selected WRP to provide such services based on its extensive experience in bankruptcy proceedings under Chapter 11 of the Bankruptcy Code, advising debtors, creditors, and other parties in interest. Accordingly, the Debtor believes that WRP is well qualified to serve it in this chapter 11 case.

14. The Debtor submits that the retention of WRP under the terms described herein is appropriate under sections 327 and 328 of the Bankruptcy Code. Section 327(a) of the Bankruptcy Code empowers the trustee, with the court's approval, to employ professionals "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a).

15. Except as set forth in the contemporaneously filed Affidavit of Mark A. Filippell (the "Filippell Affidavit"), a principal of WRP, to the best of the Debtor's knowledge, the employees of WRP (a) do not have any connection with the Debtor, its affiliates, its creditors, the Office of the United States Trustee for the Northern District of Indiana, any person employed in the Office of the United States Trustee for the Northern District of Indiana, or any other party in interest, or their respective attorneys and accountants, (b) are "disinterested

persons," as that term is defined in section 101(4) of the Bankruptcy Code, and (c) do not hold or represent any interest adverse to the estates.

16. More specifically, as set forth in the Filippell Affidavit, and to the best of the Debtor's knowledge, information and belief:

(a) Neither WRP nor its employees hold or represent an interest adverse to the estate;

(b) WRP is not a creditor, an equity holder, or an insider of the Debtor.

(c) Neither WRP nor any attorney at the firm is or was an investment banker for any outstanding security of the Debtor.

(d) Neither WRP nor its employees are or were within three years before the filing of the Debtor's chapter 11 case, an investment banker for any security of the Debtor, or any attorney for an investment banker in connection with the offer, sale or issuance of any security of the Debtor.

(e) Neither WRP nor any of its employees are or were within two years before the Petition Date, a director, officer or employee of the Debtor or of an investment banker of the Debtor.

(f) WRP does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor or an investment banker specified in the foregoing paragraphs, or for any other reason.

(g) Certain WRP principals were formerly associated with Key Bank Capital/McDonald Investments, an entity that engaged in efforts to sell certain assets of the Debtor. Such efforts did not involve the issuance of securities within the meaning of §101(14)(c).

17. Section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 of this title by a debtor-in-possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b). To the best of the Debtor's knowledge, the employees of WRP do not have any connection with the Debtor, its creditors or any other party

4

in interest, or their respective attorneys, except to the extent set forth in the Filippell Affidavit. Accordingly, the Debtor believes WRP is "disinterested" and does not hold or represent an interest adverse to the Debtor's estate.

## COMPENSATION

18. Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person "on any reasonable terms and conditions of employment, including on a retainer." 11 U.S.C. § 328(a).

19. Subject to this Court's approval and in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the rules of and other procedures that may be fixed by this Court, the Debtor requests that WRP be compensated in accordance with the Engagement Letter and the Filippell Affidavit.

20. WRP's compensation shall include $50,000 upon the delivery of the Opinion (as defined in the Engagement Letter) and an additional fee of $2,500 for each day which requires a Bankruptcy Court appearance by Mark A. Filippell, together with reimbursement of reasonable expenses, all of which is set forth more fully in the Engagement Letter.

21. WRP will maintain detailed records of all actual costs and expenses incurred. WRP will abide by all procedures ordered by the Court and will apply to the Court for allowance of any compensation or reimbursement of expenses in the matter.

22. No prior application for the relief requested herein has been made to this or any other court.

## CONCLUSION

For all of the foregoing reasons, the Debtor respectfully requests that this Court enter an order authorizing the retention of WRP *nunc pro tunc* to June 7, 2005, and granting such other and further relief as is just or proper.

Dated: January 10, 2005 at Fort Wayne, Indiana.

AUBURN FOUNDRY, INC.,<br>
Debtor-in-Possession<br><br>
By: _____<br>
Title: CHIEF FINANCIAL OFFICER