UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| IN THE MATTER OF: | ) |
| | ) |
| AUBURN FOUNDRY, INC. | ) CASE NO. 04-10427 |
| | ) CHAPTER 11 |
| Debtor | ) |

**AFFIDAVIT OF MARK A. FILIPPELL IN SUPPORT OF DEBTOR'S APPLICATION TO EMPLOY WESTERN RESERVE PARTNERS, LLC TO RENDER SALE-RELATED OPINION FOR FORTHCOMING PLAN OF REORGANIZATION**

| | |
|---|---|
| STATE OF INDIANA | ) |
| | ) SS: |
| COUNTY OF ALLEN | ) |

Mark A. Filippell, being sworn, deposes and says:

1. I am a Principal with Western Partners, LLC ("WRP") a professional services firm with offices located at 200 Public Square, Suite 3020, Cleveland, Ohio 44114, and I make this affidavit on behalf of WRP (the "Affidavit"). I submit this Affidavit in support of the application of the Debtor in the above-captioned chapter 11 case for an Order authorizing the employment and retention of WRP to render sale-related opinion (the "Application") for Auburn Foundry, Inc. (the "Company," or the "Debtor") in this chapter 11 case, and to provide the disclosures required under section 329 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), the rules of this Court, and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The facts set forth in this Affidavit are based upon either my personal knowledge, or in certain cases, upon information and belief, and upon client matter records kept in the ordinary course of business, which were reviewed by me or another employee of WRP under my supervision and direction.

2. WRP is a Cleveland-based investment bank established by Ralph Della Ratta, Jr. and Mark A. Filippell, two former executives responsible for investment banking at Key Corp.'s

FWIMAN1 371486v1

McDonald Investments unit. WRP's principals have extensive experience in bankruptcy proceedings under chapter 11 of the Bankruptcy Code. Given WRP's experience in reorganization cases, WRP has the ability to perform the services needed effectively, expeditiously and efficiently for the benefit of the Debtor.

3. In connection with WRP's proposed retention by the Debtor, WRP has requested and obtained from the Debtor and/or its counsel the names the Debtor's twenty largest creditors, secured creditors, unsecured creditors, Debtor's professionals and other significant parties in interest (the "Potential Parties-in-Interest).

4. WRP has compared the names of the Potential Parties-in-Interest to its own internal client database containing names of individuals and entities that are present or recent former clients of WRP to identify potential relationships and to determine whether WRP has provided in the recent past, or is presently providing, services to the Potential Parties-in-Interest. A summary of such potential client relationships is annexed hereto as Schedule "1".

5. Based on the results of the forgoing relationship search conducted to date as described above, WRP insofar as I have been able to ascertain, has no connection with the above-captioned Debtor, or the their creditors, equity security holders, Potential Parties-In-Interest other parties-in-interest (as reasonably known to us) or their respective attorneys, except as disclosed or otherwise described herein or on Schedule "1." Consequently, I believe WRP is a "disinterested person" as that term is defined in section 101(14), as modified by section 1107(b) of the Bankruptcy Code.

6. As a result of the forgoing procedures, I have ascertained that, upon information and belief, WRP has the following connections with the Debtor and the Potential Parties-In-Interest.

a. WRP has provided and likely will continue to provide services unrelated to the Debtor's case for various entities shown on Schedule "1." To the best of my knowledge, no services have been provided to these creditors or other parties-in-interest which could impact their rights in the Debtor's case, nor does WRP's involvement in this case compromise its ability to continue such in connection with the consulting services to be related to the Debtor.

b. Further, as part of its diverse practice, WRP appears in numerous cases, proceedings and transactions that involve many different professionals, including attorneys, accountants and financial consultants, who may represent claimants and Parties-In-Interest in the Debtor's chapter 11 case. Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these business relationships create interests materially adverse to the Debtor or its estate herein in matters upon which WRP is to be employed.

c. To the best of my information and belief, WRP does not represent any interest adverse to the Debtor and will not represent any entity other than the Debtor in connection with this chapter 11 case. The Debtor has many creditors and other parties-in-interest and, accordingly, WRP may have rendered in the past, may render presently, or may render in the future, professional services to certain of these creditors or parties-in-interest or may have been involved in matters in which attorneys for these creditors or parties-in-interest have been, are, or were also involved. Similarly, WRP's many principals and employees may have business associations with certain of these creditors, which have no connection with these proceedings. WRP will not accept any engagement, which would require WRP to represent an interest adverse to Debtor in any way relating to the matters in connection with which WRP is to be engaged in this chapter 11 case. In the ordinary course of its business, WRP may also engage counsel or other professionals in unrelated matters who now represent, or who may in the future represent, creditors or other interested parties in this proceeding.

d. I assisted the Debtor in attempting to sell certain assets, pre-petition, in my capacity as an executive at Key Bank Capital/McDonald Investments. However, these efforts did not involve the issuance of any securities.

7. As such, to the best of my knowledge, I believe that none of the representations recited above or set forth in annexed Schedule "1" would give rise to a finding that WRP represents or holds an interest adverse to the Debtor with respect to the services for which WRP would be retained.

8. Further, to the best of my knowledge, none of WRP's employees have any relationship or any connection to the judge assigned in this case, the U.S. Trustee or any person employed in the Office of the U.S. Trustee in this District.

9. If any new relevant facts or relationships are discovered or arise, WRP will promptly file a Bankruptcy Rule 2014(a) Supplemental Affidavit.

10. Subject to this Court's approval in accordance with sections 330 and 331 of the Bankruptcy Code, such Federal Rules of Bankruptcy Procedure as may be applicable, the rules of this Court, and such other procedures as may be fixed by the Court, compensation will be payable to WRP pursuant to the terms set forth in the engagement letter (the "Engagement Letter") attached as an exhibit hereto.

11. The fees that will be charged in this case are WRP's standard fees for work of this nature and I believe consistent with the fees charged by other professional services firms with respect to rendering similar services for clients such as Auburn Foundry.

12. In addition to compensation for professional services rendered by WRP, WRP shall seek reimbursement for reasonable administrative charges incurred in connection with the services rendered to the Debtor. Reimbursable expenses will include, but not be limited to, use of telephone and facsimile; mailings; duplication and printing; research and report preparation; administrative support; and out-of-pocket expenses for such representative costs as consultant travel, meals and lodging.

13. This Affidavit is intended to comply with Bankruptcy Rule 2016(b). WRP intends to apply to this Court for compensation for professional services rendered in connection with this case.

14. No commitments have been made or received by WRP, nor any principal or employee thereof, as to compensation or payment in connection with this case other than as set forth herein.

15. WRP has not shared or agreed to share any of its compensation from the Debtor with any other person, other than a principal of WRP as permitted by section 304 of the Bankruptcy Code.

16. Neither I, WRP, nor any officer or director thereof, insofar as I have been able to ascertain, represents any interest adverse to the Debtor or its estate in the mater regarding which WRP is to be engaged. Except as may be stated above, I believe WRP is a "disinterested person" as that term is defined in section 101(14), as modified by section 1107(b), of the Bankruptcy Code.

17. By reason of the foregoing, I believe WRP is eligible for employment and retention by the Debtor pursuant to sections 327 (as modified by section 1107(b)) and 328 of the Bankruptcy Code and the applicable Bankruptcy Rules.

/s/ Mark A. Filippell
Mark A. Filippell
Principal

SUBSCRIBED and SWORN to before me this 10th day of January, 2005

/s/ Denise M. Ewing
Notary Public

Schedule "1"

None.