UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| AUBURN FOUNDRY, INC., | ) | CASE NO. 04-10427 |
| | ) | CHAPTER 11 |
| Debtor. | ) | |

**ORDER AUTHORIZING NUNC PRO TUNC RETENTION OF WESTERN RESERVE PARTNERS, LLC TO RENDER SALE-RELATED OPINION FOR FORTHCOMING PLAN OF REORGANIZATION**

Upon the Application, dated January 10, 2005 (the "Application"), of the above-captioned debtor-in-possession ("AFI" or the "Debtor"), and served on parties in interest on January 11, 2005, for entry of an order, pursuant to sections 327(a), 328 and 1107(b) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtor to retain Western Reserve Partners, LLC ("WRP") to render an opinion concerning the fairness of the sale of certain assets for a forthcoming plan of reorganization; and upon the affidavit of Mark A. Fillipell, a Principal of WRP (the "Affidavit"), which is annexed to the Application, and notice having been given to the parties identified in the Application; and it appearing that no other or further notice is required or necessary; and the Court being satisfied that WRP does not hold or represent an interest adverse to the Debtor's estate and that WRP is a "disinterested person" as such term is defined under section 101(14), as modified by section 1107(b), of the Bankruptcy Code, and that the employment of WRP as professionals for the Debtor is necessary and in the best interests of the Debtor and its estate, creditors and interest holders; and after due deliberation and sufficient cause appearing therefore,

**FINDS THAT**

      a.    WRP and each of its members and associates represent no interest adverse to the Debtor's estate such that would disqualify WRP from serving the Debtor in this chapter 11 case;

      b.    WRP and each of its members and associates is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code; and

      c.    The retention of WRP is in the best interests of the Debtor and its estate, creditors, and interest holders; and it is therefore

**ORDERED, ADJUDGED AND DECREED THAT:**

1.    Pursuant to sections 327(a) and 1107(b) of the Bankruptcy Code, the Debtor is authorized to retain WRP *nunc pro tunc* to January 7, 2005 to perform the services set forth in the Application.

2.    WRP shall be compensated in accordance with the Affidavit, annexed to the Application, subject to sections 330 and 331 of the Bankruptcy Code, such Federal Rules of Bankruptcy Procedure as may be applicable from time to time, the rules of this Court and such procedures as may be fixed by order of this Court.

3.    WRP shall provide such additional disclosure as set forth in the Application and as it necessary or appropriate.

Dated: _____, 2005 at Fort Wayne, Indiana.

                                                        _____
                                                        HONORABLE ROBERT E. GRANT
                                                        UNITED STATES BANKRUPTCY JUDGE