# LIQUIDATION ANALYSIS

## I. INTRODUCTION

The Debtor's Plan provides for a purchaser, New AFI, to operate Plant 2 and retain more than 200 jobs for the northeast Indiana community.  It also provides for the assumption of certain pension liabilities, and payment thereof by New AFI, which might otherwise result in multi-million dollar pension termination claims being asserted against the estate.  These claims, which currently remain contingent claims filed by the PBGC, would substantially dilute the distribution rights of other unsecured creditors.  The assumption of pension obligations is beneficial to the Debtor's employees as well as the United States government, which is responsible, through the PBGC, for paying certain costs upon the termination of underfunded pension plans.

The Plan also provides for a buyer of Plant 1, the Debtor's former manufacturing facility, thus avoiding the need for substantial closure costs.  Like pension termination claims, these costs would dilute any recovery for unsecured creditors.  A sale of Plant 1 also avoids the need to abandon the property, while potentially permitting it to operate in the future, all of which is beneficial to the Auburn, Indiana community.

## II. ANALYSIS

This analysis demonstrates that Creditors would receive lesser distributions in a liquidation than they would under the Plan of Reorganization.  Consequently, the Debtor believes the Plan satisfies the requirements of the best interests test set forth in Section 1129(a)(7) of the Bankruptcy Code.

### A. Assets

1. <u>Real Estate</u>:

The amounts listed in Schedule "A" of the Debtor's Schedules are as follows:

| | |
|---|---:|
| Plant 1 | $ 2,380,000.00 |
| Plant 2 | 3,675,000.00 |
| Plant 2, Tract 1 (including Residential Real Estate) | 302,940.00 |
| Plant 2, Tract 2 (improvements at 5074 County Road 23) | 50,000.00 |
| Plant 2, Tract 4 (improvements at 1912 Diehl Drive) | 41,200.00 |
| | $ 6,449,140.00 |

2. <u>Personal Property</u>:

The amounts listed in Schedule "B" of the Debtor's Schedules are as follows:

| | |
|---|---:|
| Cash on Hand | $ 500.00 |
| Bank of America Account #3751512941 | 149,592.07 |
| National City Bank Account #1000643 | 1,950.00 |
| Prepaid Insurance | 113,940.76 |
| Accounts Receivable | 12,304,630.37 |
| Prepaid Equipment Leases | 3,602.57 |
| Prepaid Maintenance Contracts | 43,616.75 |
| Prepayments to Vendors | 8,517.65 |
| Vehicles and Accessories | 164,250.00 |
| Office Equipment | 355,500.00 |
| Machinery Fixtures and Equipment | 5,890,250.00 |
| Inventory (Castings) | 1,776,379.79 |
| Inventory (Raw Materials) | 652,593.58 |
| Inventory (Spare Parts) | 4,557,276.34 |
| Unbilled Customer Tooling | 93,045.00 |
| Workmen's Compensation | 606,947.36 |
| | $ 26,722,592.24 |

The Debtor's real estate and personal property thus had an aggregate value, as of the Petition Date, of approximately $33.2 million.

## B. <u>Debts</u>

The following is a summary of the Debtor's debt obligations.

| | |
|---|---:|
| Administrative Claims | $ 5,394,323.00 |
| Priority Tax Claims | 1,462,937.00 |
| Priority Non-Tax Claims | 127,317.32 |
| Senior Lender Claims | 23,622,422.98 |
| Miscellaneous Secured Claims | 169,623.16 |
| Subordinated Lender Claims | 8,300,000.00 |
| General Unsecured Claims | 14,830,552.00 |
| IDEM Claims | 500,000.00 |
| | $ 54,237,552.00 |

The Debtor expects some adjustment to these amounts when exact amounts of Claims are determined.

### C. Liquidation

The liquidation analysis is provided for comparison between what Creditors may expect to receive in a Chapter 7 liquidation of the Debtor's business and the treatment proposed under the Plan of Reorganization.

At the commencement of the case, the Debtor had real estate and personal property having an aggregate scheduled value of approximately $33.2 million. All such property is subject to liens and mortgages in favor of the Senior Lenders and the Subordinated Lenders. In a liquidation, both the Senior Lenders and the Subordinated Lenders would assert a lien on such assets for an application of the proceeds thereof for payment on their respective indebtedness. Presently, the Debtor's outstanding principal indebtedness to the Senior Lenders is approximately $23,312,638. The claims of the Subordinated Lenders are approximately $8,530,530, all of which is a Secured Claim under the Plan but subordinated, with respect to distribution rights, to unsecured creditors and IDEM on the Effective Date. Holders of administrative and priority claims would also be entitled to payment before distributions could be made to unsecured creditors.

The Debtor believes that a liquidation of its assets could yield a recovery substantially <u>less</u> than the scheduled aggregate value of $33.2 million. Consequently, no proceeds would remain after payment of secured claims and administration claims to pay unsecured creditors in the event of liquidation. The table below illustrates liquidation values based upon estimates made by Bank of America as of January 31, 2004.

<u>Estimated Liquidation Values</u>

| | |
|---|---|
| Accounts Receivable | $ 9,957,000 |
| Inventory | $ 1,361,000 |
| Equipment | $ 8,594,000 |
| Real Estate | $ 3,803,000 |
| | $23,715,000 |

Whether the ultimate recovery upon liquidation is $23,715,000, as estimated by Bank of America, or the higher stated values contained in the Debtor's schedules, the holders of General Unsecured Claims will receive substantially more under the Debtor's proposed Plan of Reorganization.

The following table illustrates the estimated distribution in a hypothetical Chapter 7 liquidation of the Debtor's assets on the Effective Date (without respect to Secured Subordinated Debt which would not be subordinated to unsecured creditors and IDEM in such a liquidation, the unsecured claims of the Subordinated Lenders, pension termination claims, or plant closure costs), assuming the assets could be liquidated for their scheduled value of approximately $33.9 million.

| Class Description | | Chapter 7 | | |
|---|---|---:|---:|---:|
| | | Claim or Equity Interest | Recovery | Recovery % |
| N/A | Administrative Expense Claims | $ 5,394 | 5,394 | 100% |
| 1 | Priority Tax Claims | 1,463 | 1,463 | 100% |
| 2 | Priority Non-Tax Claims | 127 | 127 | 100% |
| 3 | Secured Claims | 26,961 | 26,961 | 100% |
| 4 | Miscellaneous Secured Claims | 169 | 169 | 100% |
| 5 | General Unsecured Claims | 14,830 | - | 0% |
| 6 | IDEM claims | 5,000 | - | 0% |
| 7 | Common Stock Interests | | | 0% |

  As illustrated by the foregoing, the Debtor believes that under the Plan, each holder of an impaired Claim will receive, on account of such Claim, property of a value, as of the Effective Date, that is not less than the value such holder would receive if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on the Effective Date.