IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| AUBURN FOUNDRY, INC. | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | BK Case No. 04-10427 |

### SUPPLEMENT NO. 2 TO PLAN AND DISCLOSURE STATEMENT DATED JANUARY 20, 2005

The Debtor, Auburn Foundry, Inc. ("AFI" or the "Debtor"), for its Supplement No. 2 to the Plan of Reorganization ("Plan") and Disclosure Statement ("Disclosure Statement"), each dated January 20, 2005, hereby states the following.

### RESOLUTION OF DISCLOSURE STATEMENT OBJECTIONS

Three parties filed objections (collectively, the "Objections") to AFI's Disclosure Statement. AFI has resolved each of these objections, as described more fully in connection with the supplementary information set forth herein.

### SUPPLEMENTARY INFORMATION

IDEM Objection

In response to the Objection of the Indiana Department of Environmental Management ("IDEM"), AFI acknowledges that its operations are subject to a variety of federal and state environmental statutes and regulations. Under these environmental laws, IDEM asserts that AFI has actual and potential liabilities. IDEM alleges various violations of the Resource Conservation and Recovery Act, the Clean Water Act, the Comprehensive Environmental Response Compensation and Liability Act of 1980, the Clean Air Act, Indiana's equivalent acts of the aforementioned and/or similar federal or state environmental laws. Under certain circumstances, these laws provide for civil penalties and remediation of contamination resulting

FWIMAN1 377853v1

from discharges and releases into the environment. AFI has been notified by IDEM of various alleged violations and its statutory obligations that might arise from such alleged violations.. AFI has responded to or is in the process of responding to IDEM's allegations and notices.

Further, AFI discloses that IDEM has asserted claims equal to approximately $22,000,000 in the aggregate, based on eleven Proofs of Claim filed and incorporated herein. IDEM and AFI were engaged in discussions concerning alleged violations pre-petition and continued such discussions post-petition  Although AFI estimates that IDEM's claims will be allowable in an amount approximately equal to $5,000,000, IDEM presently does not agree with AFI's conclusion. Pursuant to the Plan of Reorganization IDEM's recovery (based on IDEM's status as the sole member of its class) is limited to exercise of its rights to a $1 million Letter of Credit presently in IDEM's possession, plus its potential recovery of the insurance claim to be assigned to it under the Plan. Based on the inclusion of the foregoing disclosures, IDEM has agreed to withdraw its objection to the Disclosure Statement.

<u>Union Objection</u>

In response to the Objection of the Glass, Molders, Pottery, Plastics and Allied Workers International Union, AFL-CIO-CLC and its Local 322 (collectively, the "GMP"), AFI discloses that the GMP filed a claim on June 17, 2004 on behalf of AFI's bargaining unit employees in the following amounts:

| | |
|---|---|
| 2004 Vacation | $1,045,690.20 |
| 2004 Personal Days | $ 159,647.60 |
| Contractual Grievances | $ 88,756.56 |

The GMP and AFI reached an agreement reflected in an amendment to the existing Collective Bargaining Agreement (as that term is defined in the Plan) with respect to the assumption by New AFI of the obligation to pay the contractual 2004 vacation and 2004 personal days pursuant to an agreed-upon schedule. Further discussions recently occurred on

this issue and AFI expects an additional amendment to be ratified prior to confirmation further extending such payments. The earlier agreement is referred to in Article VII(A)(3) of the Disclosure Statement. AFI has agreed to revise part 2.04 of the Plan to state clearly that New AFI will assume the modified Collective Bargaining Agreement, and the obligation to pay the amount necessary to satisfy the GMP's one outstanding grievance respecting a tool allowance, which New AFI will pay in accordance with the modified Collective Bargaining Agreement once the Plan has been confirmed. The amount and payment date for that distribution is set forth in the Supplement No. 2 Forecast (as defined below). The Union has agreed to withdraw its objection to the Disclosure Statement.

<u>Creditor Committee Objection</u>

In response to the objection of the Unsecured Creditors' Committee ("Committee"), AFI discloses that it has reached an agreement with the Committee pursuant to which the Committee will withdraw its Objection and express its intention to support the Plan. AFI has also engaged in discussions with the Committee concerning specific issues raised in the Committee's Objection, and has satisfied the Committee as to such concerns. The financial terms of that agreement provide, in principal part, that:

1) Holders of Allowed General Unsecured Claims shall receive a total of $1,750,000, including an initial payment of $375,000, in accordance with the revised financial forecast ("Supplement No. 2 Forecast") attached hereto as Exhibit "A." The Supplement No. 2 Forecast is intended to replace and supercede Exhibit B of the Disclosure Statement and Exhibit D of Supplement No. 1 filed herein.

2) For purposes of calculating excess cash flow for distribution under Section 7.05 of the Plan, the amount of Capital Expenditures by New AFI shall be limited to $1,1000,000 in 2005, $1,500,000 in 2006 and $1,850,000 in 2007.

3) For purposes of calculating excess cash flow for distributions under Section 7.05 of the Plan, payments to officers and directors shall be limited to amounts permitted by applicable banking covenants that shall be disclosed in an exhibit to the Disclosure and Plan.

4) The retainer held by Baker & Daniels shall be applied to Court approved professional fees or other administrative or priority expenses, but shall not be part of the assets purchased by New AFI or any approved purchaser of Plant 2 Assets.

5) "Cure" payments on leased equipment, if any, on Plant 2 Assets that are sold will be paid by the buyer, not by Debtor.

BAKER & DANIELS

By: /s/ John R Burns, III
    John R Burns, III (#3016-02)
    Mark A. Werling (#20426-02)
    111 East Wayne Street, Suite 800
    Fort Wayne, Indiana 46802
    Telephone: (260) 424-8000
    Facsimile: (260) 460-1700

ATTORNEYS FOR THE DEBTOR,
AUBURN FOUNDRY, INC.

## **CERTIFICATE OF SERVICE**

      I certify that a copy of the foregoing Supplement No. 2 to Disclosure Statement dated January 20, 2005 was served by electronic mail or by first-class United States mail, postage prepaid, this 15th day of February, 2005, upon the following persons or counsel:

| | |
|---|---|
| Henry A. Efroymson | Nancy J. Gargula |
| Ice Miller | One Michiana Square, 5th Floor |
| One American Square | 100 East Wayne Street |
| Box 82001 | South Bend, IN 46601 |
| Indianapolis, IN 46282 | |

                                              /s/ John R Burns, III