UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF | ) | |
| | ) | Chapter 11 |
| AUBURN FOUNDRY, INC., | ) | |
| | ) | Case No. 04-10427 |
| Debtor. | ) | |
| | | |
| AUBURN FOUNDRY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. Proc. 05-_____ |
| | ) | |
| CITIZENS GAS & COKE UTILITY, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT TO AVOID AND RECOVER
PREFERENTIAL TRANSFERS AND FOR OTHER RELIEF**

The Plaintiff, Auburn Foundry, Inc. by counsel, Mark A. Warsco, (the "Plaintiff"), for its complaint against the Defendant, Citizens Gas & Coke Utility (the "Defendant"), states as follows:

1. The above-captioned adversary proceeding (the "Adversary Proceeding") arises in and is related to the bankruptcy case captioned <u>In re: Auburn Foundry, Inc.,</u> Case No. 04-10427 (the "Bankruptcy Case"), which currently is pending pursuant to Chapter 11 of Title 11 of the United States Code, in the United States Bankruptcy Court for the Northern District of Indiana, Fort Wayne Division.

2. Mark A. Warsco, pursuant to an Order of this Court dated December 8, 2004, was employed as special counsel to represent the Debtor-In-Possession herein.

3. The Court has subject matter jurisdiction over the Adversary Proceeding pursuant to 28 U.S.C. §1334(b), 28 U.S.C. §157 and N.D. Ind. L.R. 200.1.

4. The Adversary Proceeding is a "core proceeding" as that term is defined in 28 U.S.C. § 157(b).

5. Venue is proper pursuant to 28 U.S.C. § 1409(a).

6. The Court has personal jurisdiction over Defendant pursuant to Rule 7004(f) of the Federal Rules of Bankruptcy Procedure and as a result of Defendant's minimum contacts with the United States.

7. On February 8, 2004 (the "Petition Date"), the Plaintiff commenced the Bankruptcy Case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

8. Upon information and belief, the Defendant Citizens Gas & Coke Utility's business location is in the State of Indiana at the following mailing address: P.O. Box 1767, Indianapolis, IN 46206-1767, and was a supplier of goods and/or services to the Plaintiff.

9. Upon information and belief, Plaintiff transferred cash funds to Defendant as follows:

| Check Number | Amount | Date |
| --- | --- | --- |
| 226351 | $ 69,297.42 | 11/28/2003 |
| 226638 | 69,570.16 | 12/12/2003 |
| 29321 | 69,565.92 | 1/20/2004 |

10. The above transfer was made to or for the benefit of Defendant as creditor of the Plaintiff.

11. The transfer was made for or on account of an antecedent debt owed by the Plaintiff to Defendant, and was outside of the ordinary course of business.

12. The transfer was made while the Plaintiff was insolvent.

13. The transfer was made on or within ninety (90) days before the Petition Date.

14. The transfer enabled Defendant to receive more than Defendant would receive if: (a) the Bankruptcy Case were a case under Chapter 7 of the Bankruptcy Code; (b) the Preferential Transfer had not been made; and (c) Defendant received payment of the Debt to the extent provided by the Bankruptcy Code.

2

15. The Plaintiff, as Debtor-In-Possession, is entitled to avoid the transfers pursuant to Section 547(b) of the Bankruptcy Code, and is entitled to an award of pre-judgment interest, post-judgment interest, costs and attorneys' fees.

16. Pursuant to 11 U.S.C. §502(d), any claim of Defendant shall be disallowed unless such entity or transferee has paid the amount, or turned over any such property to the estate, for which such entity is liable under 11 U.S.C. §550.

17. The Plaintiff is entitled to a judgment disallowing any claim of the Defendant.

WHEREFORE, the Plaintiff prays for the following relief:

A) a judgment avoiding the transfer pursuant to Section 547(b) of the Bankruptcy Code, plus pre-judgment interest, post-judgment interest, costs and attorneys' fees;

B) a judgment against Defendant recovering the transfers and/or the State Law Preferential Transfer, or the value thereof, in the principal amount of $208,433.50, together with interest thereon from the date of the transfer and costs expended herein pursuant to Section 550(a) of the Bankruptcy Code, plus pre-judgment interest, post-judgment interest, costs and attorneys' fees;

C) the disallowance of Defendant's claims; and

D) such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**ROTHBERG LOGAN & WARSCO LLP**

/s/ Mark A. Warsco
Mark A. Warsco (#1626-02)
ROTHBERG LOGAN & WARSCO LLP
10 W. Berry St., Suite 2100
P.O. Box 11647
Fort Wayne, IN 46859-1647
Of Attorneys for Debtors-in-Possession