IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| AUBURN FOUNDRY, INC. | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | BK Case No. 04-10427 |

**ORDER AUTHORIZING AND APPROVING SALE OF PLANTS AND
RELATED ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS**

Upon consideration of the motion (the "Motion" or "Sale Motion")[1] of Auburn Foundry, Inc., as debtor in possession ("AFI" or the "Debtor"), for the entry of an order authorizing and approving the sale (the "Sale") of Property free and clear of all liens, claims and interests; all interested parties having been afforded an opportunity to be heard with respect to the Motion; the Court having reviewed and considered (i) the Motion, and (ii) the objections thereto, if any; it appearing that the relief requested in the Motion and approval of the sale of the Property is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and based on the Motion, and the record in this case, the court having determined and concluded as follows:

A. On February 8, 2004 ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is a manufacturer of ductile and grey iron cast products for the automobile, truck, recreational vehicle and appliance industries.

B. Since the Petition Date, AFI has continued to manage its affairs and operate its business as a debtor in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

---

[1] Capitalized terms not otherwise defined carry the same meanings ascribed to them in the Sale Motion.

C. On January 20, 2005, the Debtor filed herein a plan of reorganization ("Plan") and disclosure statement ("Disclosure Statement").

D. The Court set a hearing on April 20, 2005 at 1:00 p.m. to consider AFI's request to make changes to its Plan and Disclosure Statement.

E. The Debtor has two manufacturing facilities in the State of Indiana: an older facility in the City of Auburn (Plant 1) and a newer facility near Interstate 69 (Plant 2). Plant 1 is closed. Plant 2 remains an operating facility whose operations are being financed with consensual cash use and extensions of credit from AFI's Senior Lenders.

F. The Debtor wishes to sell Plant 2 Assets (as defined in the Motion) and the Plant 1 Assets (as defined in the Motion). The Plant 1 Assets and Plant 2 Assets are sometimes referred to herein collectively as the "Property."

G. This Court has jurisdiction over this case and this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).

H. The Debtor is actively marketing the Property to no less than five potential buyers who have expressed a serious, ongoing interest in an acquisition of the Plant 2 Assets. It has also received more than one written offer for the Plant 1 Assets. These potential buyers are referred to herein as the "Potential Purchasers."

I. The Debtor has made detailed lists of its assets (e.g., equipment) available, upon request, to Potential Purchasers, and will continue to provide such information to interested parties between now and the sale dates described herein.

J. Subject to Court approval, AFI has accepted an offer from The Reserve Group, an Akron, Ohio based entity, to acquire the Plant 2 Assets upon the terms set forth in the

offer attached as Exhibit A to the Motion. The Reserve Group has no affiliation with insiders of the Debtor or with New AFI, the proposed purchaser of certain assets identified in the Plan. The Reserve Group also bid $1,100,000.00 for the Plant 1 Assets and AFI has accepted that offer as well subject to Court approval.

K. AFI needs to sell the Property as quickly as possible, consistent with the 20-day notice requirements of Bankruptcy Rules 6004 and 2002, because its Senior Lenders will consent to the use of cash collateral, and/or make extensions of post-petition financing, only if a sale will occur at the earliest practicable moment. If the Motion is not granted, and the Senior Lenders do not consent to further use of cash collateral, and/or further grants of post-petition financing, the estate will be at serious risk of losing the opportunity to sell the business as a going concern. The Debtor believes the going concern value of the business is substantially greater than its liquidation value, but it can only recover such value if and to the extent it has access to cash to continue operations with the consent of the Senior Lenders.

L. The Senior Lenders support the Motion. They have reached an agreement with AFI regarding funding through April 22, 2005 to complete the sale described herein. AFI does not presently have a commitment from the Senior Lenders to fund operations beyond April 22, 2005.

**NOW THEREFORE, BASED UPON THE FOREGOING FINDINGS OF FACT, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted in its entirety and as further described herein.

2. All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits.

3. The proposed sale of the Property, and all of the terms and conditions thereof, is hereby approved.

4. Pursuant to 11 U.S.C. § 363(b), the Debtor is authorized to consummate the Sale, pursuant to and in accordance with the terms and conditions of the Motion.

5. The Debtor is authorized to execute and deliver, and is empowered to perform under, consummate and implement, the Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Agreement, and to take all further actions as may be requested by the Purchaser for the purpose of assigning, transferring, granting, conveying and conferring to the Purchaser or reducing to possession, the Property, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Agreement.

6. Except as expressly permitted or otherwise specifically provided for in the Agreement or this Sale Order, pursuant to 11 U.S.C. §§ 105(a) and 363(f), the Property shall be transferred to the Purchaser, and as of the date ("Closing Date") of the consummation of the Agreement, shall be free and clear of all liens, claims and interests of any kind or nature whatsoever, with all such liens, claims and interests of any kind or nature whatsoever to attach to the net proceeds of the Sale in the order of their priority, with the same validity, force and effect which they now have as against the Property, subject to any claims and defenses the Debtor may possess with respect thereto.

7. The transfer of the Property to the Purchaser pursuant to the Agreement shall constitute a legal, valid and effective transfer of the Property, and shall vest the Purchaser with all right, title and interest of the Debtor in and to the Property free and clear of all liens, claims and interests of any kind or nature whatsoever.

8. The consideration provided by the Purchaser for the Property under the Agreement is fair and reasonable under the circumstances of this case and shall be deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia.

9. This court retains jurisdiction to enforce and implement the terms and provisions of the Agreement, all amendments thereto, any waivers and consents thereunder, and each of the agreements executed in connection therewith in all respects, including, but not limited to, retaining jurisdiction to (a) compel delivery of the Property to the Purchaser, (b) compel delivery of the purchase price or performance of other obligations owed to the Debtor, (c) resolve any disputes arising under or related to the Agreement, except as otherwise provided therein, and (d) interpret, implement, and enforce the provisions of this Sale Order.

10. The transactions contemplated by the Agreement are undertaken by the Purchaser in good faith, as that term is used in 11 U.S.C. § 363(m), and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale to the Purchaser, unless such authorization is duly stayed pending such appeal prior to the Closing Date. The Purchaser is a purchaser in good faith of the Property, and the Purchaser is entitled to all of the protections afforded by 11 U.S.C. § 363(m).

11. The terms and provisions of the Agreement and this Sale Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtor, the Debtor's estate, and its creditors, the Purchaser, and its respective affiliates, successors and assigns, and any affected

third parties including, but not limited to, all persons asserting liens, claims and interests in the Property to be sold to the Purchaser pursuant to the Agreement.

12. The failure specifically to include any particular provisions of the Agreement in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the court that the Agreement be authorized and approved in its entirety.

13. The Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties with the consent of the Senior Lenders, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's estate.

14. As provided by Fed. R. Bankr. P. 6004(g) and 6006(d), this Sale Order shall not be stayed for 10 days after the entry of the Sale Order and shall be effective and enforceable immediately upon entry.

15. The provisions of this Sale Order are nonseverable and mutually dependent.

Dated: _____, 2005          ENTERED:

 

_____
Robert E. Grant
United States Bankruptcy Judge

Prepared by:

John R Burns III (#3016-02)
Mark A. Werling (#20426-02)
Baker & Daniels
111 East Wayne Street, Suite 800
Fort Wayne, Indiana 46802
Tel:  260-424-8000