IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| AUBURN FOUNDRY, INC. | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | BK Case No. 04-10427 |

**DEBTOR'S REQUEST TO SCHEDULE A HEARING ON APRIL 22, 2005 TO CONSIDER ITS MOTION FOR APPROVAL OF SALE OF MANUFACTURING PLANTS AND RELATED ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS**

Pursuant to 11 U.S.C. §§ 105(a) and 363 and Fed. R. Bankr. P. 2002, 6004 and 9014, the Debtor, Auburn Foundry, Inc., as debtor in possession ("AFI" or the "Debtor"), hereby requests that this Court set a hearing on April 22, 2005 on its motion to approve the sale, free and clear of all liens, claims, and interests, of the Debtor's two manufacturing facilities and certain related assets, with objections due on or before the hearing (the "Request"). Rather than rely upon negative notice, AFI hereby specifically requests a hearing date so it can potentially obtain approval of the Motion as quickly as possible within the time permitted by the Rules, as requested by its Senior Lenders. This is not a request for emergency relief. In support of this Request, the Debtor respectfully states the following:

**INTRODUCTION**

1. On March 31, 2005, AFI filed herein a motion to sell its manufacturing plants and related assets pursuant to § 363 of the Code (the "Motion" or the "Sale Motion"). AFI served the Sale Motion on the full creditor list on April 1, 2005.

2. AFI wishes to sell its assets in two parcels. They are described in the Motion as the Plant 1 Assets and the Plant 2 Assets or, collectively, the "Property."

BDDB01 4031453v1

3. The Debtor is actively marketing the Property to no less than five potential buyers who have expressed a serious, ongoing interest in an acquisition of the Plant 2 Assets. It has also received more than one written offer for the Plant 1 Assets. These potential buyers are referred to herein as the "Potential Purchasers."

4. The Debtor has made detailed lists of its assets (e.g., equipment) available, upon request, to Potential Purchasers, and will continue to provide such information to interested parties between now and the sale dates described herein.

5. Subject to Court approval, AFI has accepted an offer from The Reserve Group, an Akron, Ohio based entity, to acquire the Plant 2 Assets, through an affiliate to be formed, for the sum of $4,000,000 plus 70% of the net book value of inventory at the date of sale. A copy of The Reserve Group's offer is attached to the Motion as Exhibit A. The Reserve Group also bid $1,100,000 for the Plant 1 Assets and AFI has accepted that offer as well subject to Court approval. AFI strongly anticipates receiving additional offers for the Property, based on the interest level expressed by certain Potential Purchasers.

6. AFI needs to sell the Property as quickly as possible, consistent with the 20-day notice requirements of Bankruptcy Rules 6004 and 2002, because its Senior Lenders will consent to the use of cash collateral, and/or make extensions of post-petition financing, only if a sale will occur at the earliest practicable moment. For that reason, AFI wishes to schedule a hearing on the Sale Motion on April 22, 2005, one day after the expiration of the 20-day period, with objections due on or before the hearing.

**PROPOSED SALE DESCRIBED IN THE MOTION**

7. The Debtor seeks authority to approve the sale of the Plant 2 Assets to The Reserve Group, with any higher offers to be filed with the Court and submitted to the

undersigned Debtor's counsel at the address indicated herein on or before April 15, 2005. If AFI receives any such higher offers, it will conduct an auction sale of the Plant 1 Assets and Plant 2 Assets on April 18, 2005, with a hearing to follow on April 22, 2005 (the "Sale Hearing"). AFI will, in all events, conduct an auction sale of the Plant 1 Assets on April 18, 2005 and seek approval for such sale at the Sale Hearing. Debtor thus seeks approval of its sale to The Reserve Group, subject to higher and better offers. Although the auction described in the Motion is not required by § 363 of the Code, AFI is taking this additional step to ensure it receives the highest possible value for the Property.

8. The closing date ("Closing Date") for each of the sales described herein shall be April 22, 2005, or on such other date as may be mutually agreed upon by the Debtor and the Purchaser, with the approval of the Senior Lenders. No closing shall occur prior to this Court's approval of the sale. If the Motion is approved on April 22, 2005, AFI anticipates that the closing will follow promptly thereafter.

9. Only those parties who file and submit timely written offers on or before April 15, 2005, upon the terms described herein shall be permitted to participate at any auction of the Plant 2 Assets. Essentially, the same procedure will be followed with respect to Plant 1 Assets. Persons wishing to participate in the auction thereof must likewise submit a higher written offer to the Debtor, through its undersigned counsel, and file such offer with the Court on or before April 15, 2005.

10. Contemporaneously with the filing of its Motion, AFI notified each of the Potential Purchasers of the sales and the auction(s) described herein. The auction(s) will begin at 9:00 a.m. on April 18, 2005 in the offices of Baker & Daniels, 111 E. Wayne Street, Suite 800, Fort Wayne, Indiana 46802.

11. The Debtor served notice of the Motion upon all creditors and parties in interest in the case on April 1, 2005 (one day after filing the Motion), and contemporaneously delivered copies thereof to the Potential Purchasers. Debtor will also publish notice in the leading Fort Wayne newspapers of the proposed sale of the Property to The Reserve Group, the April 15, 2005 deadline for higher offers, and the auction(s) proposed herein not later than April 5, 2005.

### RELIEF REQUESTED

By virtue of the foregoing, the Debtor requests that the Court schedule a hearing on April 22, 2005 to consider approval of the Motion, with objections due on or before the hearing. Debtor did not use "negative notice" to approve the Motion because it wishes to have a hearing immediately after the expiration of the notice period, consistent with its Senior Lenders' request. Thus, it requests that the Court set the Sale Hearing on the date described herein (with objections due on or before the hearing), such that the objection deadline and the hearing will both transpire after the expiration of the 20-day notice period. This relief is consistent with Bankruptcy Rule 6004(a) and (b), which provide for a 20-day notice and permit the Court to fix the period for objections to any proposed action.

WHEREFORE, the Debtor respectfully requests that this Court schedule a hearing on the Motion on April 22, 2005, and for all other just and proper relief.

Dated: April 1, 2005        BAKER & DANIELS

By: /s/ John R Burns III
    John R Burns III (#3016-02)
    Mark A. Werling (#20426-02)
    111 East Wayne Street, Suite 800
    Fort Wayne, Indiana 46802
    Telephone: (260) 420-8000
    Facsimile: (260) 460-1700

ATTORNEYS FOR THE DEBTOR,
AUBURN FOUNDRY, INC.