
Yale Financial Services

## ASSIGNMENT BY DEALER

To: NMHG Financial Services, Inc. ("Assignee")
44 Old Ridgebury Road
Danbury, CT 06810

Re: Contract: Lease Agreement     (Schedule No. 4120494)
Contract Date: May 8, 2001
Seller/Lessor ("Assignor"): KMH Systems, Inc.
Buyer/Lessee/Customer: Auburn Foundry Inc
Customer Address: 635 West Eleventh St  Auburn, IN 46706

FOR VALUE RECEIVED, the undersigned Assignor hereby sells, transfers and assigns to the above Assignee, its successors and assigns, WITHOUT RECOURSE OR WARRANTY EXCEPT AS EXPRESSLY PROVIDED HEREIN, all of Assignor's right, title and interest in and to the above-described contract and all related guaranties, documents and other instruments ("Account Documents"), all equipment, collateral and other property described therein ("Account Property"), and all rights and remedies thereunder (all of the foregoing being referred to as the "Account"). To induce Assignee to purchase the Account (but without obligating Assignee to do so) and any Schedules thereto in the future, Assignor represents and warrants that on the date hereof and as of the date of any subsequent assignment of a Schedule that refers to this Assignment:

(a) the Account is genuine and represents a valid obligation of each borrower, buyer, lessee, guarantor or other party named in any of the Account Documents (each an "Account Party");

(b) each Account Party is bona fide and in good standing;

(c) the Account Documents delivered by Assignor to Assignee correctly reflect the entire agreement between Assignor and each Account Party with respect to the Account;

(d) Assignor has delivered to Assignee all originals of the Account Documents except for those in the possession or control of an Account Party;

(e) all names, addresses, amounts, dates, signatures and other statements and facts contained in the Account Document (including, without limitation all periodic rentals or installments) are genuine, true and correct;

(f) no rental, installment or other amount on the Account that has a due date after the date of this Assignment (or, in the case of a subsequent assignment of a Schedule, the date of any such assignment) has been prepaid to Assignor;

(g) Assignor is not holding any advance rent, security deposits, or other credit supports given by any Account Party in connection with the Account and any such credit supports have been fully transferred to Assignee hereunder;

(h) each Account Document has been duly authorized, executed and delivered by each Account Party thereto and represents the legal, valid and binding obligation of such Account Party, enforceable under all applicable laws against such Account Party in accordance with its terms, except to the extent that enforcement of remedies may be limited by applicable bankruptcy, insolvency or similar laws;

(i) the Account is not in default and is free from any liens, setoffs, counterclaims and any and all other defenses;

(j) there are no claims pending or threatened by any Account Party against Assignor in connection with the Account or otherwise;

(k) any down payment, advance rental or security deposit that may be required on the Account Property has been fully paid in cash, and no part thereof has been loaned, directly or indirectly, by Assignor;

(l) all Account Property has been delivered to, and unconditionally and irrevocably accepted by, the Account Party, and is in good and working condition;

(m) the Account Documents evidence a valid reservation of title to, or first lien on, the Account Property that is effective against all persons;

(n) in circumstances where the Assignor filed, or was required to file by Assignee or by law, the Account Documents, Assignor has properly and timely filed or recorded any Account Documents or instruments as may be required under all applicable filing and recording statutes, and has done all other acts necessary to ensure that Assignor's lien or other interest in the Account Property is and will be superior to that of all other persons;

(o) in circumstances where Assignee has elected to file the Account Documents, Assignor has properly and timely supplied to Assignee any Account Documents or instruments as may be required for filing under all applicable filing and recording statutes, and has done all other acts necessary to ensure that Assignor's lien or other interest in the Account Property is and will be superior to that of all other persons;

(p) Assignor has the right to assign the Account to Assignee and this Assignment conveys to Assignee good and valid title, at law and in equity, to the Account and to the Account Property, free and clear of any and all liens, claims and encumbrances of any kind or nature whatsoever.

EXHIBIT "B" (1 of 2)

For the purposes of any future assignments which are made pursuant to the terms and conditions of this Assignment, the terms "Account Documents" and "Account Property" as used herein shall refer in such cases to the specific contracts and the related property being assigned by such future assignment.

In the event of breach of any of the foregoing representations or warranties, Assignor will upon demand repurchase the Account (including, without limitation, the Account Property) and pay Assignee in cash or its equivalent the sum of (i) the amount remaining to be paid thereon by any Account Party, less Assignee's unearned finance charges, plus (ii) the amount (if any) which was paid to Assignee by Assignor as a part of the purchase price for the Account based on the expected residual value of the Account Property at the expiration of the Account. Any such repurchase obligation shall arise without first requiring Assignee to proceed against any Account Party or other person, or the Account Property or any other security. After such payment by Assignor, and provided that Assignor has performed all of its other obligations under this Assignment, Assignee shall reassign the Account (including, without limitation, any and all of Assignor's interest in the Account Property) upon request of Assignor without recourse to or warranty of any kind whatsoever by Assignee. If Assignor fails to pay any amount that may come due to Assignee hereunder on its due date, then (i) interest shall accrue thereon from the due date until paid in full (both before and after any judgment) at a rate equal to the lesser of eighteen percent (18%) per annum or the maximum rate not prohibited by law, and (ii) Assignor shall reimburse Assignee upon demand for any and all collection and enforcement costs (including, without limitation, reasonable attorneys' fees). Assignor agrees that Assignee may audit its books and records relating to the Account upon any default by Assignor.

Any amount retained by Assignee as a reserve or holdback, as indicated on the voucher of Assignee's draft in payment of the purchase price for the Account, shall be held by Assignee as security for, but not in lieu of, performance of Assignor's obligations under this Assignment or any other agreement with Assignee. If Assignor fails to perform any of such obligations, then Assignee may apply said reserve or holdback, or so much thereof as may be necessary, or any other property of Assignor in Assignee's possession, to satisfy such obligations of Assignor. Such reserve or holdback need not be kept separate from Assignee's funds and shall not bear any interest or other income. When the Account has been paid in full and all obligations of Assignor to Assignee have been performed, under this Assignment or otherwise, Assignee shall return to Assignor any amounts remaining in the reserve.

THIS ASSIGNMENT CONSTITUTES A SALE OF 100% OWNERSHIP INTEREST IN THE ACCOUNT AND SHALL IN NO WAY BE CONSTRUED AS AN EXTENSION OF CREDIT BY ASSIGNEE TO ASSIGNOR. Assignor agrees to promptly deliver to Assignee the full amount of any security deposit required by any of the Account Documents. Except as otherwise expressly provided herein, Assignor shall remain liable to perform all of its obligations in connection with the Account (including, without limitation, any obligation to provide maintenance or other services for any of the Account Property) and Assignee shall not be liable for any of the obligations of Assignor. Assignor irrevocably authorizes Assignee, in the name of Assignee or Assignor, to notify any Account Party of this Assignment, to collect and retain any and all rentals, installments and/or other sums on the Account, and to take any other action with respect to the Account which Assignor might otherwise take. Assignor agrees that Assignee may sign and endorse Assignor's name upon any remittances received from any Account Party on the Account or any notices of assignment of the Account. Assignee may (without notice to Assignor and without affecting Assignor's liability hereunder), but Assignor may not, enter into any settlement, extension, forbearance or other variation in terms in connection with the Account, or discharge or release the obligations of any Account Party or any other person, by operation of law or otherwise. Assignor shall not make any collections or repossessions on the Account, nor accept returns or make substitutions for Account Property, except with Assignee's prior written consent. Assignor waives and releases any right, title or interest that it may have (whether pursuant to a "cross-collateralization" provision or otherwise) in and to any of the Account Property. Assignor agrees to take such further action, and to execute such further documents, which may be reasonably requested by Assignee to give effect to the transactions contemplated by this Assignment.

If by reason of any bankruptcy, insolvency or similar laws affecting the rights of creditors, Assignee shall be prohibited from exercising any of its rights or remedies against any Account Party, then as between Assignee and Assignor such prohibition shall be of no force and effect. The obligations of Assignor hereunder shall remain in full force and effect or be reinstated (as the case may be) if at any time payment or performance of the Account is rescinded, reduced or otherwise restored or returned by Assignee, all as though such payment or performance had not been made.

This Assignment incorporates all terms and conditions relating to purchase of the Account by Assignee, supersedes all prior agreements (whether written, verbal, implied or otherwise) with respect thereto, and may not be modified except by a duly executed written agreement. This Assignment relates only to the Account identified above, and shall in no way affect, modify, or supersede any written agreement between Assignor and Assignee which does not relate to the Account. Assignor waives notice of acceptance. Assignee's failure or delay in exercising any right or remedy shall not constitute a waiver. Waiver by Assignee of any default shall not constitute a waiver of any other default or of any of the provisions hereof.

ASSIGNOR HEREBY UNCONDITIONALLY WAIVES ITS RIGHT TO A JURY TRIAL OF ANY CLAIM OR CAUSE OF ACTION BASED UPON OR ARISING OUT OF, DIRECTLY OR INDIRECTLY, THIS ASSIGNMENT, ANY OF THE RELATED DOCUMENTS, ANY DEALINGS BETWEEN ASSIGNOR AND ASSIGNEE RELATING TO THE SUBJECT MATTER OF THIS TRANSACTION OR ANY RELATED TRANSACTIONS, AND/OR THE RELATIONSHIP THAT IS BEING ESTABLISHED BETWEEN THEM. The scope of this waiver is intended to be all encompassing of any and all disputes that may be filed in any court (including, without limitation, contract claims, tort claims, breach of duty claims, and all other common law and statutory claims). THIS WAIVER IS IRREVOCABLE MEANING THAT IT MAY NOT BE MODIFIED EITHER ORALLY OR IN WRITING, AND THE WAIVER SHALL APPLY TO ANY SUBSEQUENT AMENDMENTS, RENEWALS, SUPPLEMENTS OR MODIFICATIONS TO THIS ASSIGNMENT, ANY RELATED DOCUMENTS, OR TO ANY OTHER DOCUMENTS OR AGREEMENTS RELATING TO THIS TRANSACTION OR ANY RELATED TRANSACTION. In the event of litigation, this Assignment may be filed as a written consent to a trial by the court.

ASSIGNOR:

KMH Systems, Inc.

By: _William Roy_

Title: _Controller_

Date: _8/23/01_

Witness: _[signature]_

EXHIBIT "B" (2 of 2)