IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| AUBURN FOUNDRY, INC. | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | BK Case No. 04-10427 |

**DEBTOR'S EMERGENCY REQUEST TO SCHEDULE A
HEARING ON SHORTENED NOTICE ON APRIL 22, 2005
TO CONSIDER ITS MOTION FOR APPROVAL OF SALE
OF MANUFACTURING PLANTS AND RELATED ASSETS
<u>FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS</u>**

Pursuant to 11 U.S.C. §§ 105(a) and 363 and Fed. R. Bankr. P. 2002, 6004 and 9014, the Debtor, Auburn Foundry, Inc., as debtor in possession ("AFI" or the "Debtor"), hereby requests that this Court set a hearing on shortened notice on April 22, 2005, or such earlier date as may be available and convenient to the Court (i.e., dispensing with negative notice) to consider its § 363 sale motion (the "Motion" or "Sale Motion"), with objections due on or before the hearing date pursuant to a Notice of Hearing issued by this Court, or, alternatively, that it enter an order granting Debtor permission to give notice of the Sale Motion and an opportunity to object thereto on or before April 19, 2005 (one day after the auction described herein), with a hearing to be set on April 22, 2005, or such earlier date as may be available and convenient to the Court (the "Request"). This is a request for emergency relief which is warranted by sudden circumstances within the meaning of *In re Fort Wayne Associates, L.P.*, 1998 WL 928419 (Bankr. N.D. Ind. 1998). In support of this Request, the Debtor respectfully states the following:

**INTRODUCTION**

1.	On or about January 20, 2005, AFI filed herein a Plan of Reorganization (the "Plan") which provided for a sale of substantially all of its assets to a AFI, LLC ("New AFI"), a buyer comprised primarily, if not exclusively, of insiders of the Debtor.

2.	Due to operational, financial and other difficulties not anticipated by AFI when it filed the Plan, AFI's Senior Lenders (as defined in the Plan) notified AFI on or about March 8, 2005 of a "termination event" under a Court-approved agreement for use of cash collateral and Senior DIP Financing. Thereafter, AFI explored possible alternatives for its business and its operations in consultation with New AFI, the Senior Lenders, and other parties in interest. AFI concluded that it could not continue operations without (i) consensual use of cash collateral and/or (ii) additional extensions of credit from the Senior Lenders. New AFI chose not to participate further as a purchaser under the Plan.

3.	Between March 8, 2005 and March 31, 2005, Debtor actively considered such options as (i) appointment of a Chapter 11 trustee; (ii) conversion to Chapter 7; (iii) selling substantially all of its assets within its existing Plan, as modified; and (iv) selling substantially all of its assets pursuant to § 363 of the Code. Debtor also engaged in extensive efforts during this period to attract potential buyers to make offers for its assets. The letter of intent which Debtor attached to its Sale Motion is dated March 29, 2005. That offer is premised upon Debtor operating as a going concern as of the closing date which, in turn, is premised upon the Senior Lenders consenting to use of cash collateral through that date. Absent such consent, Debtor will not be able to continue operations and recognize "going concern" value upon the sale of its assets.

4.      On or about March 31, 2005 (i.e., 23 days after the declaration of default), the Senior Lenders informed Debtor that they would consent to continued use of cash collateral to and include April 22, 2005, only if Debtor filed a motion to sell its manufacturing plans and related assets pursuant to § 363 of the Code, together with a request for a sale hearing and a closing date on or before April 22, 2005.  Debtor advised the Senior Lenders that "negative notice" with 20-days notice and an opportunity to object, with a hearing to be scheduled thereafter, is the procedure typically employed in this District and Division.  In response, the Senior Lenders informed the Debtor that if such a procedure were utilized here, and resulted in a sale order not being entered by April 22, 2005, Debtor would not have access to consensual use of cash collateral after April 22, 2005.  As noted above, the absence of such consent would effectively prevent AFI from selling its assets as a going concern.

5.      AFI filed its Sale Motion herein late in the day on March 31, 2005 (i.e., the same day it received this request from the Senior Lenders), having spent approximately two prior days drafting it in anticipation of receiving such a request.  Before doing so, Debtor engaged in extensive multi-party negotiations over cash budgets and accommodation agreements with customers, the outcome of which remained highly uncertain until they were complete.  The Senior Lenders communicated their insistence on the Sale Motion, as filed, to Debtor on March 31, 2005.

6.      AFI served a copy of the Sale Motion on all creditors and parties in interest on April 1, 2005, as noted in the Certificate of Service filed that day, by which parties learned of its request to obtain a hearing on April 22, 2005.  AFI did not initially file a separate request for hearing (incorporating the request instead into the Sale Motion) because it construed

the applicable Local Rule governing separate motions as pertaining to requests for "orders" and not other forms of "relief" (such as a hearing date).

7. AFI contacted the Clerk of the Court on the morning of April 1, 2005, to confirm receipt of the Sale Motion and inquire whether AFI should prepare a form of notice for the requesting hearing. In response, the Clerk contacted AFI later that day and asked it to file a separate request for hearing. AFI did so, filing a Request for Hearing on April 1, 2005. This filing occurred late in the afternoon on that date.

8. On or about April 11, 2005, the Court issued an Order denying AFI's Request for Hearing, noting that (i) by the time the Court became aware of AFI's request, it was too late to furnish 20-days notice of such hearing and (ii) AFI did not style its request as a motion for emergency relief and shortened notice within the meaning of *In re Fort Wayne Associates*, L.P., 1998 WL 928419 (Bankr. N.D. Ind. 1998). AFI fully recognized that the Court might deny its request for an April 22 hearing based on timing related concerns, but filed it in an effort to satisfy the Senior Lenders' conditions for further cash use and to best pursue "going concern" value upon the ultimate sale of the assets.

9. After receiving the Order on April 11, 2005, Debtor, through its counsel, discussed the situation with the Senior Lenders, through their counsel. The Senior Lenders' counsel confirmed that AFI still has no permission to use cash collateral beyond April 22, 2005. The Senior Lenders asked AFI to file this emergency request.

10. AFI wishes to sell its assets in two parcels. They are described in the Sale Motion as the Plant 1 Assets and the Plant 2 Assets or, collectively, the "Property."

11. The Debtor is actively marketing the Property to no less than six potential buyers who have expressed a serious, ongoing interest in an acquisition of the Plant 2 Assets and

appear willing to participate in the scheduled auction. It has also received more than one written offer for the Plant 1 Assets. These potential buyers are referred to herein as the "Potential Purchasers."

12. The Debtor has made detailed lists of its assets (e.g., equipment) available, upon request, to Potential Purchasers, and will continue to provide such information to interested parties between now and the sale dates described herein.

13. Subject to Court approval, AFI has accepted an offer from The Reserve Group, an Akron, Ohio based entity, to acquire the Plant 2 Assets, through an affiliate to be formed, for the sum of $4,000,000 plus 70% of the net book value of inventory at the date of sale. A copy of The Reserve Group's offer was attached to the Sale Motion as Exhibit A. The Reserve Group also bid $1,100,000 for the Plant 1 Assets and AFI has accepted that offer as well subject to Court approval. AFI strongly anticipates receiving additional offers for the Property, based on the interest level expressed by certain Potential Purchasers.

14. AFI needs to sell the Property as quickly as possible, with shortened notice pursuant to Bankruptcy Rules 6004 and 2002, because its Senior Lenders have consented to the use of cash collateral, and/or make extensions of post-petition financing, only through April 22, 2005, and required that a sale occur at the earliest practicable moment. This request is based on "sudden" circumstances within the meaning of *Fort Wayne Associates, L.P.*, for reasons described more fully herein.

**PROPOSED SALE DESCRIBED IN THE MOTION**

15. The Debtor seeks authority to approve the sale of the Plant 2 Assets to The Reserve Group at the stated price, with any higher offers to be filed with the Court and submitted to the undersigned Debtor's counsel at the address indicated herein on or before April 15, 2005.

If AFI receives any such higher offers (and it has already been verbally advised of one specific high offer), it will conduct an auction sale of the Plant 1 Assets and Plant 2 Assets on April 18, 2005, with a hearing to follow on April 22, 2005 (the "Sale Hearing").  AFI will, in all events, conduct an auction sale of the Plant 1 Assets on April 18, 2005 and seek approval for such sale at the Sale Hearing.  Debtor thus seeks approval of its sale to The Reserve Group, subject to higher and better offers.  Although the auction described in the Motion is not required by § 363 of the Code, AFI is taking this additional step to ensure it receives the highest possible value for the Property.

16. The closing date ("Closing Date") for each of the sales described herein shall be April 22, 2005, or on such other date as may be mutually agreed upon by the Debtor and the Purchaser, with the approval of the Senior Lenders.  No closing shall occur prior to this Court's approval of the sale.  If the Motion is approved on April 22, 2005, AFI anticipates that the closing will follow promptly thereafter.

17. Only those parties who file and submit timely written offers on or before April 15, 2005, upon the terms described herein shall be permitted to participate at any auction of the Plant 2 Assets.  Essentially, the same procedure will be followed with respect to Plant 1 Assets.  Persons wishing to participate in the auction thereof must likewise submit a higher written offer to the Debtor, through its undersigned counsel, and file such offer with the Court on or before April 15, 2005.

18. Contemporaneously with the filing of its Sale Motion, AFI notified each of the Potential Purchasers of the sales and the auction(s) described herein.  The auction(s) will begin at 9:00 a.m. on April 18, 2005 in the offices of Baker & Daniels, 111 E. Wayne Street, Suite 800, Fort Wayne, Indiana 46802.

19. The Debtor served a copy of the Motion upon all creditors and parties in interest in the case on April 1, 2005 (one day after filing the Motion), and contemporaneously delivered copies thereof to the Potential Purchasers. Debtor anticipates that if this emergency motion is granted, a sale hearing will be scheduled on a date already expected (vis-à-vis the Sale Motion) by creditors and parties in interest. Debtor is also publishing notice in the leading Fort Wayne newspapers of the proposed sale of the Property to The Reserve Group, the April 15, 2005 deadline for higher offers, and the auction(s) proposed herein. Several newspaper articles have already appeared informing the public of these anticipated dates.

## **RELIEF REQUESTED**

By virtue of the foregoing, the Debtor requests that the Court schedule a hearing on April 22, 2005 to consider approval of the Motion, with objections due on or before the hearing, or, alternatively, enter an order permitting AFI to serve a notice and opportunity to object on all creditors and parties of interest, with objections due on or before April 19, 2005, with a sale hearing on April 22, 2005. This relief is consistent with Bankruptcy Rule 6004(a) and (b), which permit the Court to fix the period for objections to any proposed action.

This Court observed in *In re Fort Wayne Associates, L.P.*, 1998 WL 928419 (Bankr. N.D. Ind. 1998) that a request for shortened notice must be based on sudden or unanticipated circumstances, and/or not be of the debtor's own making. Here, AFI did not know as of March 8, 2005, when the Senior Lenders declared a default, what steps it would take next in the case. As demonstrated above, AFI spent slightly more than three weeks in extensive multi-party negotiations which culminated in the Senior Lender's insistence that the Motion be filed as originally tendered on March 31, 2005. When the Court issued its recent order on April 11, 2005, AFI responded the same day, again in consultation with the Senior Lenders (who reiterated their

unwillingness to extend cash use beyond April 22, 2005), by submitting this emergency request for relief.  Although certainly expedited, the sale procedure requested by Debtor provides notice to all creditors, fair opportunity for bidding, the best chance to get a higher price and provides realistic hope of preserving 250 jobs in Auburn.

      WHEREFORE, AFI respectfully requests that this Court schedule a hearing on the Motion on shortened notice on April 22, 2005, or such earlier date as may be available and convenient to the Court, with objections due on or before the hearing date pursuant to a Notice of Hearing issued by this Court, or, alternatively, enter an order granting it permission to give negative notice of the Sale Motion and an opportunity to object to all creditors and parties in interest, with objections due on or before April 19, 2005, with a hearing to be set on April 22, 2005 (or such date prior to April 22, 2005 as is available and convenient to the Court), together with all other just and proper relief.

Dated:  April 11, 2005

BAKER & DANIELS

By:  /s/ John R Burns III
    John R Burns III (#3016-02)
    Mark A. Werling (#20426-02)
    111 East Wayne Street, Suite 800
    Fort Wayne, Indiana 46802
    Telephone:  (260) 420-8000
    Facsimile:  (260) 460-1700

ATTORNEYS FOR THE DEBTOR,
AUBURN FOUNDRY, INC.