# THE RESERVE GROUP

**James Van Tiem**          Direct Dial (330) 665-6709
jvantiem@reservegroup.com
*Executive Vice President*

VIA Facsimile (312) 332-6512

March 29, 2005

Mr. Robert C. Bartkowicz
Bank of America
IL1-676-34-01
One South Wacker Drive, Suite 3400
Chicago, IL 60606

Re:     Auburn Foundry

Dear Mr. Bartkowicz:

    Our team has met with management and reviewed various information provided by the Auburn Foundry, debtor in possession, (the "Seller"). We are pleased to express our interest in acquiring the Company, under Section 363(a) of the Bankruptcy Code.

1.   Proposed Acquisition:     A to be formed affiliate of The Reserve Group ("Buyer") would acquire from Seller under an **"Asset Purchase Agreement"**, all manufacturing equipment, land, buildings, remaining inventories (including but not limited to scrap metal, alloys, supplies and spare parts associated with "Plant 2"), the maintenance and pattern building located adjacent to Plant 1, and several assets located in plant 1, including the "Core-making equipment", several air handlers, and several other pieces of ancillary equipment, along with certain office furniture and equipment from the main office building, free and clear of all liens and obligations. This proposal is premised on the assumption that the Seller will remain a going concern and continue to operate up to and until the closing of the transaction.

Sellers' estate will retain all cash, accounts receivable trade, other receivables, Plant site 1 and its equipment other than that specified, the main office building,

# THE RESERVE GROUP

2. <u>Purchase Price:</u>   The price for the assets of the Company paid by the Buyer to the Seller at closing would be **$4,000,000** plus 70% of the net book value of inventory at the date of sale along with the assumption of the Real estate tax liability for Plant 2 (payable over the Indiana statutory installment period) and post-petition manufacturing trade payables of no more than $400,000 (as specified by Seller with Buyer's consent, not unreasonably withheld).

   We estimate our total offer for the going concern business, including receivables to be collected by Seller to be **valued in excess of $14,000,000.**

   At Seller's direction and preference, Buyer will also offer to acquire for the gross purchase price of $1,100,000 in cash the Plant 1 site, all equipment remaining within the plant and the corporate office building.

3. <u>Financing:</u>   Buyer has available equity resources to fund the transaction in whole, and is in the process of securing traditional financing in the form of a revolving credit commitment and a term debt facility should they be needed.

4. <u>Due Diligence & Process:</u>   Buyer agrees to complete on site and customer due diligence <u>simultaneously</u> with the Section 363a court procedures. The Buyer shall conduct such due diligence as it may require, in its sole discretion, to determine that the assets and business are in the physical and financial condition as represented and that there are no material matters that Buyer has not been made aware of in connection with its intended acquisition of the business.

   Buyer has the experience to both conduct due diligence and move to a definitive purchase and sale agreement on an expedited basis.

   Buyer's representatives will have full and complete access, during normal business hours and upon reasonable notice, to premises, personnel, and books and records of the Company for purposes of conducting Buyer's due diligence. Seller and Company agree to allow Buyer at the appropriate time the ability to contact key customers with or without Seller's participation.

5. <u>Public Statements:</u>   We recognize that certain matters, including the substance of this proposal and any definitive purchase agreement will have to be filed with the Bankruptcy Court. We also recognize that the Seller will need to make certain

# THE RESERVE GROUP

Buyer's consent which shall not be unreasonably withheld.

6. **Expenses:** Each party will bear and be solely responsible for its own costs and expenses incurred by it in connection with the Transaction.

7. **Formalizing of Agreement:** This letter is not intended to substitute for a definitive purchase agreement. This letter is a tangible indication of each party's desire to proceed promptly and in good faith towards such a transaction consistent with the terms described herein. It is understood and agreed that neither party will have any obligation to the other prior to execution and delivery of a definitive asset purchase agreement and approval by the Bankruptcy Court of the transaction contemplated under this letter.

Seller's representative or seller may contact me at (330) 665-6709 or Anthony Murru at (330) 665-6710 to discuss the contents of this letter or you may contact our counsel, Marc B. Merklin of Brouse McDowell, (330) 535-5711, ext. 203.

Sincerely,

*[signature]*

James Van Tiem
Executive Vice President