EXHIBIT A

[PROOF OF CLAIM]

CHICAGO/#1359228.1

FORM B10 (Official Form 10)

| United States Bankruptcy Court, Northern District of Indiana | | **PROOF OF CLAIM** |
|---|---|---|
| Name of Debtor: Auburn Foundry, Inc. | Case Number: 04-10427-reg | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property): Bank of America National Association | [ ] Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
|---|---|
| Name and address where notices should be sent: Latham & Watkins Illinois LLP Attn.: Josef S. Athanas 233 South Wacker Drive, Suite 5800 Chicago, Illinois 60606-4202 Telephone number: (312) 876-7700 | x Check box if you have never received any notices from the bankruptcy court in this case. X Check box if the address differs from the address on the envelope sent to you by the court. |
| Account or other number by which creditor identifies debtor: 21-100-14 and 21-100-18 | Check here if this claim [ ] replaces  [ ] amends |

**1. Basis for Claim**
- [ ] Goods sold
- [ ] Services performed
- [X] Money loaned: Financing and Security Agreement dated 4/10/00 and related agreements.
- [ ] Personal injury/wrongful death
- [ ] Taxes
- [ ] Other:

- [ ] Retiree benefits as defined in 11 U.S.C. § 1114(a)
- [ ] Wages, salaries, and compensation (fill out below)
  Your SS #:_____  ____  ____
  Unpaid compensation for services performed
  from _____ to _____
      (date)              (date)

**2. Date debt was Incurred:** See Exhibit A

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $23,622,422.98 plus fees, interest and expenses (See Exhibit A)
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
X Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
X Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
X Real Estate    [ ] Motor Vehicle
X Other: (See Exhibit A)

Value of Collateral: $ (See Exhibit A)

Amount of arrearage and other charges at time case filed included in secured claim, if any $ (See Exhibit A)

**6. Unsecured Priority Claim.**
[ ] Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
[ ] Wages, salaries, or commissions (us to $4,650)* earned within 90 days before filing of the bankruptcy petition of cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(3).
[ ] Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(4).
[ ] Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family or household use – 11 U.S.C. § 507 (a)(6)
[ ] Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507(a)(7).
[ ] Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).
[ ] Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of the adjustment.

**7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**9. Date-Stamped Copy:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of the proof of claim.

This space is for Court Use Only

| Date: 02/09/2004 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): /s/ Grant F. Shipley    Grant F. Shipley, attorney for Creditor, 233 West Baker Street, Fort Wayne, IN 46802 | |
|---|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

CH\601136.1

AUBURN FOUNDRY, INC.
CASE NO. 04-10427-reg
U.S. Bankruptcy Court Northern District of Indiana

EXHIBIT A TO PROOF OF CLAIM
OF BANK OF AMERICA NATIONAL, ASSOCIATION

1. This Proof of Claim is being filed by Bank of America, National Association as Agent (on behalf of Agent and the Lenders), in the above entitled case, pursuant to, and as defined in, the Pre-Petition Financing and Security Agreement (as defined below) (Agent and Lenders, collectively, the "Claimant").

2. Bank of America, National Association ("BOA"), individually and as Agent, the financial institutions party to the Pre-Petition Financing and Security Agreement as Lenders, and Auburn Foundry, Inc. (the "Debtor") are parties to that certain Financing and Security Agreement, dated as of April 10, 2000 (as amended, supplemented or otherwise modified prior to the commencement of this Chapter 11 Case, the "Pre-Petition Financing and Security Agreement", and all collateral and ancillary documents executed in connection therewith (the "Pre-Petition Loan Documents"). An index of the principle Pre-Petition Loan Documents is attached as Exhibit 1 hereto. Unless otherwise specified, all capitalized terms used but not defined herein shall have the respective meanings given such terms in the Pre-Petition Financing and Security Agreement.

3. Pursuant to the Pre-Petition Loan Documents, Claimant agreed, at the request of the Debtor and from time to time, to lend money, advance funds or otherwise extend credit to or for the benefit of the Debtor, in accordance with the terms and provisions of the Pre-Petition Loan Documents. Pursuant to the Pre-Petition Loan Documents, the Debtor is liable for all of the Obligations under the Pre-Petition Loan Documents.

4. On February 8, 2004 (the "Petition Date"), Debtor filed a voluntary petition under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

5. As of the Petition Date, the claims of Claimant against the Debtor under the Pre-Petition Financing and Security Agreement and the other Pre-Petition Loan Documents were not less than (i) $23,622,422.98 in principal amount, plus accrued and unpaid pre-petition interest, fees and costs (including, without limitation, reasonable attorneys' and other professionals' fees and expenses incurred through the Petition Date), plus (ii) additional accrued and unpaid fees and expenses payable under the Pre-Petition Credit Agreement and the other Pre-Petition Loan Documents, plus (iii) all other amounts chargeable at any time under the Pre-Petition Credit Agreement and the other Pre-Petition Loan Documents.

6. Claimant's claims against the Debtor in respect of the pre-petition indebtedness (the "Pre-Petition Claims") are based on the Pre-Petition Financing and Security Agreement, the Pre-Petition Loan Documents, and the other instruments, documents, and agreements executed in connection therewith. The Pre-Petition Claims are secured by first priority, perfected security interests in all or substantially all of the assets of the Debtor.

7. Claimant has attached and index of certain principle Pre-Petition Loan Documents, security and perfection documentation to this Proof of Claim. The loan, security and perfection documentation is voluminous and therefore is not attached hereto. Copies of any such documents will be made available upon request for inspection and copying at the offices of counsel to Claimant, Latham & Watkins LLP, 5800 Sears Tower, 233 South Wacker Drive, Chicago, Illinois 60606, Attention: Josef S. Athanas, Esq.

8. THIS CLAIM IS FILED AS A SECURED CLAIM, except to the extent that the security interests granted the Claimant are insufficient to satisfy the claim. To that extent, the remainder of the claim is filed as a superpriority administrative claim under Section 507(b) of the Bankruptcy Code and/or as an unsecured claim. Nothing herein contained is or shall be deemed to be a waiver or relinquishment in whole or in part of any security interests, liens, or mortgages securing any indebtedness of the Debtor to the Claimant.

9. Claimant's claim is not founded on an open account.

10. No judgment has been rendered on Claimant's claim

11. To the extent possible, the amounts of all payments on Claimant's claim has been credited and deducted for the purpose of making this Proof of Claim.

12. Claimant's claim is not subject to any setoff or counterclaim; _provided, however_, that Claimant preserves all of its rights of setoff, bankers' lien, and all similar such rights, and nothing herein shall be construed as a waiver thereof.

13. Claimant reserves the right to amend or supplement its Proof of Claim, and/or to file additional Proofs of Claim for additional claims or interests at any time, either before or after any bar date established by the Bankruptcy Court.

14. All notices and communications concerning this Proof of Claim should be sent to Latham & Watkins LLP, 5800 Sears Tower, 233 South Wacker Drive, Chicago, Illinois 60606, Attention: Josef S. Athanas, Esq.

2

**Exhibit 1**

CH\633879.2

## BANK OF AMERICA/AUBURN FOUNDRY, INC.
### April 10, 2000 through June 30, 2003

| LOAN DOCUMENTS | | |
|---|---|---|
| Date | Document Title | Tab |
| 04/10/2000 | Financing and Security Agreement ("Credit Agreement") | 1 |
| 04/10/2000 | Schedules to Credit Agreement | 2 |
| 04/10/2000 | Exhibits to Credit Agreement | 3 |
| 09/11/2000 | Amendment No. 1 to Credit Agreement | 4 |
| 09/11/2000 | GMAC Business Credit Assignment and Acceptance Agreement | 5 |
| 12/13/2001 | Forbearance and Second Amendment Agreement | 6 |
| 12/13/2001 | Subordination Agreement by and among Bank of America, Auburn, GMAC Business Credit, the Initial Subordinated Creditors and the Subordinated Agent (collectively, the "Subordinated Individuals") | 7 |
| 07/19/2002 | Second Forbearance and Third Amendment Agreement | 8 |
| 10/22/2002 | Amended and Restated Subordination Agreement by and among Bank of America, GMAC Business Credit and the Subordinated Individuals | 9 |
| 12/20/2002 | Third Forbearance and Fourth Amendment Agreement | 10 |
| 12/20/2002 | Subordination Agreement by and among Bank of America, Auburn, GMAC Business Credit and the Subordinated Individuals | 11 |
| 04/11/2003 | First Amendment to Third Forbearance and Fourth Amendment Agreement | 12 |
| 05/12/2003 | Second Amendment to Third Forbearance and Fourth Amendment Agreement | 13 |
| 06/10/2003 | Third Amendment to Third Forbearance and Fourth Amendment Agreement | 14 |
| 06/26/2003 | Fourth Forbearance and Fifth Amendment Agreement | 15 |
| 06/26/2003 | Equity Appreciation Rights Agreement | 16 |
| 06/26/2003 | Subordination Agreement by and among Bank of America, GMAC Business Credit, Auburn and Eleventh Street Capital | 17 |
| 06/30/2003 | Resolutions of the Board of Directors of Auburn Foundry, Inc. approving Fourth Forbearance and Related Transactions | 18 |
| 04/10/2000 | Initial Term Loan Note A (Bank of America) | 19 |
| 04/10/2000 | Initial Term Loan Note B (Bank of America) | 20 |
| 09/12/2000 | Cancelled Initial Term Loan Notes A and B (Bank of America) | 21 |
| 09/11/2000 | New Term Loan Note A (Bank of America) | 22 |
| 09/11/2000 | New Term Loan Note A (GMAC) | 23 |
| 09/11/2000 | New Term Loan Note B (Bank of America) | 24 |
| 09/11/2000 | New Term Loan Note B (GMAC) | 25 |
| 01/02/2004 | Fifth Forbearance and Sixth Amendment Agreement | 26 |

616801v1