IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| AUBURN FOUNDRY, INC. | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | BK Case No. 04-10427 |

**MEMORANDUM OF LAW IN SUPPORT OF DEBTOR'S MOTION
FOR ORDER APPROVING KEY EMPLOYEE RETENTION PAYMENTS**

Auburn Foundry, Inc. ("AFI" or the "Debtor"), for its Memorandum Of Law In Support Of Debtor's Motion For Order Approving Key Employee Retention Payments,[1] respectfully states the following:

### I. INTRODUCTION

As is typical for chapter 11 debtors operating as a going concern, the reorganization process is an uncertain and stressful time for the debtor's employees who possess real and personal concerns about the stability of their own employment and financial well being. Such concerns are often exacerbated by the general lack of knowledge of and familiarity with the nuances of bankruptcy law.

To reassure key employees of their continued value and importance to the case and to forestall a loss of key employees, the Debtor seeks approval of certain payments (the "Retention Policy"). The Retention Policy is justified by the recognition that employees are a necessary – if not the most important – component to the preservation and enhancement of the value of the estate for the benefit of all stakeholders.

---

[1] Capitalized terms used in this Memorandum, unless otherwise defined herein, have the same meanings as in the Motion for Order Approving Employee Retention Payments.

BDDB01 4067585v1

For the Debtor to best preserve the value of the estate, the Debtor requires the continued services of certain key employees. AFI has determined that certain financial incentives to continue in the Debtor's employ must be offered to those employees who are essential to its business needs and operations (the "Key Employees").

Without protection against sudden loss of income, the Key Employees will be forced to seek other employment prior to completion of a proposed pending sale to protect themselves and their families. Such a premature loss of Key Employees would have a significant negative impact on the Debtor's ability to maximize recoveries to creditors. Accordingly, to provide the financial security that will enable Key Employees to continue working diligently to maximize the value of the estate, the Debtor believes that it is necessary and appropriate to offer such employees incentive compensation in the form of the Retention Policy.

## II. APPLICABLE STANDARDS FOR APPROVING RETENTION POLICIES

Approval of the Retention Policy is governed by section 363(b) of the Bankruptcy Code. Section 363(b)(1) provides, in relevant part: "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). The proposed use, sale, or lease of property of the estate may be approved under Bankruptcy Code section 363(b) if it is supported by sound business justification. *See In re Lionel Corp.,* 722 F.2d 1063, 1070 (2d Cir. 1983); *accord Stephens-Indus. v. McClung,* 789 F.2d 386, 389-90 (6th Cir. 1986).

Bankruptcy Code section 363(b)(1) permits a debtor-in-possession to use property of the estate "other than in the ordinary course of business" after notice and a hearing. The Court should approve a retention policy outside the ordinary course of business if the

debtor demonstrates a sound business justification for implementing it. *See In re Lionel Corp.,* 722 F.2d at 1071; *In re Delaware Hudson Ry, Co.,* 124 B.R. 169, 179 (Bankr. D. Del. 1991).

Once the debtor articulates a valid business justification, the court must determine whether it is supported by sound business justification under the business judgment rule. "[T]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company.'" *In re Integrated Resources, Inc.,* 147 B.R. 650, 656 (S.D.N.Y. 1992). The business judgment rule has vitality in chapter 11 cases and shields a debtor's management from judicial second-guessing. *See id.*; *In re Johns-Manville Corp.,* 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986) ("[T]he Code favors the continued operation of a business by a debtor and a presumption of reasonable-ness attaches to a debtor's management decisions.").

Given the importance of Key Employees to the Debtor's efforts to maximize the value of this estate, the Court should approve the implementation of the Retention Policy. Courts have recognized the needs of chapter 11 debtors to retain their employees in order to assure continued business functions in chapter 11 and therefore have approved retention policies under Bankruptcy Code section 363(b)(1) similar to those proposed herein (each program, of course, being tailored to the needs of particular debtors) as a proper exercise of a debtor's business judgment. *See e.g., In re Long John Silver's Restaurants, Inc.,* No. 98-01164(PJW) (Bankr. D. Del., Aug. 18, 1998) (approving a $13 million employee Retention Policy for top 26 management personnel); *In re Edison Bros. Stores, Inc.* No. 95-1354 (PJW) (Bankr. D. Del., Jan. 20, 1996) (approving retention bonus program for middle managers); *In re Interco, Inc.,* 128 B.R. 229, 234 (Bankr. E.D. Mo. 1991) (concluding that implementation of a key employee retention

plan was a proper exercise of debtor's business judgment); *In re AmeriServe Food Distribution, Inc.,* No. 00-0358(PJW) (Bankr. D. Del., June 2, 2000) (authorizing key employee incentive program). *In re America West Airlines, Inc.,* 171 B.R. 674, 678 (Bankr. D. Ariz. 1994) (approving success bonuses to certain officers and employees as falling within debtor's sound business judgment).

Court approval of key employee retention plans designed to retain particular employees to assist in a debtor's reorganization efforts or, in the alternative, to assist in the sale of all or part of the estate's assets has become commonplace in the Seventh Circuit as well as other jurisdictions. *See In re Kmart Corporation, et al.,* Case No. 02-B02474 (Sonderby) (Bankr. N.D. Ill. 2002); *In re Goss Holdings Inc.,* Case No. 01-31751 (Doyle) (Bankr. N.D. Ill. 2001); *In re Comdisco, Inc.,* Case No. 01-24795 (Barliant) (Bankr. N.D. Ill. 2001); *In re Allied Products Corp.,* Case No. 00-28798 (Bankr. N.D. Ill. 2000); *In re Platinum Entertainment, Inc.,* Case No. 00-21646 (Bankr. N.D. Ill. 2000); see also *In re Decor Gravure Corp.,* Case No. 02-00895 (TOM) (Bankr. N.D. Ala. 2002); *In re Montgomery Ward, LLC,* Case No. 00-4667 (PJW) (Bankr. D. Del. 2000); *In re Service Merchandise Company, Inc.,* Case No. 399-02649 (Paine) (Bankr. M.D. Tenn. 1999). This Court approved such a program in the Manco Products, Inc. (MPI) bankruptcy by Order dated October 3, 2002.

The difficulties and attendant costs of finding qualified personnel to replace departing employees makes the costs of the Retention Policy a relatively small price to pay to preserve and enhance the value of the estate. Courts have recognized that compensation packages consisting of more than salaries for the rendering of postpetition services are an actual and necessary cost of maintaining the ongoing business operations of a debtor-in-

possession and, therefore, entitled to administrative expense priority status under section 503(b)(1) of the Bankruptcy Code. *See, In re Health Maintenance Found.,* 680 F.2d 619, 621 (9th Cir. 1982); *In re W.T. Grant Co.,* 620 F.2d 319, 321 (2d Cir.), *cert. denied,* 446 U.S. 983 (1980). Retention of the Key Employees is crucial to the preservation of value and potential sale of the Debtor's operating assets. Accordingly, the Debtor believes that approval of the Retention Policy is in the best interests of the estates.

### III. THE RETENTION POLICY HAS SOUND BUSINESS JUSTIFICATIONS

The Retention Policy is designed to incentivize Key Employees to serve the estate in the manner, and for the periods, set forth in the Motion via postpetition incentives. As such, it is supported by sound business justifications.

### CONCLUSION

The Retention Policy contemplates modest payments to three Key Employees for discrete periods of service to facilitate completion of a pending proposed sale and, in the case of Debtor's President, the remainder of the bankruptcy case. The Debtor respectfully requests that the Court approve the Retention Policy.

Dated:  June 9, 2005                     BAKER & DANIELS

                                         By:  /s/ John R Burns III
                                              John R Burns III (#3016-02)
                                              Mark A. Werling (#20426-02)
                                              111 East Wayne Street, Suite 800
                                              Fort Wayne, Indiana 46802
                                              Telephone:  (260) 420-8000
                                              Facsimile:  (260) 460-1700

                                         ATTORNEYS FOR THE DEBTOR,
                                         AUBURN FOUNDRY, INC.