IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| AUBURN FOUNDRY, INC. | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | BK Case No. 04-10427 |

**AUBURN FOUNDRY, INC.'S MOTION FOR ORDER
APPROVING KEY EMPLOYEE RETENTION PAYMENTS**

Auburn Foundry, Inc., debtor-in-possession ("AFI" or the "Debtor"), by counsel, for its Motion for Order Approving Key Employee Retention Payments (the "Motion"), respectfully states the following:

**PRELIMINARY STATEMENT**

In addition to confronting and meeting the daily challenges of operating a distressed business and operating under Chapter 11, AFI's managers have performed with the knowledge that a significant potential disruption to their personal lives, including a substantial risk of loss of employment, may likely ensue.

Notwithstanding management's commitment to the chapter 11 process, the Debtor recognizes that individuals cannot ignore competing opportunities for alternative employment in the environment of extreme uncertainty which they confront. Indeed, despite each individual's desire to see the process through to successful completion, the inherent uncertainty of operating or working for a distressed company compels most individuals to explore, and ultimately accept, alternative employment to protect their own well being as well as that of their families.

After exploring a variety of alternatives in this case, AFI filed a motion to sell its operating assets pursuant to § 363 of the Code (the "Sale Motion") on April 28, 2005. Objections

to the Sale Motion are due on or before May 19, 2005.  If the Sale Motion is approved, Debtor anticipates closing on the sale as soon as practicable.

In an attempt to forestall the otherwise inevitable loss of necessary individuals, pending a closing on this proposed sale and the final resolution of the case (whether through a liquidating plan or in Chapter 7), the Debtor developed an initiative designed to assist in the retention of three key employees (the "Retention Policy" or "Retention Payments"), which has been negotiated with the senior secured lender in this case (the "Senior Lender" or "Secured Lender"), and which is designed to incentivize these executives to remain officers of the Debtor for the periods described more fully herein.

As set forth herein and in the attached Memorandum of Law (the "Memorandum"), the Debtor seeks approval of the Retention Policy. Approval of payments such as those proposed herein has become commonplace in bankruptcy cases throughout the country and serves to provide debtors with the certainty of knowing that sufficient and qualified personnel will remain available to ensure a successful completion of the case.  **The $45,000 in payments contemplated herein will be paid entirely from the proceeds of accounts receivable in which the Senior Lender has an undisputed first priority lien and, as such, will have no effect on any other creditor of this estate**.

## BACKGROUND

1. On February 8, 2004 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court.

2. The Debtor continues in possession of its property and in management of its business as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. No trustee or examiner has been appointed herein.

4. This Court has jurisdiction of this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is section 363 of the Bankruptcy Code.

**RELIEF REQUESTED**

5. By this motion, the Debtor seeks an order of this Court, pursuant to section 363(b) of the Bankruptcy Code, approving the Retention Policy as described herein.

**The Retention Policy**

6. The Senior Lender has approved the terms of the Retention Policy. It has also agreed to unconditionally guaranty payments under the Retention Policy (if, and only if, estate assets are insufficient or unavailable to make such payments when due for any reason) and to deposit the agreed amounts, which it first receives from AFI, in trust until such payments have been earned. Upon the entry of an Order granting this Motion, the cash use budget between AFI and the Senior Lender shall be automatically amended to provide for the payments due hereunder by AFI, which payments shall be made by AFI from its cash collateral, with the Senior Lenders' consent, and not by the Senior Lenders.

7. A total of three (3) employees consisting of senior management of the Debtor (the "Eligible Employees") are eligible for Retention Payments. The Eligible Employees are (1) Thomas Woehlke, President, (2) Dennis Maude, Chief Financial Officer, and

(3) David Weber, Vice President-Technology.  Each of the Eligible Employees agreed to continue service with AFI upon the expectation that this Motion would be filed once its terms were negotiated with the Senior Lender and reduced to writing as indicated herein.  The Eligible Employees will remain employees of the Debtor, not the Senior Lender.  The terms of the Retention Policy are as follows:

      Thomas Woehlke.  1. Payment of $15,000 upon the earlier of closing on the first of two asset purchase agreements proposed in the Sale Motion, whichever occurs first, provided he remains able, willing, and available to be employed by AFI through such payment date.  2. Payment of $10,000 upon the closing of the later of the two asset purchase agreements, provided he remains able, willing, and available to be employed by AFI through such payment date.

      Dennis Maude.  1. Payment of $10,000 upon the earlier of closing on the first of two asset purchase agreements proposed in the Sale Motion, whichever occurs first (the "Payment Date"), provided he remains available, willing, and able to be employed by AFI through the Payment Date.  2. Thereafter, if Dennis Maude continues to render services to AFI in connection with its bankruptcy case, the Secured Lender shall pay him compensation on an hourly basis at a rate of $125 per hour for such services.  To the extent Dennis Maude renders services to AFI in connection with its bankruptcy case, he will be paid by the Debtor with funds advanced by the Senior Lender pursuant to the then-effective budget to the cash use agreement (which budget must be approved, in advance, by the Senior Lender).

      David Weber.  1. Payment of $10,000 upon the earlier of closing on the first of two asset purchase agreements proposed in the Sale Motion, whichever occurs first, provided he remains employed by AFI through such payment date.  2. Thereafter, if David Weber continues to render services to AFI in connection with its bankruptcy case, the Secured Lender shall pay

him compensation on an hourly basis at a rate of $105 per hour for such services. To the extent David Weber renders services to AFI in connection with its bankruptcy case, he will be paid by the Debtor with funds advanced by the Senior Lender pursuant to the then-effective budget to the cash use agreement (which budget must be approved, in advance, by the Senior Lender).

8. The Retention Policy is a means of providing an incentive to those employees who, from a business perspective, are most critical to the Debtor's operations while minimizing costs to the estate and maximizing return to the Debtor's creditors.

## **CONCLUSION**

WHEREFORE, the Debtor respectfully requests entry of an order approving the Retention Policy, as discussed herein, and for all other just and proper relief.

Dated: June 9, 2005               BAKER & DANIELS

                                  By: /s/ John R Burns III
                                      John R Burns III (#3016-02)
                                      Mark A. Werling (#20426-02)
                                      111 East Wayne Street, Suite 800
                                      Fort Wayne, Indiana 46802
                                      Telephone: (260) 420-8000
                                      Facsimile: (260) 460-1700

                                  ATTORNEYS FOR THE DEBTOR,
                                  AUBURN FOUNDRY, INC.