IN THE
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| AUBURN FOUNDRY, INC., | ) | Case No. 04-10427-REG |
| | ) | |
| Debtor. | ) | |

**NOTICE OF MOTION AND OPPORTUNITY TO OBJECT**

On July 22 , 2005, the Glass, Molders, Pottery, Plastics and Allied Workers International Union and its Local 322 (collectively "Union"), by counsel, filed an Amended Application for Allowance of Administrative Claim For Unpaid Vacation Pay, Personal Days, And Medical Expenses (attached as Exhibit A) which provides:

1. Auburn Foundry, Inc. ("Auburn") filed its Chapter 11 petition on 02/08/04.

2. The bargaining unit employees of Auburn are represented by the Union.

3. The Union and Auburn are parties to a collective bargaining agreement effective between 05/03/03 and 05/03/06 ("CBA").

4. All bargaining unit employees were laid off as of 04/22/05.

5. Section 13 of the CBA contains a provision concerning the payment of vacation pay. Pursuant to that provision, bargaining unit employees with a certain number of years of continuous service as of June 1st of each calender year are entitled to specific amounts of vacation pay. Vacation pay is paid on a pro rata basis for employees who are separated from employment prior to June 1st. The bargaining unit members are owed $150,522.39 for vacation pay owed between 2/8/04 and 6/1/04. The bargaining unit employees are owed a total of $643,577.06 in pro-rata vacation pay

       for 06/01/04 to 04/22/05.

6.     Section 17.12 of the CBA contains a provision concerning the payment of personal days. Pursuant to that provision, bargaining unit employees are paid for unused personal days on the contract anniversary date (May 3rd). Personal days are paid on a pro rata basis for employees who are separated from employment prior to May 3$^{rd.}$ The bargaining unit members are owed $30,452.49 for personal days owed between 2/8/04 and 5/3/04. The bargaining unit employees are owed $104,976.80 for pro-rata 2005 personal days accrued between 05/03/04 and 04/22/05.

7.     Section 14.2 of the CBA contains a provision concerning group health insurance benefits for bargaining unit members and their dependents. The bargaining unit members and their dependents are owed $606,842.79 in unpaid post-petition medical expenses.

8.     The Union's claim on behalf of the bargaining unit members of Auburn for unpaid 2004 and 2005 vacation pay, personal days and unpaid medical expenses in the total amount of $1,536,371.53, has the status of an allowed administrative claim as provided in Section 503(b) of the Bankruptcy Code. 11 U.S.C. § 503 (b).

WHEREFORE, Union prays that this Court approve its application for administrative claim.

If you have not received a copy of the Application, you may get one by contacting the person who signed this notice or at the clerk's office.

**Your rights may be affected. Your should read these papers carefully and discuss them with your attorney. If you do not have an attorney, you may wish to consult one.**

2

If you do not want the court to grant to Application, then on or before **August 15, 2005** you or your attorney must:

1. File a written objection to the Application, which should explain the reasons why you object, with the Clerk of the United States Bankruptcy Court at:

    1300 South Harrison Street, Room 1188
    P. O. Box 2547
    Fort Wayne, IN 46802-2547

    If you mail your objection, you must mail it early enough so that it will be received by the date it is due.

2. You must also mail a copy of your objection to:

    Richard J. Swanson
    Macey Swanson and Allman
    445 N. Pennsylvania Street
    Suite 401
    Indianapolis, IN 46204

    John R. Burns III
    Baker & Daniels LLP
    111 East Wayne Street, Suite 800
    Fort Wayne, IN 46802

    Nancy J. Gargula
    United States Trustee's Office
    One Michiana Square, 5th Floor
    100 East Wayne Street
    South Bend, IN 46601

If you do not file an objection by the date it is due, the court may grant the relief requested without holding a hearing. If you do file an objection, the court will set the Application for hearing, which you or your attorney will be expected to attend.

        Respectfully submitted,

        MACEY SWANSON AND ALLMAN

          /s/ Richard J. Swanson
        Richard J. Swanson, Attorney No. 1605-49
        Attorney for Union

MACEY SWANSON AND ALLMAN
445 North Pennsylvania Street, Suite 401
Indianapolis, IN 46204-1800
(317) 637-2345
rswanson@maceylaw.com