IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| AUBURN FOUNDRY, INC. | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | BK Case No. 04-10427 |

**AGREED MOTION TO APPROVE**
**SETTLEMENT WITH R.I. LAMPUS CO.**

The Debtor-in-Possession, Auburn Foundry, Inc. ("AFI" or the "Debtor"), respectfully submits, with the consent of R.I. Lampus Co. ("R.I. Lampus"), this Agreed Motion to Approve Settlement with R.I. Lampus (the "Agreed Motion") and in support thereof states as follows:

      1.      AFI filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code on February 8, 2004 and, since that date, has continued in possession of its property and management of its business as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

      2.      The Debtor and R.I. Lampus are parties to a business relationship whereby R.I. Lampus sold goods to AFI for a period of time.

      3.      AFI demanded payment of $77,795.40 from R.I. Lampus, seeking to avoid and recover certain allegedly preferential transfers made to R.I. Lampus within ninety (90) days of the petition date.

      4.      The Debtor and R.I. Lampus seek to enter into a post-petition settlement agreement mutually agreeable to AFI and R.I. Lampus.

      5.      AFI and R.I. Lampus have agreed to compromise and settle R.I. Lampus's alleged obligations pursuant to the agreement (the "Agreement") attached hereto as Exhibit A.

The Agreement provides, in pertinent part, that (1) R.I. Lampus shall pay to AFI the sum of $46,000 as consideration for the full and complete release contained in the Agreement; and (2) both parties will waive any potential, existing, or remaining claims against each other as they relate to the Agreement as set forth more fully in the Agreement, subject to the terms and conditions therein.

6. AFI believes that the proposed settlement is in the best interest of the bankruptcy estate, as it avoids the costs and uncertainties of further litigation.

7. The Agreement is conditioned upon this Court's approval of this Agreed Motion. Notwithstanding any provision of the Agreement to the contrary, the Agreement shall be effective on the date of entry of the Order approving the Agreement.

WHEREFORE, Debtor, by counsel, with the consent of R.I. Lampus, pursuant to Bankruptcy Rule 9019, respectfully requests that the Court approve its settlement with R.I. Lampus as described more fully herein.

Date:  September 26, 2005      BAKER & DANIELS

By: /s/ John R Burns III
John R Burns III (#3016-02)
Mark A. Werling (#20426-02)
111 East Wayne Street, Suite 800
Fort Wayne, Indiana 46802
Telephone:  (260) 424-8000
Facsimile:  (260) 460-1700

ATTORNEYS FOR THE DEBTOR,
AUBURN FOUNDRY, INC.

## SETTLEMENT AGREEMENT AND RELEASE

**THIS SETTLEMENT AGREEMENT AND RELEASE** (the "Agreement") is made and entered into as of the 14th day of September, 2005, by and among Auburn Foundry, Inc. ("AFI"), the debtor-in-possession and trustee of the Chapter 11 bankruptcy estate pending in the United States Bankruptcy Court for the Northern District of Indiana, Fort Wayne Division as case No. 04-10427 (the "Bankruptcy"), and R.I. Lampus Co. ("Lampus").

### RECITALS

A.    For a period of time, Lampus sold goods and material on credit to AFI. On February 8, 2004, AFI filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code.

B.    AFI demanded payment of $77,795.40 from Lampus, seeking to avoid and recover certain allegedly preferential transfers made to Lampus within 90 days of the petition date.

C.    AFI and Lampus (each of whom is referred to individually as a "Party" and collectively as the "Parties") desire to resolve all the differences and claims between them, without incurring additional expenses and costs, and have therefore reached the comprehensive terms of compromise embodied in this Agreement.

**NOW, THEREFORE**, in full consideration of the Recitals set forth above and the terms and mutual covenants set forth below, the Parties agree as follows:

1.    As consideration for the full and complete releases contained in this Agreement, Lampus shall pay to AFI the sum of $46,000.00 (the "Settlement Payment") upon 10 days after entry of an order approving this agreement.

2.    Effective upon the execution and delivery of this Agreement, but subject to bankruptcy court approval under Bankruptcy Rule 9019, pursuant to the covenants, terms and conditions contained herein, AFI and Lampus shall forever relieve, release and discharge each other, their agents, representatives, estates, employees, predecessors, parent corporations, subsidiaries (whether or not wholly-owned), affiliates, officers, principals, guarantors, directors, attorneys, investigators, successors, insurers and assigns and each of them, in any and all capacities, from any and all claims, debts, liabilities, demands, obligations, liens, promises, acts, agreements, costs and expenses (including, but not limited to attorneys' fees), damages, actions and causes of action, of whatever kind or nature, whether known or unknown, choate or inchoate, fixed or contingent, whether in tort, contract, law, or equity, arising out of or in any way related to the Bankruptcy, except for the obligations of the parties under this Settlement Agreement.

3.    The Parties agree that they shall not make, assert, or maintain against the other Party to this Agreement any claim, demand, action, suit, or proceeding arising out of or in connection with the matters respectively released herein.

BDDB01 4175028v1

EXHIBIT A

4. This Agreement, and all covenants and releases set forth herein, shall be binding upon and shall inure to the benefit of the Parties, their legal successors, trustees, estates, beneficiaries, heirs, assigns, insurers, partners, representatives, investigators, executors, guarantors, administrators, agents, attorneys, parent corporations, subsidiaries, affiliates, officers, directors, employees, principals, and shareholders.

5. This Agreement is deemed to be executed and intended to be performed in the State of Indiana, and the laws of Indiana (excluding Indiana's choice of law provisions) shall govern its interpretation and effect, except to the extent that such issues arising hereunder are governed by the Bankruptcy Code and Rules, and applicable law thereunder.

6. Each Party agrees to bear its own costs and expenses incurred with regard to the Litigation. In the event any Party to this Agreement commences any legal proceeding concerning any aspect of this Agreement, including, but not limited to, the interpretation or enforcement of any of its provisions or based on an alleged dispute, breach, default, or misrepresentation in connection with any aspect or provision of this Agreement, the prevailing Party shall be entitled to recover reasonable attorneys' fees and all other costs and expenses incurred in connection with the enforcement action or proceeding, including, without limitation, expert witness fees, court reporter fees and collection expenses, whether or not such action proceeds to judgment.

7. Should any portion or clause of this Agreement be found to be invalid, illegal, void, voidable or unenforceable for any reason whatsoever, this Agreement shall be read as if it did not contain said portion or clause to be severable from the remainder. Any such clause or portion and its severance shall not affect the validity or effect of the remaining provisions of this Agreement.

8. This Agreement may be executed in any number of counterparts and by facsimile, each of which so executed shall be deemed to be an original and such counterparts together constitute one and the same Agreement.

9. The Parties acknowledge that each has read this Agreement; that each fully understands its rights, privileges and duties under said Agreement; and that each enters into this Agreement freely and voluntarily. Each Party further acknowledges that each has had the opportunity to consult with an attorney to explain the terms of this Agreement and the consequences of signing it.

10. The Parties expressly warrant and represent that no promise or inducement has been offered except as set forth in this Agreement; that this Agreement is executed without reliance upon any statement or representation by the Parties, as well as their representatives, concerning the nature and extent of any damage and/or legal liability, and that this Agreement contains the entire agreement between the Parties and the terms of this Agreement are contractual and not a mere recital.

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement and Release by their signatures below:

R.I. LAMPUS CO.

By: _Edward Bloch_
   [NAME]

Its: _Treasurer_
   [TITLE]

_September 21, 2005_
DATE

AUBURN FOUNDRY, INC.
Debtor-in-Possession and Trustee

By: _[signature]_
   [NAME]

Its: _CFO_
   [TITLE]

_9/26/05_
DATE

-3-

BDDB01 4175028v1