UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| IN THE MATTER OF ) | |
| ) | Chapter 7 |
| AUBURN FOUNDRY, INC., ) | |
| ) | Case No. 04-10427 |
| Debtor. ) | |

**APPLICATION FOR APPROVAL OF EMPLOYMENT OF
ATTORNEYS, BAKER & DANIELS LLP AS SPECIAL COUNSEL**

Rebecca Hoyt Fischer, the Trustee in the above-captioned bankruptcy estate, files this Application for Approval of Employment of Attorneys, Baker & Daniels LLP ("Baker & Daniels") as special counsel, and in support thereof, states the following:

1. The Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code on February 8, 2004. On October 11, 2005 the case was converted to a Chapter 7.

2. Rebecca Hoyt Fischer was appointed as Trustee in the above-captioned case on October 13, 2005.

3. The Trustee seeks to employ Baker & Daniels to act as special counsel to provide legal services with respect to certain matters involving the bankruptcy estate.

4. By this application and pursuant to § 327(a) of the Bankruptcy Code, as modified by § 1107(b) of the Bankruptcy Code, the Trustee seeks to employ Mark Werling, John R. Burns and the law firm of Baker & Daniels as special counsel, under general retainer.

5. The Trustee has selected Baker & Daniels for the reason that its partners and associates have had prior experience in matters of this nature and are well qualified to represent the Trustee in this proceeding and at the time this bankruptcy was converted to a case under Chapter 7 of the

Bankruptcy Code, Baker & Daniels was handling certain avoidance actions on behalf of the bankruptcy estate. The Trustee believes it is in the best interest of the estate to continue the employment of Baker & Daniels in these matters as well as any other specific matters the Trustee deems appropriate.

6. The Trustee submits that the retention of Baker & Daniels under the terms described herein is appropriate under §§ 327 and 328 of the Bankruptcy Code. Section 327(e) of the Bankruptcy Code empowers the Trustee, with the Court's approval, to employ an attorney for a special purpose who represented the Debtor if such employment is in the best interest of the bankruptcy estate and if such attorney does not represent or hold any interest adverse to the Debtor or to the estate with respect to the matter on which the attorney is employed.

7. Except as set forth in the Affidavit of Mark Werling, which is attached hereto as Exhibit A, to the best of the Trustee's knowledge, the partners, counsel and associates of Baker & Daniels (a) do not have any connection with the Debtor, its affiliates, its creditors, the Office of the United States Trustee for the Northern District of Indiana, any person employed in the Office of the United States Trustee for the Northern District of Indiana, or any other party in interest, or their respective attorneys and accountants, (b) are a disinterested persons as that term is defined in § 101(4) of the Bankruptcy Code, and (c) do not hold or represent any interest adverse to the estate with respect to the specific matters for which they are to be employed.

8. More specifically, as set forth in the Affidavit attached hereto, and to the best of Trustee's knowledge, information and belief:

    a. Baker & Daniels, and its partners and associates, do not hold or represent any interest adverse to that of the estate except for the claim for fees for services rendered by Baker & Daniels as counsel during the pendency of the Chapter 11 bankruptcy case;

BDDB01 4275501v1

   b. Baker & Daniels is not and has not been a creditor, an equity holder, or insider of the Debtor except for the claim for fees for services rendered by Baker & Daniels as counsel during the pendency of the Chapter 11 bankruptcy case;

   c. Neither Baker & Daniels nor any attorney at the firm is or was an investment banker for any outstanding security of the Debtor;

   d. Neither Baker & Daniels nor any attorney at the firm is or was, within three years before the filing of the Debtor's Chapter 7 case, an investment banker for any security of the Debtor, or any attorney for an investment banker in connection with the offer, sale or issuance of any security of the Debtor;

   e. Neither Baker & Daniels nor any attorney at the firm is or was, within two years before the Petition Date, a director, officer or employee of the Debtor or of an investment banker of the Debtor;

   f. Baker & Daniels, its partners and associates, have not been employed to represent an officer, director, shareholder, partner, limited partner or any other entity that has guaranteed an obligation of the Debtor or is liable on an obligation of the Debtor, or pledged property to secure an obligation of the Debtor in the twelve months prior to filing.

   g. Baker & Daniels, its partners and associates, have no connection with any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

   h. Baker & Daniels does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor or an investment banker specified in the foregoing paragraphs, or for any other reason.

8. Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person on any reasonable terms and conditions of employment, including on a retainer. 11 U.S.C. 328(a). The Trustee may require Baker & Daniels to render extensive legal services, the cost of which cannot be estimated. Accordingly, it is necessary and essential for the Trustee to employ attorneys under general retainer to render the foregoing services.

9. Subject to this Court's approval and in accordance with §§ 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the rules and other procedures that may be fixed by this Court, the Trustee requests that Baker & Daniels be compensated on an hourly basis,

plus reimbursement of actual and necessary expenses incurred by Baker & Daniels, as more fully set forth in the Affidavit attached hereto.

10. Baker & Daniels will maintain detailed records of all actual costs and expenses incurred. Baker & Daniels will abide by all procedures ordered by the Court and will apply to the Court for allowance of any compensation or reimbursement of expenses in the matter.

11. The Trustee has provided notice of this Application to (a) the Office of the United States Trustee for the Northern District of Indiana, (b) counsel to the Debtor's pre-petition secured lenders, and (c) the Debtor's 20 largest creditors. The Trustee submits that given the circumstances and the notice of the relief requested herein, no other or further notice is required.

12. No prior application for the relief requested herein has been made to this or any other court.

13. It is contemplated that said attorneys will seek compensation based upon normal and usual hourly billing rates. It is further contemplated that said attorneys will seek interim compensation during the case as permitted by 11 U.S.C. § 331.

WHEREFORE, the Trustee requests that she be authorized to employ Mark Werling, John Burns and the law firm of Baker & Daniels, as special counsel to represent her in this case under Chapter 7 of the United States Bankruptcy Code in the areas described above with compensation to be paid as an administrative expense in such amounts as this Court may hereinafter determine and allow.

        Respectfully submitted,
        LADERER & FISCHER, P.C.

        /s/Rebecca Hoyt Fischer
        Rebecca Hoyt Fischer, Trustee #10537-72
        112 W. Jefferson Blvd., Suite 310
        South Bend, Indiana 46601
        Telephone: (574) 284-2354
        Facsimile (574) 284-2356
        E-mail: ladfis@aol.com

## **CERTIFICATE OF SERVICE**

     The undersigned hereby certifies that a true and exact copy of the above and foregoing Application for Approval of Employment of Attorneys, Baker & Daniels along with the attached Affidavit of Mark Werling has been mailed, by United States Mail, postage prepaid, or by electronic mail to the following parties this 10th day of January, 2006:

|  |  |
|---|---|
|  | John R. Burns (SR) |
|  | sandy.rhoads@bakerd.com |
| Mark A. Werling (ON) | Ellen L. Triebold |
| oliana.nansen@bakerd.com | Ellen.L.Triebold@usdoj.gov |
| Henry A. Efroymson | Josef S. Athanas |
| Henry.efroymson@icemiller.com | Latham & Watkins |
|  | Sears Tower, Suite 5800 |
|  | 233 South Wacker Drive |
|  | Chicago, IL 60606 |
| Donald F. Baty, Jr. | Jerald I. Ancel |
| Honigman, Miller, Schwartz & Cohn | Sommer & Barnard, PC |
| 2290 First National Building | 111 Monument Square, Suite 4000 |
| 660 Woodward Avenue | Indianapolis, IN 46204-5198 |
| Detroit, MI 48226 |  |

| | |
|---|---|
| Nancy J. Gargula<br>United States Trustee=s Office<br>One Michiana Square, 5th Floor<br>100 East Wayne Street<br>South Bend, IN  46601 | OmniSource Corp-Tusco<br>2453 Hill Avenue<br>Toledo, OH  43607 |
| Auburn City Utilities<br>P.O. Box 506<br>Auburn, IN  46706 | Bank of America<br>231 South LaSalle Street, 16th Floor<br>Chicago, IL  60697 |
| GMAC  Business Credit, LLC<br>300 Galleria Officentre, Suite 110<br>Southfield, MI  48034 | A.F. Europe, Inc.<br>635 West Eleventh Street<br>Auburn, IN  46706 |
| DeKalb County, Indiana<br>DeKalb County Assessor, Courthouse<br>100 South Main Street<br>Auburn, IN  46706 | Citizens Gas & Coke Utilities<br>2020 North Meridian Street<br>Indianapolis, IN  46202 |
| Dauber Company, Inc.<br>577 North 18th Road<br>Tonica, IL  61370 | UNIMIN Corporation<br>809 Myers Road<br>Archbold, OH  43502 |
| DISA Industries, Inc.<br>80 Kendall Point Drive<br>Oswego, IL  60543 | Miller and Company<br>6400 Shafer Court, Suite 500<br>Rosemont, IL  60018 |
| RI Lampus Co.<br>816 Railroad Street<br>Springdale, PA  15144 | XRI Testing B Troy<br>MobileX, LLC<br>1961 Thunderbird<br>Troy, MI  48084 |
| Fairmount Minerals<br>P.O. Box 400<br>Brideman, MI  49106 | MP Steel Indiana, LLC<br>P.O. Box 876<br>Kendallville, IN  46755 |
| Ashland Chemical Co.<br>P.O. Box 395<br>Columbus, OH  43216-0395 | Complete Drives, Inc.<br>1542 West Auburn Drive<br>Auburn, IN  46706 |

BDDB01 4275501v1

| | |
|---|---|
| Fire Protection, Inc.<br>750 West North Street, Suite C<br>Auburn, IN  46706 | Motion Industries, Inc.<br>333 East Washington Boulevard<br>Fort Wayne, IN  46862-2149 |
| Inductotherm Corp.<br>10 Indel Avenue<br>Rancocas, NJ  08073 | Grant F. Shipley<br>Shipley & Associates<br>233 West Baker Street<br>Fort Wayne, IN  46802-3413 |

/s/ Rebecca Hoyt Fischer
Rebecca Hoyt Fischer

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

IN THE MATTER OF:

AUBURN FOUNDRY, INC.                    CASE NO. 04-10427
                                        CHAPTER 7
Debtor.

### AFFIDAVIT OF MARK A. WERLING IN SUPPORT OF APPLICATION TO EMPLOY AND RETAIN BAKER & DANIELS LLP AS SPECIAL COUNSEL FOR CHAPTER 7 TRUSTEE

Mark A. Werling, having been first duly sworn, states:

1. I am a member of the firm of Baker & Daniels LLP ("Baker & Daniels") which maintains offices for the practice of law at 111 East Wayne Street, Fort Wayne, Indiana, 46804. I am an attorney-at-law, duly admitted to practice, *inter alia*, in the State of Indiana and in the District Court for the Northern District of Indiana. I submit this affidavit in connection with the application of the Chapter 7 Trustee in the above-captioned case to retain Baker & Daniels as counsel to the Trustee in this Chapter 7 case and to provide the disclosures required under section 329 of Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), the rules of this Court, and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Baker & Daniels' Connections With The Debtor

2. Baker & Daniels was the duly appointed counsel to Auburn Foundry, Inc., as Debtor-in-possession ("Debtor") pursuant to order of this Court dated March 17, 2004.

3. Baker & Daniels utilizes a number of procedures (the "Firm Procedures") to determine its relationships, if any, to parties that may have connections to a client debtor. In implementing such Firm Procedures, the following actions were taken prior to Baker & Daniels

BDDB01 4218987v1

appointment as counsel to the Debtor to identify parties that may have connections to the Debtor and Baker & Daniels' relationship with such parties.

    (a)    A computerized conflicts check was issued to all Baker & Daniels attorneys requesting whether they were aware of any connections between Baker & Daniels and the Debtor's twenty largest creditors (the "Potential Parties-in-Interest") as such connection may relate to the Debtor.

    (b)    Baker & Daniels requested and obtained from the Debtor a list of secured and unsecured creditors.

    (c)    Known connections between Baker & Daniels and Potential Parties-In-Interest were compiled for purposes of preparing its retention Affidavit in the Chapter 11 case.

Accordingly, I concluded Baker & Daniels was a "disinterested person" as that term is defined in section 101(14), as modified by section 1107(b), of the Bankruptcy Code.

    4.    To my knowledge, none of the partners or associates of Baker & Daniels have any relationship with the Office of the United States Trustee for the Northern District of Indiana or any person employed in said office.

    5.    If and to the extent the Trustee and any current clients of Baker & Daniels have mutual disputes and/or claims against each other, the Trustee will utilize "conflicts counsel" to resolve such claims or disputes. In the Chapter 11 case, the Debtor utilized "conflicts counsel' for the specific purpose of pursuing avoidance actions against one or more current clients of Baker & Daniels. In no event will Baker & Daniels represent either the Trustee or a current client of the firm in connection with any such claim or dispute.

## Baker & Daniels' Compensation

    6.    Subject to this Court's approval in accordance with sections 330 and 331 of the Bankruptcy Code, such Federal Rules of Bankruptcy Procedure as may be applicable, the rules of this Court, and such other procedures as may be fixed by order of this Court,

compensation will be payable to Baker & Daniels on an hourly basis, plus reimbursement of actual and necessary expenses incurred by Baker & Daniels. The Baker & Daniels attorneys that are likely to represent the Debtor in this case have current standard hourly rates ranging between $160.00 and $375.00. The paralegal that likely will assist the attorneys who will represent the Debtor has a current standard hourly rate of $140.00. The hourly rates are subject to periodic adjustments to reflect economic and other conditions.

7. Baker & Daniels' personnel that are likely to represent the Debtor in this case and their standard hourly rates are as follows:

| TIMEKEEPER | TITLE | RATE |
|---|---|---|
| BURNS, John R | Partner | $375.00 |
| WERLING, Mark A. | Associate | $240.00 |
| JUBA, Mark F. | Associate | $160.00 |
| FAULKNER, Jacklyn L. | Paralegal | $140.00 |

8. The hourly rates that will be charged in this case are Baker & Daniels' standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate Baker & Daniels for work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is Baker & Daniels' policy to charge its clients in all areas of practice for all other expenses incurred in connection with the respective clients' cases. The expenses charged to clients include, among other things, telephone and telecopier charges, mail and express mail charges, special or hand delivery charges, document processing and photocopying charges, travel expenses, computerized research, and transcription costs. Baker & Daniels believes that it is appropriate to charge these expenses to the clients incurring them rather than to increase its hourly rates and thereby spread the expenses among all clients.

9. This Affidavit is intended to comply with Federal Rule of Bankruptcy Procedure 2016(b). Baker & Daniels intends to apply to this Court for compensation for professional services rendered in connection with this case. Baker & Daniels currently has unpaid fees from the Chapter 11 case, for which it intends to seek court approval as an administrative expense. Baker & Daniels will not represent the Trustee in connection with the allowance or disallowance of its fees and expenses from the Chapter 11 case, but will defer to the Trustee's general counsel for any such matters. No promises have been received by Baker & Daniels or by any member or associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. Baker & Daniels has no agreement with any other entity to share with such entity any compensation received by Baker & Daniels.

10. Neither I, Baker & Daniels, nor any member or associate thereof, insofar as I have been able to ascertain, represents any interest adverse to the Debtor or its estate in the matter regarding which Baker & Daniels is to be engaged. Except as may be stated above, I believe Baker & Daniels is a "disinterested person" as that term is defined in section 101(14), as modified by section 1107(b), of the Bankruptcy Code.

11. By reason of the foregoing, I believe Baker & Daniels is eligible for employment and retention by the Debtor pursuant to sections 327 (as modified by section 1107(b)) and 328 of the Bankruptcy Code and the applicable Bankruptcy Rules.

_Mark A. Werling_
Mark A. Werling

Subscribed and sworn to before me
this 5th day of January, 2006.

My commission expires: June 26, 2009

_Olianamailevanu L. Nansen_
Olianamailevanu L. Nansen, Notary Public