UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| IN RE AUBURN FOUNDRY, INC. | ) | Case No: 04-10427 |
| | ) | |
| Debtor, | ) | Converted Chapter 7 |
| | ) | |
| | ) | Judge Robert E. Grant |
| _____ | ) | |
| AUBURN FOUNDRY, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 06-_____ |
| | ) | |
| KENDALLVILLE IRON & METAL, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Auburn Foundry, Inc., Debtor-in-Possession ("AFI" or "Debtor"), by and through its counsel, Baker & Daniels, for its complaint against Kendallville Iron & Metal, Inc. ("Defendant"), states that:

### I.   BACKGROUND

1. The above-captioned adversary proceeding (the "Adversary Proceeding") arises in and is related to the bankruptcy case captioned *In re Auburn Foundry, Inc.*, No. 04-10427 (the "Bankruptcy Case"), which is currently pending pursuant to Chapter 7 of the United States Bankruptcy Code (the "Code"), in the United States Bankruptcy Court for the Northern District of Indiana, Fort Wayne Division.

2. AFI filed a voluntary petition for relief under Chapter 11 of the Code on February 8, 2004 (the "Petition Date").

3. On October 11, 2005, the Court entered an order granting AFI's motion to convert the Bankruptcy Case to Chapter 7.

4. Rebecca Hoyt Fischer was appointed as Trustee in the Bankruptcy Case on October 13, 2005.

5. On January 10, 2006, the Trustee filed an application with the Court seeking approval of the employment of Baker & Daniels LLP as special counsel in the Bankruptcy Case to "handl[e] certain avoidance actions on behalf of the bankruptcy estate."

6. By an order dated January 11, 2006, the Court granted the Trustee's application to employ Baker & Daniels LLP as special counsel in the Bankruptcy Case.

7. On January 26, 2006, a meeting of creditors was held pursuant to Section 341 of the Code.

## II. JURISDICTION AND VENUE

8. This Adversary Proceeding is brought pursuant to Sections 546, 547, and 550 of the Code and pursuant to Federal Rule of Bankruptcy Procedure ("Rule") 7001.

9. The Court has subject matter jurisdiction over the Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b) and N.D. Ind. L.R. 200.1.

10. The Adversary Proceeding is a "core proceeding" pursuant to 28 U.S.C. § 157(b).

11. Venue is proper pursuant to 28 U.S.C. § 1409(a), (c).

12. The Court has personal jurisdiction over the Defendant pursuant to Rule 7004(f) and due to the Defendant's minimum contacts with the United States.

### III. CLAIM FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS MADE ON OR WITHIN NINETY (90) DAYS OF THE PETITION DATE TO KENDALLVILLE IRON & METAL, INC.

13. The Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-12 as fully set forth herein.

14. Upon information and belief, the Defendant's business address is 243 East Lisbon Road, Kendallville, Indiana 46755, and was a supplier of goods and/or services to the Plaintiff.

15. Within ninety (90) days of the date of filing of the petition, the Plaintiff transferred $75,935.09 of its property (the "Transfer" or "Transfers") to the Defendant on account of an antecedent debt, which Transfers are described more fully in attached Exhibit "A."

16. The aforementioned Transfers were to or for the benefit of the Defendant as creditor of the Plaintiff.

17. The Transfers were made while the Plaintiff was insolvent.

18. The Transfers were made on or within ninety (90) days before the Petition Date.

19. The Transfers enabled the Defendant to recover more than it would have received as a creditor if: (a) the case were a case under Chapter 7 of the Code; (b) the Transfers had not been made; and (c) the Defendant had received payment of its debt to the extent provided by the Code.

20. The Transfers are avoidable by the Debtor pursuant to the provisions of Sections 546, 547, and 550 of the Code.

WHEREFORE, the Plaintiff respectfully requests that this Court enter an Order granting the following relief:

    (a)    a judgment avoiding the Transfers pursuant to Section 547(b) of the Code;

    (b)    a judgment against the Defendant recovering the sum of $75,935.09, together with interest thereon from the date of the Transfers pursuant to Section 550 of the Code; and

    (c)    awarding all other just and proper relief.

BAKER & DANIELS LLP

By: /s/ Mark A. Werling
    John R Burns III (#3016-02)
    Mark A. Werling (#20426-02)
    Mark F. Juba (#24254-71)
    111 East Wayne Street, Suite 800
    Fort Wayne, Indiana 46802
    Telephone: (260) 424-8000
    Facsimile: (260) 460-1700

ATTORNEYS FOR THE PLAINTIFF,
AUBURN FOUNDRY, INC.