UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| IN RE AUBURN FOUNDRY, INC. | ) | Bankruptcy Case No: 04-10427 |
| | ) | |
| Debtor | ) | Converted Chapter 7 |
| | ) | |
| | ) | Judge Robert E. Grant |

## MOTION FOR AUTHORITY TO COMPROMISE

Comes now the Trustee of Auburn Foundry, Inc. ("AFI"), Rebecca Hoyt Fischer, ("Trustee"), by counsel, and respectfully submits this Motion for Authority to Compromise (the "Motion") with Bristal Metal Products, Inc. ("Bristal"), and in support thereof states as follows:

1. On February 8, 2004, the Debtor filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Indiana, Fort Wayne Division, Case. No. 04-10427 ("Bankruptcy Case"). On December 11, 2005, the Court entered an order granting the Debtor's motion to convert the bankruptcy case to Chapter 7. Rebecca Hoyt Fischer was appointed Trustee of the bankruptcy case on October 13, 2005.

2. The Trustee initiated Adversary Proceeding No. 06-1130 ("Adversary Proceeding") on May 19, 2006, seeking to avoid a preferential transfer amount of $9,187.50.

3. The Defendant has asserted both a new value and an ordinary course of business defense.

4. The parties propose to compromise the Adversary Proceeding upon the following terms and conditions:

    a. The Defendant shall pay the Trustee the sum of $5,000.00.

BDDB01 4528636v1

    b.  The Trustee shall dismiss Adversary Proceeding 06-1130 upon receipt of the settlement payment from Bristal and Court approval of settlement.

  5.  The Trustee believes that the proposed compromise is in the best interest of the bankruptcy estate and that the cost and expense of further litigation would exceed any potential recovery between the proposed settlement amount and the demand of $9,187.50. The parties have therefore reached the comprehensive terms of compromise embodied in the Settlement and Release Agreement (the "Agreement"), attached hereto as Exhibit A.

  6.  The Agreement is conditioned upon this Court's approval of this Motion.

  7.  Notwithstanding any provision of the Agreement to the contrary, the Agreement shall be effective on the date of entry of the Order approving the Agreement, with each of its provisions applied retroactively to a date ten (10) days prior thereto.

  WHEREFORE, the Trustee, by counsel pursuant to Bankruptcy Rule 9019, respectfully requests that the Court approve her compromise with Bristal as described more fully herein.

Dated:  September 21, 2006    BAKER & DANIELS LLP

            By:  /s/ Mark A. Werling
              John R Burns III (#3016-02)
              Mark A. Werling (#20426-02)
              111 East Wayne Street, Suite 800
              Fort Wayne, Indiana 46802
              Telephone:  (260) 424-8000
              Facsimile:  (260) 460-1700

            ATTORNEYS FOR THE PLAINTIFF,
            REBECCA HOYT FISCHER, TRUSTEE

## SETTLEMENT AGREEMENT AND RELEASE

**THIS SETTLEMENT AGREEMENT AND RELEASE** (the "Agreement") is made and entered into as of the ___th day of July, 2006, by and among Rebecca Hoyt Fischer, trustee for debtor ("Trustee" or "Plaintiff"), Auburn Foundry, Inc. ("AFI"), in the adversary proceeding pending in the United States Bankruptcy Court for the Northern District of Indiana, Fort Wayne Division as case No. 06-1130 ("Adversary Proceeding"), and Bristal Metal Products, Inc. ("Bristal").

## RECITALS

A. On February 8, 2004, AFI filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Indiana, Fort Wayne Division, Case. No. 04-10427 ("Bankruptcy Case"). On December 11, 2005, the Court entered an order granting AFI's motion to convert the bankruptcy case to Chapter 7. Rebecca Hoyt Fischer was appointed Trustee of the bankruptcy case on October 13, 2005.

B. For a period of time, Bristal sold goods and material on credit to AFI. On May 24, 2006, AFI, by the Trustee, filed an Amended Complaint to obtain a judgment in the amount of $9,187.50 against Bristal, seeking to avoid and recover certain allegedly preferential transfers made to Bristal within 90 days of the petition date.

C. AFI and Bristal (each of whom is referred to individually as a "Party" and collectively as the "Parties") desire to resolve all the differences and claims between them, without incurring additional expenses and costs, and have therefore reached the comprehensive terms of compromise embodied in this Agreement.

**NOW, THEREFORE**, in full consideration of the Recitals set forth above and the terms and mutual covenants set forth below, the Parties agree as follows:

1. As consideration for the full and complete releases contained in this Agreement, Bristal shall pay to AFI the sum of $5,000.00 (the "Settlement Payment") upon 10 days after entry of an order approving this agreement.

2. Effective upon the execution and delivery of this Agreement, but subject to bankruptcy court approval under Bankruptcy Rule 9019, pursuant to the covenants, terms and conditions contained herein, AFI and Bristal shall forever relieve, release and discharge each other, their agents, representatives, estates, employees, predecessors, parent corporations, subsidiaries (whether or not wholly-owned), affiliates, officers, principals, guarantors, directors, attorneys, investigators, successors, insurers and assigns and each of them, in any and all capacities, from any and all claims, debts, liabilities, demands, obligations, liens, promises, acts, agreements, costs and expenses (including, but not limited to attorneys' fees), damages, actions and causes of action, of whatever kind or nature, whether known or unknown, choate or inchoate, fixed or contingent, whether in tort, contract, law, or equity, arising out of or in any way related to the Bankruptcy, except for the obligations of the parties under this Settlement Agreement and as provided in paragraph 11 of this Agreement.



BDDB01 4444553v1

3.  Except as provided in paragraph 11 of the Agreement, the Parties agree that they shall not make, assert, or maintain against the other Party to this Agreement any claim, demand, action, suit, or proceeding arising out of or in connection with the matters respectively released herein.

4.  This Agreement, and all covenants and releases set forth herein, shall be binding upon and shall inure to the benefit of the Parties, their legal successors, trustees, estates, beneficiaries, heirs, assigns, insurers, partners, representatives, investigators, executors, guarantors, administrators, agents, attorneys, parent corporations, subsidiaries, affiliates, officers, directors, employees, principals, and shareholders.

5.  This Agreement is deemed to be executed and intended to be performed in the State of Indiana, and the laws of Indiana (excluding Indiana's choice of law provisions) shall govern its interpretation and effect, except to the extent that such issues arising hereunder are governed by the Bankruptcy Code and Rules, and applicable law thereunder.

6.  Each Party agrees to bear its own costs and expenses incurred with regard to the Adversary Proceeding.

7.  Should any portion or clause of this Agreement be found to be invalid, illegal, void, voidable or unenforceable for any reason whatsoever, this Agreement shall be read as if it did not contain said portion or clause to be severable from the remainder. Any such clause or portion and its severance shall not affect the validity or effect of the remaining provisions of this Agreement.

8.  This Agreement may be executed in any number of counterparts and by facsimile, each of which so executed shall be deemed to be an original and such counterparts together constitute one and the same Agreement.

9.  The Parties acknowledge that each has read this Agreement; that each fully understands its rights, privileges and duties under said Agreement; and that each enters into this Agreement freely and voluntarily. Each Party further acknowledges that each has had the opportunity to consult with an attorney to explain the terms of this Agreement and the consequences of signing it.

10. The Parties expressly warrant and represent that no promise or inducement has been offered except as set forth in this Agreement; that this Agreement is executed without reliance upon any statement or representation by the Parties, as well as their representatives, concerning the nature and extent of any damage and/or legal liability, and that this Agreement contains the entire agreement between the Parties and the terms of this Agreement are contractual and not a mere recital.

11. Notwithstanding anything contained in this Agreement, Bristal shall have an allowed unsecured claim in the amount of the Settlement Payment, and additionally shall retain whatever rights it presently has to assert its prepetition unsecured claim in the amount of $7,966.25.

**IN WITNESS WHEREOF**, the Parties have executed this Settlement Agreement and Release by their signatures below:

BRISTAL METAL PRODUCTS, INC.

By: _____
    [NAME]

Its: __Partner__
    [TITLE]

__7-17-06__
DATE

REBECCA HOYT FISCHER,
TRUSTEE FOR DEBTOR,
AUBURN FOUNDRY, INC.

_____
Rebecca Hoyt Fischer
Trustee for Debtor, Auburn Foundry, Inc.

__7/25/06__
DATE