UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| IN RE AUBURN FOUNDRY, INC. | ) | Bankruptcy Case No: 04-10427 |
| | ) | |
| Debtor | ) | Converted Chapter 7 |
| | ) | |
| | ) | Judge Robert E. Grant |

## CERTIFICATE OF SERVICE

I certify that a copy of the attached Notice of Motion and Opportunity to Object to the Trustee's Motion for Authority to Compromise, was served via electronic mail or via first-class United States mail, postage prepaid, this 28th day of November, 2006, on all creditors and parties in interest pursuant to the Court's Order limiting notice dated May 17, 2006.

BAKER & DANIELS LLP

By: /s/ Mark A. Werling
    John R Burns III (#3016-02)
    Mark A. Werling (#20426-02)
    111 East Wayne Street, Suite 800
    Fort Wayne, Indiana 46802
    Telephone:  (260) 424-8000
    Facsimile:  (260) 460-1700

BDDB01 4589302v1

UNITED STATE BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| IN RE AUBURN FOUNDRY, INC. | ) | Bankrutpcy Case No: 04-10427 |
| | ) | |
| Debtor | ) | Converted Chapter 7 |
| | ) | |
| | | Judge Robert E. Grant |

## NOTICE OF MOTION AND OPPORTUNITY TO OBJECT

On November 28, 2006, the Trustee of Auburn Foundry, Inc. ("AFI"), Rebecca Hoyt Fischer, ("Trustee"), by counsel, filed a Motion for Authority to Compromise (the "Motion") with Ashland, Inc. ("ASHLAND"), wherein she requests that the Court approve the Settlement and Release Agreement (the "Agreement") executed between her and ASHLAND as consideration for the full and complete releases contained in the Agreement.  The Agreement states that ASHLAND shall pay to the Trustee the sum of $26,500.00 based on a preference action seeking a total of $177,748.86 upon ten days after entry of an order approving this agreement.  A copy of the Motion with the Agreement attached thereto accompanies this notice.

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney.  If you do not have an attorney, you may wish to consult one.**

If you do not want the Court to grant the Motion, then **within 20 days from the date of this Notice**, **December 18, 2006**, you or your attorney must:

1. File a written objection to the Motion, which should explain the reasons why you object, with the Clerk of United States Bankruptcy Court at:

> Office of the Clerk
> United States Bankruptcy Court
> 1300 S. Harrison Street
> Post Office Box 2547
> Fort Wayne, Indiana 46801-2547

If you mail your response to the Court, you must mail it early enough so that it will be received by the date it is due.

2. You must also mail a copy of your objection to:

> John R Burns III
> Mark A. Werling
> Baker & Daniels LLP
> 111 E. Wayne Street, #800
> Fort Wayne, IN 46802

BDDB01 4589302v1                                         2

If you do not file an objection by the date it is due, the Court may grant the relief requested without holding a hearing. If you do file an objection, the Court will set the Application for hearing, which you or your attorney will be expected to attend.

Date: November 28, 2006            BAKER & DANIELS LLP

By: /s/ Mark A. Werling
    John R Burns III (#3016-02)
    Mark A. Werling (#20426-02)
    111 East Wayne Street, Suite 800
    Fort Wayne, Indiana 46802
    Telephone: (260) 424-8000
    Facsimile: (260) 460-1700

ATTORNEYS FOR THE PLAINTIFF,
REBECCA HOYT FISCHER, TRUSTEE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| IN RE AUBURN FOUNDRY, INC. | ) | Bankruptcy Case No: 04-10427 |
| | ) | |
| Debtor | ) | Converted Chapter 7 |
| | ) | |
| | ) | Judge Robert E. Grant |

### MOTION FOR AUTHORITY TO COMPROMISE

       Comes now the Trustee of Auburn Foundry, Inc. ("AFI"), Rebecca Hoyt Fischer, ("Trustee"), by counsel, and respectfully submits this Motion for Authority to Compromise (the "Motion") with Ashland, Inc. ("ASHLAND"), and in support thereof states as follows:

       1.       On February 8, 2004, the Debtor filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Indiana, Fort Wayne Division, Case. No. 04-10427 ("Bankruptcy Case"). On December 11, 2005, the Court entered an order granting the Debtor's motion to convert the bankruptcy case to Chapter 7. Rebecca Hoyt Fischer was appointed Trustee of the bankruptcy case on October 13, 2005.

       2.       The Trustee initiated Adversary Proceeding No. 06-1135 ("Adversary Proceeding") on May 19, 2006, seeking to avoid a preferential transfer amount of $177,748.86.

       3.       The Defendant has asserted both a new value and an ordinary course of business defense.

       4.       The parties propose to compromise the Adversary Proceeding upon the following terms and conditions:

       a.       The Defendant shall pay the Trustee the sum of $26,500.00.

BDDB01 4589303v1

    b. The Trustee shall dismiss Adversary Proceeding 06-1135 upon receipt of the settlement payment from ASHLAND and Court approval of settlement.

   5. The Trustee believes that the proposed compromise is in the best interest of the bankruptcy estate and that the cost and expense of further litigation would exceed any potential recovery. The parties have therefore reached the comprehensive terms of compromise embodied in the Settlement and Release Agreement (the "Agreement"), attached hereto as Exhibit A.

   6. The Agreement is conditioned upon this Court's approval of this Motion.

   7. Notwithstanding any provision of the Agreement to the contrary, the Agreement shall be effective on the date of entry of the Order approving the Agreement, with each of its provisions applied retroactively to a date ten (10) days prior thereto.

   WHEREFORE, the Trustee, by counsel pursuant to Bankruptcy Rule 9019, respectfully requests that the Court approve her compromise with ASHLAND as described more fully herein.

Dated: November 28, 2006    BAKER & DANIELS LLP

          By: /s/ Mark A. Werling
           John R Burns III (#3016-02)
           Mark A. Werling (#20426-02)
           111 East Wayne Street, Suite 800
           Fort Wayne, Indiana 46802
           Telephone: (260) 424-8000
           Facsimile: (260) 460-1700

          ATTORNEYS FOR THE PLAINTIFF,
          REBECCA HOYT FISCHER, TRUSTEE

## SETTLEMENT AGREEMENT AND RELEASE

**THIS SETTLEMENT AGREEMENT AND RELEASE** (the "Agreement") is made and entered into as of this 27th day of November, 2006, between and among Rebecca Hoyt Fischer ("Trustee" or "Plaintiff"), Chapter 7 Trustee for Debtor Auburn Foundry, Inc. ("AFI" or "Debtor") under Case No. 04-10427("Bankruptcy Case") and Plaintiff in Case No. 06-1135 (the "Adversary Proceeding") both pending in the United States Bankruptcy Court for the Northern District of Indiana, Fort Wayne Division (the "Bankruptcy Court") as, AFI, and Ashland, Inc. ("Ashland"), a creditor in the Bankruptcy Case and Defendant in the Adversary Proceeding.

## RECITALS

A.  On February 8, 2004 (the "Petition Date"), AFI filed a Voluntary Petition under Chapter 11 with the Bankruptcy Court, initiating its Bankruptcy Case.. On October 11, 2005, the Bankruptcy Court entered an order granting AFI's motion to convert the Bankruptcy Case to a case under Chapter 7. Plaintiff was appointed Trustee of the Bankruptcy Case on October 13, 2005.

B.  For a period of time, Ashland sold goods and material on credit to AFI. On May 24, 2006, AFI, by the Trustee, filed an Amended Complaint in the Adversary Proceeding to obtain a judgment in the amount of $177,748.86 against Ashland, seeking to avoid and recover certain alleged preferential transfers made to Ashland within 90 days of the Petition Date.

C.  AFI, the Trustee, and Ashland (each of whom is referred to individually as a "Party" and collectively as the "Parties") desire to resolve the claims advanced under the Adversary Proceeding without incurring any additional costs and expenses, and have therefore reached the comprehensive terms of compromise embodied in this Agreement.

**NOW, THEREFORE**, in full consideration of the Recitals set forth above and the terms and mutual covenants set forth below and for other good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.  As consideration for the releases contained in this Agreement, Ashland shall pay to the Trustee the sum of $26,500.00 (the "Settlement Payment") upon 10 days after entry of an order approving this Agreement.

2.  Effective upon the execution and delivery of this Agreement, but subject to Bankruptcy Court approval under Bankruptcy Rule 9019, pursuant to the covenants, terms and conditions contained herein, AFI, the Trustee, and Ashland shall forever relieve, release and discharge each other, their agents, representatives, estates, employees, predecessors, parent corporations, subsidiaries (whether or not wholly-owned), affiliates, officers, principals, guarantors, directors, attorneys, investigators, successors, insurers and assigns and each of them, in any and all capacities, from any and all claims, debts, liabilities, demands, obligations, liens, promises, acts, agreements, costs and expenses (including, but not limited to attorneys' fees), damages, actions and causes of action, of whatever kind or nature, whether known or unknown, choate or inchoate, fixed or contingent, whether in tort, contract, law, or equity, arising out of or

in any way related to the Adversary Proceeding, provided however that the foregoing shall not release any of the Parties' obligations under this Agreement or extinguish Ashland's right to recover from AFI's estate on account of its proof of claim or claims, including any supplemental claim filed in accordance with Title 11 U.S.C. section 502(h) filed or to be filed in the Bankruptcy Case

3. After Bankruptcy Court approval of this Agreement and Ashland's payment of the Settlement Payment, the Parties shall filed a joint stipulation of dismissal with prejudice of the Adversary Proceeding in accordance with Federal Rule of Civil Procedure Rule 41(a)(1).

4. The Parties agree that they shall not make, assert, or maintain against the other Party to this Agreement any claim, demand, action, suit, or proceeding arising out of or in connection with the matters respectively released herein.

5. This Agreement, and all covenants and releases set forth herein, shall be binding upon and shall inure to the benefit of the Parties, their legal successors, trustees, estates, beneficiaries, heirs, assigns, insurers, partners, representatives, investigators, executors, guarantors, administrators, agents, attorneys, parent corporations, subsidiaries, affiliates, officers, directors, employees, principals, and shareholders.

6. This Agreement is deemed to be executed and intended to be performed in the State of Indiana, and the laws of Indiana (excluding Indiana's choice of law provisions) shall govern its interpretation and effect, except to the extent that such issues arising hereunder are governed by the Bankruptcy Code and Rules, and applicable law thereunder.

7. Each Party agrees to bear its own costs and expenses incurred with regard to the Adversary Proceeding. In the event any Party to this Agreement commences any legal proceeding concerning any aspect of this Agreement, including, but not limited to, the interpretation or enforcement of any of its provisions or based on an alleged dispute, breach, default, or misrepresentation in connection with any aspect or provision of this Agreement, the prevailing Party shall be entitled to recover reasonable attorneys' fees and all other costs and expenses incurred in connection with the enforcement action or proceeding, including, without limitation, expert witness fees, court reporter fees and collection expenses, whether or not such action proceeds to judgment.

8. Should any portion or clause of this Agreement be found to be invalid, illegal, void, voidable or unenforceable for any reason whatsoever, this Agreement shall be read as if it did not contain said portion or clause to be severable from the remainder. Any such clause or portion and its severance shall not affect the validity or effect of the remaining provisions of this Agreement.

9. This Agreement may be executed in any number of counterparts and by facsimile, each of which so executed shall be deemed to be an original and such counterparts together constitute one and the same Agreement.

BDDB01 4561123v1

10. The Parties acknowledge that each has read this Agreement; that each fully understands its rights, privileges and duties under said Agreement; and that each enters into this Agreement freely and voluntarily. Each Party further acknowledges that each has had the opportunity to consult with an attorney to explain the terms of this Agreement and the consequences of signing it.

11. The Parties expressly warrant and represent that no promise or inducement has been offered except as set forth in this Agreement; that this Agreement is executed without reliance upon any statement or representation by the Parties, as well as their representatives, concerning the nature and extent of any damage and/or legal liability, and that this Agreement contains the entire agreement between the Parties and the terms of this Agreement are contractual and not a mere recital.

**IN WITNESS WHEREOF**, the Parties have executed this Settlement Agreement and Release by their signatures below:

ASHLAND, INC.

By: *Michael W. Wright*
[NAME]

Its: *Sr. Credit Rep.*
[TITLE]

*11/27/06*
DATE

REBECCA HOYT FISCHER,
TRUSTEE FOR DEBTOR,
AUBURN FOUNDRY, INC.

*Rebecca H. Fischer*
Rebecca Hoyt Fischer
Trustee for Debtor, Auburn Foundry, Inc.

*11/27/06*
DATE

-3-

BDDB01 4561123v1