UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| IN RE AUBURN FOUNDRY, INC. | ) | Bankruptcy Case No: 04-10427 |
| | ) | |
| Debtor | ) | Converted Chapter 7 |
| | ) | |
| | ) | Judge Robert E. Grant |

## **MOTION FOR AUTHORITY TO COMPROMISE**

Comes now the Trustee of Auburn Foundry, Inc. ("AFI"), Rebecca Hoyt Fischer, ("Trustee"), by counsel, and respectfully submits this Motion for Authority to Compromise (the "Motion") with Cascade Pattern Co. ("CASCADE"), and in support thereof states as follows:

1.  On February 8, 2004, the Debtor filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Indiana, Fort Wayne Division, Case. No. 04-10427 ("Bankruptcy Case"). On December 11, 2005, the Court entered an order granting the Debtor's motion to convert the bankruptcy case to Chapter 7. Rebecca Hoyt Fischer was appointed Trustee of the bankruptcy case on October 13, 2005.

2.  The Trustee initiated Adversary Proceeding No. 06-1128 ("Adversary Proceeding") on May 19, 2006, seeking to avoid a preferential transfer amount of $26,770.00.

3.  The Defendant has asserted both a new value and an ordinary course of business defense.

4.  The parties propose to compromise the Adversary Proceeding upon the following terms and conditions:

    a.  The Defendant shall pay the Trustee the sum of $12,500.00.

b.   The Trustee shall dismiss Adversary Proceeding 06-1128 upon receipt of the settlement payment from CASCADE and Court approval of settlement.

5.   The Trustee believes that the proposed compromise is in the best interest of the bankruptcy estate and that the cost and expense of further litigation would exceed any potential recovery.  The parties have therefore reached the comprehensive terms of compromise embodied in the Settlement and Release Agreement (the "Agreement"), attached hereto as Exhibit A.

6.   The Agreement is conditioned upon this Court's approval of this Motion.

7.   Notwithstanding any provision of the Agreement to the contrary, the Agreement shall be effective on the date of entry of the Order approving the Agreement, with each of its provisions applied retroactively to a date ten (10) days prior thereto.

WHEREFORE, the Trustee, by counsel pursuant to Bankruptcy Rule 9019, respectfully requests that the Court approve her compromise with CASCADE as described more fully herein.

Dated:  April 11, 2007             BAKER & DANIELS LLP

By:  /s/ Mark A. Werling
     John R Burns III (#3016-02)
     Mark A. Werling (#20426-02)
     111 East Wayne Street, Suite 800
     Fort Wayne, Indiana 46802
     Telephone:  (260) 424-8000
     Facsimile:  (260) 460-1700

ATTORNEYS FOR THE PLAINTIFF,
REBECCA HOYT FISCHER, TRUSTEE

## SETTLEMENT AGREEMENT AND RELEASE

**THIS SETTLEMENT AGREEMENT AND RELEASE** (the "Agreement") is made and entered into as of the ___ day of _____, 2007, by and among Rebecca Hoyt Fischer, Trustee for Debtor ("Trustee" or "Plaintiff"), Auburn Foundry, Inc. ("AFI"), in the Adversary Proceeding pending in the United States Bankruptcy Court for the Northern District of Indiana, Fort Wayne Division as Case No. 06-1128, and Cascade Pattern Co. ("CASCADE").

### RECITALS

A.  On February 8, 2004, AFI filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Indiana, Fort Wayne Division, Case. No. 04-10427 ("Bankruptcy Case"). On December 11, 2005, the Court entered an order granting AFI's motion to convert the bankruptcy case to Chapter 7. Rebecca Hoyt Fischer was appointed Trustee of the Bankruptcy Case on October 13, 2005.

B.  For a period of time, CASCADE sold goods and material on credit to AFI. On May 24, 2006, AFI, by the Trustee, filed an Amended Complaint to obtain a judgment in the amount of $26,700.00 against CASCADE, seeking to avoid and recover certain alleged preferential transfers made to CASCADE within 90 days of the petition date.

C.  The Trustee and CASCADE (each of whom is referred to individually as a "Party" and collectively as the "Parties") desire to resolve all the differences and claims between them, without incurring additional expenses and costs, and have therefore reached the comprehensive terms of compromise embodied in this Agreement.

**NOW, THEREFORE**, in full consideration of the Recitals set forth above and the terms and mutual covenants set forth below, the Parties agree as follows:

1.  As consideration for the full and complete releases contained in this Agreement, CASCADE shall pay to the Trustee the sum of $12,500.00 (the "Settlement Payment") payable in three installments. The first installment payment of $6,000.00 is due 10 days after entry of an order approving this agreement. The second installment payment of $3,250.00 is due 30 days from the date of the first installment payment, and the third installment payment of $3,250.00 is due 60 days from the date of the first installment payment. Within 10 days of receiving the final Settlement Payment from CASCADE, Plaintiff shall dismiss Adversary Proceeding No. 06-1128 with prejudice.

2.  Effective upon the execution and delivery of this Agreement, but subject to Bankruptcy Court approval under Bankruptcy Rule 9019, pursuant to the covenants, terms and conditions contained herein, the Trustee and CASCADE shall forever relieve, release and discharge each other, their agents, representatives, estates, employees, predecessors, parent corporations, subsidiaries (whether or not wholly-owned), affiliates, officers, principals, guarantors, directors, attorneys, investigators, successors, insurers and assigns and each of them, in any and all capacities, from any and all claims, debts, liabilities, demands, obligations, liens, promises, acts, agreements, costs and expenses (including, but not limited to attorneys' fees),

BDDB01 4663680v1



damages, actions and causes of action, of whatever kind or nature, whether known or unknown, choate or inchoate, fixed or contingent, whether in tort, contract, law, or equity, arising out of or in any way related to the Bankruptcy, except for the obligations of the Parties under this Settlement Agreement.

3. The Parties agree that they shall not make, assert, or maintain against the other Party to this Agreement any claim, demand, action, suit, or proceeding arising out of or in connection with the matters respectively released herein.

4. This Agreement, and all covenants and releases set forth herein, shall be binding upon and shall inure to the benefit of the Parties, their legal successors, trustees, estates, beneficiaries, heirs, assigns, insurers, partners, representatives, investigators, executors, guarantors, administrators, agents, attorneys, parent corporations, subsidiaries, affiliates, officers, directors, employees, principals, and shareholders.

5. This Agreement is deemed to be executed and intended to be performed in the State of Indiana, and the laws of Indiana (excluding Indiana's choice of law provisions) shall govern its interpretation and effect, except to the extent that such issues arising hereunder are governed by the Bankruptcy Code and Rules, and applicable law thereunder.

6. Each Party agrees to bear its own costs and expenses incurred with regard to the Litigation. In the event any Party to this Agreement commences any legal proceeding concerning any aspect of this Agreement, including, but not limited to, the interpretation or enforcement of any of its provisions or based on an alleged dispute, breach, default, or misrepresentation in connection with any aspect or provision of this Agreement, the prevailing Party shall be entitled to recover reasonable attorneys' fees and all other costs and expenses incurred in connection with the enforcement action or proceeding, including, without limitation, expert witness fees, court reporter fees and collection expenses, whether or not such action proceeds to judgment.

7. Should any portion or clause of this Agreement be found to be invalid, illegal, void, voidable or unenforceable for any reason whatsoever, this Agreement shall be read as if it did not contain said portion or clause to be severable from the remainder. Any such clause or portion and its severance shall not affect the validity or effect of the remaining provisions of this Agreement.

8. This Agreement may be executed in any number of counterparts and by facsimile, each of which so executed shall be deemed to be an original and such counterparts together constitute one and the same Agreement.

9. The Parties acknowledge that each has read this Agreement; that each fully understands its rights, privileges and duties under said Agreement; and that each enters into this Agreement freely and voluntarily. Each Party further acknowledges that each has had the opportunity to consult with an attorney to explain the terms of this Agreement and the consequences of signing it.

10.     The Parties expressly warrant and represent that no promise or inducement has been offered except as set forth in this Agreement; that this Agreement is executed without reliance upon any statement or representation by the Parties, as well as their representatives, concerning the nature and extent of any damage and/or legal liability, and that this Agreement contains the entire agreement between the Parties and the terms of this Agreement are contractual and not a mere recital.

**IN WITNESS WHEREOF**, the Parties have executed this Settlement Agreement and Release by their signatures below:

CASCADE PATTERN CO.

REBECCA HOYT FISCHER,
TRUSTEE FOR DEBTOR,
AUBURN FOUNDRY, INC.

By: _____
    [NAME]

By: *Rebecca H Fischer* (signature)
    Rebecca Hoyt Fischer
    Trustee for Debtor, Auburn Foundry, Inc.

Its: _____
    [TITLE]

4/10/07
DATE

_____
DATE

-3-